William E. Gaar, OSB No.890464
weg@buckley-law.com
Jillian Pollock, OSB No. 072494
jp@buckley-law.com
BUCKLEY LAW, P.C.
5300 Meadows Road, Ste. 200
Lake Oswego, OR 97035
Phone: 503-620-8900
Fax: 503-620-4878
*Of Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**CASEY COVELLI,**

Plaintiff,

vs.

**AVAMERE HOME HEALTH CARE LLC**, an Oregon LLC, dba Signature Healthcare at Home; **NORTHWEST HOSPICE LLC,** an Oregon LLC, dba Signature Healthcare at Home; **NP2U LLC**, an Oregon LLC, dba Signature Healthcare at Home; **SIGNATURE COASTAL LLC**, an Oregon LLC, dba Signature Healthcare at Home; **SIGNATURE CORVALLIS LLC,** an Oregon LLC, dba Signature Healthcare at Home; **AVAMERE HEALTH SERVICES LLC**, an Oregon LLC, and **AVAMERE FAMILY OF COMPANIES**, a non-registered entity and/or an unregistered assumed business name,

Defendants.

Case No. 3:19-cv-00486-JR

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Oral Argument Requested**

## LR 7 CERTIFICATION

In compliance with LR 7, counsel for the parties made a good faith effort through a telephone conference on April 18, 2019, to resolve this dispute but were unable to do so.

## MOTION

Defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Health Services LLC, and Avamere Family of Companies ("Defendants") move the Court for entry of an Order dismissing Plaintiff's Complaint as to Defendants Avamere Home Health Care LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Health Services LLC, and Avamere Family of Companies. Defendants do not move to dismiss the Complaint as to Defendant Northwest Hospice LLC.

This motion is made pursuant to Fed.R.Civ.P. 12(b)(6) and Local Rule 7 and is supported by the following Memorandum of Points and Authorities and by the Declaration of Jillian Pollock in Support of Defendants' Motion to Dismiss ("Pollock Decl."). Defendants request oral argument on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is an employment action for violations of FMLA and OFLA. Plaintiff Casey Covelli was formerly employed by Defendant Northwest Hospice LLC. Plaintiff brings two claims for relief against his former employer, against five other separate legal entities that did not employ Plaintiff, and against the "Avamere Family of Companies," which is not an entity. Plaintiff makes a conclusory statement that his former employer, the other five entities, and the "Avamere Family of Companies" are a "collective business and/or enterprise" and that all Defendants are liable to him for violations of FMLA and OFLA.

A requisite element of both of Plaintiff's claims is that the defendant employed the plaintiff. Plaintiff lumps all seven Defendants together and summarily alleges that all seven Defendants employed him. He then alleges that each of the Defendants violated FMLA


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

and OFLA. Plaintiff's allegations are thin and conclusory and lack specific, substantive factual allegations to plausibly support that he was employed by all seven Defendants. He likewise fails to allege substantive factual allegations that would support that the seven Defendants were an integrated employer under an integrated enterprise theory of liability.

As a result, Plaintiff's allegations fail to meet the pleading requirements of the Federal Rules of Civil Procedure as explained in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's Complaint fails to meet this heightened pleading standard with respect to the non-employer entities and the Avamere Family of Companies. Plaintiff's Complaint should therefore be dismissed under Fed.R.Civ.P. 12(b)(6) as to all Defendants except for Defendant Northwest Hospice LLC.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in Multnomah County Circuit Court on February 28, 2019. Defendants timely removed the action to U.S. District Court on April 3, 2019. On April 5, 2019, Defendants' counsel sent a letter to Plaintiff's counsel. Pollock Decl., ¶ 2. The letter stated that Defendants believed that the Complaint did not meet the pleading standards under the Federal Rules of Civil Procedure as explained by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* and was therefore subject to dismissal under Rule 12(b)(6). Pollock Decl., ¶ 2. Defendants requested a time for a Rule 7 conference or, alternatively, that Plaintiff amend his complaint. Pollock Decl., ¶ 2.

