Leslie E. Baze, OSB 103326, WSB 45781
E-Mail: lbaze@wageclaim.org
David A. Schuck, OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim
**SCHUCK LAW, LLC**
208 E 25th Street, Vancouver, WA 98663
Tel (360) 566-9243 Fax (503) 575-2763
Attorneys at Law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

**CASEY COVELLI**, an individual,

**Plaintiff**,

v.

**AVAMERE HOME HEALTH CARE LLC,** an Oregon LLC, *dba* Signature Home Health and Home Care; **NORTHWEST HOSPICE LLC,** an Oregon LLC, *dba* Signature Healthcare at Home; **NP2U LLC,** an Oregon LLC, *dba* Signature Healthcare at Home; **SIGNATURE COASTAL LLC,** an Oregon LLC, *dba* Signature Healthcare at Home; **SIGNATURE CORVALLIS LLC**, an Oregon LLC, *dba* Signature Healthcare at Home; **AVAMERE HEALTH SERVICES LLC**, an Oregon LLC, **AVAMERE GROUP LLC,** an Oregon LLC, *dba* "The Avamere Family of Companies" (an unregistered name); **AVAMERE FAMILY OF COMPANIES,** a non-registered entity and/or an unregistered assumed business name; **and DOES 1-75**, related business entities,

**Defendants**.

**Case No. 3:19-cv-00486-JR**

**AMENDED COMPLAINT (Unlawful employment practices: FMLA/OFLA)**

**Claims estimated to be approximately $250,000.00**

**Not Subject to Mandatory Arbitration**

**JURY TRIAL DEMANDED**

Comes now the Plaintiff, Casey Covelli, by and through the attorneys at Schuck Law, LLC, and states and alleges as follows:

1.

At all material times, Defendants were Oregon limited liability companies, with the exception that the "Avamere Family of Companies" is not registered as a business name or assumed business name in the state of Oregon, and the "Doe" defendants are as-yet-unidentified related business entities.

2.

At all material times, Defendants, all and each of them, did business in whole or in part under multiple assumed business names and abbreviated business names including but not necessarily limited to "Signature Healthcare at Home," "Signature Home Health and Home Care," "Signature Home Health Care," "Signature Hospice," "Signature," and / or "Avamere."

3.

Defendants, and all of them, are also doing business as, and are part of a collective business and / or enterprise that identifies itself as, the "Avamere Family of Companies" and / or "Avamere." The "Avamere Family of Companies" is not registered as a business name or assumed business name in the state of Oregon.

4.

At all material times, all Defendants were doing business in Oregon.

5.

The claims set out herein arise out of Plaintiff's employment in the state of Oregon.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

6.

The Circuit Court of Oregon had personal jurisdiction over Defendants until Defendants removed the case to this Court because Defendants are engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendants within Oregon.

7.

At various times during Plaintiff's employment with Defendants, Plaintiff's employer(s) identified itself or themselves to Plaintiff, either verbally or in writing, as "Signature"; "Signature Hospice"; "Signature Health"; "Signature Home Health"; "Signature Healthcare at Home"; "Signature Hospice Home Health Home Care"; "Signature Hospice Home Health & Home Care"; "Northwest Hospice"; "NP2U"; "Avamere Health Services"; "Avamere Home Health Care LLC *dba* Signature Healthcare at Home ('Signature')"; the "Avamere Family of Companies"; and "Avamere."

8.

At various times during Plaintiff's employment with Defendants, Plaintiff's employer(s) identified Plaintiff as being subject to the employment policies and practices of "Signature Hospice Home Health Home Care"; "Signature Healthcare at Home"; "Signature"; "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')"; "Avamere Health Services LLC"; "Avamere A.C.E." (elsewhere identified as "Avamere Family of Companies Affiliated Covered Entity" and / or "Avamere Affiliated Covered Entity"); the "Avamere Family



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

of Companies"; the "Avamere Group of Companies"; "[the] Avamere facilities, Signature companies, Infinity Rehab, and NP2U"; "Infinity Rehab"; "NP2U"; and "Avamere."

