IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASEY COVELLI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**AVAMERE HOME HEALTH CARE LLC**, an Oregon LLC, dba Signature Healthcare at Home; **NORTHWEST HOSPICE LLC**, an Oregon LLC, dba Signature Healthcare at Home; **NP2U LLC**, an Oregon LLC, dba Signature Healthcare at Home; **SIGNATURE COASTAL LLC**, an Oregon LLC, dba Signature Healthcare at Home; **SIGNATURE CORVALLIS LLC**, an Oregon LLC, dba Signature Healthcare at Home; **AVAMERE HEALTH SERVICES LLC,** an Oregon LLC; **AVAMERE GROUP** LLC, an Oregon LLC; **AVAMERE FAMILY OF COMPANIES**, a non-registered entity and/or an unregistered assumed business name; and, **DOES 1-75**, related business entities,<br><br>Defendants. | Case No. 3:19-cv-0486-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendations on

July 23, 2019. ECF 30. Magistrate Judge Russo recommended that the motion to dismiss

PAGE 1 – ORDER

(ECF 25) filed by Avamere Home Health Care LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Health Services LLC, Avamere Group LLC, Avamere Family of Companies, and Does 1-75 (together the "Disputed Defendants") against Mr. Casey Covelli ("Plaintiff") be granted. She further recommended that the claims against the Disputed Defendants be dismissed without prejudice. For the reasons that follow, the Court **ADOPTS** the Findings and Recommendations.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The Disputed Defendants timely filed an objection, arguing that Plaintiff's First Amended Complaint ("FAC") should be dismissed with prejudice as to the Disputed Defendants. ECF 37. Plaintiff did not respond. Plaintiff timely filed objections (ECF 40), to which the Disputed Defendants responded. ECF 41. Plaintiff does not identify specific parts of Magistrate Judge Russo's Findings and Recommendations to which he objects. Rather, Plaintiff mainly repeats the arguments put forth in his opposition brief to the Disputed Defendants' motion to dismiss. The Court has tried to discern specific objections.

Plaintiff seems to object to Magistrate Judge Russo's decision to rule on the motion to dismiss without first allowing discovery. He then challenges the definition of "employer" used to determine FMLA liability in the Findings and Recommendations. Finally, he argues that the Court should permit him to use "Doe pleading" against 75 of the 82 Disputed Defendants—an argument that Magistrate Judge Russo rejected. The Court has reviewed these parts of the Findings and Recommendations *de novo* and addresses them in turn.

Plaintiff's request to proceed with discovery before ruling on the motion to dismiss was properly denied. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Discovery follows a properly stated claim—it is not a mechanism through which a plaintiff obtains enough information to state a claim properly. As discussed below, Plaintiff fails to state a claim.

Both the joint employer and integrated employer theories require assessment of the "totality of the circumstances" surrounding employment. *See Moreau v. Air France*, F.3d 942, 948 (9th Cir. 2004); 29 C.F.R. § 825.104(c). But the key factor in both tests is the degree of day-to-day control that the putative employer has over employees. *See Moreau*, F.3d at 948 (focusing joint employer analysis on employer's exercise of control); *Grant v. City & Cty. of San*

*Francisco*, 2018 WL 2331907, at *2 (N.D. Cal. May 23, 2018) (noting that "centralized control of labor relations [is] the most important" factor in the integrated employment test). Without allegations that the Disputed Defendants exercised day-to-day control over Plaintiff, there can be no FMLA liability under either the joint employer theory or the integrated employer theory. Plaintiff alleges that some of the Disputed Defendants share physical addresses, policies, and management. But Plaintiff does not allege any facts demonstrating day-to-day control or supervision. The Court need not consider the agency theory of employment because Plaintiff did not raise it in the FAC—it appears for the first time in Plaintiff's objections to Magistrate Judge Russo's Findings and Recommendations. And even if Plaintiff had raised this theory in the FAC, he has not alleged facts sufficient to establish an employer-employee relationship under the agency theory because the existence of a principal-agent relationship also turns on whether the principal controls the day-to-day actions of the agent. *See Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1055 (9th Cir. 2017). Magistrate Judge Russo correctly considered and rejected each of Plaintiff's theories of employment.

Magistrate Judge Russo also correctly concluded that Plaintiff's use of Doe pleading in the FAC was inappropriate. "Where the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted). There are 75 Doe defendants in the FAC. Plaintiff identifies about 50 of them by name. Thus, most of the Doe defendants are not "unknown," and Doe pleading is therefore inappropriate. Even if Doe pleading were permitted, dismissal would still be the right call because Plaintiff has not alleged that any of the unnamed defendants exercised control over him.

The Court agrees that the dismissal should be without prejudice. Although the FAC is factually deficient, it is not clear that the deficiencies are incurable. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff suggests that he has "further supporting facts" (ECF 40 at 35), and at this point the Court cannot say that FAC's deficiencies are impossible to cure.

For those portions of Magistrate Judge Russo's Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Russo's Findings and Recommendations. ECF 30. Disputed Defendants' Motion to Dismiss (ECF 25) is **GRANTED** in part and **DENIED** in part. As a result, Plaintiff's Motion to Compel Discovery (ECF 20) and the Disputed Defendants' Motion for Protective Order (ECF 23) are **DENIED** as moot. The FAC is dismissed without prejudice. Any motion to amend the FAC shall be filed not later than 14 days from the date of this order.

**IT IS SO ORDERED.**

DATED this 7th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge