Leslie E. Baze, OSB 103326, WSB 45781
E-Mail: lbaze@wageclaim.org
David A. Schuck, OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**SCHUCK LAW, LLC**
208 E 25th Street, Vancouver, WA 98663
Tel (360) 566-9243 Fax (503) 575-2763
Attorneys at Law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

**CASEY COVELLI**, an individual,
**Plaintiff**,

v.

**AVAMERE HOME HEALTH CARE LLC,** an Oregon LLC; **NORTHWEST HOSPICE LLC,** an Oregon LLC; **NP2U LLC,** an Oregon LLC; **SIGNATURE COASTAL LLC,** an Oregon LLC; **SIGNATURE CORVALLIS LLC**, an Oregon LLC; **AVAMERE HEALTH SERVICES LLC**, an Oregon LLC, **AVAMERE GROUP LLC,** an Oregon LLC, *dba* "The Avamere Family of Companies" (an unregistered name); **AVAMERE STAFFORD OPERATIONS LLC,** an Oregon LLC; **AVAMERE BETHANY OPERATIONS LLC,** an Oregon LLC; **AVAMERE-ST. HELENS OPERATIONS LLC,** an Oregon LLC; **CRESTVIEW OPERATIONS LLC,** an Oregon LLC; **LAURELHURST OPERATIONS LLC,** an Oregon LLC; **AVAMERE-SHERWOOD OPERATIONS LLC,** an Oregon LLC; **GENESIS NEWBERG OPERATION CO. LLC,** an Oregon LLC; **KEIZER RIVER OPERATIONS LLC,** an Oregon LLC; **AVAMERE LAKE OSWEGO OPERATIONS INVESTORS LLC,** an Oregon LLC; **MOUNTAIN VIEW REHAB LLC,** an Oregon LLC; **KEIZER CAMPUS OPERATIONS LLC,** an Oregon LLC; **BEAVERTON REHAB & SPECIALTY CARE LLC,** an Oregon LLC; **CLACKAMAS REHABILITATION LLC,** an Oregon LLC; **SUNNYSIDE OPERATIONS LLC,** an Oregon LLC, and **AVAMERE FAMILY OF COMPANIES,** a non-registered entity and/or an unregistered assumed business name;
**Defendants**.

**Case No. 3:19-cv-00486-JR**

**SECOND AMENDED COMPLAINT**
**(Unlawful employment practices: FMLA/OFLA)**

**Claims estimated to be approximately $250,000.00**

**Not Subject to Mandatory Arbitration**

**JURY TRIAL DEMANDED**

Comes now the Plaintiff, Casey Covelli, by and through the attorneys at Schuck Law LLC, and states and alleges as follows:

**PARTIES**

1.

At all material times, Defendants were Oregon limited liability companies, with the exception that the "Avamere Family of Companies" is not registered as a business name or assumed business name in the state of Oregon.

2.

At all material times, Defendants, all and each of them, did business in whole or in part under multiple assumed business names and abbreviated business names including but not necessarily limited to "Signature Healthcare at Home," "Signature Home Health and Home Care," "Signature Home Health Care," "Signature Hospice," "Signature," and / or "Avamere."

3.

Defendants, and all of them, are also doing business as, and are part of a collective business and / or enterprise that identifies itself as, the "Avamere Family of Companies" and / or "Avamere." The "Avamere Family of Companies" is not registered as a business name or assumed business name in the state of Oregon.

4.

At all material times, all Defendants were doing business in Oregon.

5.

The claims set out herein arise out of Plaintiff's employment in the state of Oregon.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

6.

The Circuit Court of Oregon had personal jurisdiction over Defendants until Defendants removed the case to this Court because Defendants are engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendants within Oregon.

## ALLEGATIONS REGARDING PLAINTIFF'S EMPLOYMENT

### I. *Defendants' self-identifications to Plaintiff as his employer*

7.

At various times during Plaintiff's employment with Defendants, Plaintiff's employer(s) identified itself or themselves to Plaintiff, either verbally or in writing, as "Signature"; "Signature Hospice"; "Signature Health"; "Signature Home Health"; "Signature Healthcare at Home"; "Signature Hospice Home Health Home Care"; "Signature Hospice Home Health & Home Care"; "Northwest Hospice"; "NP2U"; "Avamere Health Services"; "Avamere Home Health Care LLC *dba* Signature Healthcare at Home ('Signature')"; the "Avamere Family of Companies"; and "Avamere."

8.

At various times during Plaintiff's employment with Defendants, Plaintiff's employer(s) identified Plaintiff as being subject to the employment policies and practices of "Signature Hospice Home Health Home Care"; "Signature Healthcare at Home"; "Signature"; "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')"; "Avamere Health Services LLC"; "Avamere A.C.E." (elsewhere identified as "Avamere Family of Companies



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Affiliated Covered Entity" and / or "Avamere Affiliated Covered Entity"); the "Avamere Family of Companies"; the "Avamere Group of Companies"; "[the] Avamere facilities, Signature companies, Infinity Rehab, and NP2U"; "Infinity Rehab"; "NP2U"; and "Avamere."

9.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC are registrants of the assumed business name "Signature Healthcare at Home" in the state of Oregon.

10.

Defendant Avamere Home Health Care LLC is the registrant of the assumed business name "Signature Home Health and Home Care" in the state of Oregon.

11.

Plaintiff's employer(s) told Plaintiff that his employer entities were "a family of companies" and were "all one entity."

## II. ***Plaintiff's hiring and supervision***

12.

Plaintiff was recruited for his position with Defendants by a job recruiter who identified herself as an employee and agent of both "Avamere Home Health Care LLC" and "Northwest Hospice LLC."

13.

The recruiter who accepted and processed Plaintiff's acceptance of the offer of employment letter represented that she did so on behalf of both "Avamere Home Health Care LLC" and "Northwest Hospice LLC."



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

14.

That recruiter also told Plaintiff to direct any questions about his hiring process, employment agreement, or other new-hire documents to “our director of Human Organizational Development, Jody Carter.”

15.

Jody Carter identifies herself on her LinkedIn as having held overlapping employment as the “Director of Human Resources & Organizational Development” for “Signature Hospice, Home Health, Home Care” and the “Special Projects Manager” for “Signature Healthcare at Home.” As noted above, these are assumed business names, or close variants thereof, which are collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

16.

At the time the above-described recruiter was in contact with Plaintiff about an open position, she was also the point-of-contact in recruiting for positions at other “Avamere” and / or “Signature” facilities and locations. On information and belief, those facilities and locations also included but were not limited to those nominally registered to and / or nominally operated by the various LLC entities named as Defendants herein (collectively, the “LLC defendants”).

17.

Through their hiring and pre-employment policies and procedures, and also through the above-described recruiter and Human Resources Director, defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC and “The Avamere Family of Companies” had and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

exercised direct control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

18.

Through their hiring and pre-employment policies and procedures, and also through the above-described recruiter and Human Resources Director, defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC and "The Avamere Family of Companies" acted in the interests of an employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

19.

Through their hiring and pre-employment policies and procedures, and also through the above-described recruiter and Human Resources Director, defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC and "The Avamere Family of Companies" acted as agents for each other and/or for Plaintiff's nominal employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

20.

Plaintiff's job application stated that Plaintiff was applying for a job with the "Avamere Group of Companies (AGC)."

21.

Plaintiff's job application questionnaire also contained the following pre-printed question: "Have you ever applied or worked for this company or other Avamere Family of



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Companies; such as Infinity Rehab, Signature Home Health, Hospice or Home Care, NP2U, Merit Rehab or Avamere Skilled Nursing or Assisted Living Facilities?"

22.

The initial job offer letter given to Plaintiff by Defendants prohibited him from recruiting any employee or contractor of "the Avamere Family of Companies" for 24 months after employment.

23.

The email notification of Plaintiff's hire that was circulated by and among Defendants was sent directly to "Thomas, Bob" as the first recipient.

24.

As described elsewhere herein, Bob Thomas is the Chief Operations Officer of "The Avamere Family of Companies" and is also the President of "Avamere Home Health Care LLC d/b/a Signature Healthcare at Home." Bob Thomas also identifies himself on his LinkedIn page as the President of "Signature Hospice, Home Health and Homce [sic] Care," the former Chief Operations Officer of "Avamere Ancillary Services," and the former President of Infinity Rehab, all of which are part of "The Avamere Family of Companies."

25.

On information and belief, Bob Thomas is also a member / owner of defendant Avamere Group LLC.

26.

On information and belief, defendant Avamere Group LLC is the entity that functions primarily as the management of "The Avamere Family of Companies," and as the upper management of all Defendants.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

27.

Defendants Avamere Group LLC and "The Avamere Family of Companies" exercised direct control over the job for which Plaintiff applied, and over Plaintiff's hire and the decision to hire Plaintiff and/or approval of that decision.

28.

Defendants Avamere Group LLC and "The Avamere Family of Companies" acted in the interests of an employer by exercising control over the job for which Plaintiff applied, and over the decision to hire Plaintiff and/or approval of that decision.

29.

Defendants Avamere Group LLC and "The Avamere Family of Companies" acted as an agent for the other defendants, and/or as agents for Plaintiff's nominal employer, by exercising control over the job for which Plaintiff applied, and over the decision to hire Plaintiff and/or approval of that decision.

30.

Alternatively, defendants Avamere Group LLC and "The Avamere Family of Companies," by exercising control over the job for which Plaintiff applied, and over the decision to hire Plaintiff and/or approval of that decision, were principals for which the other "Avamere" and "Signature" facilities and entities, including the entities and facilities that nominally employed Plaintiff, acted as agents.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

31.

As a condition of Plaintiff's hiring and employment, defendant Avamere Health Services LLC required Plaintiff to take a drug test, the results of which were submitted directly to defendant Avamere Health Services LLC and to no other entity.

32.

The location at which Plaintiff's pre-employment drug test was performed is listed on the results form as "Avamere On Site."

33.

The "Zero Tolerance Drug Policy" to which Plaintiff was subject during his employment refers to Plaintiff as an "Avamere / Signature Employee" and refers to his employer as the "Avamere / Signature Family of Companies."

34.

The "Zero Tolerance Drug Policy" to which Plaintiff was subject during his employment also states that a positive result would render Plaintiff ineligible for employment in any position within "the Avamere / Signature Family of Companies" for a minimum of two years.