On April 10, 2019, Plaintiff sent a proposed Amended Complaint to Defendants for review. Pollock Decl., ¶ 3. A copy of the proposed Amended Complaint is attached as Exhibit 1 to the Pollock Decl. Defendants' counsel responded that they still believed that the Amended Complaint was not sufficiently pled. Pollock Decl., ¶ 3. Plaintiff has not filed the Amended Complaint.

Counsel for the parties conferred on April 18, 2019, but were unable to resolve their dispute. Pollock Decl., ¶ 4. During conferral, Defendants' counsel informed Plaintiff's counsel that Plaintiff had been employed by Northwest Hospice, LLC. Pollock Decl., ¶ 4.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Nevertheless, Plaintiff's counsel advised that they intended to file the Amended Complaint against all Defendants. Pollock Decl., ¶ 4. Defendants' Motion to Dismiss therefore addresses both the allegations of the Complaint and the Amended Complaint.

## III. RELEVANT ALLEGATIONS OF THE COMPLAINT AND THE AMENDED COMPLAINT

The relevant allegations of the Complaint and the Amended Complaint are as follows:

### A. Relevant Allegations of the Complaint

Plaintiff has sued six limited liability companies: Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Health Services LLC. In addition, Plaintiff has sued the "Avamere Family of Companies," which is a not an entity.

Plaintiff alleges that all of the Defendants are Oregon limited liability companies. Plaintiff makes a single, conclusory allegation that all Defendants are part of a "collective business and/or enterprise" known as the "Avamere Family of Companies." Complaint, ¶ 5. Plaintiff does not allege any substantive facts supporting that conclusory allegation. Plaintiff also makes conclusory, factually unsupported statements that all Defendants are subject to FMLA and OFLA. Complaint, ¶¶ 13, 14.

Plaintiff makes multiple conclusory allegations that he was employed by the seven Defendants. He makes conclusory allegations that all seven Defendants employed him, that he began working for all seven Defendants "in or around 2016," that he was employed by all seven Defendants as a licensed practical nurse, that he worked for all seven Defendants in Tigard, Oregon, and that all Defendants agreed to pay him an hourly rate and to provide him with benefits. Complaint, ¶¶ 1, 7-9, 15-17.

Defendant cursorily alleges that all seven Defendants approved his request to use intermittent leave under FMLA and OFLA, that all seven Defendants terminated him on February 7, 2019, and that all seven Defendants terminated him due to an elimination of his position. Complaint, ¶¶ 24-28.

Plaintiff alleges that all seven Defendants violated the federal Family and Medical Leave Act and the Oregon Family Leave Act by discharging him either for requesting or


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

for using intermittent protected leave and by failing to restore him to his position or a substantially equivalent position. Complaint, ¶¶ 33-36, 43-46. Plaintiff seeks to hold each Defendant liable for his alleged damages.

**B. Relevant Allegations of the Amended Complaint**

In his Amended Complaint, a copy of which is attached as Exhibit 1 to the Pollock Decl., Plaintiff adds the following allegations to those in his original Complaint:

Plaintiff alleges that all of the Defendants are Oregon limited liability companies except for the "Avamere Family of Companies." Amended Complaint, ¶ 2. Plaintiff alleges that all of the Defendants did business under assumed business names. Amended Complaint, ¶ 4.

Plaintiff alleges that five of the limited liability companies (Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC) have registered to use the assumed business name "Signature Healthcare at Home." Amended Complaint, ¶ 5. Plaintiff alleges that the remaining limited liability company, "Avamere Home Health Care LLC" is registered to use a different assumed business name, "Signature Home Health and Home Care." Amended Complaint, ¶ 6.