9.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC are registrants of the assumed business name "Signature Healthcare at Home" in the state of Oregon.

10.

Defendant Avamere Home Health Care LLC is the registrant of the assumed business name "Signature Home Health and Home Care" in the state of Oregon.

11.

As set out below, Plaintiff brings claims against all Defendants under the federal and state medical leave acts, FMLA and OFLA. Plaintiff's various FMLA / OFLA forms contain business logos for "Signature Hospice Home Health Home Care" and "Signature Healthcare at Home," the "dbas" (or close variants) of the above-named defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC, and Avamere Home Health Care LLC (hereinafter, along with defendant Avamere Group LLC, referred to as the "LLC defendants").

12.

According to Defendants' filings with the Oregon Secretary of State, all Defendants who are registered entities and / or registered assumed business names in Oregon share the same postal address and suite number as their principal place of business and as their primary mailing address.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

13.

The website https://www.avamere.com/ provides a contact address for "The Avamere Family of Companies" which, as shown by Google Maps, is a building immediately adjacent to the building with the postal address communally shared by the defendants who are registered entities and / or registered assumed business names. This address is also identified by the business site Bloomberg as the address for defendant Avamere Group LLC, although Avamere Group LLC's business filings place it at the neighboring building address that is communally shared by the other defendants who are registered entities and / or registered assumed business names. These two building addresses appear to share a single parking lot and interior courtyard.

14.

Based on the records of the Washington County Assessor's Office and the City of Wilsonville, the two above-referenced postal addresses appear to occupy a single land parcel and / or tax lot, and are not distinct from each other.

15.

On information and belief, all businesses at the above-referenced postal addresses are part of "The Avamere Family of Companies," and there are no businesses at those addresses that are not part of "The Avamere Family of Companies."

16.

On information and belief, all businesses located on the above-referenced land parcel and / or tax lot are part of "The Avamere Family of Companies," and there are no businesses located on that land parcel and / or tax lot that are not part of "The Avamere Family of Companies."



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

17.

Bloomberg further identifies the web address www.avamere.com as belonging to defendant Avamere Group LLC.

18.

The website at www.avamere.com identifies itself as "The Avamere Family of Companies" and as "Avamere A Family of Companies."

19.

On information and belief, defendant Avamere Group LLC is the entity that functions primarily as the management of "The Avamere Family of Companies," and as the upper management of all Defendants.

20.

Defendants Avamere Home Health Care LLC, Avamere Health Services LLC, Avamere Group LLC, Northwest Hospice LLC, and NP2U LLC share the same managers (Mr. Richard Miller, and / or Mr. Karl Richard/Rickard Miller, and / or Mr. Richard Dillon).

21.

The Articles of Organization for defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC all list the same individual as having formed or organized the entity (Mr. Lawrence Lopardo). The original Articles of Organization for defendant Avamere Group LLC also list Mr. Lopardo as its initial registered agent. Mr. Lopardo is also the signatory and authorized representative for the assumed business names "Signature Healthcare at Home" and "Signature Home Health and Home Care," which are the assumed business names of the LLC defendants.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

22.

Mr. Lawrence Lopardo was also named as one of only two people authorized to accept receipt of a proposed severance-and-release agreement that Defendants offered Plaintiff at Plaintiff's termination (which Plaintiff did not sign). That same document identifies Plaintiff's employer as "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')".

23.

In November 2018, while Plaintiff was employed by Defendants, the "Avamere Family of Companies" made the following public press release: "The Avamere Family of Companies Announces Organizational and Strategic Direction Change . . . The Avamere Family of Companies announced today a strategic organization change to move from a company of individual entities (Avamere Living, Infinity Rehab, and Signature Healthcare At Home) to a cohesive post-acute and community-based health care system. The executive and business division leadership teams will move to a matrix organizational structure to manage and lead the business operations, strategic priorities, and support services. Founder Rick Miller will remain Chief Executive Officer. Larry Lopardo will be the Chief Legal Officer . . . Bob Thomas is now Chief Operations Officer . . . 'Change creates opportunities for our people,' affirms Bob Thomas, COO."