35.

The Avamere Health Services LLC employee who reviewed the results of Plaintiff's pre-employment drug test, which was a condition of Plaintiff's hiring and employment, is employed and / or holds herself out as being employed and / or is held out by Defendants as being employed in all of the following positions: Vice President of Risk Management for "Avamere"; Manager of "The Avamere Family of Companies"; Chief Compliance and Privacy Officer for "The Avamere Family of Companies"; Vice President of Avamere Health Services LLC; Chief



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Compliance Officer of Avamere Health Services LLC; Vice President of Avamere Health Services Inc.; Vice President of Ohana Harmony House LLC, an Avamere entity in Bend, Oregon; Vice President of Compliance for King City Rehab LLC *dba* Avamere Rehabilitation of King City, an Avamere facility in King City, Oregon; an in-house compliance officer for Waterford Operations LLC *dba* Avamere at Medford / Avamere Three Fountains of Medford, an Avamere facility in Medford, Oregon; an in-house compliance officer for Coos Bay Rehabilitation LLC *dba* Avamere Rehabilitation of Coos Bay, an Avamere facility in Coos Bay, Oregon; an in-house compliance officer for "Avamere Living," an assumed business name of Avamere Skilled Advisors LLC, which is still another Avamere entity; a representative of Riverpark Operations LLC *dba* Avamere Riverpark in Eugene, Oregon who holds authority to speak to the media on that entity's behalf; and an employee of "Avamere Health Services" authorized to speak to the media on behalf of various Avamere entities and facilities operating in various locations in Oregon and / or Washington.

36.

Through their hiring and pre-employment policies and also through the above-described employee, both Avamere Health Services LLC and "The Avamere Family of Companies" had and exercised direct control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

37.

Through their hiring and pre-employment policies and also through the above-described employee, both Avamere Health Services LLC and "The Avamere Family of Companies" acted



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

in the interests of an employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

38.

Through their hiring and pre-employment policies and also through the above-described employee, both Avamere Health Services LLC and "The Avamere Family of Companies" acted as agents for each other and/or for Plaintiff's nominal employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

39.

Alternatively, defendants Avamere Health Services LLC and "The Avamere Family of Companies," by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment, were principals for which the other "Avamere" and "Signature" facilities and entities, including the entities and facilities that nominally employed Plaintiff, acted as agents.

40.

Plaintiff's direct supervisor at and after the time of his hire describes herself on LinkedIn as an employee of "The Avamere Family of Companies."

41.

Defendant "The Avamere Family of Companies" exercised direct day-to-day control over Plaintiff's employment by supervising Plaintiff's day-to-day work through the above-identified "Avamere Family of Companies" supervisor.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

42.

Defendant "The Avamere Family of Companies" acted in the interests of an employer by supervising Plaintiff's day-to-day work through the above-described "Avamere Family of Companies" supervisor.

43.

Defendant "The Avamere Family of Companies" acted as an agent for Plaintiff's nominal employer by supervising Plaintiff's day-to-day work through the above- described "Avamere Family of Companies" supervisor.

44.

Alternatively, defendant "The Avamere Family of Companies," by supervising Plaintiff's day-to-day work through the above- described "Avamere Family of Companies" supervisor, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

45.

Plaintiff's supervisor at the time of his termination was also one of the people who interviewed Plaintiff for his job, approved his payroll and any raises, approved or denied his medical leaves, and controlled or had significant impact on whether Plaintiff was subject to any discipline. That supervisor identifies herself on LinkedIn as having been an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. As noted above herein, the assumed business name ""Signature Healthcare at Home" is registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered to defendant Avamere Home Health Care LLC.

46.

During Plaintiff's employment, this same supervisor also represented to Plaintiff that she was the supervisor for Avamere and / or Signature entities across the entirety of Albany, Salem, Medford, and other Oregon locations; and also that she was the supervisor for all of the "Signature" entities across Oregon.

47.

Through the above-identified supervisors, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, Avamere Group LLC, and "The Avamere Family of Companies" exercised direct day-to-day control over Plaintiff's work conditions by hiring Plaintiff, controlling Plaintiff's pay rate, controlling Plaintiff's medical leave, and controlling in part or in whole any discipline to which Plaintiff would be made subject, and by supervising Plaintiff's day-to-day employment through the above-identified supervisory individuals.

48.

Through the above-identified supervisors, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, Avamere Group LLC, and "The Avamere Family of Companies" acted in the interests of an employer by hiring Plaintiff, controlling Plaintiff's pay rate, controlling Plaintiff's medical leave, and controlling in part or in whole any discipline to which Plaintiff would be made subject, and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

by supervising Plaintiff's day-to-day employment through the above-identified supervisory individuals.

49.

Through the above-identified supervisors, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, Avamere Group LLC, and "The Avamere Family of Companies" acted as agents for one another, and / or for the entity that was nominally designated as Plaintiff's employer, by hiring Plaintiff, controlling Plaintiff's pay rate, controlling Plaintiff's medical leave, and controlling in part or in whole any discipline to which Plaintiff would be made subject, and by supervising Plaintiff's day-to-day employment through the above-identified supervisory individuals.

50.

Plaintiff was directed to report to a substitute or "fill-in" supervisor when his primary supervisors were on vacation or otherwise unavailable. Plaintiff was required to follow the directions and instructions of this supervisor at all times when Plaintiff's primary supervisors were on vacation or otherwise unavailable.

51.

The temporary supervisor to whom Plaintiff was directed to report identifies himself on his LinkedIn profile as holding and/or having held multiple positions with "Signature Services," "Signature Hospice, Home Health, Home Care," Avamere Health Services, the "Avamere Family of Companies," and the Avamere facilities in Hillsboro and Newberg (neither of which was Plaintiff's primary work location).

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

52.

This temporary supervisor was not ordinarily assigned to Plaintiff's primary work location.

53.

When this substitute supervisor was onsite at Plaintiff's workplace or workplaces, there were a variety of patient services that Plaintiff was not permitted to provide to patients receiving care at the workplace unless this supervisor gave prior authorization. For example, Plaintiff was not allowed to authorize the transfer of patients' personal property when patients were transported to other facilities unless this supervisor approved the transfer of the patient property.

54.

All of the above-named and above-described defendants constitute part of a single integrated employer that had and exercised control over the hiring of Plaintiff, the terms and conditions of Plaintiff's employment, and the day-to-day supervision of Plaintiff.

55.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the hiring of Plaintiff, the terms and conditions of Plaintiff's employment, and the day-to-day supervision of Plaintiff.

56.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to Plaintiff and to Plaintiff's employment.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

### III. ***Plaintiff's work locations***

57.

During Plaintiff's employment with Defendants, Plaintiff was assigned primarily to a facility in Tigard, but was also routinely assigned to provide patient care at other "Avamere" and / or "Signature" facilities. Plaintiff was reassigned as often as several times per week.

58.

Patients for whom Plaintiff was charged with care duties were routinely transferred between Plaintiff's work location, the facilities of the various other named Defendants, and other "Avamere" and "Signature" facilities.

59.

When nurses were absent from other "Avamere" and / or "Signature" facilities, Plaintiff was often temporarily reassigned to those facilities to cover their duties.

60.

Other facilities to which Plaintiff was assigned to work included but were not necessarily limited to: Avamere Rehabilitation of King City, which is an assumed business name of King City Rehab LLC; Avamere at Bethany, an assumed business name of Avamere Bethany Operations LLC; Avamere at St. Helens, an assumed business name of Avamere-St. Helens Operations LLC; The Stafford, an assumed business name of Avamere Stafford Operations LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; Avamere at Sherwood, an assumed business name of Avamere-Sherwood Operations LLC; Avamere at Newberg, an assumed business name of Genesis Newberg Operation Co. LLC; The Arbor at



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Avamere Court, an assumed business name of Keizer River Operations LLC; The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC. These are not the only Avamere / Signature facilities to which Plaintiff was assigned to work. Plaintiff expects that documentation of Plaintiff's work at additional various Avamere / Signature facilities and locations exists within Defendants' records, and Plaintiff reserves the right to seek further amendment of his Complaint to add additional facilities and / or entities as this information becomes available.

61.

Plaintiff was required to follow the direction of supervisors at each of the above-named workplaces, for each of the above-named entities, whenever he was assigned to work at those locations.

62.

Plaintiff was required to perform specific day-to-day patient care tasks and other work tasks as directed by supervisors at each of the above-named workplaces, for each of the above-named entities, whenever he was assigned to work at those locations.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

63.

Plaintiff was required to perform work at each of the above-named facilities, and at other as-yet-unidentified "Avamere" and / or "Signature" facilities, as part of his employment for Defendants.

64.

Each of the above-listed entities exercised direct, day-to-day control of Plaintiff's employment and directed Plaintiff in his work tasks on each and every occasion that he was assigned to work at these facilities.

65.

Each of the above-named business entities, through their supervisors and management, and through the policies and practices of the workplaces they controlled, had and exercised direct control over the terms and conditions of Plaintiff's employment.

66.

Each of the above-named business entities, through their supervisors and management, and through the policies and practices of the workplaces they controlled, acted in the interests of an employer by exercising control over the terms and conditions of Plaintiff's employment.

67.

Each of the above-named business entities, through their supervisors and management, and through the policies and practices of the workplaces they controlled, acted as agents for each other, for the other named Defendants, and / or for Plaintiff's nominal employer by exercising control over the terms and conditions of Plaintiff's employment.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

68.

Plaintiff never authorized any entity other than Avamere Health Services LLC to make a direct deposit of Plaintiff's wages.

69.

Regardless of the location, facility, and / or entity to which Plaintiff was assigned, he always received a single direct deposit of his wages, issued from a single centralized source, for all the hours he worked at all locations.

70.

Plaintiff experienced no disruption or interruption in his pay, compensation, and employment-related benefits when he was assigned to these other Avamere and / or Signature entities and facilities.

71.

Regardless of the location, facility, and / or entity to which Plaintiff was assigned, Plaintiff was always subject to the same written employment policies described below herein, which are policies shared among and common to all Defendants and, on information and belief, every entity and facility within "The Avamere Family of Companies" and every Avamere / Signature entity and faclity in Oregon.