Plaintiff also adds an allegation that his "employer(s)" identified itself as "Signature," "Signature Hospice," "Signature Health," "Signature Home Health," "Signature Healthcare at Home," "Signature Hospice Home Health Home Care," "Signature Hospice Home Health & Home Care," "Northwest Hospice," "NP2U," "Avamere Health Services," "Avamere Home Health Care, LLC *dba* Signature Healthcare at Home (Signature)," the "Avamere Family of Companies," and/or "Avamere." Amended Complaint, ¶ 10. Plaintiff alleges that a Defendant (Plaintiff does not identify which Defendant) told him that his "employer entities were 'a family of companies' and 'were all one entity.'" Amended Complaint, ¶ 13.

Plaintiff additionally alleges that "[o]n information and belief, defendant Avamere Health Services LLC is the payroll processor and/or human resources entity for all Defendants and was directly responsible for the payment of Plaintiff's wages as well as


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

other human resources, upper management, and/or administrative matters pertinent to Plaintiff's employment." Amended Complaint, ¶ 11.

Neither the allegations of the Complaint or of the Amended Complaint state a claim for relief as to the non-employer entities or the Avamere Family of Companies. Dismissal is therefore appropriate.

## IV. ARGUMENT

### A. Legal Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's claims. *Nordisk Systems, Inc. v. Sirius Computer Solutions, Inc.*, 156 F.Supp.3d 1212, 1215 (D. Or. 2015) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing and quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts beyond the level of speculation "to nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"While the plausibility standard is not akin to a "probability requirement," it does ask for more than a sheer possibility that a defendant has acted unlawfully." *Garcia v. Curtright*, 2012 WL 1831865, at *2 (D. Or. 2012) (citing *Twombly*, 550 U.S. at 556). "Thus, where a complaint simply pleads facts that lack the 'heft to show the pleader is entitled to relief,' it stops short of the line between possibility and plausibility or entitlement to relief." *Id.* (citing and quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "a complaint must contain 'well-pleaded facts' which 'permit the court to infer more than the mere possibility of misconduct.'" *Nordisk Systems, Inc.*, 156 F.Supp.3d at 1216 (citing *Iqbal*, 556 U.S. at 679). When


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

determining whether a complaint states a claim for relief, a court should therefore not accept nonfactual matters or conclusory statements set forth in the complaint as true. *Iqbal*, 556 U.S. at 678.

While the Ninth Circuit has held that the *Twombly* and *Iqbal* plausibility standard does not preclude a plaintiff from pleading facts based on information and belief, any "allegation must still be 'based on factual information that makes the inference of culpability plausible,' although a court may take into account whether 'facts are peculiarly within the possession and control of the defendant.'" *Menzel v. Scholastic, Inc.*, 2018 WL 1400386, at *2 (N.D.Cal., 2018) (citing *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)).

Plaintiff's Complaint should be dismissed as to the non-employer entities and as to the Avamere Family of Companies because Plaintiff has not met the pleading threshold as explained by *Twombly* and *Iqbal*. Plaintiff's Amended Complaint likewise does not meet this pleading threshold.

**B. Absent Special Circumstances, FMLA and OFLA Limit Liability to the Entity that is the Legal Employer.**

Plaintiff seeks to assert legal claims against not only the legal entity that actually employed him but also against five other non-employer entities and the "Avamere Family of Companies," which is not an entity. It is well-established under federal and Oregon law that businesses may isolate liabilities among separate entities. *EEOC v. Con-Way, Inc.*, 2007 WL 2610367 *2 (D. Or. 2007) (citing *Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir. 1990)). "This concept of limited liability creates a strong presumption that a parent or affiliated company is not liable for the employment violations of its subsidiary or affiliate; that is, that the parent or sister corporation is not the 'employer' for Title VII or ADEA purposes." *Id.* (citing *Watson v. Gulf & W. Indus*., 650 F.2d 990, 993 (9th Cir. 1981). A parent corporation or affiliated company is therefore not liable for violations of employment laws unless "special circumstances" are present. *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 582 (9th Cir. 1981) (noting that a parent company is not liable for Title VII violations of a wholly owned subsidiary unless special circumstances are present).