24.

On the same date that the "Avamere Family of Companies" made the above press release, a substantially similar news release containing much of the same information was made by "Signature," "Signature Services," and / or "Signature Healthcare at Home," identifying the



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

same individuals and leadership positions as the "Avamere Family of Companies" press release. The "Signature" news release further states: "Change is good, right? The Avamere Family of Companies certainly thinks so! Today, the . . . company announced a strategic organization change to move from a company of individual silo entities (Avamere Living, Infinity Rehab, and Signature Healthcare At Home) to a cohesive post-acute and community-based healthcare system. This notable effort aims to further unite the company and its employees . . . The impact on Avamere employees was certainly a consideration when working on this restructuring. 'Change creates opportunities for our people,' affirms Bob Thomas, COO."

25.

On information and belief, the above-referenced "Founder Rick Miller" named in the press / news releases is the same person as, or is an immediate relative of, "Richard Miller" and / or "Karl Richard/Rickard Miller" who is identified in filings with the Oregon Secretary of State as the manager of defendants Avamere Home Health Care LLC, Avamere Health Services LLC, Avamere Group LLC, Northwest Hospice LLC, and NP2U LLC. The above-referenced "Larry Lopardo" is the same "Lawrence Lopardo" who is identified in filings with the Oregon Secretary of State as the organizer of defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC, as the signatory for the assumed business names "Signature Healthcare at Home" and "Signature Home Health and Home Care," and as the initial registered agent for defendant Avamere Group LLC. Mr. Lopardo was also one of only two people authorized to accept the aforementioned proposed severance-and-release agreement that Defendants offered Plaintiff, while the above-referenced



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Mr. Bob Thomas is the individual identified on that same document as the "President" of "Avamere Home Health Care LLC d/b/a Signature Healthcare at Home."

26.

The "Avamere Family of Companies" also offers a "Leadership Academy" for its senior management personnel, and which is identified in an "Avamere Family of Companies" press release as most recently attended by several senior personnel for "The Avamere Family of Companies" including the above-named Mr. Bob Thomas and Mr. Rick Miller, as well as by the "Division President" of "Signature Healthcare at Home."

27.

On information and belief, Defendants and all of them share common, interrelated, and / or intermingled websites, social media, and / or other advertising in which they collectively hold themselves out to the public, current and prospective clients, and current and prospective employees as "the Avamere Family of Companies," "Avamere," "Signature," "Signature Home Health and Home Care," and / or "Signature Healthcare at Home."

28.

The "Avamere Family of Companies" / Avamere Group LLC website at https://www.avamere.com/our-story/ describes "Signature Healthcare at Home" under the heading "Our Family of Services," as follows: "Headquartered in Wilsonville, Oregon, Signature has been a preferred provider of home-based health care services throughout the Pacific Northwest and beyond for nearly 15 years. Nurse Practitioners and palliative care is provided in partnership with NP2U." An embedded link redirects to the website



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

https://www.4signatureservice.com/ . That website likewise makes express references to "Avamere" and "The Avamere Family of Companies."

29.

Defendants provided Plaintiff, as well as several management personnel with whom he corresponded about his employment, with email addresses at an "@4signatureservice.com" email extension as part of those individuals' employment.

30.

On information and belief, Defendants and all of them share common, interrelated, and / or intermingled computing and / or intranet systems, email systems, and computer servers.

31.

As part of Plaintiff's employment, Plaintiff was provided with computer access instructions entitled titled "Avamere Exchange 2013 Migration Support Document," which instructed employees to input "Your Avamere Password (the same one you use to log in to your computer)" and "Your username followed by @avamere.com (this is not necessarily the same as your email address)" in order to log into the employer's systems at "Server: mail.avamere.com".