72.

All of the above-named and above-described defendants, along with all the remaining defendants, constitute part of a single integrated employer that had and exercised control over the terms of Plaintiff's employment and the day-to-day supervision of Plaintiff.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

73.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the terms of Plaintiff's employment and the day-to-day supervision of Plaintiff.

74.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to Plaintiff and to Plaintiff's employment.

## IV. ***Plaintiff's compensation and benefits***

75.

Defendant Avamere Health Services LLC maintains, controls, processes, and utilizes for payroll purposes the timekeeping records of hours worked for each employee who performs work at any Avamere / Signature facility or entity, including Plaintiff's timekeeping records, for the purpose of paying wages to all such employees, including Plaintiff.

76.

All timekeeping and wage-payment data pertinent to Plaintiff's employment with Defendants is stored and maintained on a server or other computerized system operated and controlled by defendant Avamere Health Services LLC.

77.

As part of his employment, Plaintiff specifically authorized defendant Avamere Health Services LLC, and not any other legal entity, to pay his wages via direct deposit.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

78.

Defendant Avamere Health Services LLC had full control over the method and means of issuing Plaintiff's pay and required that Plaintiff either agree to pay via direct deposit or via pay card, and Plaintiff did not have the option of receiving a paper check because that was not a means or method of payment that Avamere Health Services LLC wished to provide to employees.

79.

On information and belief, it is the policy and practice of all "Signature" and "Avamere" entities and facilities not to release an employee's final pay at the end of employment unless and until that employee's final time and pay records have been processed, reviewed, and approved by defendant Avamere Health Services LLC.

80.

On information and belief, the policy and practice of refusing to release an employee's final pay at the end of employment unless and until that employee's final time and pay records had been processed, reviewed, and approved by defendant Avamere Health Services LLC was also applied to Plaintiff and to Plaintiff's final pay.

81.

Defendant Avamere Health Services LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

82.

Defendant Avamere Health Services LLC exercised direct day-to-day control over Plaintiff's employment by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

83.

Defendant Avamere Health Services LLC acted in the interests of an employer by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

84.

Defendant Avamere Health Services LLC acted as an agent for Plaintiff's nominal employer by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

85.

Alternatively, defendant Avamere Health Services LLC, by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

86.

On or around Plaintiff's paydays, Plaintiff would receive a single direct deposit of his wages, regardless of the locations and facilities where he performed work and regardless of which defendant entities nominally operate or control such facilities.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

87.

Plaintiff's bank statements show that throughout his employment with Defendants his wages were paid by, and deposited by and on behalf of, "Avamere Group Payroll." This is the only payor of Plaintiff's wages that appears in Plaintiff's bank statements.

88.

Defendant Avamere Group LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants.

89.

Defendant "The Avamere Family of Companies" was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants.

90.

Defendants Avamere Group LLC and/or "The Avamere Family of Companies" exercised direct day-to-day control over Plaintiff's employment by paying Plaintiff's wages and by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

91.

Defendants Avamere Group LLC and/or "The Avamere Family of Companies" acted in the interests of an employer by paying Plaintiff's wages and by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

92.

Defendants Avamere Group LLC and/or "The Avamere Family of Companies" acted as agents for each other, for all the Avamere and Signature entities where Plaintiff performed work, and / or for Plaintiff's nominal employer, by paying Plaintiff's wages and by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

93.

Alternatively, defendants Avamere Group LLC and/or "The Avamere Family of Companies," by controlling the payment of Plaintiff's wages and the amount, authorization, release, and means and method of the payment of Plaintiff's wages, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

94.

As part of Plaintiff's employment, Plaintiff was eligible to enroll in and did enroll in the "Avamere Health Services 401(k) Plan."

95.

Plaintiff's 401(k) withdrawal forms also identify the 401(k) as an "Avamere Health Services 401(k) plan." These forms make at least four specific references to "Avamere Health Services" and mention no other entity as Plaintiff's employer nor as the provider of Plaintiff's work-related benefits or compensation.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

96.

Defendant Avamere Health Services LLC was responsible for providing and did provide benefits and compensation to Plaintiff that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants.

97.

Defendant Avamere Health Services LLC exercised day-to-day control over Plaintiff's working conditions by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation.

98.

Defendant Avamere Health Services LLC acted in the interests of an employer by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation.

99.

Defendant Avamere Health Services LLC acted as an agent for the other Defendants by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation.

100.

Alternatively, defendant Avamere Health Services LLC, by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

101.

As part of Plaintiff's employment, Plaintiff was eligible to enroll in and did enroll in an "Avamere Family of Companies group contract" for life insurance, which was an employment-related benefit provided to Plaintiff by Defendants as part of Plaintiff's employment and compensation.

102.

Defendants further agreed that any business travel expenses of Plaintiff would be reimbursed pursuant to "the Avamere Family of Companies Expense Reimbursement Policy."

103.

During his employment, Plaintiff accessed information about his employment benefits by logging into the website portal on the website "avamere.com."

104.

The Bloomberg business website identifies the web address "www.avamere.com" as belonging to defendant Avamere Group LLC.

105.

The website at "www.avamere.com" identifies itself as "The Avamere Family of Companies" and as "Avamere A Family of Companies."

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

106.

Plaintiff's compensation for his work for Defendants included employer 401(k) contributions. Plaintiff understood these contributions were paid by "Avamere." On information and belief, these contributions were paid by and / or on behalf of defendants Avamere Group LLC and / or "The Avamere Family of Companies."

107.

Defendants Avamere Group LLC and "The Avamere Family of Companies" were responsible for providing and did provide benefits and compensation to Plaintiff that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants, for maintaining all records regarding Plaintiff's employment benefits and compensation, and for controlling all access to such records.

108.

Defendants Avamere Group LLC and "The Avamere Family of Companies" exercised day-to-day control over Plaintiff's working conditions by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records.

109.

Defendants Avamere Group LLC and "The Avamere Family of Companies" acted in the interests of an employer by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits,



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records.

110.

Defendants Avamere Group LLC and "The Avamere Family of Companies" acted as agents for the other Defendants, and/or as an agent for Plaintiff's nominal employer, by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records.

111.

Alternatively, defendants Avamere Group LLC and "The Avamere Family of Companies," by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

112.

During Plaintiff's employment with Defendants, processing and approval of some or all of Plaintiff's wage increases and raises were sent via email by an employee with an email



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

extension of "nptou.com." That employee had authority to approve or deny Plaintiff's raises and wage increases, and exercised that authority to approve one or more wage increases to Plaintiff.

113.

During Plaintiff's employment with Defendants, Plaintiff's wage increases and raises were processed and approved, in whole or in part, by an employee of defendant NP2U LLC.

114.

Defendant NP2U LLC created and maintained records regarding Plaintiff's wage increases and wages and the authorizations therefor.

115.

Defendant NP2U LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and exercised direct control over Plaintiff's rate of pay, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants, and did maintain records regarding Plaintiff's rate of pay and Plaintiff's raises and wage increases.

116.

Defendant NP2U LLC exercised day-to-day control over Plaintiff's working conditions by paying Plaintiff's wages and by controlling Plaintiff's rate of pay and by creating and maintaining records pertinent to Plaintiff's raises and wage increases.

117.

Defendant NP2U LLC acted in the interests of an employer by paying Plaintiff's wages and by controlling Plaintiff's rate of pay and by creating and maintaining records pertinent to Plaintiff's raises and wage increases.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

118.

Defendant NP2U LLC acted as an agent for the other Defendants, and/or as an agent for Plaintiff's nominal employer, by paying Plaintiff's wages and by controlling Plaintiff's rate of pay and by creating and maintaining records pertinent to Plaintiff's raises and wage increases.

119.

Plaintiff's pay documents show, *inter alia,* the business names "Northwest Hospice" and "Avamere."

120.

In their prior Motion to Dismiss (filed 4/23/19, denied 5/8/19), Defendants admit that "Plaintiff Casey Covelli was formerly employed by Defendant Northwest Hospice LLC" and that "Defendants' counsel informed Plaintiff's counsel that Plaintiff had been employed by Northwest Hospice, LLC." Defendants' counsel simultaneously filed a Declaration stating that "Defendants informed [Plaintiff's counsel] that Defendant Northwest Hospice LLC had employed Plaintiff."

121.

As an admitted employer of Plaintiff, defendant Northwest Hospice LLC was responsible for paying and / or authorizing the payment of Plaintiff's wages.

122.

As an admitted employer of Plaintiff, defendant Northwest Hospice LLC had a legal duty to pay Plaintiff's wages.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

123.

Defendant Northwest Hospice LLC exercised day-to-day control over Plaintiff's working conditions by paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages and the amounts thereof.

124.

Defendant Northwest Hospice LLC acted in the interests of an employer by paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages and the amounts thereof.

125.

Defendant Northwest Hospice LLC acted as an agent for the other Defendants by paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages and the amounts thereof.

126.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over the payment of Plaintiff's wages, benefits, and other compensation, including the amount, means, method, and timing of paying Plaintiff.

127.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the payment of Plaintiff's wages, benefits, and other compensation, including the amount, means, method, and timing of paying Plaintiff.

128.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer by exercising control over the payment of



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Plaintiff's wages, benefits, and other compensation, including the amount, means, method, and timing of paying Plaintiff.

### V. ***Provision of work-related equipment and premises***

129.

As set out herein, Plaintiff was assigned to perform work at various locations. These individual locations are nominally operated and controlled by various LLC defendants including but not necessarily limited to Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Stafford Operations LLC, Bethany Operations LLC, Avamere-St. Helens Operations LLC, Crestview Operations LLC, Laurelhurst Operations LLC, Sherwood Operations LLC, Genesis Newberg Operation Co. LLC, Keizer River Operations LLC, Avamere Lake Oswego Operations Investors LLC, Mountain View Rehab LLC, Keizer Campus Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, and Sunnyside Operations LLC. Each of these entities provided and controlled one or more facilities at which Plaintiff performed work.

130.

Each of the above-named defendants exercised control over Plaintiff's day-to-day work conditions by controlling and operating the facilities at which Plaintiff performed work, by controlling the activities and conditions of employment therein, and by using their personnel to supervise Plaintiff and Plaintiff's work.