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Consistent with these principles of limited liability, both FMLA and OFLA generally limit civil liability for violations to the actual legal entity that employed the plaintiff. *See* 29 U.S.C. § 2617(a) (allowing civil actions against an employer who violates FMLA); ORS 659A.885 (allowing civil actions against an employer who violates OFLA). The "legal entity that employs the employee is the employer under FMLA." 29 C.F.R. § 825.104(c). OFLA is to be construed in a manner consistent with FMLA. OAR 839-009-0220.

To determine whether "special circumstances" exist to allow a plaintiff to impose liability for FMLA violations on a parent corporation or affiliated companies, the Ninth Circuit uses the "integrated enterprise" test to determine whether two or more business entities may be treated as a single employer. The integrated enterprise test has four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and, (4) common ownership or financial control. *Radio Union v. Broadcast Service*, 380 U.S. 255, 256 (1965); *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 384 (9th Cir. 1979); *EEOC v. Con-Way, Inc.*, 2007 WL 2610367 (D. Or. 2007). *See also* 29 C.F.R. § 825.104(c)(1) (explaining that the court must consider whether there is common management, interrelation between operations, centralized control of labor relations, and degree of common ownership/financial control in determining whether two or more entities are an integrated employer for purposes of FMLA).

Here, Plaintiff lumps the entity that employed him together with six other defendants and alleges that they were all his "employer." To support his theory that all Defendants are liable to him, Plaintiff has made a conclusory legal allegation that Defendants were a "collective business and/or enterprise." However, when determining whether a complaint states a claim for relief, a court should not accept conclusory statements set forth in the complaint as true. *Iqbal*, 556 U.S. at 678. Plaintiff's conclusory statement that Defendants were "a collective business and/or enterprise" should therefore not be considered in determining whether the pleading threshold is met.

Rather, the court must focus on the 'well-pleaded facts' which 'permit the court to infer more than the mere possibility of misconduct.'" *Id.* at 679. Contrary to this pleading standard, Plaintiff has not made *any* factual allegations that plausibly demonstrate that


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Defendants were an integrated enterprise. Plaintiff's Complaint and Amended Complaint are devoid of any factual allegations that Defendants had interrelated operations, had common management, had centralized control of management, or common ownership or financial control.

Plaintiff at most alleges, based solely "on information and belief," that Defendant Avamere Health Services, LLC, processed payroll and provided human resource services to the other defendants. Even if accepted as true, this allegation is not sufficient to overcome a motion to dismiss. "The heavy burden required to overcome the presumption that the parent is not liable for the subsidiary's actions cannot be carried by mere human resources policies and payroll processing." *Scott-George v. PVH Corporation*, 2016 WL 3959999 (E.D. Cal. 2016) (citing *Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1126, 1240 (C.D. Cal. 2007)). "A parent corporation may provide administrative services to subsidiaries without exercising control that rises to the degree to deem it a joint employer with the subsidiaries." *In re Enterprise Rent-A-Car Wage & Hour Employment Litigation*, 735 F. Supp. 2d 277, 343 (W.D. Pa. 2010); *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 4434-44 (4th Cir. 1999). Thus, the mere fact that one entity is alleged to have provided payroll processing and human resource services is not enough to "to nudge[ ] their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570; *Menzel v. Scholastic, Inc.*, 2018 WL 1400386, at *2 (noting that allegations based on "information and belief" must still be "based on factual information that makes the inference of culpability plausible").

The remaining allegations allege that Plaintiff's employer referred to itself by a variety of names such as "Signature," "Signature Hospice," "Signature Health," "Signature Home Health," and "Signature Healthcare at Home;" that Defendants have registered assumed business names; and, that Defendants' registrations with the Oregon Secretary of State have the same address. None of these allegations, accepted as true, plausibly demonstrate an integrated enterprise.