32.

The above-referenced computer instructions were provided to Plaintiff by Mr. Joshua Brunton, who identifies himself on his "LinkedIn" profile as the "Avamere Health Services Systems Administrator" and as an employee of "Avamere Health Services" since 2012.

33.

On information and belief, defendant Avamere Health Services LLC is the payroll processor and / or human resources entity for all Defendants, and was directly responsible for the



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

payment of Plaintiff's wages as well as for providing computing / computer support, human resources functions, upper management, and / or management of administrative matters pertinent to Plaintiff's employment.

34.

On information and belief, defendant Avamere Health Services LLC also provides some or all of the other Defendants with written policies and practices and other employment-related forms, which are in turn given to and / or used by Defendants' employees, including Plaintiff.

35.

As part of his employment, Plaintiff was provided with a "Signature Hospice Home Health Home Care Employee Handbook," which Plaintiff could access through an Avamere intranet system. That handbook also directed Plaintiff to refer to an "Avamere Family of Companies Employee Compliance Handbook" for further policies applicable to his employment, and encouraged Plaintiff to report any employment-related concerns to the "Avamere Corporate Compliance Hotline." On information and belief, the "Avamere Family of Companies Employee Compliance Handbook" applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them; and the "Avamere Corporate Compliance Hotline" was available to employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

36.

As part of his employment, Plaintiff was further instructed that he could report employment-related concerns "by utilizing our Speak-Up! Hotline option



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(compliance@avamere.com)." On information and belief, the "Speak Up! Hotline" is operated by, and / or is staffed by employees of, defendant Avamere Health Services LLC; and is available to employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

37.

Under the terms of the "Signature Hospice Home Health Home Care Employee Handbook" provided to Plaintiff, Plaintiff's employer(s) agreed to provide a continuation of job-related benefits and perquisites for employees who transferred between or among Defendants' entities and / or facilities, and identified such employees as being "grandfathered in" when transferring between entities and / or locations.

38.

Some of Defendants' employees were in fact transferred or reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. On information and belief, those employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites.

39.

As part of his employment, Plaintiff was subject to an "Employee Standards & Code of Conduct" which bears logos for "The Avamere Family of Independent Companies," "Signature Hospice Home Health Home Care," "Infinity Rehab," and "NP2U." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

nominally designated by Defendants as employees of the various Defendants and any and each of them.

40.

The "Employee Standards & Code of Conduct" identified Plaintiff as "an Avamere Family of Companies workforce member"; required Plaintiff to "notify the General Counsel (as the attorney for the Avamere Family of Independent Companies) . . . immediately upon the receipt . . . of an inquiry, subpoena, or other agency or government request for information regarding the Avamere Family of Independent Companies"; prohibited gifts of value from any "person or entity [ ] in a position to improperly refer business or services to any Avamere company" and receipt of gifts that "might improperly influence the employee's independent judgment in transactions involving any Avamere company"; required disclosure of any financial interest or relationship between employee family members and "any Avamere company's customers, vendors, or competitors"; prohibited various agreements with "a competitor of any Avamere company"; prohibited the unauthorized use of "confidential or proprietary Avamere company" information; prohibited disclosure of protected medical information "pertaining to any Avamere company's residents, patients, or clients"; and required Plaintiff to affirm that "I have no knowledge of any transactions or events that appear to violate the Avamere Family of Companies Employee Compliance Handbook."

41.

As part of his employment, Plaintiff was subject to a HIPAA compliance policy. The HIPAA policy given to Plaintiff bears an "Avamere Family of Companies" logo and states that it applies to entities "including but not limited to Avamere facilities, Signature companies, Infinity



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Rehab, and NP2U." It requires employees to encrypt any patient data sent to "a non-Avamere domain email address" and report potential HIPAA violations to "the Avamere A.C.E. Chief Privacy Officer." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

42.