131.

Each of the above-named defendants acted in the interests of an employer by controlling and operating the facilities at which Plaintiff performed work, by controlling the activities and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

conditions of employment therein, and by using their personnel to supervise Plaintiff and Plaintiff's work.

132.

Each of the above-named defendants acted as agents for each other, for the other defendants, and/or for Plaintiff's nominal employer, by controlling and operating the facilities at which Plaintiff performed work, by controlling the activities and conditions of employment therein, and by using their personnel to supervise Plaintiff and Plaintiff's work.

133.

Defendant Avamere Health Services LLC provided some or all of Plaintiff's day-to-day work equipment, including but not limited to a laptop computer issued to Plaintiff for business use during and as part of Plaintiff's employment, remote computer access and instructions regarding the same, and a phone "app" that Plaintiff was directed to use as part of his employment for Defendants.

134.

The phone app Defendants directed Plaintiff to use identifies itself as an app for or operated by Avamere Health Services LLC, which business name appears prominently directly below the app heading "Signature Services."

135.

Defendants and all of them share common, interrelated, and / or intermingled computing and / or intranet systems, email systems, and computer servers that were collectively used by employees and management of all Defendants, including Plaintiff.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

136.

Plaintiff himself was required to use Defendants' intermingled computer systems for timekeeping, email, record-keeping, and / or other vital and necessary functions of his job.

137.

As part of his employment with Defendants, Plaintiff had computerized access to patient records for all entities and facilities in Oregon that are part of "The Avamere Family of Companies." Plaintiff did not need to take any additional steps for the release of the records of "Avamere" patients in the event he needed to access them. However, if Plaintiff needed to acquire records from a care provider or facility outside of "The Avamere Family of Companies," Plaintiff would have to take multiple additional steps including contacting that facility by phone, requesting release of patient records, and requesting that the records be faxed to his work location.

138.

Regardless of the specific location where Plaintiff was assigned to work, Plaintiff used a single computer login to access computerized records for any patient at any "Avamere Family of Companies" facility, entity, or location. Plaintiff was not assigned new or separate logins for each facility, entity, or location at which he performed work.

139.

In order to access information on his employment-related benefits such as his 401(k), Plaintiff had to log into an "Avamere" computer system which, as plead above, belongs to Avamere Group LLC and / or "The Avamere Family of Companies."

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

140.

Defendants Avamere Group LLC and "The Avamere Family of Companies" exercised control over Plaintiff's day-to-day work conditions by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment.

141.

Defendants Avamere Group LLC and "The Avamere Family of Companies" acted in the interests of an employer by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment.

142.

Defendants Avamere Group LLC and "The Avamere Family of Companies" acted as an agent for the other defendants, and/or for Plaintiff's nominal employer, by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment.

143.

Alternatively, defendants Defendants Avamere Group LLC and "The Avamere Family of Companies," by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

144.

Defendants provided Plaintiff, as well as several management personnel with whom he corresponded about his employment, with email addresses at an "@4signatureservice.com" email extension as part of those individuals' employment. However, Defendants also provided Plaintiff with another work email address with an "avamere.com" email extension.

145.

As part of Plaintiff's employment, Plaintiff was provided with computer access instructions entitled titled "Avamere Exchange 2013 Migration Support Document," which instructed employees to input "Your Avamere Password (the same one you use to log in to your computer)" and "Your username followed by @avamere.com (this is not necessarily the same as your email address)" in order to log into the employer's systems at "Server: mail.avamere.com".

146.

The above-referenced computer instructions were provided to Plaintiff by Mr. Joshua Brunton, who identifies himself on his "LinkedIn" profile as the "Avamere Health Services Systems Administrator" and as an employee of "Avamere Health Services" since 2012.

147.

Defendant Avamere Health Services LLC exercised control over Plaintiff's day-to-day work conditions by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

148.

Defendant Avamere Health Services LLC acted in the interests of an employer by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment.

149.

Defendant Avamere Health Services LLC acted as an agent for the other defendants, and/or for Plaintiff's nominal employer, by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment.

150.

Alternatively, defendant Avamere Health Services LLC, by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

151.

At all times material, defendants Northwest Hospice LLC and Avamere Home Health Care LLC were co-renters and co-tenants of the premises of Plaintiff's primary work location in Tigard.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

152.

The website npiprofile.com, which provides a searchable database of healthcare providers by NPI (national provider identifier) number, states that the address of Plaintiff's primary work location for Defendants in Tigard, Oregon is the "business address" and "provider location address" for Avamere Home Health Care LLC, whereas its "provider mailing address" is the below-referenced postal address shared by virtually all defendants. That site also gives Avamere Home Health Care LLC's "secondary location" at the address of a care provider doing business as "Salem Signature HCH" and / or "Salem Home Health and Hospice Signature Services," which is not a registered entity or "dba" in Oregon, but which has its own page and entry on the "Signature" / "Signature Healthcare at Home" website which is later described herein.

153.

The Sherwood Chamber of Commerce website identifies the address of Plaintiff's primary work location as "Avamere Signature Hospice."

154.

On information and belief, defendants Northwest Hospice LLC and Avamere Home Health LLC operate a single integrated facility and operation at Plaintiff's primary work location and do not function as separate businesses with separate clients or separate employees in that location.

155.

Defendants Northwest Hospice LLC and Avamere Home Health LLC exercised control over Plaintiff's day-to-day work conditions by controlling Plaintiff's primary physical work location and the activities and employment conditions therein.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

156.

Defendants Northwest Hospice LLC and Avamere Home Health LLC acted in the interests of an employer by controlling Plaintiff's primary physical work location and the activities and employment conditions therein.

157.

Defendants Northwest Hospice LLC and Avamere Home Health LLC acted as agents for each other, and/or for the other defendants, and/or for Plaintiff's nominal employer, by controlling Plaintiff's primary physical work location and the activities and employment conditions therein.

158.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over Plaintiff's work location, Plaintiff's necessary and mandatory work equipment, and the day-to-day operational and functional demands of Plaintiff's job.

159.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's work location, Plaintiff's necessary and mandatory work equipment, and the day-to-day operational and functional demands of Plaintiff's job.

160.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer by exercising control over Plaintiff's work



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

location, Plaintiff's necessary and mandatory work equipment, and the day-to-day operational and functional demands of Plaintiff's job.

### VI. *Processing and approval of Plaintiff's protected leave time*

170.

As set out below, Plaintiff brings claims against all Defendants under the federal and state medical leave acts, FMLA and OFLA. Plaintiff's various FMLA / OFLA forms contain business logos for "Signature Hospice Home Health Home Care" and "Signature Healthcare at Home," the "dbas" (or close variants) of the above-named defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC, and Avamere Home Health Care LLC.

171.

In addition, Plaintiff also corresponded with Human Resources representatives regarding his FMLA leave. The first such individual identifies herself on her LinkedIn profile as, during all material times, being an employee of "Signature Hospice, Home Health, Home Care" which is a close variant of the assumed business names used by Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC, and Avamere Home Health Care LLC.

172.

The above-described Human Resources representative also included a contact phone number on Plaintiff's FMLA forms "[f]or questions pertaining to this leave request." Multiple "reverse phone lookup" services identify this number as belonging to "Avamere Wilsonville," which is not a registered entity in Oregon but rather appears to refer to the Avamere enterprise



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and / or "The Avamere Family of Companies" at the Wilsonville address and suite number shared by all "Avamere" and "Signature" entities, as pled below herein.

173.

The next Human Resources representative identified on Plaintiff's FMLA forms identifies herself on her LinkedIn profile as being simultaneously an employee of "Signature Healthcare at Home" and of "Signature Hospice, Home Health, Home Care," which are the assumed business names of defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. That individual's profile also states that she is responsible for administering family leaves for "Signature Healthcare at Home" facilities in both Oregon and Washington, and for corresponding with both states' workers' compensation authorities (Oregon SAIF and Washington L&I) regarding workers' compensation matters on behalf of "Signature Healthcare at Home."

174.

On information and belief, Plaintiff's FMLA request and approval were further processed and approved, in whole or in part, by one or more employees of NP2U LLC.

175.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC and "The Avamere Family of Companies" exercised control over Plaintiff's day-to-day work conditions by exercising review and approval over, and by serving as the contact points regarding, Plaintiff's protected medical leave time and the conditions and expectations associated therewith.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

176.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC and "The Avamere Family of Companies" acted in the interests of an employer by exercising review and approval over, and by serving as the contact points regarding, Plaintiff's protected medical leave time and the conditions and expectations associated therewith.

177.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC and "The Avamere Family of Companies" acted as agents for each other, and/or for the other defendants, and/or for Plaintiff's nominal employer, by exercising review and approval over, and by serving as the contact points regarding, Plaintiff's protected medical leave time and the conditions and expectations associated therewith.

178.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over Plaintiff's FMLA and OFLA leave time, including the processing, approval, documentation, and other terms thereof.

179.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's FMLA and OFLA leave time, including the processing, approval, documentation, and other terms thereof.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

180.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer by exercised control over Plaintiff's FMLA and OFLA leave time, including the processing, approval, documentation, and other terms thereof.

## VII. ***Employment policies to which Plaintiff was subject***

181.

During Plaintiff's employment, Plaintiff's administrator / supervisor actively discouraged employees, including Plaintiff, from referring any patients for care to any health-care provider outside of "The Avamere Family of Companies." Despite ethical objections by multiple employees, Plaintiff's administrator / supervisor continued to encourage employees, including Plaintiff, to "push" patient referrals only to facilities within "The Avamere Family of Companies."

182.

Under the above-referenced policy, only entities within "The Avamere Family of Companies" were preferred referral sites. In this, "The Avamere Family of Companies" treated all Avamere / Signature entities as if they were departments of a single integrated enterprise.

183.

As set out elsewhere herein, all entities within "The Avamere Family of Companies" are owned, managed, and / or controlled by the same individuals. Thus, under the above-referenced policy, profits from patient care and patient referrals remain within "The Avamere Family of Companies" and continue to flow to the same individuals, regardless of the specific entity or facility that provides patient care.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

184.

Through the above-identified policy and supervisor, "The Avamere Family of Companies" exercised control over Plaintiff's day-to-day work conditions by restricting Plaintiff's ability to refer patients to facilities outside of "The Avamere Family of Companies" and / or by actively discouraging him from doing so.