In short, Plaintiff fails to allege sufficient facts that would plausibly suggest that Defendants were an integrated enterprise. Without such factual allegations, Plaintiff cannot


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

state a claim for relief for FMLA and OFLA violations against the non-employer defendants.

**C. The Complaint Fails to Set Forth Sufficient Factual Allegations that the Defendants were Joint Employers.**

As an alternative to the integrated enterprise theory of liability, a plaintiff may establish that more than one entity is liable for FMLA or OFLA violations by establishing that the entities were his joint employers. 29 C.F.R. § 825.104(c)(1). In determining whether there is a joint employment relationship, the Ninth Circuit applies the "economic reality test," which takes into account all factors relevant to the particular situation. *Bowling v. Diamond Resorts International, Inc.*, 2018 WL 3244068 *7 (D. Haw. 2018); *Moreau v. Air France*, 356 F.3d 942, 947 (9th Cir. 2004); *EEOC v. Pacific Maritime Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003); *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1470 (9th Circ. 1983). In *Bonnette*, the Ninth Circuit held that the test focuses primarily on four factors: "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." 704 F.2d at 1470.

Plaintiff may attempt to argue that his Complaint and Amended Complaint alleged a joint employment relationship. Any such attempt would be futile. Plaintiff merely makes bald, conclusory statements that all Defendants hired him, all Defendants set his rate of pay, all Defendants terminated his employment, and that all Defendants violated FMLA and OFLA. It strains plausibility that all seven Defendants controlled the hiring of Plaintiff, supervised Plaintiff, set his wages, unilaterally violated FMLA and OFLA, and unilaterally fired him. Plaintiff has not asserted any factual allegations that plausibly suggest that Defendants were joint employers. Without such well-pled factual allegations, Plaintiff cannot state a claim for relief for FMLA and OFLA violations against the non-employer defendants based on a joint employer theory of liability.

/ / /

/ / /


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

### D. A Plaintiff Cannot "Open the Doors of Discovery" Based on a Deficient Complaint.

Plaintiff may also attempt to argue that this Court should permit him to seek discovery based on the conclusory, factually unsupported allegations of his Complaint. However, the U.S. Supreme Court rejected the notion that a plaintiff can "unlock the doors of discovery" simply by making a complaint that is "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. A plaintiff's complaint must set forth factual content that plausibly suggests that plaintiff is entitled to relief before the doors of discovery will open. *See id*. Plaintiff cannot plead implausible theories unsupported by well-pled factual allegations and then expect the discovery process to cure his pleading deficiencies.

## CONCLUSION

In light of the foregoing argument and authority, Defendants respectfully request that the Court grant their Motion to Dismiss.

DATED this 23rd day of April, 2019.

BUCKLEY LAW, P.C.

By: *s/ William E. Gaar*
William E. Gaar, OSB No.890464
Jillian Pollock, OSB No. 072494
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Phone: 503-620-8900
Email: weg@buckley-law.com
jp@buckley-law.com

Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on:

Leslie E. Baze
208 E 25th Street
Vancouver, WA 98663
E-mail: lbaze@wageclaim.org

☐ by MAILING a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Lake Oswego, Oregon, on the date set forth below;

☐ by causing a full, true and correct copy thereof to be HAND-DELIVERED to the party, at the address listed above on the date set forth below;

☐ by FAXING a full, true and correct copy thereof to the party, at the fax number shown above, which is the last-known fax number for the party's office, on the date set forth below.

☐ by sending a full, true and correct copy thereof to the part via ELECTRONIC MAIL, to the email address set forth above on the date set forth below.

☒ by electronic mailing through the CM / ECF Filing System, on the date set forth below.

DATED this 23rd day of April, 2019.

BUCKLEY LAW, P.C.

By: *s/ William E. Gaar*
William E. Gaar, OSB No.890464
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Phone: 503-620-8900
Email: weg@buckley-law.com