As part of his employment, Plaintiff was subject to a "Social Media Policy," which states that it applies to "all HIPAA covered entities affiliated with the Avamere Group of Companies ACE, as well as non-covered entities. Including [*sic*], but not limited to Avamere Living Facilities; Signature Home Health, Hospice, and Home Care; Infinity Rehab; Np2U, Avamere Health Services, LLC; Avamere Skilled Advisors; and any other company or facility joining the Avamere Group of Companies." It requires that Plaintiff "should not speak to the media on any Avamere Group of Company's behalf without contacting the Avamere Health Services, LLC Legal / Compliance Department. All media inquiries should be directed to them." It instructs, "[i]f you have questions or need further guidance, please contact . . . the Avamere Health Services Human Resources or Compliance Departments." It further states: "any of your conduct that adversely affects . . . people who work on behalf of any Avamere Company . . . may result in disciplinary action up to and including termination." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

43.

As part of his employment, Plaintiff was subject to a "Confidentiality Statement & Policy" that states: "Each employee/contractor acknowledges that all Confidential or Proprietary Information (defined below) relating to this Company (as identified above) or the Avamere Family of Independent Companies must remain confidential." No specific company or business entity name is identified above that statement. However, the bottom of that document states "Company: Signature Healthcare at Home," which is the assumed business name collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

44.

The "Confidentiality Statement & Policy" also requires employees to report any breaches of confidentiality to "the Avamere Family Compliance / HIPAA Privacy Officer" and provides that breaches may subject employees to suit by the "Avamere Family Legal Department."

45.

As part of Plaintiff's employment, Plaintiff was eligible to enroll in an "Avamere Family of Companies group contract" for life insurance, which was an employment-related benefit provided to Plaintiff by Defendants as part of Plaintiff's employment and compensation.

46.

Defendants further agreed that any business travel expenses of Plaintiff would be reimbursed pursuant to "the Avamere Family of Companies Expense Reimbursement Policy."

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

47.

The initial job offer letter given to Plaintiff by Defendants prohibited him from recruiting any employee or contractor of "the Avamere Family of Companies" for 24 months after employment.

48.

In their prior Motion to Dismiss (filed 4/23/19, denied 5/8/19), Defendants admit that "Plaintiff Casey Covelli was formerly employed by Defendant Northwest Hospice LLC" and that "Defendants' counsel informed Plaintiff's counsel that Plaintiff had been employed by Northwest Hospice, LLC." Defendants' counsel simultaneously filed a Declaration stating that "Defendants informed [Plaintiff's counsel] that Defendant Northwest Hospice LLC had employed Plaintiff."

49.

Plaintiff's pay documents show, *inter alia,* the business names "Northwest Hospice" and "Avamere."

50.

The Articles of Incorporation for defendant Northwest Hospice LLC also bear a stamp with the business name "Avamere." On information and belief, that document was submitted to the Oregon Secretary of State by, from, and / or on behalf of "the Avamere Family of Companies," and / or by, from, and / or on behalf of one or more of the named "Avamere" LLC defendants herein.

51.

The "Doe" defendants are additional "Avamere" and "Signature" entities, and / or affiliates and / or entities within the "Avamere Family of Companies," which share the same



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

business and / or mail service postal address as the named LLC defendants; which also share the same manager/s and / or LLC members as the named LLC defendants; in each of which Mr. Lawrence Lopardo plays or played a key organizational or operational role; which on information and belief also share the same upper management through Avamere Group LLC / "The Avamere Family of Companies" as the remaining named LLC defendants; and which on information and belief are also provided with payroll, human resources, computing, and / or administrative functions through defendant Avamere Health Services LLC.

52.