185.

Through the above-identified policy and supervisor, "The Avamere Family of Companies" acted in the interests of an employer by restricting Plaintiff's ability to refer patients to facilities outside of "The Avamere Family of Companies" and / or by actively discouraging him from doing so.

186.

Through the above-identified policy and supervisor, "The Avamere Family of Companies" acted as a principal for which all "Avamere" and "Signature" facilities and entities were agents, by requiring employees of each such facility or entity to refer patients first and foremost to facilities and entities within "The Avamere Family of Companies."

187.

As a condition of Plaintiff's employment, Plaintiff was expressly bound by employment policies and procedures of defendant Avamere Health Services Inc., including but not limited to its "Acceptable Use Policy" and "Remote Access Policy" regarding computer use.

188.

As a condition of Plaintiff's employment, Plaintiff was required to sign a "Personally Owned Vehicle Business Use Agreement" which bears the logo of "Signature Hospice Home



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Health Home Care" and which identifies Plaintiff as "an employee of Avamere Home Health Care, LLC or Northwest Hospice, LLC (the 'Company')." This policy required Plaintiff to maintain auto insurance in accordance with the risk management programs of Avamere Home Health Care LLC and Northwest Hospice LLC ; to provide auto insurance documentation to Avamere Home Health Care LLC and Northwest Hospice LLC; to authorize Avamere Home Health Care LLC and Northwest Hospice LLC to obtain all records related to Plaintiff's driving history; and to notify Avamere Home Health Care LLC and Northwest Hospice LLC of any work-related auto accidents.

189.

As part of his employment, Plaintiff was provided with a "Signature Hospice Home Health Home Care Employee Handbook," which Plaintiff could access through an Avamere intranet system. That handbook also directed Plaintiff to refer to an "Avamere Family of Companies Employee Compliance Handbook" for further policies applicable to his employment, and encouraged Plaintiff to report any employment-related concerns to the "Avamere Corporate Compliance Hotline." On information and belief, the "Avamere Family of Companies Employee Compliance Handbook" applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them; and the "Avamere Corporate Compliance Hotline" was available to employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

190.

As part of his employment, Plaintiff was further instructed that he could report employment-related concerns "by utilizing our Speak-Up! Hotline option (compliance@avamere.com)." On information and belief, the "Speak Up! Hotline" is operated by, and / or is staffed by employees of, defendant Avamere Health Services LLC; and is available to employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

191.

Under the terms of the "Signature Hospice Home Health Home Care Employee Handbook" provided to Plaintiff, Plaintiff's employer(s) agreed to provide a continuation of job-related benefits and perquisites for employees who transferred between or among Defendants' entities and / or facilities, and identified such employees as being "grandfathered in" when transferring between entities and / or locations.

192.

Some of Defendants' employees were in fact transferred or reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. On information and belief, those employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites.

193.

As plead herein, Plaintiff himself was reassigned or transferred or reassigned between Plaintiff's primary work location and other locations and facilities that were officially and / or



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

nominally operated by one or more other Defendants, and Plaintiff experienced no disruptions or changes in job-related compensation, benefits, and perquisites as a result of these reassignments or transfers.

194.

As part of his employment, Plaintiff was subject to an "Employee Standards & Code of Conduct" which bears logos for "The Avamere Family of Independent Companies," "Signature Hospice Home Health Home Care," "Infinity Rehab," and "NP2U." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

195.

The "Employee Standards & Code of Conduct" identified Plaintiff as "an Avamere Family of Companies workforce member"; required Plaintiff to "notify the General Counsel (as the attorney for the Avamere Family of Independent Companies) . . . immediately upon the receipt . . . of an inquiry, subpoena, or other agency or government request for information regarding the Avamere Family of Independent Companies"; prohibited gifts of value from any "person or entity [ ] in a position to improperly refer business or services to any Avamere company" and receipt of gifts that "might improperly influence the employee's independent judgment in transactions involving any Avamere company"; required disclosure of any financial interest or relationship between employee family members and "any Avamere company's customers, vendors, or competitors"; prohibited various agreements with "a competitor of any Avamere company"; prohibited the unauthorized use of "confidential or proprietary Avamere



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

company" information; prohibited disclosure of protected medical information "pertaining to any Avamere company's residents, patients, or clients"; and required Plaintiff to affirm that "I have no knowledge of any transactions or events that appear to violate the Avamere Family of Companies Employee Compliance Handbook."

196.

As part of his employment, Plaintiff was subject to a HIPAA compliance policy. The HIPAA policy given to Plaintiff bears an "Avamere Family of Companies" logo and states that it applies to entities "including but not limited to Avamere facilities, Signature companies, Infinity Rehab, and NP2U." It requires employees to encrypt any patient data sent to "a non-Avamere domain email address" and report potential HIPAA violations to "the Avamere A.C.E. Chief Privacy Officer." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

197.

Defendants require employees of multiple Avamere / Signature entities, at multiple Avamere / Signature locations, to sign this HIPAA compliance form. The form is identical or substantially identical regardless of the entity that technically employs the employee and regardless of the location where the employee works. On information and belief, the form always bears the logo of "Avamere Family of Companies," again without regard to the entity using the form or the work location of the employee who is required to sign it.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

198.

As part of his employment, Plaintiff was subject to a "Social Media Policy," which states that it applies to "all HIPAA covered entities affiliated with the Avamere Group of Companies ACE, as well as non-covered entities. Including [*sic*], but not limited to Avamere Living Facilities; Signature Home Health, Hospice, and Home Care; Infinity Rehab; Np2U, Avamere Health Services, LLC; Avamere Skilled Advisors; and any other company or facility joining the Avamere Group of Companies." It requires that Plaintiff "should not speak to the media on any Avamere Group of Company's behalf without contacting the Avamere Health Services, LLC Legal / Compliance Department. All media inquiries should be directed to them." It instructs, "[i]f you have questions or need further guidance, please contact . . . the Avamere Health Services Human Resources or Compliance Departments." It further states: "any of your conduct that adversely affects . . . people who work on behalf of any Avamere Company . . . may result in disciplinary action up to and including termination." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

199.

As part of his employment, Plaintiff was subject to a "Confidentiality Statement & Policy" that states: "Each employee/contractor acknowledges that all Confidential or Proprietary Information (defined below) relating to this Company (as identified above) or the Avamere Family of Independent Companies must remain confidential." No specific company or business entity name is identified above that statement. However, the bottom of that document states "Company: Signature Healthcare at Home," which is the assumed business name collectively



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

200.

The "Confidentiality Statement & Policy" also requires employees to report any breaches of confidentiality to "the Avamere Family Compliance / HIPAA Privacy Officer" and provides that breaches may subject employees to suit by the "Avamere Family Legal Department."

201.

Regardless of the location, facility, and / or entity at or for which Plaintiff was assigned to perform work, Plaintiff remained subject to all of the above employment policies and procedures.

202.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over the specific employment terms and policies that governed Plaintiff's day-to-day employment, and the enforcement thereof.

203.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the specific employment terms and policies that governed Plaintiff's day-to-day employment, and the enforcement thereof.

204.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to enforcing the specific employment



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

terms and policies that governed Plaintiff's day-to-day employment, and the enforcement thereof.

## VII. ***Plaintiff's termination***

205.

Plaintiff's termination letter states: "This letter is to inform you that effective today you are being separated from Signature Healthcare at Home." As set out above, "Signature Healthcare at Home" is an assumed business name registered collectively to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

206.

The individual who signed Plaintiff's termination letter on behalf of Plaintiff's employer identifies herself on LinkedIn as having been an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. As noted above, the assumed business name ""Signature Healthcare at Home" is registered collectively to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered to defendant Avamere Home Health Care LLC.

207.

The individual who contacted Plaintiff in regards to his final pay procedures, payout of benefits and PTO at termination, COBRA rights, and employee exit survey identifies herself on her LinkedIn profile as being simultaneously an employee of "Signature Healthcare at Home"



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and of "Signature Hospice, Home Health, Home Care," which are the assumed business names of defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. That individual's profile also states that she is responsible for administering family leaves for "Signature Healthcare at Home" facilities in both Oregon and Washington, and for corresponding with both states' workers' compensation authorities (Oregon SAIF and Washington L&I) regarding workers' compensation matters on behalf of "Signature Healthcare at Home."

208.

That individual further advised Plaintiff to contact another "HR Generalist" in regards to his exit interview. That "HR Generalist" identifies herself on her LinkedIn profile as the Human Resources Generalist for "Signature Healthcare at Home," an assumed business name collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

209.

In holding themselves out to Plaintiff as having authority to terminate Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, and / or by terminating Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC exercised direct control over Plaintiff's employment.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

210.

In holding themselves out to Plaintiff as having authority to terminate Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, and / or terminating Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC acted in the interests of an employer in relation to Plaintiff.

211.

In holding themselves out to Plaintiff as having authority to terminate Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, and / or by terminating Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC acted as agents for each other and / or for Plaintiff's nominal employer in regards to Plaintiff and Plaintiff's employment.

212.

The above-described termination letter further states: "Also enclosed is a Severance Agreement for your consideration."

213.

The proposed severance-and-release agreement enclosed with Plaintiff's termination letter (which Plaintiff did not sign) identifies Plaintiff's employer as "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')".



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

214.

Defendant Avamere Home Health Care LLC offered a severance pay package to Plaintiff at or around the time of Plaintiff's termination.

215.

At Plaintiff's termination, Defendants asked that Plaintiff bind himself to legal obligations and covenants toward Avamere Home Health Care LLC, and Avamere Home Health Care LLC offered to similarly be bound to legal obligations and covenants toward Plaintiff.

216.

Defendant Avamere Home Health Care LLC exercised direct control over Plaintiff's termination and the conditions thereof.

217.

Defendant Avamere Home Health Care LLC acted in the interests of an employer in regards to Plaintiff's termination and the conditions thereof.

218.

Defendant Avamere Home Health Care LLC acted as an agent for the other Defendants and / or for Plaintiff's nominal employer in regards to Plaintiff's termination and the conditions thereof.

219.

As to Defendants' proposed severance-and-release, the above-described termination letter further states: "If the agreement is acceptable to you, please sign and return to Jody Carter or me."