On information and belief, the above-described "Doe" defendants may include some or all of the following entities: ACR Northwest LLC; Albany Operations LLC *dba* Avamere at Albany; Ariso LLC; Ari CBC LLC; Ari Operations LLC; Avamere Bethany LLC; Avamere Bethany Operations LLC *dba* Avamere at Bethany *dba* Avamere Living at Bethany *dba* Avamere at Bethany Assisted Living Facility *dba* Avamere at Bethany RCF; Avamere Bethany Cottages Operations LLC; Avamere Bethany Investors LLC; Avamere Bethany Operations LLC; Avamere Gable Road LLC; Avamere Gable Road Cottages LLC; Avamere Gable Road Cottages II LLC; Avamere Gable Road Cottages Operations LLC; Avamere Hillsboro LLC; Avamere-Hillsboro Operations LLC *dba* Avamere at Hillsboro *dba* Avamere Living at Hillsboro *dba* Avamere at Hillsboro Assisted Living Facility; Avamere Lake Oswego Investors LLC; Avamere Lake Oswego Operations Investors LLC *dba* Oswego Grove *dba* The Pearl at Kruse Way; Avamere Lakeridge LLC; Avamere Pacific LLC *fka* Oak Crest Avamere Rehab LLC; Avamere-Sandy LLC; Avamere-Sandy Operations LLC *dba* Avamere at Sandy *dba* Avamere Living at Sandy *dba* Avamere at Sandy Assisted Living Facility; Avamere-Sherwood LLC; Avamere-



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Sherwood Operations LLC *dba* Avamere at Shewood *dba* Avamere Living at Sherwood *dba* Avamere at Sherwood Assisted Living Facility; Avamere Skilled Advisors LLC *dba* Avamere Living; Avamere Stafford Operations LLC *dba* Stafford Heights *dba* Stafford Expressions; Avamere-St. Helens Operations LLC *dba* Avamere at St. Helens *dba* Avamere Living at St. Helens; Beaverton Rehab & Specialty Care LLC *dba* Avamere Rehabilitation of Beaverton; Berry Park Villas Operations LLC; Boone Road Properties LLC; Cascadia Village Operations LLC *dba* Avamere at Cascadia Village; Chestnut Lane Operations LLC *dba* Avamere at Chestnut Lane; Clackamas Rehabilitation LLC *dba* Avamere Rehabilitation of Clackamas *dba* Clackamas Rehabilitation and Specialty Care; Crestview Operations LLC *dba* Avamere Crestview of Portland; Gaffney Operations LLC *dba* Avamere Living at Berry Park *dba* Berry Park Retirement Community; Genesis Assisted Living Properties LLC; Genesis Newberg Operations Co. LLC *dba* Avamere at Newberg *dba* Avamere Living at Newberg; Gladstone Properties LLC; Gresham Rehab LLC; Hillsboro Properties LLC; Home Health Advantage Inc.; Keiser Campus Operations LLC *dba* Avamere Court at Keiser RCF *dba* Avamere Court at Keiser; Keizer River Operations LLC *dba* The Arbor at Avamere Court; King City Rehab LLC *dba* Avamere Rehabilitation of King City; Kurth Properties LLC; Laurelhurst Operations LLC *dba* Laurelhurst Village Rehabilitation Center *dba* The Gardens at Laurelhurst Village *dba* The Terrace at Laurelhurst Village; Miller Dillon One LLC; Mountain View Avamere Properties LLC; Mountain View Rehab LLC *dba* Avamere Rehabilitation of Oregon City; Nair LLC; Ovation Living LLC; Peckham-Miller Inc. *dba* Avamere Rehabilitation of Hillsboro *dba* Hillsboro Rehab and Specialty Care; Premere Rehab LLC; South Salem Rehabilitation LLC *dba* Avamere Rehabilitation of Salem; Sunnyside Operations LLC *dba* Avamere Transitional Care at



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Sunnyside; Tigard Operations LLC *dba* Avamere at Park Place; 30th Avenue Properties LLC. All the above-named entities share the same postal address as a mailing address and / or principal place of business; share the same LLC managers or members and / or corporate officers; share the same organizer, registrant, and / or authorized representative; and on information and belief share upper-management and / or human resources functions through defendants Avamere Group LLC and / or Avamere Health Services LLC, and / or own the physical properties on which these and other named or "Doe" defendant entities do business and provide services.