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

220.

Defendants' proposed severance-and-release itself states that the only two people authorized to accept receipt are Jody Carter and Lawrence Lopardo (neither of whom is the signer and sender of the above-described termination letter).

221.

The person who signed Plaintiff's termination letter and held herself out as having authority to accept Plaintiff's signature thereon identifies herself as an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. As noted above, the assumed business name ""Signature Healthcare at Home" is registered collectively to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered to defendant Avamere Home Health Care LLC.

222.

Jody Carter identifies herself as the "Director of Human Resources & Organizational Development" for "Signature Hospice, Home Health, Home Care" and the "Special Projects Manager" for "Signature Healthcare at Home." As noted above, these are assumed business names, or close variants thereof, which are collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

223.

Lawrence Lopardo holds or has held all of the following positions with Defendants, many of them apparently simultaneously: the person who formed or organized the defendant business entities Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Keizer River Operations LLC, and Sunnyside Operations LLC; the signatory and authorized representative of the assumed business names “Signature Healthcare at Home” and “Signature Home Health and Home Care,” which are assumed business names registered to Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC; the initial registered agent of defendant Avamere Group LLC; the Executive Vice President of defendant Avamere Health Services LLC; the Chief Legal Officer of defendant Avamere Health Services LLC; the Chief Legal Officer of defendant “The Avamere Family of Companies”; the General Counsel for defendant “The Avamere Family of Companies”; the sole LLC manager of defendant Crestview Operations LLC, which operates one of the Avamere facilities where Plaintiff was assigned to work; the sole LLC manager of defendant Avamere Lake Oswego Operations Investors LLC, which operates another of the Avamere facilities where Plaintiff was assigned to work; an authorized filer of required annual reports for defendant Laurelhurst Operations LLC, another Avamere facility where Plaintiff was assigned to perform work; and the legal or media representative of additional Avamere facilities in Junction City, Oregon; Gladstone, Oregon; Lake Oswego, Oregon; and Pierce County, Washington.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

224.

Plaintiff's termination letter also uses, as the employer's contact address, the same address and suite number in Wilsonville that, as described below herein, is shared collectively by all Defendants and by roughly 200 additional "Avamere" and / or "Signature" entities.

225.

All the above-named Defendants, in their own names and / or through the above-described personnel, exercised direct control over Plaintiff's termination and the conditions thereof.

226.

All the above-named Defendants, in their own names and / or through the above-described personnel, acted in the interests of an employer in regards to Plaintiff's termination and the conditions thereof.

227.

All the above-named Defendants, in their own names and / or through the above-described personnel, acted as agents for each other and / or for Plaintiff's nominal employer in regards to Plaintiff's termination and the conditions thereof.

228.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

229.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

230.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

231.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to exercising control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

## IX. ***Defendants' shared addresses, resources, personnel, and management***

232.

According to Defendants' filings with the Oregon Secretary of State, all Defendants who are registered entities and / or registered assumed business names in Oregon share the same postal address and suite number as their principal place of business and as their primary mailing address.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

233.

The website https://www.avamere.com/ provides a contact address for "The Avamere Family of Companies" which, as shown by Google Maps, is a building immediately adjacent to the building with the postal address communally shared by the defendants who are registered entities and / or registered assumed business names. This address is also identified by the business site Bloomberg as the address for defendant Avamere Group LLC, although Avamere Group LLC's business filings place it at the neighboring building address that is communally shared by the other defendants who are registered entities and / or registered assumed business names. These two building addresses appear to share a single parking lot and interior courtyard.

234.

Based on the records of the Washington County Assessor's Office and the City of Wilsonville, the two above-referenced postal addresses appear to occupy a single land parcel and / or tax lot, and are not distinct from each other.

235.

On information and belief, more than 200 "Avamere"- and / or "Signature"-related business entities and "dbas" are or have been located at the same address and suite number as the named LLC defendants; and all those entities share the same organizer and / or registrant; and all those entities share the same common managers, LLC members, and / or corporate officers. Additional entities meeting these criteria likely also exist.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

236.

On information and belief, all businesses at the above-referenced postal addresses are part of "The Avamere Family of Companies," and there are no businesses at those addresses that are not part of "The Avamere Family of Companies."

237.

On information and belief, all businesses located on the above-referenced land parcel and / or tax lot are part of "The Avamere Family of Companies," and there are no businesses located on that land parcel and / or tax lot that are not part of "The Avamere Family of Companies."

238.

All defendants who are LLCs share some or all of the same managers and/or LLC members (Mr. Richard Miller, and / or Mr. Karl Richard/Rickard Miller, and / or Mr. Richard Dillon).

239.

The Articles of Organization for defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Keizer River Operations LLC, and Sunnyside Operations LLC all list the same individual as having formed or organized the entity (Mr. Lawrence Lopardo). The original Articles of Organization for defendant Avamere Group LLC also list Mr. Lopardo as its initial registered agent. Mr. Lopardo is also the signatory and authorized representative for the assumed business names "Signature Healthcare at Home" and "Signature Home Health and Home Care," which are the assumed business names of collectively shared by several of the defendants. He is also the sole LLC



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

manager of at least two additional Avamere entities at whose facilities Plaintiff was assigned to perform work.

240.

Mr. Lawrence Lopardo was also named as one of the only two or three people authorized to accept receipt of a proposed severance-and-release agreement that Defendants offered Plaintiff at Plaintiff's termination (which Plaintiff did not sign). That same document identifies Plaintiff's employer as "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')".

241.

Mr. Lopardo identifies himself on his LinkedIn profile as the "Executive Vice-President / General Counsel at Avamere Health Services, LLC." a position that he represents himself as holding from 1999 up to and including through the present. Mr. Lopardo lists no other positions or job titles on his LinkedIn profile.

242.

Mr. Lopardo's California state bar registration page identifies his contact address as "Avamere Health Services LLC" at the same shared address and suite number in Wilsonville that is described herein as being used and shared by all Defendants and by all "Avamere" and "Signature" entities whether or not named herein; and also lists his email at an "avamere.com" extension.

243.

Mr. Lopardo's profile on the legal resource website Justia also lists him as an employee of defendant Avamere Health Services LLC.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

244.

The "Avamere Family of Companies" website describes Mr. Lopardo as having "joined the Avamere Family of Companies as its first General Counsel in 1999."

245.

The business website manta.com lists Mr. Lawrence Lopardo as the contact person and / or business principal for, *inter alia,* Avamere Group Inc. in Oregon, which is not an entity registered with the Oregon Secretary of State but rather appears to be a misprint or variant of Avamere Group LLC; Avamere Bellingham Health Care, an Avamere facility in Washington state; Avamere Transitional Care in Colorado; and Avamere Transitional Care in Washington.

246.

Mr. Lopardo has also identified himself publically to news media as a spokesperson authorized to speak on behalf of "Avamere Junction City," which is an assumed business name or variant of such name registered to Junction City Rehabilitation LLC, an Avamere facility in Junction City, Oregon.

247.

Mr. Lopardo has also recently served as the contact person for permitting issues involving the Washington State Department of Health and Georgian Rehab LLC / "Avamere Georgian House of Lakewood," another Avamere facility located in Washington state to which the Washington State Department of Health directed correspondence at the same address and suite in Wilsonville, Oregon shared by all defendants; and as counsel for Gladstone Properties LLC in proceedings before the Oregon Land Use Board, which LLC on information and belief is a landowner or other related entity for yet another Avamere facility in Gladstone, Oregon and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

which is managed by the same Mr. Dillon and Mr. Miller who serve as managers of the named LLC defendants as described herein; and as a responsible party on U.S. Securities& Exchange Commission (SEC) documents related to "Avamere / Sullivan Property LLC," yet another Avamere facility in Lake Oswego, Oregon that again is also managed by the same Mr. Miller described elsewhere herein, and to which the SEC also addressed correspondence to the same above-described shared address in Wilsonville; and also as a liaison or public commenter to the City of Lake Oswego Planning Division on behalf of "The Avamere Family of Companies" and "The Stafford," an assumed business name of Avamere Stafford Operations LLC, which is still another Avamere facility in Lake Oswego, Oregon managed by the same Mr. Miller described elsewhere herein, and in which parties again used the same above-identified address and suite in Wilsonville that is shared by all Defendants and by all "Avamere" and "Signature" entities.

248.

The Avamere Family of Companies 2019 Annual Quality Report, under the heading "Breaking Down Silos," includes an organizational chart of key personnel acting on behalf of "The Avamere Family of Companies." At the top of the chart is "Rick Miller, Founder & CEO." Immediately beneath Mr. Miller are Larry Lopardo, referenced above, as "Chief Legal Officer" for "The Avamere Family of Companies"; Bob Thomas, referenced above, as Chief Operations Officer for "The Avamere Family of Companies"; Ryan Haller, who on information and belief is or was formerly an employee of Avamere Health Services LLC, as Chief Development Officer for "The Avamere Family of Companies"; and Ron Odermott, who identifies himself on his LinkedIn page as an employee of Avamere Health Services, as "Chief Financial Officer" for "The Avamere Family of Companies."



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

249.

Immediately below the above names, the next level of the organizational chart on the "Breaking Down Silos" page of the Avamere Family of Companies 2019 Annual Quality Report names high-level key personnel of The Avamere Family of Companies as: "Matt Hilty, EVP Avamere Living," who identifies himself on his LinkedIn profile as "President / Owner Avamere Living" and who is identified in the above-described press releases as "Executive Vice President of Avamere Communities"; "Mike Billings, EVP Ancillary Services," who describes his job on his LinkedIn profile as being "[r]esponsible for providing strategic leadership within the Avamere Family of Companies by overseeing all ancillaries, including Infinity Rehab and Signature companies . . . with oversight responsibilities for Infinity Rehab, Signature Healthcare at Home, and human resources and the People/Culture initiative across the Avamere Family of Companies" and as having been the President of Infinity Rehab for nearly 20 years until the above-referenced 2018 "Organizational and Strategic Direction Change" by the "Avamere Family of Companies"; "Donna Mueller, EVP Strategy & Networking," who identifies herself on her LinkedIn profile as currently employed both as an Executive Vice President of "The Avamere Family of Companies" and as the Vice President of Business Development for "Infinity Rehab," and who is further identified on zoominfo.com as the Executive Vice President of "Avamere Group at Avamere Health Services LLC"; and "Nicolette Merino, Division President - Ovation," identified more specifically on the following page of the Report as "Division President: Ovation by Avamere" and who appears to have multiple LinkedIn profiles identifying herself variously as President of Ovation by Avamere, Vice President of Operations



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

for the Avamere Family of Companies, and Regional Operations Director at Avamere Health Services.