53.

On information and belief, more than 200 "Avamere"- and / or "Signature"-related business entities and "dbas" are or have been located at the same address and suite number as the named LLC defendants; and all those entities share the same organizer and / or registrant; and all those entities share the same common managers, LLC members, and / or corporate officers. Additional entities meeting these criteria likely also exist, and Plaintiff's intent is to include all such entities within a 50-mile radius of Plaintiff's Tigard work location within the "Doe" defendants.

54.

The "Doe" defendants, while their specific identities and roles are not yet fully known, also functioned in the interests of an employer in relation to Plaintiff, and / or as an integrated employer along with named Defendants, and / or as part of the collective enterprise that employed Plaintiff along with named Defendants, and / or as joint employers. Because facts showing the relationships of such additional entities to each other and to Plaintiff's employment



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

are not yet fully known, Plaintiff reserves the right to seek to amend in order to add additional named defendants in place of the "Doe" defendants as such facts are made more apparent.

55.

Plaintiff's employer(s) told Plaintiff that his employer entities were "a family of companies" and were "all one entity."

56.

At all material times, all Defendants and each of them acted in the interest of an employer in regards to Plaintiff.

57.

In addition and / or alternatively, at all material times, all Defendants and each of them were a single integrated employer of Plaintiff.

58.

In addition and / or alternatively, at all material times, all Defendants and each of them were joint employers of Plaintiff.

59.

In addition and / or alternatively, at all material times, all Defendants and each of them were part of a collective enterprise that collectively employed Plaintiff.

60.

At all material times, all Defendants employed Plaintiff in Oregon.

61.

Plaintiff began working for Defendants in or around 2016.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

62.

Defendants employed Plaintiff as a licensed practical nurse (“LPN”).

63.

Plaintiff worked for Defendants primarily in Tigard, Oregon.

64.

Defendants employed Plaintiff as an at-will employee.

65.

Defendants did not contract with Plaintiff to work for any specific period of time.

66.

As part of Plaintiff’s employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

67.

Defendants, collectively and individually, are subject to the Family Medical Leave Act (FMLA), 29 USC 2601 *et. seq.*

68.

Defendants, collectively and individually, are subject to the Oregon Family Leave Act (OFLA), ORS 659A.150 *et. seq.*

69.

During the course of Plaintiff’s employment, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

70.

Defendants agreed to pay Plaintiff at the hourly rate of $27.00.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

71.

As part of his employment, Defendants also provided Plaintiff with job-related "benefits" including but not limited to health insurance, vision and dental insurance, short-term disability insurance, life insurance, and a 401k with employer-matching funds.

72.

Plaintiff's employment for Defendants ended on February 7, 2019.

73.

Defendants fired Plaintiff, unilaterally ending the employment relationship.

## FIRST CLAIM FOR RELIEF

(Violations of FMLA)

74.

Plaintiff re-alleges all paragraphs as if fully restated herein.

75.

At all times material, Defendants were covered employer(s) under FMLA.

76.

At all times material, Plaintiff was a covered / eligible employee under FMLA.

77.

Plaintiff suffers from a serious health condition that can and has impeded his abilities to walk and move, and for which his doctor has periodically proscribed periods of bed rest and / or relief from work duties.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

78.

Beginning in or around December 2017, Plaintiff requested intermittent leave under FMLA.

79.

Defendants initially approved Plaintiff's request for use of intermittent leave under FMLA, and pursuant to FMLA, Plaintiff used 2-3 weeks of protected leave time in 2018.

80.

Plaintiff renewed his request for intermittent FMLA leave in or around January 2019.

81.

On or around February 7, 2019, Defendants terminated Plaintiff.

82.

Defendants claimed that Plaintiff's employment was being terminated because his position was being eliminated.

83.

Defendants employ a large number of LPNs at sites and facilities throughout Oregon.

84.