250.

The remaining key personnel shown on the Avamere Family of Companies organizational chart are: "Carl Tabor, VP Clinical," who identifies himself on his LinkedIn profile as holding the position of "VP of Clinical" for "Avamere Health Services" since 2012, and who is identified on zoominfo.com as a current employee of Avamere Health Services LLC and as an employee of Infinity Rehab from 2012 – 2018, when the above-referenced "Organizational and Strategic Direction Change" by the "Avamere Family of Companies" occurred; "Rich Jolly, VP Analytics/Strategy," who is identified on the business events site iqpc.com as an employee of Avamere Health Services overseeing 246 locations, and who in April 2019 used his own Facebook page to advertise that "I have a data science opportunity at Avamere Health" and to recruit for that position; "Mike Woodrow, CIO," who is identified on zoominfo.com as an employee of Avamere Health Services LLC from 2014 – 2019 and who is identified on the cybersecurity resources site tep10securecasts.com as a "top 1000 CIO" employed by "Avamere Health Services"; "Sonia Rai, Division VP," who identifies herself on her LinkedIn profile as having held the position of Executive Director of Signature Health Care at Home through 2018 and having then transitioned to the position of Vice President with Signature Care Connect around the time the "Organizational and Strategic Direction Change" by the "Avamere Family of Companies" occurred; "Dale Fruehauf, VP of HR," who identifies himself on his LinkedIn profile as an employee of Avamere Health Services LLC; "Mary Kofstad, Division President," identified more specifically on the following page of the Report as



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"Division President: Signature Healthcare at Home"; "Jolynn Monro, Division President," identified more specifically on the following page of the Report as "Division President: Infinity Rehab"; "Sarah Silva, Division President," identified more specifically on the following page of the Report as "Division President: Avamere Living CBC"; and "Brad Little, Division President," identified more specifically on the following page of the Report as "Division President: Avamere Living SNF."

251.

On information and belief, the above-referenced "Founder Rick Miller" named in the press / news releases is the same person as, or is an immediate relative of, "Richard Miller" and / or "Karl Richard/Rickard Miller" who is identified in filings with the Oregon Secretary of State as the manager of defendants Avamere Home Health Care LLC, Avamere Health Services LLC, Avamere Group LLC, Northwest Hospice LLC, NP2U LLC, and other defendant entities, and is the same person as or is an immediate relative of "Rick Miller, CEO, Avamere Family of Companies" as identified in the Avamere Family of Companies 2019 Annual Quality Report. The above-referenced "Larry Lopardo" is the same "Lawrence Lopardo" who is identified in filings with the Oregon Secretary of State as a principal of multiple defendant entities as set out herein.

252.

All Defendants, along with all Avamere / Signature patient care facilities in Oregon, share an agreement regarding the transfer and / or reassignment of employees between and Avamere and Signature facilities including those of the named Defendants.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

253.

Under the terms of the "Signature Hospice Home Health Home Care Employee Handbook" provided to Plaintiff, Plaintiff's employer(s) agreed to provide a continuation of job-related benefits and perquisites for employees who transferred between or among Defendants' entities and / or facilities, and identified such employees as being "grandfathered in" when transferring between entities and / or locations.

254.

During Plaintiff's employment, personnel who were nominally employed by various LLC defendants transferred or were reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. On information and belief, those employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites.

255.

As set out herein, Plaintiff himself was often reassigned away from Plaintiff's primary work location and to other locations and facilities that were officially and / or nominally operated by one or more other Defendants. Plaintiff experienced no disruptions or changes in job-related benefits and perquisites or in the payment of his wages.

256.

During Plaintiff's employment, a Director of Nursing at another Portland Avamere entity was transferred to Plaintiff's workplace and was reassigned to be a field nurse. Plaintiff's supervisor told Plaintiff not to mention the transfer because Defendants did not want people to



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

know that Avamere entities transferred personnel amongst themselves. Plaintiff's supervisor said the reason was that it would increase the potential legal liability of all the Avamere entities if this fact were widely known.

257.

During Plaintiff's employment, a different employee who was a field nurse at Plaintiff's work location was transferred to a different Avamere facility and reassigned as a Director of Nursing for that facility. Again, Plaintiff's supervisor told Plaintiff not to mention the transfer because Defendants did not want people to know that Avamere entities transferred personnel amongst themselves, and that the reason the supervisor did not want the transfer mentioned was that it would increase the potential legal liability of all the Avamere entities if this fact were widely known.

258.

The Articles of Incorporation for defendant Northwest Hospice LLC bear a stamp with the business name "Avamere." On information and belief, that document was submitted to the Oregon Secretary of State by, from, and / or on behalf of "the Avamere Family of Companies," and / or by, from, and / or on behalf of one or more of the named "Avamere" LLC defendants herein. Defendant Northwest Hospice LLC admits it was Plaintiff's employer as set out above herein.

259.

Defendants and all of them share common, interrelated, and / or intermingled computing and / or intranet systems, email systems, and computer servers that were collectively used by employees and management of all Defendants, including Plaintiff.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

260.

Plaintiff himself was required to use Defendants' intermingled computer systems for timekeeping, email, record-keeping, and / or other vital and necessary functions of his job.

261.

On information and belief, Defendants and all of them share common, interrelated, and / or intermingled websites, social media, and / or other advertising in which they collectively hold themselves out to the public, current and prospective clients, and current and prospective employees as "the Avamere Family of Companies," "Avamere," "Signature," "Signature Home Health and Home Care," and / or "Signature Healthcare at Home."

262.

The "Avamere Family of Companies" / Avamere Group LLC website at https://www.avamere.com/our-story/ describes "Signature Healthcare at Home" under the heading "Our Family of Services," as follows: "Headquartered in Wilsonville, Oregon, Signature has been a preferred provider of home-based health care services throughout the Pacific Northwest and beyond for nearly 15 years. Nurse Practitioners and palliative care is provided in partnership with NP2U." An embedded link redirects to the website https://www.4signatureservice.com/ . That website likewise makes express references to "Avamere" and "The Avamere Family of Companies."

263.

Defendant Avamere Health Services LLC is the payroll processor and / or human resources entity for all Defendants, and was directly responsible for the payment of Plaintiff's



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

wages as well as for providing computing / computer support, human resources functions, upper management, and / or management of administrative matters pertinent to Plaintiff's employment.

264.

Defendant Avamere Health Services LLC also provides some or all of the other Defendants with written policies and practices and other employment-related forms, which are in turn given to and / or used by Defendants' employees, including Plaintiff.

265.

Defendants, each and all of them, exercised direct control over Plaintiff's employment via their shared policies and management personnel.

266.

Defendants, each and all of them, acted in the interests of an employer in regards to Plaintiff via their shared policies and management personnel.

267.

Defendants, each and all of them, acted as agents for each other and / or for Plaintiff's nominal employer in regards to Plaintiff's employment via their shared policies and management personnel.

268.

Defendants, each and all of them, constitute a single integrated employer that had and exercised control over Plaintiff's employment.

269.

Alternatively and / or additionally, Defendants, each and all of them, are joint employers that had and exercised control over Plaintiff's employment.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

270.

Alternatively and / or additionally, Defendants, each and all of them, acted in the interests of an employer via their control over Plaintiff's employment.

## X. ***Defendants' further self-identification as an integrated enterprise***

271.

In November 2018, while Plaintiff was employed by Defendants, the "Avamere Family of Companies" made the following public press release: "The Avamere Family of Companies Announces Organizational and Strategic Direction Change . . . The Avamere Family of Companies announced today a strategic organization change to move from a company of individual entities (Avamere Living, Infinity Rehab, and Signature Healthcare At Home) to a cohesive post-acute and community-based health care system. The executive and business division leadership teams will move to a matrix organizational structure to manage and lead the business operations, strategic priorities, and support services. Founder Rick Miller will remain Chief Executive Officer. Larry Lopardo will be the Chief Legal Officer . . . Bob Thomas is now Chief Operations Officer . . . 'Change creates opportunities for our people,' affirms Bob Thomas, COO."

272.

On the same date that the "Avamere Family of Companies" made the above press release, a substantially similar news release containing much of the same information was made by "Signature," "Signature Services," and / or "Signature Healthcare at Home," identifying the same individuals and leadership positions as the "Avamere Family of Companies" press release. The "Signature" news release further states: "Change is good, right? The Avamere Family of



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Companies certainly thinks so! Today, the . . . company announced a strategic organization change to move from a company of individual silo entities (Avamere Living, Infinity Rehab, and Signature Healthcare At Home) to a cohesive post-acute and community-based healthcare system. This notable effort aims to further unite the company and its employees . . . The impact on Avamere employees was certainly a consideration when working on this restructuring. 'Change creates opportunities for our people,' affirms Bob Thomas, COO."

273.

The Avamere Family of Companies 2019 Annual Quality Report similarly contains the following "Message from Our CEO," identified as "Rick Miller, CEO, Avamere Family of Companies": "It's an exciting and opportunistic era for the Avamere Family of Companies and for all of us as a team. 2018 was a year of change and growth. In October, we finalized our three-year strategic initiative . . . We announced a new organization structure that will bring together our previously siloed companies. These changes have been made to support our new priorities and form a more integrated network of senior housing and healthcare services. With these changes, we hope to collaborate more, share best practices with each other, increase job satisfaction, and make our companies and communities better places for our guests and employees."

274.

The Avamere Family of Companies 2019 Annual Quality Report includes a full-page entry titled "Breaking Down Silos" which states: "The Avamere Family of Companies is breaking down the silos that previously divided our companies, bringing us together into a fully integrated network of care. Functioning as a cooperative network of post-acute and senior living



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

providers . . . [and] Working in collaboration also comes with several benefits for our employees . . . Cross-company and department communications help achieve widespread adoption of best practices and cross-functional teams are offering innovative solutions to meet the changing landscape of today's modern workforce. Chief Operations Officer Bob Thomas captures our excitement as a company: 'We're moving into a new phase of optimism in the Avamere family. As a team, we must have a posture of optimism about the future, about the people we take care of, about our team members, and about what we can achieve as an organization.'"