At the time Defendants terminated Plaintiff's employment, Defendants were actively hiring and recruiting throughout the state of Oregon, including in Tigard and in Multnomah, Washington, and Clackamas counties, for LPN positions and for other positions comparable to that held by Plaintiff.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

85.

In the weeks immediately following the termination of Plaintiff's employment, Defendants continued to actively hire and recruit throughout the state of Oregon, including in Tigard and in Multnomah, Washington, and Clackamas counties, for LPN positions and for other positions comparable to that held by Plaintiff.

86.

Defendants fired Plaintiff based in part or in whole on Plaintiff's request for and / or use of approved intermittent protected leave time pursuant to FMLA.

87.

Defendants failed and refused to restore Plaintiff to his position, in violation of FMLA.

88.

Defendants failed and refused to restore Plaintiff to a substantially equivalent position although such positions were available, in violation of FMLA.

89.

The above-described actions by Defendants constitute unlawful interference with Plaintiff's use of protected leave time under FMLA, in violation of FMLA.

90.

The above-described actions by Defendants constitute retaliation against Plaintiff in violation of FMLA.

91.

As a result of Defendants' violations of FMLA, Plaintiff has suffered damages including the loss of pay and benefits in an amount to be determined after discovery is complete, but



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

estimated at not less than $56,160.00 per year. Plaintiff reserves the right to amend his Complaint to conform with the evidence at trial.

92.

As a result of Defendants' violations of FMLA, Plaintiff is due all available remedies under 29 USC 2617, including his lost wages and benefits, liquidated damages, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

93.

Plaintiff seeks all available remedies under 29 USC 2617, including his lost wages and benefits, liquidated damages, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

## SECOND CLAIM FOR RELIEF

(Violations of OFLA)

94.

Plaintiff re-alleges all paragraphs as if fully restated herein.

95.

At all times material, Defendants were covered employer(s) under OFLA.

96.

At all times material, Plaintiff was a covered / eligible employee under OFLA.

97.

As set out above, Defendants failed and refused to restore Plaintiff to his position, in violation of OFLA.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

98.

As set out above, Defendants failed and refused to restore Plaintiff to a substantially equivalent position although such positions were available, in violation of OFLA.

99.

The above-described actions by Defendants constitute unlawful interference with Plaintiff's use of protected leave time under OFLA, in violation of OFLA.

100.

The above-described actions by Defendants constitute retaliation against Plaintiff in violation of OFLA.

101.

As a result of Defendants' violations of OFLA, Plaintiff has suffered damages including the loss of pay and benefits in an amount to be determined after discovery is complete, but estimated at not less than $56,160.00 per year. Plaintiff reserves the right to amend his Complaint to conform with the evidence at trial.

102.

As a result of Defendants' violations of OFLA, Plaintiff is due all available remedies under ORS 659A.885, including his lost wages and benefits, interest on all amounts pursuant to ORS 82.010, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

///

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

103.

Plaintiff seeks all available remedies under ORS 659A.885, including his lost wages and benefits, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

**WHEREFORE, Plaintiff demands judgment from Defendants:**

**On Plaintiff's claim for violations of FMLA:**

1. Lost wages and benefits pursuant to 29 USC 2617 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
2. Liquidated damages pursuant to 29 USC 2617 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
3. Interest on all amounts pursuant to 29 USC 2617.
4. Costs and attorney fees pursuant to 29 USC 2617.
5. All equitable relief deemed appropriate by the Court pursuant to 29 USC 2617.

**On Plaintiff's claim for violations of OFLA:**

1. Lost wages and benefits pursuant to ORS 659A.885 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
2. Interest on all amounts pursuant to ORS 82.010.
3. Costs and attorney fees pursuant to ORS 659A.885.
4. All equitable relief deemed appropriate by the Court pursuant to ORS 659A.885.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: May 21, 2019.

s/ Leslie E. Baze
LESLIE E. BAZE, OSB 103326, WSB 45781
lbaze@wageclaim.org
Attorney for Plaintiff



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763