275.

The Avamere Family of Companies 2019 Annual Quality Report identifies "The Avamere Family of Companies" as having "8.8K Employees," of which "1K" are considered "Signature" employees, "2.2K" are considered "Infinity" employees, "12" are considered "Point Development" employees, "5K" are considered "Avamere Living" employees, and "3" are considered "Signature Care Connect" employees. The report further identifies the "8.8K" total employees as being spread across at "315 locations" in multiple states.

276.

The Avamere Family of Companies 2019 Annual Quality Report's "employee stories" are taken from staff at Avamere at Berry Park in Oregon City, Oregon; Avamere at Chestnut Lane in Gresham, Oregon; Avamere at Cheyenne in Cheyenne, Nevada; Avamere Health Services of Rogue Valley in Medford, Oregon; Avamere at Lexington in Nebraska; Avamere Rehabilitation of Beaverton in Beaverton, Oregon; Avamere Rehabilitation of Eugene in Eugene, Oregon; Avamere Transitional Care and Rehab – Brighton in Brighton, Colorado; Avamere at Wenatchee in Wenatchee, WA; Infinity Rehab, Laurelhurst Village in Portland, Oregon; Salt



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Lake City Signature / Signature at Murray, Utah; Signature Healthcare at Home; Signature in Portland, Oregon; Signature in Preston, Idaho; and The Stafford Retirement Community in Lake Oswego, Oregon. On information and belief, each of these locations is technically siloed in a separate LLC or corporation. Nonetheless, staff at all these locations were identified in the report as employees of "The Avamere Family of Companies" and / or as part of "the Avamere team."

277.

In a press release dated July 9, 2019, the "Avamere Family of Companies" website at avamere.com identifies "several organizations [that] make up the Avamere Family of Companies: Avamere Living, Infinity Rehab, Ovation by Avamere, Point Development Company, Signature Healthcare at Home, Therapy Solutions." This press release then describes recent achievements by the Avamere Family of Companies as follows: "The report highlights the many esteemed awards the Avamere Family of Companies received in the last year. Infinity Rehab was named a Great Place to Work, several Avamere Living Communities received the Bronze Commitment to Quality Award, and the Portland Business Journal named Avamere as one of Oregon's Most Admired Companies. In the home health area of the family of companies, many Signature Healthcare at Home locations scored higher than the national average . . . the report also mentions two groundbreakings of Avamere's newest brand, Ovation by Avamere . . . Behind this work is another Avamere company, Point Development Company." The release concludes that the Avamere Family of Companies annual Quality Report "shares touching employee stories . . . Find out more about the Avamere Family of Companies stories in their annual Quality Report."



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

278.

The "Avamere Family of Companies" also offers a "Leadership Academy" for its senior management personnel, and which is identified in an "Avamere Family of Companies" press release as most recently attended by several senior personnel for "The Avamere Family of Companies" including the above-named Mr. Bob Thomas and Mr. Rick Miller, as well as by the "Division President" of "Signature Healthcare at Home."

279.

Only defendant Northwest Hospice LLC has responded to Plaintiff's discovery requests in the present litigation. Of approximately 350 pages produced by Northwest Hospice LLC, about 30% of them expressly reference "Avamere" and / or "The Avamere Family of Companies" in conjunction with Plaintiff's employment, employment benefits and compensation, and / or employment policies and procedures.

280.

At all material times, all Defendants and each of them acted in the interest of an employer in regards to Plaintiff.

281.

In addition and / or alternatively, at all material times, all Defendants and each of them were a single integrated employer of Plaintiff.

282.

In addition and / or alternatively, at all material times, all Defendants and each of them were joint employers of Plaintiff.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

283.

In addition and / or alternatively, at all material times, all Defendants and each of them were part of a collective enterprise that collectively employed Plaintiff.

**BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS**

284.

At all material times, all Defendants employed Plaintiff in Oregon.

285.

Plaintiff began working for Defendants in or around 2016.

286.

Defendants employed Plaintiff as a licensed practical nurse ("LPN").

287.

Plaintiff worked for Defendants primarily in Tigard, Oregon.

288.

Defendants employed Plaintiff as an at-will employee.

289.

Defendants did not contract with Plaintiff to work for any specific period of time.

290.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

291.

Defendants, collectively and individually, are subject to the Family Medical Leave Act (FMLA), 29 USC 2601 *et. seq*.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

292.

Defendants, collectively and individually, are subject to the Oregon Family Leave Act (OFLA), ORS 659A.150 *et. seq*.

293.

During the course of Plaintiff's employment, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

294.

Defendants agreed to pay Plaintiff at the hourly rate of $27.00.

295.

As part of his employment, Defendants also provided Plaintiff with job-related "benefits" including but not limited to health insurance, vision and dental insurance, short-term disability insurance, life insurance, and a 401k with employer-matching funds.

296.

Plaintiff's employment for Defendants ended on February 7, 2019.

297.

Defendants fired Plaintiff, unilaterally ending the employment relationship.

## FIRST CLAIM FOR RELIEF
(Violations of FMLA)

298.

Plaintiff re-alleges all paragraphs as if fully restated herein.

299.

At all times material, Defendants were covered employer(s) under FMLA.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

300.

At all times material, Plaintiff was a covered / eligible employee under FMLA.

301.

Plaintiff suffers from a serious health condition that can and has impeded his abilities to walk and move, and for which his doctor has periodically proscribed periods of bed rest and / or relief from work duties.

302.

Beginning in or around December 2017, Plaintiff requested intermittent leave under FMLA.

303.

Defendants initially approved Plaintiff's request for use of intermittent leave under FMLA, and pursuant to FMLA, Plaintiff used 2-3 weeks of protected leave time in 2018.

304.

Plaintiff renewed his request for intermittent FMLA leave in or around January 2019.

305.

On or around February 7, 2019, Defendants terminated Plaintiff.

306.

Defendants claimed that Plaintiff's employment was being terminated because his position was being eliminated.

307.

Defendants employ a large number of LPNs at sites and facilities throughout Oregon.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

308.

At the time Defendants terminated Plaintiff's employment, Defendants were actively hiring and recruiting throughout the state of Oregon, including in Tigard and in Multnomah, Washington, and Clackamas counties, for LPN positions and for other positions comparable to that held by Plaintiff.

309.

In the weeks immediately following the termination of Plaintiff's employment, Defendants continued to actively hire and recruit throughout the state of Oregon, including in Tigard and in Multnomah, Washington, and Clackamas counties, for LPN positions and for other positions comparable to that held by Plaintiff.

310.

Defendants fired Plaintiff based in part or in whole on Plaintiff's request for and / or use of approved intermittent protected leave time pursuant to FMLA.

311.

Defendants failed and refused to restore Plaintiff to his position, in violation of FMLA.

312.

Defendants failed and refused to restore Plaintiff to a substantially equivalent position although such positions were available, in violation of FMLA.

313.

Defendants have a pattern and practice of retaliating against employees who take protected leave time.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

314.

The above-described actions by Defendants constitute unlawful interference with Plaintiff's use of protected leave time under FMLA, in violation of FMLA.

315.

The above-described actions by Defendants constitute retaliation against Plaintiff in violation of FMLA.

316.

As a result of Defendants' violations of FMLA, Plaintiff has suffered damages including the loss of pay and benefits in an amount to be determined after discovery is complete, but estimated at not less than $56,160.00 per year. Plaintiff reserves the right to amend his Complaint to conform with the evidence at trial.

317.

As a result of Defendants' violations of FMLA, Plaintiff is due all available remedies under 29 USC 2617, including his lost wages and benefits, liquidated damages, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

318.

Plaintiff seeks all available remedies under 29 USC 2617, including his lost wages and benefits, liquidated damages, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## SECOND CLAIM FOR RELIEF

(Violations of OFLA)

319.

Plaintiff re-alleges all paragraphs as if fully restated herein.

320.

At all times material, Defendants were covered employer(s) under OFLA.

321.

At all times material, Plaintiff was a covered / eligible employee under OFLA.

322.

As set out above, Defendants failed and refused to restore Plaintiff to his position, in violation of OFLA.

323.

As set out above, Defendants failed and refused to restore Plaintiff to a substantially equivalent position although such positions were available, in violation of OFLA.

324.

The above-described actions by Defendants constitute unlawful interference with Plaintiff's use of protected leave time under OFLA, in violation of OFLA.

325.

The above-described actions by Defendants constitute retaliation against Plaintiff in violation of OFLA.

326.

As a result of Defendants' violations of OFLA, Plaintiff has suffered damages including the loss of pay and benefits in an amount to be determined after discovery is complete, but



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

estimated at not less than $56,160.00 per year. Plaintiff reserves the right to amend his Complaint to conform with the evidence at trial.

327.

As a result of Defendants' violations of OFLA, Plaintiff is due all available remedies under ORS 659A.885, including his lost wages and benefits, interest on all amounts pursuant to ORS 82.010, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

328.

Plaintiff seeks all available remedies under ORS 659A.885, including his lost wages and benefits, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

**WHEREFORE, Plaintiff demands judgment from Defendants:**

**On Plaintiff's claim for violations of FMLA:**

1. Lost wages and benefits pursuant to 29 USC 2617 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
2. Liquidated damages pursuant to 29 USC 2617 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
3. Interest on all amounts pursuant to 29 USC 2617.
4. Costs and attorney fees pursuant to 29 USC 2617.
5. All equitable relief deemed appropriate by the Court pursuant to 29 USC 2617.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**On Plaintiff's claim for violations of OFLA:**

1. Lost wages and benefits pursuant to ORS 659A.885 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
2. Interest on all amounts pursuant to ORS 82.010.
3. Costs and attorney fees pursuant to ORS 659A.885.
4. All equitable relief deemed appropriate by the Court pursuant to ORS 659A.885.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: November 25, 2019.

s/ Leslie E. Baze
LESLIE E. BAZE, OSB 103326, WSB 45781
lbaze@wageclaim.org
Attorney for Plaintiff



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763