Leslie E. Baze, OSB 103326, WSB 45781
E-Mail: lbaze@wageclaim.org
David A. Schuck, OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**SCHUCK LAW, LLC**
208 E 25th Street, Vancouver, WA 98663
Tel (360) 566-9243 Fax (503) 575-2763
Attorneys at Law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

**CASEY COVELLI**, an individual,

**Plaintiff**,

v.

**AVAMERE FAMILY OF COMPANIES,** a non-registered entity and/or an unregistered assumed business name; **AVAMERE GROUP LLC,** an Oregon LLC, *dba* "The Avamere Family of Companies" (an unregistered name); **AVAMERE HEALTH SERVICES LLC**, an Oregon LLC; **AVAMERE HOME HEALTH CARE LLC,** an Oregon LLC; **AVAMERE BETHANY OPERATIONS LLC,** an Oregon LLC; **AVAMERE LAKE OSWEGO OPERATIONS INVESTORS LLC,** an Oregon LLC; **AVAMERE SHERWOOD OPERATIONS LLC,** an Oregon LLC; **AVAMERE SKILLED ADVISORS LLC**, an Oregon LLC; **AVAMERE STAFFORD OPERATIONS LLC,** an Oregon LLC; **AVAMERE ST. HELENS OPERATIONS LLC,** an Oregon LLC; **BEAVERTON REHAB & SPECIALTY CARE LLC,** an Oregon LLC; **CLACKAMAS REHABILITATION LLC,** an Oregon LLC; **CRESTVIEW OPERATIONS LLC,** an Oregon LLC; **GENESIS NEWBERG OPERATIONS LLC,** an Oregon LLC; **KEIZER CAMPUS OPERATIONS LLC,** an Oregon LLC; **KEIZER RIVER OPERATIONS LLC,** an Oregon LLC; **KING CITY REHAB LLC**, an Oregon LLC; **LAURELHURST OPERATIONS LLC,** an Oregon LLC; **MOUNTAIN VIEW REHAB LLC,** an Oregon LLC; **NORTHWEST HOSPICE LLC,** an Oregon LLC; **NP2U LLC,** an Oregon LLC; **SIGNATURE COASTAL LLC,** an Oregon LLC; **SIGNATURE CORVALLIS LLC**, an Oregon LLC; **SUNNYSIDE OPERATIONS LLC,** an Oregon LLC,

**Defendants**.

**Case No. 3:19-cv-00486-JR**

**THIRD AMENDED COMPLAINT**
**(Unlawful employment practices: FMLA/OFLA)**

**Claims estimated to be approximately $250,000.00**

**Not Subject to Mandatory Arbitration**

**JURY TRIAL DEMANDED**

# TABLE OF CONTENTS

PARTIES AND JURISDICTION ........................................................ pgs. 1 - 2
¶¶ 1 - 10

SUMMARIES OF DEFENDANTS' ROLES AND COMMONALITIES ......... pgs. 3 - 73
¶¶ 11 - 34

The Avamere Family of Companies ................................ pgs. 3 – 7
¶ 11

Avamere Group LLC .................................................. pgs. 7 – 11
¶ 12

Avamere Health Services LLC ...................................... pgs. 11 – 14
¶ 13

Avamere Skilled Advisors LLC ......................................pgs. 14 – 18
¶ 14

Avamere Home Health Care LLC .................................. pgs. 18 – 22
¶ 15

Northwest Hospice LLC ...............................................pgs. 22 – 26
¶ 16

NP2U LLC .......................................................... pgs. 26 – 30
¶ 17

Signature Coastal LLC ............................................... pgs. 30 – 33
¶ 18

Signature Corvallis LLC ............................................... pgs. 33 – 36
¶ 19

Avamere Bethany Operations LLC ................................ pgs. 36 – 38
¶ 20

Avamere Lake Oswego Investors LLC ............................ pgs. 38 – 41
¶ 21

Avamere Sherwood Operations LLC ............................... pgs. 41 – 43
¶ 22

Avamere Stafford Operations LLC ................................. pgs. 43 – 45
¶ 23

Avamere St. Helens Operations LLC .............................. pgs. 45 – 48
¶ 24

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Beaverton Rehab & Specialty Care LLC ………………………….. pgs. 48 – 50
¶ 25

Clackamas Rehabilitation LLC ………………………………… pgs. 50 – 53
¶ 26

Crestview Operations LLC …………………………………….. pgs. 53 – 55
¶ 27

Genesis Newberg Operations LLC ……………………………… pgs. 55 – 57
¶ 28

Keizer Campus Operations LLC ……………………………….. pgs. 57 – 60
¶ 29

Keizer River Operations LLC ………………………………….. pgs. 60 – 62
¶ 30

King City Rehab LLC ………………………………………….. pgs. 62 – 65
¶ 31

Laurelhurst Operations LLC …………………………………… pgs. 65 – 67
¶ 32

Mountain View Rehab LLC …………………………………… pgs. 67 – 70
¶ 33

Sunnyside Operations LLC …………………………………… pgs. 70 – 72
¶ 34

PLAINTIFF'S EMPLOYMENT / DEFENDANTS' INTERRELATIONSHIPS .. pgs. 73 - 242
¶¶ 35 - 643

I. Interrelated purpose of Defendants' business ……………….. pgs. 73 - 77
¶¶ 35 - 52

II. Defendants' shared or common ownership ………………… pgs. 77 - 105
¶¶ 53 - 131

III. Defendants' shared address and shared management ……… pgs. 105 - 118
¶¶ 132 - 169

IV. Defendants' shared employees ……………………………... pgs. 118 - 123
¶¶ 170 - 188

V. Defendants' shared resources ……………………………….. pgs. 123 - 132
¶¶ 189 - 225

VI. Defendants' self-identification as an integrated enterprise …. pgs. 132 - 139
¶¶ 226 - 242

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

VII. Defendants' identifications to Plaintiff as his employer ........ pg. 139
¶¶ 243 - 245

VIII. Plaintiff's hiring and supervision ............................ pgs. 140 - 170
¶¶ 246 - 360

IX. Plaintiff's work locations ...................................... pgs. 170 - 179
¶¶ 361 - 389

X. Plaintiff's work schedules ..................................... pgs. 179 - 182
¶¶ 390 - 402

XI. Plaintiff's compensation and benefits ........................ pgs. 183 - 198
¶¶ 403 - 475

XII. Provision of Plaintiff's work equipment and premises ...... pgs. 198 - 209
¶¶ 476 - 520

XIII. Processing / approval of Plaintiff's protected leave time .... pgs. 209 - 212
¶¶ 521 - 531

XIV. Employment policies to which Plaintiff was subject ......... pgs. 212 - 222
¶¶ 532 - 560

XV. Plaintiff's termination ......................................... pgs. 222 - 230
¶¶ 561 - 594

XVI. Plaintiff's employment records .............................. pgs. 230 - 240
¶¶ 595 - 640

XVII. Employment factors addressed ............................. pgs. 241 - 242
¶¶ 641 - 643

BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS ................ pgs. 242 - 243
¶¶ 644 - 657

FIRST CLAIM FOR RELIEF: VIOLATIONS OF FMLA ........................... pgs. 243 - 247
¶¶ 658 - 680

SECOND CLAIM FOR RELIEF: VIOLATIONS OF OFLA ........................ pgs. 247 - 248
¶¶ 681 - 690

PRAYER FOR RELIEF ............................................................ pg. 249




**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Comes now the Plaintiff, Casey Covelli, by and through the attorneys at Schuck Law LLC, and states and alleges as follows:

**PARTIES AND JURISDICTION**

1.

At all material times, Defendants were Oregon limited liability companies, with the exception that the "Avamere Family of Companies" is not registered as a business name or assumed business name in the state of Oregon.

2.

At all material times, Defendants, all and each of them, did business in whole or in part under multiple assumed business names and abbreviated business names including but not necessarily limited to "Signature Healthcare at Home," "Signature Home Health and Home Care," "Signature Home Health Care," "Signature Hospice," "Signature," and / or "Avamere."

3.

Defendants, and all of them, are also doing business as, and are part of a collective business and / or enterprise that identifies itself as, the "Avamere Family of Companies" and / or "Avamere."

4.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC are registrants of the assumed business name "Signature Healthcare at Home" in the state of Oregon.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

5.

Defendant Avamere Home Health Care LLC is the registrant of the assumed business name "Signature Home Health and Home Care" in the state of Oregon.

6.

According to the website npidb.org, which provides a searchable database of various medical providers by unique NPI number issued by the U.S. Centers for Medicare & Medicaid Services, Avamere Home Health Care LLC also does business as "Signature Healthcare at Home," "Signature Home Health," "Signature Home Health – Crestview" and "Signature Home Health – Waterford." The latter two assumed business names are not registered in Oregon.

7.

As detailed herein, defendant Avamere Group LLC is the entity that appears to function as the upper management of "The Avamere Family of Companies," is the "ultimate parent" of all Defendants, and is the upper management of all Defendants.

8.

At all material times, all Defendants were doing business in Oregon.

9.

The claims set out herein arise out of Plaintiff's employment in the state of Oregon.

10.

The Circuit Court of Oregon had personal jurisdiction over Defendants until Defendants removed the case to this Court because Defendants are engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendants within Oregon.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**SUMMARIES OF DEFENDANTS' ROLES AND COMMONALITIES**

11.

As pled herein, "**The Avamere Family of Companies**" and / or the variant "The Avamere Group of Companies":

(a) is a name used by defendants and all of them, individually and collectively, to refer to their integrated and collective enterprise;

(b) is also an entity with corporate officers and executive positions including a Chief Financial Officer, a Chief Operations Officer, a Chief Executive Officer, a Chief Compliance and Privacy Officer, a Chief Legal Officer, a Chief Development Officer, a General Counsel, and a Manager;

(c) played a key role, through those above-identified corporate officers, in the founding and formation of every other defendant;

(d) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to Avamere Group LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Avamere Skilled Nursing Advisors LLC, NP2U LLC, Avamere Lake Oswego Operations Investors LLC, Beaverton Rehab & Specialty Care LLC, Crestview Operations LLC, King City Rehab LLC, Keizer River Operations LLC, Laurelhurst Operations LLC, Sunnyside Operations LLC, Northwest Hospice LLC, Signature Coastal LLC, Signature Corvallis LLC, "Avamere," and "Signature Hospice, Home Health and Home Care," which simultaneously employ those personnel along with The Avamere Family of Companies;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(e) acts in concert with and may be identical or substantially identical to Avamere Group LLC;

(f) operates a website in which it represents and acts on behalf of the collective and integrated business of defendants for the business benefit of itself and of all defendants;

(g) shares its main business property with all defendants;

(h) expressly identifies in Plaintiff's employment documents that it includes all of the following sub-entities or sub-divisions: Infinity Rehab, "Signature Home Health, Hospice or Home Care," NP2U, Merit Rehab, Avamere Skilled Nursing / Avamere Skilled Advisors ,and Avamere Assisted Living Facilities;

(i) states in its public reports that it has 1,000 "Signature" employees, in addition to thousands of other employees classified as also being the employees other "Avamere" sub-entities or sub-divisions;

(j) identified itself to Plaintiff as Plaintiff's employer on Plaintiff's employment documents and elsewhere;

(k) employed or previously employed the person who reviewed and approved the results of Plaintiff's drug test at hire;

(l) oversaw and approved Plaintiff's hiring;

(m) trained Plaintiff on all defendants' shared patient recordkeeping and patient charting procedures, timekeeping procedures, and reimbursement procedures;

(n) paid Plaintiff's wages and authorized the payment of Plaintiff's wages;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(o) provided and paid for part of Plaintiff's employment-related benefits including but not limited to Plaintiff's employer-provided group life insurance policy, and made employer matching contributions to his 401k;

(p) created records related to Plaintiff's employment benefits and maintained those records in its computer systems;

(q) controlled and maintained the computer network that held all information on Plaintiff's employment benefits that was accessible to Plaintiff as part of his employment;

(r) paid Plaintiff's travel reimbursements related to his employment;

(s) collected and maintained data and records regarding, and claimed or attempted to claim, a federal tax credit in regards to Plaintiff's employment;

(t) was the direct or admitted employer of at least two of Plaintiff's direct supervisors, who performed Plaintiff's performance reviews, controlled any discipline to which Plaintiff was subject, set Plaintiff's pay increases, and exercised day-to-day control over Plaintiff's tasks and employment;

(u) was the employer of Plaintiff's temporary supervisor;

(v) is mentioned prominently and repeatedly in Plaintiff's performance reviews, in a manner by which it presents itself as Plaintiff's employer;

(w) awarded various employment-related performance commendations to Plaintiff's coworkers;

(x) held Plaintiff subject to its employment policies and those of its "affiliated covered entities" as part of Plaintiff's employment, including but not



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

limited to holding Plaintiff subject to an "Avamere Family of Companies" employee handbook and other "Avamere Family of Companies" policies, both written and unwritten;

(y) operates and did operate the facilities nominally owned or operated by the following defendants where Plaintiff was routinely assigned to work: Avamere Lake Oswego Operations Investors LLC; Clackamas Rehabilitation LLC; Crestview Operations LLC; Keizer Campus Operations LLC; King City Rehab LLC; Mountain View Rehab LLC; and Sunnyside Operations LLC;

(z) required Plaintiff to treat the above defendants and other "Avamere" facilities and entities as preferred referrals and discouraged Plaintiff from referring patients to facilities or entities outside of "The Avamere Family of Companies";

(aa) provided Plaintiff with remote access and a single login to access all of its patient records at all of its facilities, including all of the facilities nominally operated by each defendant herein, as part of Plaintiff's employment;

(ab) provided a significant amount of the software and equipment that Plaintiff was required to use in his employment;

(ac) operates and did operate the contact phone number that appears on Plaintiff's FMLA forms, to which Plaintiff was instructed to direct questions about his leave; and

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(ad) prohibited Plaintiff from recruiting any of its employees or contractors for two years following Plaintiff's employment.

12.

As pled herein, **Avamere Group LLC** and / or the variant "The Avamere Group of Companies":

(a) is part of, and is the upper management of, "The Avamere Family of Companies";

(b) admits in sworn filings to government agencies that it is the sole owner / operator of Northwest Hospice LLC, which in turn admits in this litigation that it was Plaintiff's employer;

(c) admits in sworn filings to government agencies that it owns 85% of defendant Northwest Hospice LLC, which in turn admits in this litigation that it was Plaintiff's employer (with the other 15% of Northwest Hospice owned by Mr. Bob Thomas whose role is discussed at length herein);

(d) admits in sworn filings to government agencies that it acts as the Compliance, Legal, Information Technology, Human Resources, and Accounting departments of Northwest Hospice LLC, which in turn admits in this litigation that it was Plaintiff's employer;

(e) admits in sworn filings to government agencies that it is the sole owner, operator, and manager of all the following defendants: Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, NP2U LLC, and Signature Coastal LLC;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(f) admits in sworn filings to government agencies that it holds the ultimate authority to act on behalf of "Signature Health Care at Home," which is an assumed business name by which Plaintiff's employer identified itself to Plaintiff and which is registered collectively to Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, all of which are wholly or majority owned and operated by Avamere Group LLC;

(g) admits in sworn filings to government agencies that, through its shell entities, it is also the sole owner, operator, and manager of all the following defendants and their closely-related entities: Avamere Bethany Operations LLC; Avamere Bethany LLC; Avamere Lake Oswego Operations Investors LLC; Avamere Lake Oswego LLC; Avamere Sherwood Operations LLC; Avamere Sherwood LLC; Avamere Stafford Operations LLC; Avamere St. Helens Operations LLC; Avamere St. Helens LLC; Avamere St. Helens Cottages LLC; Beaverton Rehab & Specialty Care LLC; Clackamas Rehabilitation LLC; Crestview Operations LLC; Genesis Newberg Operations LLC (aka Genesis Newberg Operations Co. LLC); Genesis Newberg LLC; Keizer Campus Operations LLC; Keizer Campus LLC; Keizer River Operations LLC; King City Rehab LLC; Mountain View Rehab LLC; and Sunnyside Operations LLC;

(h) controls the premises and properties, and is the lessee and legal tenant of the real estate (owned by what Plaintiff understands to be an unrelated



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

investment business), on which each of the following defendants (nominally) operate their facilities: Avamere Lake Oswego Operations Investors LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Keizer Campus Operations LLC, King City Rehab LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(i) admits in sworn filings to government agencies that defendant Laurelhurst Operations LLC is ultimately owned, operated, and managed by the same persons in the same ownership percentages as those who ultimately own Avamere Group LLC;

(j) admits in sworn filings to government agencies that it is the "parent" and / or the "ultimate parent entity" of all other defendant entities named in the present lawsuit;

(k) is co-owned, along with every other defendant in the case, either directly or indirectly by Mr. Rick Miller, Mr. Rick Dillion, and Mr. Ron Odermott;

(l) shares its key executive, management, and other personnel with every other defendant in the case as well as with multiple other Avamere and Signature entities;

(m) shares its key founding personnel with with every other defendant in the case as well as with multiple other Avamere and Signature entities;

(n) owns the trademarks for "Signature," "Signature Home Health," "Signature Hospice," "Signature Hospice Home Health Home Care," "Avamere," and variations thereon;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(o) claims and did claim the assets, profits, expenses, and losses of each and every defendant herein, and of all "Avamere" and "Signature" facilities and entities, as being the assets, profits, expenses, and losses of Avamere Group LLC itself;

(p) uses the same shared address and suite number shared by all defendants herein as its business and / or mailing address;

(q) acts in concert with and may be identical or substantially identical to The Avamere Family of Companies;

(r) functionally operates as the Legal, Information Technology, Human Resources, and Accounting departments of defendant Northwest Hospice LLC, which admits it employed Plaintiff;

(s) is the entity with which Plaintiff applied to work, for the job for which Plaintiff was hired and ultimately fired, the latter of which is the issue presented by this lawsuit;

(t) exercised ultimate control and authority over Plaintiff's hire;

(u) paid Plaintiff's wages, and recorded in its books that Plaintiff's wages were paid by Avamere Group LLC;

(v) maintained records of Plaintiff's work time and wages paid;

(w) controlled and / or ratified the means by which Plaintiff's wages were paid (direct deposit with no option of paper check);

(x) made employer contributions to Plaintiff's 401k;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(y) maintained records of Plaintiff's employment benefits, and controlled and maintained the website or computer system that provided the sole access to Plaintiff for records about his employment benefits;

(z) claimed or attempted to claim a federal tax credit in relation to its employment of Plaintiff and / or its payments of wages and / or benefits to Plaintiff;

(aa) was a likely principal on any insurance policy covering any defendant's liability in relation to Plaintiff's performance of his job as a nurse;

(ab) bound Plaintiff to a variety of its employment policies throughout the course of Plaintiff's employment from his hire to his termination; and

(ac) included a clause in the severance agreement offered to Plaintiff that would have prohibited Plaintiff from criticizing Avamere Group LLC "or any of the Avamere Group LLC companies."

13.

As pled herein, **Avamere Health Services LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is wholly owned and operated by Avamere Group LLC;

(c) effectively uses defendant Avamere Skilled Advisors LLC, which is also wholly owned and operated by Avamere Group LLC, as one of its subdivisions;

(d) is ultimately owned by the same three or four individuals who ultimately own all of the defendants herein;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(e) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Avamere Lake Oswego Operations Investors LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, King City Rehab LLC, Keizer Campus Operations LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, Northwest Hospice LLC, NP2U LLC, and Sunnyside Operations LLC;

(f) shares key founding personnel with every other defendant herein;

(g) functionally operates as the Legal, Information Technology, Human Resources, Accounting, and Revenue / Collection departments for Northwest Hospice LLC, which admits it employed Plaintiff, as well as for the other defendants and other “Avamere” and “Signature” entities;

(h) participates, along with every other “Signature” and “Avamere” facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(i) identified itself to Plaintiff as Plaintiff’s employer, including but not limited to making such representations on Plaintiff’s various employment and employment policy documents;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(j) required Plaintiff, as a condition of his employment, to take a drug test before beginning work; reviewed the results of that test; and made the determination as to whether Plaintiff was hireable;

(k) holds official, actual, and / or functional operational control over most or all of Plaintiff's work sites;

(l) directed Plaintiff in his day-to-day tasks and exercised authority over his shift times and break times, through its supervisors at each of those work sites;

(m) bound Plaintiff to a variety of its employment policies throughout the course of Plaintiff's employment from his hire to his termination;

(n) was the direct or admitted employer of at least one of Plaintiff's regular direct supervisors, who performed Plaintiff's performance reviews;

(o) was the direct or admitted employer of Plaintiff's temporary supervisor;

(p) paid Plaintiff's wages, and exercised control over the means and manner by which Plaintiff's wages were paid (e.g., direct deposit with no option of paper check);

(q) set and / or altered Plaintiff's work schedules;

(r) maintained records of Plaintiff's work schedules and work time;

(s) maintained records of Plaintiff's work tasks, and of the time and manner in which he performed those tasks, and of the quality of the performance of those tasks;

(t) was a likely principal on any insurance policy covering any defendant's liability in relation to Plaintiff's performance of his job as a nurse;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(u) exercised control over the payment of Plaintiff's final wages at Plaintiff's termination and the release of those wages to Plaintiff;

(v) exercised direct control over all tasks and functions related to Plaintiff's pay and the payment of Plaintiff's wages;

(w) controlled, operated, and maintained the 401k plan in which Plaintiff was enrolled as an employment-related benefit that was part of his employment compensation;

(x) provided much of the essential computer equipment and software that Plaintiff was required to use in his job, and trained Plaintiff on the use of that equipment and software via Avamere Health Services personnel;

(y) operated the employment hotline to which Plaintiff was directed to report any employment-related concerns; and

(z) is the direct or admitted employer of at least one of the two or three people authorized to accept Plaintiff's signature on a proposed severance-and-release agreement at Plaintiff's termination, and of one of the two or three people to whom Plaintiff was directed to return such agreement (which he did not sign).

14.

As pled herein, **Avamere Skilled Advisors LLC**:

(a) is a part of "The Avamere Family of Companies";

(b) is wholly and completely owned, operated, and managed by defendant Avamere Group LLC;

///

(c) effectively functions as a division, sub-division, or part of defendant Avamere Health Services LLC, which is also wholly owned, operated, and managed by defendant Avamere Group LLC;

(d) serves the function of overseeing compliance with any and all applicable health-care laws and regulations at each and every "Avamere" and "Signature" facility and location where Plaintiff performed work;

(e) shares its key management, executive, and other personnel with multiple other defendant entities including but not limited to Avamere Group LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Avamere Bethany LLC / Bethany Operations LLC, Avamere Lake Oswego Operations Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, Northwest Hospice LLC, NP2U LLC, and Sunnyside Operations LLC;

(f) was founded and organized by the same individuals who played key roles in the founding and organization of every other defendant;

(g) identifies its principal business and / or mailing addresses as the same address, office, and suite collectively used by every defendant in this case as a principal business and /or mailing address;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(h) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(i) serves the function of overseeing and directing all nursing tasks and functions at the defendants' various facilities including providing new-hire training and orientation to nurses at each such facility;

(j) employed or previously employed the person who reviewed and approved the results of Plaintiff's drug test at hire;

(k) employed one or more persons who provided new-hire training and orientation to Plaintiff;

(l) maintained records of Plaintiff's hire, new-hire training, and orientation;

(m) employed the person or persons who trained Plaintiff on the use of essential patient care and charting tools as part of Plaintiff's employment, including but not limited to the patient charting software used by Plaintiff at all "Avamere" and "Signature" locations and facilities where he worked;

(n) held and exercised ultimate authority over Plaintiff's job tasks in his employment as a nurse and over the nursing tasks and functions he performed at all of defendants' locations and facilities, including but not



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

limited to Plaintiff's job expectations, workload, and performance standards;

(o) maintained and continues to maintain records regarding Plaintiff's compliance with any and all applicable health-care laws and regulations, which are in turn essential to the continued licensure and operation of each and every "Avamere" and "Signature" facility and location where Plaintiff performed work;

(p) maintained and continues to maintain records of all of Plaintiff's work tasks and of the time, place, manner, and quality of the performance of those tasks;

(q) holds and exercises operational control, along with defendant Avamere Health Services LLC of which it is an effective sub-part, over the facilities nominally operated by defendant Clackamas Rehabilitation LLC, where Plaintiff was routinely and frequently assigned to perform work;

(r) employed Plaintiff's direct supervisors at one or more of Plaintiff's routine work locations (specifically including but not limited to Clackamas Rehabilitation LLC), to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(s) set and / or altered Plaintiff's work schedules;

(t) maintained records of Plaintiff's work time and work schedules;

(u) utilized those time records for the purpose of calculating, providing, and recording Plaintiff's pay;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(v) bound Plaintiff to its employment policies throughout the course of Plaintiff's employment; and

(x) was a likely principal on any insurance policy covering any defendant's liability in relation to Plaintiff's performance of his job as a nurse.

15.

As pled herein, **Avamere Home Health Care LLC**:

(a) is a part of "The Avamere Family of Companies";

(b) is wholly and completely owned, operated, and managed by defendant Avamere Group LLC;

(c) is in turn the sole owner, operator, and manager of defendant Signature Coastal LLC;

(d) is the sole registrant of the assumed business name "Signature Home Health and Home Care";

(e) shares registry of the assumed business name "Signature Healthcare at Home" with defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC;

(f) is identified by its sole owner / operator / manager Avamere Group LLC as a "closely related entity" to defendant Northwest Hospice LLC, which is also owned, operated, and managed by defendant Avamere Group LLC, and which admits it employed Plaintiff;

(g) is – in partnership or cooperation with Northwest Hospice LLC – the nominal operator and manager of most or all "Signature" entities in Oregon and other states;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(h) also does business as “Signature Home Health,” “Signature Coastal,” “Signature Home Health – Crestview,” and “Signature Home Health – Waterford,” among other “Signature” variations;

(i) previously owned the “Signature Hospice” and “Signature” trademarks but abandoned or cancelled them a few years ago in favor of Avamere Group LLC;

(j) is the registrant of multiple “Signature” and / or “Avamere” trademarks owned by Avamere Group LLC with the U.S. Patent & Trademark Office;

(k) shares its key management, executive, and other personnel with multiple other defendant entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Avamere Bethany LLC / Bethany Operations LLC, Avamere Lake Oswego Operations Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(l) was founded and organized by the same individuals who played key roles in the founding and organization of every other defendant;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(m) identifies one of its principal business and / or mailing addresses as the same address, office, and suite collectively used by every defendant in this case as a principal business and /or mailing address;

(n) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(o) is – in partnership or cooperation with Northwest Hospice LLC – a co-tenant and co-renter of Plaintiff's "official" or "home" work location in Tigard, and uses that address as one of its two other primary business addresses;

(p) had and exercised authority over all terms and conditions of employment pertaining to that location;

(q) co-employed the recruiter who recruited Plaintiff for his job;

(r) co-employed the person who interviewed Plaintiff as a candidate for hire;

(s) co-employed the supervisor / administrator to whom Plaintiff was instructed to direct any questions about his hiring process, employment agreement, or new-hire documents and policies;

(t) accepted and processed Plaintiff's signed offer letter by which he accepted his job;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(u) set or substantially participated in setting Plaintiff's at-hire pay rate;

(v) admits on Plaintiff's federal I9 verification of employment that it employed Plaintiff, and is the entity that completed and processed that form;

(w) identified itself to Plaintiff as Plaintiff's employer, both on Plaintiff's written employment policies and employment documents, and elsewhere;

(x) bound Plaintiff to its employment policies at all times during Plaintiff's employment;

(y) was the direct or admitted employer of at least two of Plaintiff's direct supervisors, who performed Plaintiff's performance reviews, controlled any discipline to which Plaintiff was subject, set Plaintiff's pay increases, and exercised day-to-day control over Plaintiff's tasks and employment;

(z) set and / or altered Plaintiff's work schedules;

(aa) co-employed at least two of the Human Resources personnel who served as Plaintiff's points-of-contact regarding his FMLA / OFLA leave, and who exercised review and approval authority over that leave;

(ab) co-employed both of the administrators and / or HR personnel who were tasked with informing Plaintiff about his termination rights and procedures including final pay procedures, payout of benefits and PTO, COBRA rights, and employee exit survey;

(ac) identifies itself to Plaintiff as Plaintiff's employer on Plaintiff's termination documents, and employs at least three of the signatories of those documents;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(ad) offered to pay Plaintiff a severance at termination; and

(ae) offered to bind itself in legal obligations and covenants towards Plaintiff, and asked Plaintiff to be similarly bound to it, at Plaintiff's termination (by means of a release agreement that Plaintiff did not sign).

16.

As pled herein, **Northwest Hospice LLC**:

(a) is part of "The Avamere Family of Companies";

(b) shares registry of the assumed business name "Signature Healthcare at Home" with defendants NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC;

(c) is not a registrant of the assumed business name "Signature Home Health and Home Care," which is registered solely to Avamere Home Health Care LLC;

(d) is wholly and solely managed and operated by Avamere Group LLC;

(e) is identified by Avamere Group LLC as "closely related" to Avamere Home Health Care LLC, which is also wholly owned and operated by Avamere Group LLC;

(f) is – in partnership or cooperation with Avamere Home Health Care LLC – the nominal operator and manager of most or all "Signature" entities in Oregon and other states;

(g) is – in partnership or cooperation with Avamere Home Health Care LLC – a co-tenant and co-renter of Plaintiff's "official" or "home" work location in Tigard;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(h) is 85% owned by Avamere Group LLC (with the other 15% owned by Mr. Bob Thomas whose roles are discussed at length herein);

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) authorizes and allows Avamere Group LLC to act as its Compliance, Legal, Information Technology, Human Resources, and Accounting departments, as admitted in government filings by Avamere Group LLC;

(k) authorizes and allows Avamere Health Services LLC, which is likewise wholly owned and operated by Avamere Group LLC, to act as its Legal, Information Technology, Human Resources, Accounting, and Revenue / Collection departments;

(l) was founded and organized by the same individuals who played key roles in the founding and organization of every other defendant;

(m) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to Avamere Group LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Avamere Skilled Advisors LLC, NP2U LLC, Signature Coastal LLC, Avamere Bethany LLC / Bethany Operations LLC, Avamere Lake



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Oswego Operations Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(n) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(o) co-employed, along with Avamere Home Health Care LLC and along with all the other registrants of the "Signature" assumed business names, the recruiter and supervisor who recruited Plaintiff to apply for a job with Avamere Group LLC, who received and processed his acceptance of a job offer letter, and who set his at-hire pay rate;

(p) co-employed, along with all the other registrants of the "Signature" assumed business names, the supervisor who interviewed Plaintiff for his job and who was one of his primary supervisors at the time of his termination;

(q) co-employed, along with all the other registrants of the "Signature" assumed business names, the Human Resources advisor to whom Plaintiff was instructed to direct questions about his hiring process;

(r) co-employed, along with all the other registrants of the "Signature" assumed business names and along with Avamere Lake Oswego



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Operations Investors LLC, Avamere-St. Helens Operations LLC, and other "Avamere" entities, one or more persons who participated materially in Plaintiff's performance reviews;

(s) co-employed, along with all the other registrants of the "Signature" assumed business names, one or more of the Human Resources advisors who processed Plaintiff's FMLA / OFLA leave;

(t) co-employed, along with all the other registrants of the "Signature" assumed business names, multiple supervisors who had and exercised authority over Plaintiff's pay, discipline, FMLA / OFLA leave, and day-to-day employment;

(u) co-employed, along with all the other registrants of the "Signature" assumed business names, the administrator who set Plaintiff's ordinary work schedule;

(v) co-employed, along with all the other registrants of the "Signature" assumed business names, both the administrator and the human resources professional who managed and processed Plaintiff's termination pay payout, COBRA rights information, and employee exit interview;

(w) had and exercised authority over Plaintiff's work schedules, as did all or virtually all defendants herein;

(x) maintained records of Plaintiff's work time, as did all or virtually all defendants herein;

(y) identifies itself as Plaintiff's employer on some of Plaintiff's employment policies, as do all or virtually all defendants herein;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(z) is one of the various defendants' names that appears on some of Plaintiff's pay documents; and

(aa) admits it employed Plaintiff.

17.

As pled herein, **NP2U LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is wholly and solely owned, managed, and operated by Avamere Group LLC;

(c) is ultimately owned by the same persons who own every other defendant herein;

(d) shares key founding personnel with every other defendant herein;

(e) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Signature Coastal LLC, and Signature Corvallis LLC;

(f) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(g) shares registry of the assumed business name "Signature Healthcare at Home" with defendants Northwest Hospice LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC;

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(h) is described by The Avamere Family of Companies as "partner"-ing with the other Signature entities to provide nursing services, which was Plaintiff's job and position;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) identified itself to Plaintiff as his employer;

(k) co-employed, along with all the other registrants of the "Signature" assumed business names, the recruiter and supervisor who recruited Plaintiff to apply for a job with Avamere Group LLC, who received and processed his acceptance of a job offer letter, and who set his at-hire pay rate;

(l) co-employed, along with all the other registrants of the "Signature" assumed business names, the supervisor who interviewed Plaintiff for his job and who was one of his primary supervisors at the time of his termination;

(m) co-employed, along with all the other registrants of the "Signature" assumed business names, the Human Resources advisor to whom Plaintiff was instructed to direct questions about his hiring process;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(n) co-employed, along with all the other registrants of the "Signature" assumed business names and along with Avamere Lake Oswego Operations Investors LLC, Avamere-St. Helens Operations LLC, and other "Avamere" entities, one or more persons who participated materially in Plaintiff's performance reviews;

(o) co-employed, along with all the other registrants of the "Signature" assumed business names, multiple supervisors who had and exercised authority over Plaintiff's pay, discipline, FMLA / OFLA leave, and day-to-day employment;

(p) co-employed, along with all the other registrants of the "Signature" assumed business names, the administrator who set Plaintiff's ordinary work schedule;

(q) co-employed, along with all the other registrants of the "Signature" assumed business names, both the administrator and the human resources professional who managed and processed Plaintiff's termination pay payout, COBRA rights information, and employee exit interview;

(r) co-employed, along with all the other registrants of the "Signature" assumed business names, at least one of the two or three people authorized to accept receipt of Plaintiff's signature on a proposed severance-and-release form;

(s) co-employed, along with all the other registrants of the "Signature" assumed business names, one or more of  the Human Resources advisors who processed Plaintiff's FMLA / OFLA leave;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(t) directly employed one or more of the supervisors / administrators who processed and approved Plaintiff's FMLA / OFLA leave and leave requests;

(u) directly employed one or more of the supervisors who approved Plaintiff's raises and / or wage increases;

(v) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(w) bound Plaintiff to its employment policies at all times during Plaintiff's employment, including but by no means limited to its FMLA / OFLA policies;

(x) authorized and approved Plaintiff's wages, wage increases, and wage payments;

(y) maintained records of wages owed and paid to Plaintiff, and of Plaintiff's wage increases and raises;

(z) provided and controlled, either solely or in conjunction with other "Signature" entities, the group health insurance plan in which Plaintiff enrolled as an employment-related benefit;

(aa) maintained records, either solely or in conjunction with other "Signature" entities, regarding the group health insurance plan in which Plaintiff enrolled as an employment-related benefit, and of the premiums paid thereon;

(ab) held authority over disenrolling Plaintiff from that plan; and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(ac) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work.

18.

As pled herein, **Signature Coastal LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is wholly and solely owned, managed, and operated by Avamere Group LLC, according to the admissions of Avamere Group LLC;

(c) is also, according to the same admissions of Avamere Group LLC, wholly and solely owned, managed, and operated by Avamere Home Health Care LLC, which is in turn wholly and solely owned, managed, and operated by Avamere Group LLC;

(d) is or is used as an assumed business name of Avamere Home Health Care LLC, and is not functionally distinct from Avamere Home Health Care LLC;

(e) is ultimately owned by the same persons who own every other defendant herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, and Signature Corvallis LLC;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) shares registry of the assumed business name "Signature Healthcare at Home" with defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, and Signature Corvallis LLC;

(j) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(k) co-employed, along with all the other registrants of the "Signature" assumed business names, the recruiter and supervisor who recruited Plaintiff to apply for a job with Avamere Group LLC, who received and processed his acceptance of a job offer letter, and who set his at-hire pay rate;

(l) co-employed, along with all the other registrants of the "Signature" assumed business names, the supervisor who interviewed Plaintiff for his job and who was one of his primary supervisors at the time of his termination;

///

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(m) co-employed, along with all the other registrants of the "Signature" assumed business names, the Human Resources advisor to whom Plaintiff was instructed to direct questions about his hiring process;

(n) co-employed, along with all the other registrants of the "Signature" assumed business names and along with Avamere Lake Oswego Operations Investors LLC, Avamere-St. Helens Operations LLC, and other "Avamere" entities, one or more persons who participated materially in Plaintiff's performance reviews;

(o) co-employed, along with all the other registrants of the "Signature" assumed business names, multiple supervisors who had and exercised authority over Plaintiff's pay, discipline, FMLA / OFLA leave, and day-to-day employment;

(p) co-employed, along with all the other registrants of the "Signature" assumed business names, the administrator who set Plaintiff's ordinary work schedule;

(q) co-employed, along with all the other registrants of the "Signature" assumed business names, both the administrator and the human resources professional who managed and processed Plaintiff's termination pay payout, COBRA rights information, and employee exit interview;

(r) co-employed, along with all the other registrants of the "Signature" assumed business names, at least one of the two or three people authorized to accept receipt of Plaintiff's signature on a proposed severance-and-release form;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(s) co-employed, along with all the other registrants of the "Signature" assumed business names, one or more of the Human Resources advisors who processed Plaintiff's FMLA / OFLA leave;

(t) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(u) bound Plaintiff to its employment policies at all times during Plaintiff's employment;

(v) provided and controlled, in conjunction with other "Signature" entities, the group health insurance plan in which Plaintiff enrolled as an employment-related benefit;

(w) maintained records, in conjunction with other "Signature" entities, regarding the group health insurance plan in which Plaintiff enrolled as an employment-related benefit, and of the premiums paid thereon;

(x) maintains records of Plaintiff's work time and pay; and

(y) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work.

19.

As pled herein, **Signature Corvallis LLC**:

(a) is part of "The Avamere Family of Companies";

(b) shares key founding personnel with every other defendant herein;

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(c) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, and Signature Coastal LLC;

(d) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(e) shares registry of the assumed business name "Signature Healthcare at Home" with defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, and Signature Coastal LLC;

(f) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(g) co-employed, along with all the other registrants of the "Signature" assumed business names, the recruiter and supervisor who recruited Plaintiff to apply for a job with Avamere Group LLC, who received and processed his acceptance of a job offer letter, and who set his at-hire pay rate;

(h) co-employed, along with all the other registrants of the "Signature" assumed business names, the supervisor who interviewed Plaintiff for his



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

job and who was one of his primary supervisors at the time of his termination;

(i) co-employed, along with all the other registrants of the "Signature" assumed business names, the Human Resources advisor to whom Plaintiff was instructed to direct questions about his hiring process;

(j) co-employed, along with all the other registrants of the "Signature" assumed business names and along with Avamere Lake Oswego Operations Investors LLC, Avamere-St. Helens Operations LLC, and other "Avamere" entities, one or more persons who participated materially in Plaintiff's performance reviews;

(k) co-employed, along with all the other registrants of the "Signature" assumed business names, multiple supervisors who had and exercised authority over Plaintiff's pay, discipline, FMLA / OFLA leave, and day-to-day employment;

(l) co-employed, along with all the other registrants of the "Signature" assumed business names, the administrator who set Plaintiff's ordinary work schedule;

(m) co-employed, along with all the other registrants of the "Signature" assumed business names, both the administrator and the human resources professional who managed and processed Plaintiff's termination pay payout, COBRA rights information, and employee exit interview;

(n) co-employed, along with all the other registrants of the "Signature" assumed business names, at least one of the two or three people authorized



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

to accept receipt of Plaintiff's signature on a proposed severance-and-release form;

(o) co-employed, along with all the other registrants of the "Signature" assumed business names, one or more of the Human Resources advisors who processed Plaintiff's FMLA / OFLA leave;

(p) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(q) bound Plaintiff to its employment policies at all times during Plaintiff's employment;

(r) provided and controlled, in conjunction with other "Signature" entities, the group health insurance plan in which Plaintiff enrolled as an employment-related benefit;

(s) maintained records, in conjunction with other "Signature" entities, regarding the group health insurance plan in which Plaintiff enrolled as an employment-related benefit, and of the premiums paid thereon;

(t) maintains records of Plaintiff's work time and pay; and

(u) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work.

20.

As pled herein, **Avamere Bethany Operations LLC**:

(a) is part of "The Avamere Family of Companies";



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) is similarly identified in those filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(d) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, and Northwest Hospice LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(k) set and / or altered Plaintiff's work schedules;

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(n) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(o) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) maintained records of Plaintiff's work time and work schedules; and

(q) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

21.

As pled herein, **Avamere Lake Oswego Investors LLC**:

(a) is part of "The Avamere Family of Companies";

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(d) is identified by the U.S. Center for Medicare / Medicaid Services as being under the operational and managerial control of Avamere Health Services LLC, the role of which within The Avamere Family of Companies is detailed herein;

(e) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

(f) is similarly identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(g) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(h) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(i) shares key founding personnel with every other defendant herein;

(j) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(k) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(l) participates, along with every other “Signature” and “Avamere” facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(m) bound Plaintiff to its employment policies throughout Plaintiff’s employment;

(n) set and / or altered Plaintiff’s work schedules;

(o) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(p) co-employed, along with all the registrants of the “Signature” assumed business names and along with Avamere-St. Helens Operations LLC and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

other "Avamere" entities, one or more persons who participated materially in Plaintiff's performance reviews;

(q) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(r) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(s) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(t) maintained records of Plaintiff's work time and work schedules; and

(u) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

22.

As pled herein, **Avamere Sherwood Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) is similarly identified in those filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(d) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(k) set and / or altered Plaintiff's work schedules;

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(n) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(o) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) maintained records of Plaintiff's work time and work schedules; and

(q) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

23.

As pled herein, **Avamere Stafford Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(c) is similarly identified in those filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(d) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(k) set and / or altered Plaintiff's work schedules;

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(n) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(o) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) maintained records of Plaintiff's work time and work schedules; and

(q) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

24.

As pled herein, **Avamere St. Helens Operations LLC**:

(a) is part of "The Avamere Family of Companies";

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) is similarly identified in those filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(d) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(k) set and / or altered Plaintiff's work schedules;

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) co-employed, along with all the registrants of the "Signature" assumed business names and along with Avamere Lake Oswego Operations LLC and other "Avamere" entities, one or more persons who participated materially in Plaintiff's performance reviews;

(n) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(o) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(q) maintained records of Plaintiff's work time and work schedules; and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(r) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

25.

As pled herein, **Beaverton Rehab & Specialty Care LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) is similarly identified in those filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(d) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(k) set and / or altered Plaintiff's work schedules;

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(n) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(o) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) maintained records of Plaintiff's work time and work schedules; and

(q) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

26.

As pled herein, **Clackamas Rehabilitation LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

(d) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(e) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(f) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(g) is identified the U.S. Center for Medicare and Medicaid Services as being under the direct day-to-day operational and managerial control of Avamere Health Services LLC and Avamere Skilled Advisors LLC, both of which are owned and operated and managed by Avamere Group LLC, the roles of which within The Avamere Family of Companies are detailed herein;

(h) delegated or was required to cede various forms of authority to Avamere Skilled Advisors LLC, including authority to speak and act publicly on behalf of Clackamas Rehabilitation LLC, authority to speak to the media on behalf of Clackamas Rehabilitation LLC, and authority over personnel of Clackamas Rehabilitation LLC and their job training, all of which authorities Avamere Skilled Advisors LLC did exercise;

(i) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(j) shares key founding personnel with every other defendant herein;

(k) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Crestview Operations LLC, Keizer Campus Operations LLC, King City



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(l) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(m) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(n) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(o) set and / or altered Plaintiff's work schedules;

(p) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(q) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(r) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(s) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(t) maintained records of Plaintiff's work time and work schedules; and

(u) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

27.

As pled herein, **Crestview Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

(d) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(e) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(f) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(g) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(h) shares key founding personnel with every other defendant herein;

(i) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Avamere Lake Oswego Investors LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(j) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(k) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(l) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(m) set and / or altered Plaintiff's work schedules;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(n) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(o) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(p) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(q) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(r) maintained records of Plaintiff's work time and work schedules; and

(s) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

28.

As pled herein, **Genesis Newberg Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(c) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(d) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, and Northwest Hospice LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(k) set and / or altered Plaintiff's work schedules;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(n) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(o) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) maintained records of Plaintiff's work time and work schedules; and

(q) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

29.

As pled herein, **Keizer Campus Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(c) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

(d) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(e) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(f) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(g) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(h) shares key founding personnel with every other defendant herein;

(i) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC,-Mountain View Rehab LLC, and Sunnyside Operations LLC;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(j) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(k) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(l) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(m) set and / or altered Plaintiff's work schedules;

(n) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(o) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(p) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(q) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(r) maintained records of Plaintiff's work time and work schedules; and

(s) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

30.

As pled herein, **Keizer River Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(d) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(e) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(f) shares key founding personnel with every other defendant herein;

(g) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Family of Companies, Avamere Group LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC,-and Northwest Hospice LLC;

(h) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(i) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(j) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(k) set and / or altered Plaintiff's work schedules;

(l) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(m) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(n) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(o) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) maintained records of Plaintiff's work time and work schedules; and

(q) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

31.

As pled herein, **King City Rehab LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(d) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

(e) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(f) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(g) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(h) shares key founding personnel with every other defendant herein;

(i) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Keizer Campus Operations LLC, Laurelhurst Operations LLC,-Mountain View Rehab LLC, and Sunnyside Operations LLC;

(j) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(k) participates, along with every other “Signature” and “Avamere” facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(l) simultaneously employed and / or co-employed, along with The Avamere Family of Companies and Avamere Health Services LLC, the administrator who processed and reviewed Plaintiff's at-hire drug test and determined whether Plaintiff was eligible for hire;

(m) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(n) set and / or altered Plaintiff's work schedules;

(o) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(p) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(q) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(r) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(s) maintained records of Plaintiff's work time and work schedules; and

(t) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

32.

As pled herein, **Laurelhurst Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Nair LLC, which is owned by the same identical persons in the same identical percentages as Avamere Group LLC and of which Avamere Group LLC is the parent or ultimate parent, as admitted by Avamere Group LLC in its filings to government agencies;

(c) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(d) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(e) delegated or was required to cede various forms of authority to Avamere Skilled Advisors LLC (which is in turn owned by Avamere Group LLC), including authority to speak and act publicly on behalf of Laurelhurst Operations LLC, authority to speak to the media on behalf of Laurelhurst Operations LLC, and authority over personnel of Laurelhurst Operations LLC and their job training;

(f) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(g) shares key founding personnel with every other defendant herein;

(h) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC,-Crestview Operations LLC, Keizer Campus Operations LLC, King City Rehab LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC;

(i) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(j) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(k) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(l) set and / or altered Plaintiff's work schedules;

(m) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(n) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(o) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(p) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(q) maintained records of Plaintiff's work time and work schedules; and

(r) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

33.

As pled herein, **Mountain View Rehab LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(d) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(e) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

(f) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(g) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(h) shares key founding personnel with every other defendant herein;

(i) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, and Sunnyside Operations LLC;

(j) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(k) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(l) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(m) set and / or altered Plaintiff's work schedules;

(n) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(o) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(p) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(q) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(r) maintained records of Plaintiff's work time and work schedules; and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(s) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

34.

As pled herein, **Sunnyside Operations LLC**:

(a) is part of "The Avamere Family of Companies";

(b) is under the ultimate sole control, management, and ownership of Avamere Group LLC, through Avamere Group LLC's shell companies, as admitted by Avamere Group LLC in its filings to government agencies;

(c) operates on premises that are controlled by Avamere Group LLC, which is the lessee and legal tenant of those premises (which are actually owned by what Plaintiff understands to be an unrelated investment business);

(d) is identified by the owner of its premises as being under the direct operational control of The Avamere Family of Companies, which as pled herein may be functionally identical to Avamere Group LLC;

(e) is identified the U.S. Center for Medicare and Medicaid Services as being under the direct day-to-day operational and managerial control of Avamere Health Services LLC, which is owned and operated and managed by Avamere Group LLC, and the role of which within The Avamere Family of Companies are detailed herein;

(f) authorizes and allows Avamere Group LLC to claim its assets, expenses, profits, and losses as those of Avamere Group LLC itself;

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(g) is identified in filings by Avamere Group LLC as being and / or as (nominally) operating an Avamere Group LLC "location";

(h) is ultimately owned by the same three or four individuals who own every other defendant entity herein;

(i) shares key founding personnel with every other defendant herein;

(j) shares key executive, management, and other personnel with multiple Avamere and Signature entities including but not limited to The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, and Mountain View Rehab LLC;

(k) shares a single address, office, and suite number with every other defendant as a principal business and / or mailing address;

(l) participates, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care;

(m) bound Plaintiff to its employment policies throughout Plaintiff's employment;

(n) set and / or altered Plaintiff's work schedules;

(o) holds operational control (at least on paper and / or as a matter of official records) over one or more facilities and / or locations where Plaintiff was routinely assigned to perform work;

(p) directly employed supervisors at one or more of Plaintiff's routine work locations, to whose direction Plaintiff was subject, and who controlled and oversaw Plaintiff's day-to-day work tasks and work schedule;

(q) directed Plaintiff in his day-to-day work tasks and maintained records of those tasks on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(r) determined Plaintiff's start-and-end-of shift times, rest break times, and lunch break times on each and every frequent occasion Plaintiff was assigned to work at Defendant's facilities;

(s) maintained records of Plaintiff's work time and work schedules; and

(t) utilized those time records, and shared and exchanged them with the other defendants herein, for the purpose of calculating, providing, and recording Plaintiff's pay.

///

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## ALLEGATIONS REGARDING PLAINTIFF'S EMPLOYMENT AND INTERRELATIONSHIPS OF DEFENDANTS

### I. *Interrelated purpose of Defendants' business*

35.

All defendants are in the business of providing healthcare and supported living services to (primarily) elderly and / or disabled populations, whether via direct care or via necessary administrative support services integral to providing such care.

36.

Plaintiff was employed as a licensed practical nurse (LPN).

37.

As detailed herein, Defendants collectively describe themselves, and hold themselves collectively out to the public as, "a cohesive post-acute and community-based healthcare system," an "integrated network of senior housing and healthcare services," and "an integrated network of care."

38.

As detailed herein, Defendants collectively describe themselves, and hold themselves collectively out to the public as, "The Avamere Family of Companies," "Avamere," and / or "Signature." These names are used to refer to the joint, integrated, and collective enterprise of all Defendants as well as to each and every defendant's facilities, locations, and employees.

39.

As detailed herein, The Avamere Family of Companies describes itself as having 8,800 employees in 313 locations spread across multiple states, of which 5,000 are considered "Avamere Living" employees; 1,000 are considered "Signature" employees; 2,200 are



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

considered "Infinity" employees, 12 are considered "Point Development" employees; and 3 are considered "Signature Care Connect" employees.

40.

As further detailed herein, Defendants and each and all of them participate, along with every other "Signature" and "Avamere" facility, in a single agreement to share and reassign nursing and other employees among themselves for their own needs, with each participating facility exercising day-to-day supervisory authority over such nursing employees and with each participating facility maintaining and exchanging records of said employees for purposes of employee discipline, employee timekeeping, employee pay, employee benefits, and patient care, and with each under the ultimate control and ownership of Avamere Group LLC.

41.

As further detailed herein, Defendants and each and all of them share a unified recordkeeping system for patient care and patient records, which are readily accessible to the employees of the Avamere enterprise and its entities and facilities in a way that patient care records kept by non-Avamere facilities and entities are not.

42.

As further detailed herein, Defendants and each and all of them share a unified recordkeeping system for employee data including employee scheduling, work time, leaves of absence, discipline and performance, licensing, benefits, and pay.

43.

As further detailed herein, the employees of Defendants and each and all of them are eligible to participate in various employment-benefit plans that are paid for and provided by



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Avamere entities that are not necessarily the same Avamere entities that “employ” those employees (at least on paper) for other purposes of The Avamere Family of Companies.

44.

As further detailed herein, the employees of Defendants and each and all of them are routinely assigned to work at the facilities and locations nominally operated by Avamere entities that are not necessarily the same Avamere entities that “employ” those employees (at least on paper) for other purposes of The Avamere Family of Companies.

45.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as “Signature Healthcare and Home” and / or additional defendants, discussed in greater detail in the following section, Avamere Group LLC has ultimate operational and managerial control over all Defendants, and is the ultimate owner of all Defendants.

46.

According to those documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as “Signature Healthcare and Home” and / or additional defendants, Avamere Group LLC also acts as the Compliance, Legal, Information Technology, Human Resources, and Accounting departments of Northwest Hospice LLC.

47.

Defendant Northwest Hospice LLC admits it was Plaintiff’s employer.

48.

On information and belief, and as discussed further herein, defendant Avamere Health Services LLC acts in conjunction with its sole owner / operator, Avamere Group LLC, to



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

functionally operate as the Legal, Information Technology, Human Resources, and Accounting departments of Northwest Hospice LLC and other Avamere entities including each defendant herein; and Avamere Health Services LLC also acts as the Revenue / Collection department for Northwest Hospice LLC and other Avamere entities including each defendant herein.

49.

On information and belief, and as discussed further herein, defendant Avamere Skilled Advisors LLC effectively functions as a division or sub-division of Avamere Health Services LLC. Employees of Avamere Health Services LLC describe Avamere Skilled Advisors LLC as being part of Avamere Health Services LLC, and as being a sub-division or sub-entity within Avamere Health Services LLC, under or within which they work. Both are wholly owned, managed, and operated by Avamere Group LLC (as are all of the defendants, either directly or through shell entities or similar sub-entities, as described herein).

50.

On information and belief, defendants Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, along with each and every other defendant in the case, shared a single liability and indemnity insurance policy that would have covered any liability arising from Plaintiff's conduct or performance of his duties as a nurse, and of which on information and belief either or all of Avamere Group LLC, Avamere Health Services LLC, and Avamere Skilled Advisors LLC are principle policyholders and all other defendants are additional insureds.

51.

As discussed herein, each and every defendant has operational and managerial control over one or more locations where Plaintiff was routinely assigned to work.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

52.

As discussed herein, each and every defendant shares substantial overlap and identity of managerial, administrative, and executive personnel.

## II. ***Defendants' shared or common ownership***

53.

All defendants who are LLCs share some or all of the same managers, officers, LLC members, organizing and founding personnel, and owners as set out in detail elsewhere herein.

54.

In December 2019, while the present litigation was ongoing, defendant Avamere Group LLC submitted extensive documentation to the Washington Department of Health in which Avamere Group LLC represented that it was the entity with ultimate authority to act as "Signature Health Care at Home," and which was submitted for the purpose of seeking further state authorizations for Avamere Group LLC to open an additional "Signature Health Care at Home" location in King County, Washington. These documents are cited in greater detail below.

55.

By reason of its representations to the State of Washington that it holds ultimate authority to act on behalf of "Signature Health Care at Home," including but not limited to by seeking government authorizations for and entering into binding legal agreements on behalf of "Signature Health Care at Home" and by making representations to government agencies as to the activities and intentions of "Signature Health Care at Home," Avamere Group LLC is



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

estopped from asserting otherwise herein, and its ultimate authority over "Signature Health Care at Home" is admitted.

56.

Avamere Group LLC is not the registered holder of the assumed business name "Signature Health Care at Home" in Oregon. Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC are collectively the registrants of the assumed business name "Signature Healthcare at Home" in Oregon. No registration for the assumed business name "Signature Health Care at Home" in Washington was found.

57.

According to the website npidb.org, which provides a searchable database of various medical providers by unique NPI number issued by the U.S. Centers for Medicare & Medicaid Services, Avamere Home Health Care LLC also does business as "Signature Healthcare at Home," "Signature Home Health," "Signature Home Health – Crestview" (which may potentially be functionally identical to or closely interrelated with defendant Crestview Operations LLC) and "Signature Home Health – Waterford" (which may potentially be functionally identical to or closely interrelated with the Avamere "Waterford" location in Medford and its corresponding Avamere LLC entity). The latter two assumed business names are not registered as such in Oregon.

58.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare at Home" and/or additional defendants, the ultimate owners of all defendants are Mr. Rick Miller, Mr. Rick Dillion, and Mr.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Ron Odermott (with Mr. Bob Thomas, discussed further herein, also owning a minority percentage of Northwest Hospice LLC).

59.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as on behalf of "Signature Healthcare at Home" and/or additional defendants, the owners of Avamere Group LLC are: Rick Miller Trust, 62.36106%; Rick Dillon Trust, 31.18053%; and Ron Odemott Trust, 6.45841%.

60.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare at Home" and/or additional defendants, Avamere Group LLC is the direct and sole owner / operator / manager of all the following defendants: Avamere Health Services LLC; Avamere Skilled Advisors LLC; Avamere Home Health Care LLC; and NP2U LLC.

61.

On information and belief, Avamere Skilled Advisors LLC effectively functions as a division or sub-division of Avamere Health Services LLC. Employees of Avamere Health Services LLC describe Avamere Skilled Advisors LLC as being part of Avamere Health Services LLC, and as being a sub-division or sub-entity within Avamere Health Services LLC, under or within which they work. Both are wholly owned, managed, and operated by Avamere Group LLC (as are all of the defendants, either directly or through shell entities or similar sub-entities, as described herein).

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

62.

By reason of its representations to the State of Washington that it is the sole owner, operator, and manager of Avamere Health Services LLC, Avamere Skilled Advisors LLC, Avamere Home Health Care LLC, and NP2U LLC, Avamere Group LLC is estopped from asserting otherwise herein, and ownership and operational and managerial control over those entities is admitted.

63.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare at Home" and/or additional defendants, Avamere Home Health Care LLC is the direct and sole owner / operator / manager of defendant Signature Coastal LLC.

64.

On information and belief, Signature Coastal LLC, while it maintains a distinct LLC registration, is not functionally distinct from Avamere Home Health Care LLC, and / or is a division or an improperly-registered assumed business name of Avamere Home Health Care LLC.

65.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare at Home" and/or additional defendants, Avamere Group LLC, in conjunction with Mr. Bob Thomas, is / are the sole owners / operators / managers of Northwest Hospice LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

66.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Avamere Group LLC owns 85% of Northwest Hospice LLC, and Mr. Bob Thomas owns the remaining 15% of Northwest Hospice LLC.

67.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare at Home" and/or additional defendants, Avamere Group LLC is the sole manager / operator of Northwest Hospice LLC.

68.

By reason of its representations to the State of Washington that it is the majority owner and sole manager / operator of Northwest Hospice LLC, these facts are admitted and Avamere Group LLC is estopped from asserting otherwise.

69.

Avamere Group LLC admits it is the majority owner and sole operator / manager of Northwest Hospice LLC. Northwest Hospice LLC admits it employed Plaintiff. Thus, Avamere Group LLC employed Plaintiff.

70.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Northwest Hospice LLC and Avamere Home Health Care LLC – both of which are fully or majority-owned by Avamere Group LLC, and are operated and ultimately managed by Avamere Group LLC, and whose profits and losses and assets and expenses are believed to be



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

claimed and controlled by Avamere Group LLC – are the nominal owners / operators of multiple or all "Signature" facilities in Oregon and in other states, while Avamere Group LLC is in turn the sole manager / operator of both Northwest Hospice LLC and Avamere Home Health Care LLC.

71.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Avamere Group LLC is the direct and sole owner / operator / manager of Ari Operations LLC, which is in turn the direct and sole owner / operator / manager of Ariso LLC, which in turn is the direct and sole owner / operator / manager of all of the following defendants: Beaverton Rehab & Specialty Care LLC; Crestview Operations LLC; King City Rehab LLC; Mountain View Rehab LLC; Clackamas Rehabilitation LLC; Sunnyside Operations LLC.

72.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Avamere Group LLC is the direct and sole owner / operator / manager of Ari Operations LLC, which is in turn the direct and sole owner / operator / manager of Ari CBC LLC, which in turn is the direct and sole owner / operator / manager of all of the following defendants: Avamere Bethany Operations LLC; Avamere Lake Oswego Operations Investors LLC; Avamere Sherwood Operations LLC; Avamere Stafford Operations LLC; Avamere St. Helens Operations LLC; Genesis Newberg Operations LLC (*aka* Genesis Newberg Operations Co. LLC); Keizer Campus Operations LLC; Keizer River Operations LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

73.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Avamere Group LLC is also the direct and sole owner / operator / manager of Ari LLC, which is in turn the direct and sole owner / operator / manager of ACR Northwest LLC, which is in turn the direct and sole owner / operator / manager of the additional following entities closely related to named defendants: Avamere Bethany LLC; Avamere Lake Oswego LLC; Avamere Sherwood LLC; Avamere St. Helens LLC; Avamere St. Helens Cottages LLC; Genesis Newberg LLC; Keizer Campus LLC.

74.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, the owners of the related business entity Nair LLC are: Rick Miller Trust, 62.36106%; Rick Dillon Trust, 31.18053%; and Ron Odemott Trust, 6.45841%. These are the same owners, in the same percentages, as the owners of Avamere Group LLC.

75.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Nair LLC is an entity closely related to Avamere Group LLC and to all the named defendants in the present lawsuit.

76.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

defendants, Nair LLC is the direct and sole owner / operator / manager of defendant Laurelhurst Operations LLC.

77.

According to documents filed with the Washington Department of Health by and on behalf of of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Avamere Group LLC identifies itself as the "parent" and / or the "ultimate parent entity" of all other defendant entities named in the present lawsuit.

78.

By reason of its representations to the State of Washington that it is the majority and / or sole direct or indirect owner, ultimate manager / operator, and "parent" or "ultimate parent entity" of all other defendant entities named in the present lawsuit, these facts are admitted and Avamere Group LLC is estopped from asserting otherwise.

79.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, Northwest Hospice LLC and Avamere Home Health Care LLC are closely related entities, both of which are directly owned by Avamere Group LLC.

80.

According to documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and/or additional defendants, all the facilities nominally operated by the following named defendants, and at which Plaintiff regularly and routinely was directed and required to work as part of his employment as alleged herein, are in fact Avamere Group LLC "locations" which are operated, managed, and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

owned (whether directly or indirectly) by Avamere Group LLC: Avamere at Bethany, an assumed business name registered to defendant Avamere Bethany Operations LLC; The Pearl at Kruse Way, an assumed business name registered to defendant Avamere Lake Oswego Operations Investors LLC; Avamere at St. Helens, an assumed business name registered to defendant Avamere-St. Helens Operations LLC; The Stafford, an assumed business name registered to defendant Avamere Stafford Operations LLC; Avamere Rehabilitation of Beaverton, an assumed business name registered to defendant Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name registered to Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name registered to defendant Crestview Operations LLC; Avamere at Newberg, an assumed business name registered to defendant Genesis Newberg Operations LLC; Avamere Court at Keizer, an assumed business name registered to defendant Keizer Campus Operations LLC; The Arbor at Avamere Court, an assumed business name registered to defendant Keizer River Operations LLC; Avamere Rehabilitation of King City, an assumed business name registered to defendant King City Rehab LLC; Laurelhurst Village, an assumed business name registered to defendant Laurelhurst Operations LLC; Avamere Rehabilitation of Oregon City, an assumed business name registered to defendant Mountain View Rehab LLC; Avamere at Sherwood, an assumed business name registered to defendant Sherwood Operations LLC; Avamere Transitional Care at Sunnyside, an assumed business name registered to defendant Sunnyside Operations LLC.

81.

Avamere Group LLC's admitted level of ownership and operational and managerial control over each and every defendant named herein gives rise to the inference that any autonomy of the other LLC defendants is a sham; and that fundamental control, in all aspects and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

at all levels, of each of those entities and the facilities they nominally operate rests with Avamere Group LLC.

82.

On information and belief, during the entire course of Plaintiff's employment for defendants, the balance sheets of Avamere Group LLC claim the assets, profits, expenses, and losses of each and every defendant herein, and of all "Avamere" and "Signature" facilities and entities, as being the assets, profits, expenses, and losses of Avamere Group LLC itself.

83.

On information and belief, during the entire course of Plaintiff's employment for defendants, the balance sheets of Avamere Group LLC claimed the wages paid to the employees nominally employed by each and every defendant herein, , and of all "Avamere" and "Signature" facilities and entities, as being wages paid by Avamere Group LLC itself; and those balance sheets specifically claimed the wages paid to nurses nominally employed by each and every defendant herein as being wages paid by Avamere Group LLC itself, including the wages paid to Plaintiff throughout the course of his employment.

84.

The Center for Medicare and Medicaid Services makes ownership data on entities and facilities classified as "nursing homes" available to the public via medicare.gov. It does not necessarily make such information publically available as to other types of health-care entities.

85.

Medicare.gov states that Avamere Group LLC has a "5% or greater indirect ownership interest" in in18 different Oregon "Avamere" entities including each of the following defendant entities: Avamere Rehabilitation of Beaverton (an assumed business name of Beaverton Rehab



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

& Specialty Care LLC); Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC); Avamere Crestview of Portland (an assumed business name of Crestview Operations LLC); Avamere Rehabilitation of King City (an assumed business name of King City Rehab LLC), Avamere Rehabilitation of Oregon City (an assumed business name of Mountain View Rehab LLC); Pearl at Kruse Way (an assumed business name of Avamere Lake Oswego Operations Investors LLC); Avamere Court at Keizer (an assumed business name of Keizer Campus Operations LLC); Avamere Transitional Care at Sunnyside (an assumed business name of Sunnyside Operations LLC). In its data column indentifying individual and corporate "roles," Medicare.gov does not provide estimates more specific that "greater than 5%."

86.

Medicare.gov states that Avamere Group LLC has a "5% or greater indirect ownership interest" in in18 different Oregon "Avamere" entities including each of the following defendant entities: Avamere Rehabilitation of Beaverton (an assumed business name of Beaverton Rehab & Specialty Care LLC); Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC); Avamere Crestview of Portland (an assumed business name of Crestview Operations LLC); Avamere Rehabilitation of King City (an assumed business name of King City Rehab LLC), Avamere Rehabilitation of Oregon City (an assumed business name of Mountain View Rehab LLC); Pearl at Kruse Way (an assumed business name of Avamere Lake Oswego Operations Investors LLC); Avamere Court at Keizer (an assumed business name of Keizer Campus Operations LLC); Avamere Transitional Care at Sunnyside (an assumed business name of Sunnyside Operations LLC). In its data column indentifying individual and corporate "roles," Medicare.gov does not provide estimates more specific that "greater than 5%."



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

87.

Ari CBC LLC, Ari Operations LLC, and Ariso LLC are business entities closely related to the defendant business entities, which are managed, owned, and operated same key personnel as defendants, and which share the same address and suite number in Wilsonville as the LLC defendants and every other entity within "The Avamere Family of Companies." On information and belief, these entities serve purely as holding companies with no purpose other than to retain ownership interests in other entities within "The Avamere Family of Companies."

88.

According to filings with the Oregon Secretary of State, the LLC manager / member of Ari CBC LLC is K. Rickard Miller, who is further described elsewhere herein.

89.

According to filings with the Oregon Secretary of State, the LLC manager / member of Ari Operations LLC is also K. Rickard Miller, who is further described elsewhere herein.

90.

According to filings with the Oregon Secretary of State, the LLC manager / member of Ariso LLC is also K. Rickard Miller, who is further described elsewhere herein.

91.

Medicare.gov states that Ari Operations LLC has a "5% or greater indirect ownership interest" in17 different Oregon "Avamere" nursing-home entities including each of the following defendant entities: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

assumed business name of Crestview Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC. Medicare.gov also states that Ari Operations LLC has a a "5% or greater direct ownership interest" in Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC.

92.

Medicare.gov further states that Ari Operations LLC has a "5% or greater indirect ownership interest" in The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; and in Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC.

93.

Medicare.gov states that Ariso LLC has a "5% or greater direct ownership interest" in 16 different Oregon "Avamere" nursing-home entities (in addition to several more in other states), including each of the following defendant entities: Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

94.

Medicare.gov states that Mr. Karl Miller has an ownership interest of 5% or greater in 20 different Oregon "Avamere"-run nursing home entities as well as several dozen "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not provide a more specific figure than "5% or greater" and do not necessarily provide ownership information of health care entities not classified as "nursing homes"). These entities include the following defendants: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC ;Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

95.

The nursing home website website review.care, which obtains business ownership and control data from the U.S. Centers for Medicare & Medicaid Services, states that Mr. Karl Miller has a 52% ownership interest in "Laurelhurst Village" (a.k.a. Laurelhurst Operations LLC) and is an officer thereof; has a "5% or greater indirect ownership interest" in Avamere Rehabilitation of Beaverton (a.k.a. Beaverton Rehab & Specialty Care LLC); has a "5% or greater indirect ownership interest" in Avamere Rehabilitation of Clackamas (a.k.a. Clackamas Rehabilitation



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC) and is the director thereof; has a “5% or greater indirect ownership interest” in Avamere Crestview of Portland (a.k.a. Crestview Operations LLC); has a “5% or greater indirect ownership interest” in Avamere Rehabilitation of King City (a.k.a. King City Rehab LLC) and is the director thereof ; has a “5% or greater indirect ownership interest” in Avamere Rehabilitation of Oregon City (a.k.a. Mountain View Rehab LLC) and is the director thereof; has a “5% or greater indirect ownership interest” in Pearl at Kruse Way (a.k.a. Avamere Lake Oswego Operations Investors LLC) and is an officer thereof; has a “5% or greater indirect ownership interest” in Avamere Court at Keizer (a.k.a. Keizer Campus Operations LLC) and is a director thereof; has a “5% or greater indirect ownership interest” in Avamere Transitional Care at Sunnyside (a.k.a. Sunnyside Operations LLC) and is the director thereof. The bulk of this information is also directly available to the general public via Medicare.gov. Mr. Karl Miller is named above as a common owner and / or manager of all Defendants.

96.

“Karl Miller,” “K Rickard Miller,” or “K Richard Miller” – who on information and belief are all the same individual or are closely related individuals – is also listed as an LLC manager and / or member on the Oregon business registrations and business filings of dozens if not hundreds of Avamere entities as filed with the Oregon Secretary of State, including virtually every defendant in the present case. These entities include but are not limited to the following defendants: Avamere Bethany LLC / Bethany Operations LLC; Avamere Group LLC; Avamere Health Services LLC; Avamere Home Health Care LLC; Avamere Lake Oswego Operations Investors LLC; Avamere Sherwood Operations LLC; Avamere Skilled Advisors LLC; Avamere Stafford Operations LLC; Avamere St. Helens Operations LLC; Beaverton Rehab & Specialty Care LLC; Clackamas Rehabilitation LLC; Crestview Operations LLC; Genesis Newberg



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Operations LLC; Keizer Campus Operations LLC; Keizer River Operations LLC; King City Rehab LLC; Laurelhurst Operations LLC; Mountain View Rehab LLC; Northwest Hospice LLC; NP2U LLC; and Sunnyside Operations LLC.

97.

"Rick Miller" – who on information and belief is the same individual as or is closely related to "Karl Miller," "K Rickard Miller," and "K Richard Miller" – is further listed as an LLC manager on the Oregon business registrations and business filings of defendants Avamere Skilled Advisors LLC and Signature Coastal LLC.

98.

In addition, "K Rickard Miller" is also the LLC manager / member of Ari CBC LLC, Ari Operations LLC, and Ariso LLC, which are above-described "holding companies" that exist to retain ownership interests in multiple defendant entities and which are owned and operated by the same key personnel as defendants.

99.

As pled elsewhere herein, and as set out in the records available through medicare.gov, Mr. Karl Miller is also an officer of at least 14 different Oregon "Avamere"-run nursing home entities as well as several dozen "Avamere" nursing home entities in neighboring or other states, and he is the Director of at least five different defendant entities. (Medicare.gov's public records do not necessarily provide management information of health care entities not classified as "nursing homes"). The entities in which Mr. Karl Miller holds an officer and / or managerial role include but are not necessarily limited to the following defendants: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC (Officer); Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC (Director); Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC (Director); Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC (Director); Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC (Director); and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC (Director).

100.

Medicare.gov states that Mr. Richard Dillon has an ownership interest of 5% or greater in 18 different Oregon "Avamere"-run nursing home entities as well as several dozen "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not provide a more specific figure than "5% or greater" and do not necessarily provide ownership information of health care entities not classified as "nursing homes"). These entities include the following defendants: Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

101.

The nursing home website website review.care, which obtains business ownership and control data from the U.S. Centers for Medicare & Medicaid Services, states that Mr. Richard



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Dillon has a 26% ownership interest in "Laurelhurst Village" (an assumed business name of Laurelhurst Operations LLC) and is an officer thereof; has a "5% or greater indirect ownership interest" in Avamere Rehabilitation of Beaverton (a.k.a. Beaverton Rehab & Specialty Care LLC); has a "5% or greater indirect ownership interest" in Avamere Rehabilitation of Clackamas (a.k.a. Clackamas Rehabilitation LLC); has a "5% or greater indirect ownership interest" in Avamere Crestview of Portland (a.k.a. Crestview Operations LLC); has a "5% or greater indirect ownership interest" in Avamere Rehabilitation of King City (a.k.a. King City Rehab LLC) and is an officer thereof; has a "5% or greater indirect ownership interest" in Avamere Rehabilitation of Oregon City (a.k.a. Mountain View Rehab LLC) and is an officer thereof; has a partnership-level interest along with a "5% or greater indirect ownership interest" and a "5% or greater direct ownership interest" in Pearl at Kruse Way (a.k.a. Avamere Lake Oswego Operations Investors LLC) and is an officer thereof; has a "5% or greater indirect ownership interest" in Avamere Court at Keizer (a.k.a. Keizer Campus Operations LLC) and is a director thereof; has a "5% or greater indirect ownership interest" in Avamere Transitional Care at Sunnyside (a.k.a. Sunnyside Operations LLC) and is an officer thereof. The bulk of this information is also directly available to the general public via Medicare.gov. Mr. Richard Dillon is named above as a common owner and / or manager of all Defendants.

102.

As pled elsewhere herein, and as set out in the records available through medicare.gov, Mr. Richard Dillon is also an officer of 13 different Oregon "Avamere"-run nursing home entities as well as several dozen "Avamere" nursing home entities in neighboring or other states, and he is the Director of at least three different defendant entities. (Medicare.gov's public records do not necessarily provide management information of health care entities not classified



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

as "nursing homes"). The entities in which Mr. Richard Dillon holds an officer and / or managerial role include but are not necessarily limited to the following defendants: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC (Officer); Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC (Director); Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC (Officer); Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC (Officer); and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC (Officer).

103.

According to the websitea npidb.org and npiprofile.com, which provide databases of various medical providers by unique NPI number issued by the U.S. Centers for Medicare & Medicaid Services, Mr. Richard Dillon is also the President of defendant Avamere Lake Oswego Operations LLC, and is the owner / COO of "Avamere Medical Supply LLC *dba* Signature Medical Supply," which on information and belief is or was a primary equipment supplier to the Avamere and Signature entities including some or all defendants herein, and which shares the same Wilsonville address and suite number as all other LLC defendants.

104.

According to the records of the Alaska Secretary of State, Mr. Richard Dillon owns 32.4% of the aforementioned Avamere Medical Supply LLC *dba* Signature Medical Supply; and Mr. K. Richard Miller who is described elsewhere herein owns 64.9% of Avamere Medical Supply LLC *dba* Signature Medical Supply, and is the manager thereof.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

105.

Richard Dillon is also listed as an LLC manager and / or member on the Oregon business registrations and business filings of dozens if not hundreds of Avamere entities as filed with the Oregon Secretary of State, including roughly half of the present defendants in the present case. These entities include but are not limited to the following defendants: Avamere Home Health Care LLC; Avamere Lake Oswego Operations Investors LLC; Avamere St. Helens Operations LLC; Avamere Skilled Advisors LLC; Beaverton Rehab & Specialty Care LLC; Bethany Operations LLC; Clackamas Rehabilitation LLC; Keizer Campus Operations LLC; King City Rehab LLC; Mountain View Rehab LLC; and Northwest Hospice LLC.

106.

Medicare.gov states that Mr. Ronald Odermott has an ownership interest of 5% or greater in 14 different Oregon "Avamere"-run nursing home entities as well as roughly a dozen "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not provide a more specific figure than "5% or greater" and do not necessarily provide ownership information of health care entities not classified as "nursing homes"). These entities include the following defendants: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; Avamere Rehabilitation of Oregon City, an



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

assumed business name of Mountain View Rehab LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

107.

As set out in the records available through medicare.gov, Mr. Ronald Odermott is also an officer of 18 different Oregon "Avamere"-run nursing home entities as well as roughly ten more "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not necessarily provide management information of health care entities not classified as "nursing homes"). The entities for which Mr. Ronald Odermott is an officer include but are not limited to the following defendants at whose facilities Plaintiff was routinely and frequently assigned to work: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC ; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

108.

As pled elsewhere herein, Mr. Ronald Odermott is also an employee of Avamere Health Services LLC and is also simultaneously the Chief Financial Officer for "The Avamere Family of Companies" and the Chief Financial Officer of Avamere Group LLC.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

109.

On information and belief, Mr. Odermott is also an officer of defendant Avamere Skilled Advisors LLC, which is wholly owned and operated by defendant Avamere Group LLC, of which Mr. Odermott is also an officer and part-owner; and which in turn wholly owns and operates defendant Clackamas Rehabilitation LLC, of which Mr. Odermott is also an officer and part-owner, and which is one of the above-named facilities where Plaintiff was frequently and routinely assigned to work.

110.

Medicare.gov states that Mr. Gary Wart has an ownership interest of 5% or greater in 14 different Oregon "Avamere"-run nursing home entities as well as roughly a dozen "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not provide a more specific figure than "5% or greater" and do not necessarily provide ownership information of health care entities not classified as "nursing homes"). These entities include the following defendants: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

111.

As set out in the records available through medicare.gov, Mr. Gary Wart is also an officer of 11 different Oregon "Avamere"-run nursing home entities as well as roughly a dozen more "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not necessarily provide management information of health care entities not classified as "nursing homes"). The entities for which Mr. Gary Wart is an officer include but are not limited to the following defendants: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

112.

On information and belief, Mr. Gary Wart is also an officer of defendant Avamere Skilled Advisors LLC, which is wholly owned and operated by defendant Avamere Group LLC, and which in turn wholly owns and operates defendant Clackamas Rehabilitation LLC, of which Mr. Gary Wart is also an officer and part-owner, and which is one of the above-named "Avamere" facilities where Plaintiff was frequently and routinely assigned to work.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

113.

The President of defendant Avamere Skilled Advisors LLC is, or during some or all of Plaintiff's employment was, Mr. Trevor Wart; who is, on information and belief, a close relative of Mr. Gary Wart.

114.

Mr. Trevor Wart, acting on behalf of Avamere Skilled Advisors LLC, had and has exercised authority to speak to the media and to the public regarding matters of health care compliance at defendants' facilities and those of other "Avamere" and / or "Signature" entities, including but not limited to that of Laurelhurst Operations LLC, of which Mr. Gary Wart is a manager or officer and part-owner, and which is another "Avamere" facility where Plaintiff was routinely assigned to work.

115.

Medicare.gov states that Mr. Matthew Hilty has an ownership interest of 5% or greater in five different Oregon "Avamere"-run nursing home entities as well as four additional "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not provide a more specific figure than "5% or greater" and do not necessarily provide ownership information of health care entities not classified as "nursing homes"). These entities include defendants Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC, and Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC.

116.

As pled elsewhere herein, and as set out in the records available through medicare.gov, Mr. Matthew Hilty is also an officer of three different Oregon "Avamere"-run nursing home



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

entities as well as some "Avamere" nursing home entities in neighboring or other states. (Medicare.gov's public records do not necessarily provide management information of health care entities not classified as "nursing homes"). The entities in which Mr. Matthew Hilty holds an officer and / or managerial role include but are not necessarily limited to defendants Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC, and Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC.

117.

As pled elsewhere herein, Mr. Matthew Hilty is also the Executive Vice President or "EVP" and "President / Owner" of Avamere Living," which is an assumed business name and / or effective subdivision of defendant Avamere Skilled Advisors LLC; the and the "Executive Vice President of Avamere Communities," which is not a registered entity or assumed business name in Oregon and appears to be another unregistered "umbrella" name used by defendants to refer to all Avamere and / or Signature facilities.

118.

As pled elsewhere herein, defendant Avamere Skilled Advisors LLC is understood to effectively function as a sub-division of defendant Avamere Health Services LLC, and both are wholly and commonly owned, managed, and operated by defendant Avamere Group LLC.

119.

On information and belief, defendants Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, along with each and every other defendant in the case, shared a single liability and indemnity insurance policy that would have covered any liability arising from Plaintiff's conduct or performance of his duties as a nurse, and of which on information and belief either or all of Avamere Group LLC, Avamere Health Services LLC, and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Avamere Skilled Advisors LLC are principle policyholders and all other defendants are additional insureds.

120.

The U.S. Patent & Trademark Office searchable TESS database states that Avamere Group LLC owns the trademarks for "Signature," "Signature Home Health," and "Signature Hospice," as well as the trademarks for "Avamere," "Ovation," the Avamere letter-A symbol logo: , the "Ovation by Avamere" symbol logo , and various designs combining the above trademarked words, names, and symbols.

121.

The website corporationwiki.com, drawing its data from the U.S. Patent & Trademark Office, states that Avamere Home Health Care LLC owns the trademarks for "Signature Hospice" and "Signature." The U.S. Patent & Trademark Office searchable TESS database confirms that Avamere Home Health Care LLC formerly owned the "Signature" trademark but further states that Avamere Home Health Care LLC has abandoned it.

122.

The U.S. Patent & Trademark Office searchable TESS database also states that Avamere Home Health Care LLC has also abandoned or cancelled other trademarks over the last several years in favor of Avamere Group LLC, which now owns those trademarks. Avamere Home Health Care LLC is also listed as the registrant of various trademarks owned by Avamere Group LLC.

123.

The Oregon State, Secretary of State: Corporations Division – Trademark Information website states that the trademark logo and name for "Signature" is owned by Avamere Group



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC, and Avamere Group LLC does use and has the right to use that trademark for "web site, brochures, marketing materials, letterhead, business cares, administrative forms, signage, [and] advertisements." A supporting attached example of the trademark submitted to the state of Oregon by Avamere Group LLC shows the same "Signature Hospice Home Health Home Care" trademark that periodically appears on some of Plaintiff's employment documents and employers' policies.

124.

The Washington State, Secretary of State: Corporations and Charities Filing System – Trademark Information website also states that the trademark logo and name for "Signature" is owned by Avamere Group LLC. A supporting attached example of the trademark submitted to the state of Washington by Avamere Group LLC is taken from the "Signature" website described elsewhere herein, which again shows the same "Signature Hospice Home Health Home Care" trademark that periodically appears on some of Plaintiff's employment documents and employers' policies, and which includes a screen shot of the "Signature" website displaying the "Signature Hospice Home Health Home Care" text and logo and identifying "Signature" as "A Part of the Avamere Family of Companies."

125.

The Articles of Organization for defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Keizer River Operations LLC, and Sunnyside Operations LLC all list the same individual as having formed or organized the entity (Mr. Lawrence Lopardo). The original Articles of Organization for defendant Avamere Group LLC also list Mr. Lopardo as its initial registered agent. Mr. Lopardo is also the signatory and authorized representative for the assumed business names "Signature



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Healthcare at Home" and "Signature Home Health and Home Care," which are the assumed business names of collectively shared by several of the defendants. He is also the sole LLC manager of at least two additional Avamere entities at whose facilities Plaintiff was assigned to perform work.

126.

As set out, Defendants and all of them share substantial overlap and identity of ownership and management.

127.

As set out, Defendants and all of them are ultimately under the control and ownership of Avamere Group LLC and function as departments or sub-divisions within Defendants' joint, integrated, and / or collective enterprise, The Avamere Family of Companies.

128.

At all material times, all Defendants and each of them acted in the interest of an employer in regards to Plaintiff.

129.

In addition and / or alternatively, at all material times, all Defendants and each of them were a single integrated employer of Plaintiff.

130.

In addition and / or alternatively, at all material times, all Defendants and each of them were joint employers of Plaintiff.

131.

In addition and / or alternatively, at all material times, all Defendants and each of them were part of a collective enterprise that collectively employed Plaintiff.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**III. *Defendants' shared address and shared management***

132.

According to Defendants' filings with the Oregon Secretary of State, all Defendants who are registered entities and / or registered assumed business names in Oregon share the same postal address and suite number as their principal place of business and as their primary mailing address.

133.

As elsewhere pled, in December 2019, while the present litigation was ongoing, defendant Avamere Group LLC submitted extensive documentation to the Washington Department of Health in which Avamere Group LLC represented that it was the entity with ultimate authority to act as "Signature Health Care at Home," and which was submitted for the purpose of seeking further state authorizations for Avamere Group LLC to open an additional "Signature Health Care at Home" location in King County, Washington. The newly-created "Signature" LLC intended to nominally operate the proposed "Signature Health Care at Home" facility in King County, Washington also uses the same shared Wilsonville postal address and suite number as the defendants herein as its own principal address.

134.

The website https://www.avamere.com/ provides a contact address for "The Avamere Family of Companies" which, as shown by Google Maps, is a building immediately adjacent to the building with the postal address communally shared by the defendants who are registered entities and / or registered assumed business names. This address is also identified by the business site Bloomberg as the address for defendant Avamere Group LLC, although Avamere Group LLC's business filings place it at the neighboring building address that is communally



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

shared by the other defendants who are registered entities and / or registered assumed business names. These two building addresses appear to share a single parking lot and interior courtyard.

135.

Based on the records of the Washington County Assessor's Office and the City of Wilsonville, the two above-referenced postal addresses appear to occupy a single land parcel and / or tax lot, and are not distinct from each other.

136.

On information and belief, more than 200 "Avamere"- and / or "Signature"-related business entities and "dbas" are or have been located at the same address and suite number as the named LLC defendants; and all those entities share the same organizer and / or registrant; and all those entities share the same common managers, LLC members, and / or corporate officers. Additional entities meeting these criteria likely also exist.

137.

On information and belief, all businesses at the above-referenced postal addresses are part of "The Avamere Family of Companies," and there are no businesses at those addresses that are not part of "The Avamere Family of Companies."

138.

On information and belief, all businesses located on the above-referenced land parcel and / or tax lot are part of "The Avamere Family of Companies," and there are no businesses located on that land parcel and / or tax lot that are not part of "The Avamere Family of Companies."

///

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

139.

All defendants share some or all of the same managers and/or LLC members (including but not limited to ultimate owners Mr. Richard Miller, and / or Mr. Karl Richard/Rickard Miller, and / or Mr. Richard Dillon).

140.

As set out herein, Mr. Rick Miller is the Founder and Chief Executive Officer of defendant The Avamere Family of Companies and is a majority owner of each and every defendant herein. Mr. Karl Miller / K Rickard Miller / K Richard Miller, is believed to be either identical or closely related to Rick Miller. These individuals are owners of, and are believed to be upper-level executives within, The Avamere Family of Companies and / or Avamere Group LLC. Karl Miller / K Rickard Miller / K Richard Miller is also a Director of defendants Clackamas Rehabilitation LLC, Keizer Campus Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC; and is an Officer of defendants Avamere Lake Oswego Operations LLC and Laurelhurst Operations LLC. These names, in one variant or another, also appear on the registrations of each and every defendant herein as an LLC manager and / or member.

141.

As set out above, Mr. Richard Dillon is a substantial owner of each and every defendant herein. On information and belief, Mr. Dillon owns, either directly or indirectly, roughly one-quarter to one-third of each defendant entity. Mr. Dillon is an owner of, and believed to be an upper-level executive within, The Avamere Family of Companies and / or Avamere Group LLC. Mr. Dillon is also the President of defendant Avamere Lake Oswego Operations LLC and a Partner thereof; is a Director of defendant Keizer Campus Operations LLC; and is an Officer of



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

defendants King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC.

142.

As set out above, Mr. Ron Odermott also holds significant ownership interests in each and every defendant herein, and is an owner of and an upper-level executive within The Avamere Family of Companies and Avamere Group LLC. Mr. Odermott is the Chief Financial Officer of The Avamere Family of Companies and the Chief Financial Officer of Avamere Group LLC; and is also an employee of Avamere Health Services LLC; and is also an Officer in all of the following defendants: Avamere Lake Oswego Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Keizer Campus Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC. On information and belief, he is also an Officer of Avamere Skilled Advisors LLC.

143.

As set out above, Mr. Gary Wart holds significant ownership interests in a substantial number of defendant entities herein. He is also an Officer in all of the following defendants: Avamere Lake Oswego Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, and Sunnyside Operations LLC. On information and belief, he is also an Officer of Avamere Skilled Advisors LLC.

144.

As set out above, Mr. Matt Hilty holds significant ownership interests in a substantial number of defendant entities herein. He is also the Executive Vice President of Avamere Skilled



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Advisors LLC and / or "Avamere Living," an assumed name thereof; and is the President of "Avamere Living"; and is the Executive Vice President of "Avamere Communities," which is not a registered name or business name but appears to refer to The Avamere Family of Companies' enterprise as a whole. He is also an Officer of King City Rehab LLC and Mountain View Rehab LLC.

145.

Mr. Bob Thomas co-owns Northwest Hospice LLC, along with Avamere Group LLC and its three principals which hold majority ownership. Mr. Thomas is also the Chief Operations Officer of The Avamere Family of Companies, the President of Avamere Home Health Care LLC, and the President of "Signature Hospice, Home Health and Home Care."

146.

Mr. Lawrence Lopardo is the Chief Legal Officer of The Avamere Family of Companies; the General Counsel of The Avamere Family of Companies; the Executive Vice President of Avamere Health Services LLC; the Chief Legal Officer of Avamere Health Services LLC; and the sole LLC Manager of defendants Avamere Lake Oswego Operations LLC and Crestview Operations LLC. On information and belief, he is also a member of Avamere Group LLC. Mr. Lawrence Lopardo is also listed as having founded all of the following defendant entities on their Articles of Organization: Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Keizer River Operations LLC, and Sunnyside Operations LLC. The original Articles of Organization for defendant Avamere Group LLC also list Mr. Lopardo as its initial registered agent. Mr. Lopardo is also the signatory and authorized representative for the assumed business names "Signature Healthcare at Home" and "Signature Home Health and Home Care," which are the assumed business names of collectively



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

shared by several of the defendants. He is also the sole LLC manager of at least two additional Avamere entities at whose facilities Plaintiff was assigned to perform work.

147.

Mr. Lawrence Lopardo was also named as one of the only two or three people authorized to accept receipt of a proposed severance-and-release agreement that Defendants offered Plaintiff at Plaintiff's termination (which Plaintiff did not sign). That same document identifies Plaintiff's employer as "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')".

148.

Mr. Lopardo identifies himself on his LinkedIn profile as the "Executive Vice-President / General Counsel at Avamere Health Services, LLC." a position that he represents himself as holding from 1999 up to and including through the present. Mr. Lopardo lists no other positions or job titles on his LinkedIn profile.

149.

Mr. Lopardo's California state bar registration page identifies his contact address as "Avamere Health Services LLC" at the same shared address and suite number in Wilsonville that is described herein as being used and shared by all Defendants and by all "Avamere" and "Signature" entities whether or not named herein; and also lists his email at an "avamere.com" extension.

150.

Mr. Lopardo's profile on the legal resource website Justia also lists him as an employee of defendant Avamere Health Services LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

151.

The Avamere Family of Companies website describes Mr. Lopardo as having "joined the Avamere Family of Companies as its first General Counsel in 1999."

152.

The business website manta.com lists Mr. Lawrence Lopardo as the contact person and / or business principal for, *inter alia,* Avamere Group Inc. in Oregon, which is not an entity registered with the Oregon Secretary of State but rather appears to be a misprint or variant of Avamere Group LLC; Avamere Bellingham Health Care, an Avamere facility in Washington state; Avamere Transitional Care in Colorado; and Avamere Transitional Care in Washington.

153.

Mr. Lopardo has also identified himself publically to news media as a spokesperson authorized to speak on behalf of "Avamere Junction City," which is an assumed business name or variant of such name registered to Junction City Rehabilitation LLC, an Avamere facility in Junction City, Oregon.

154.

Mr. Lopardo has also recently served as the contact person for permitting issues involving the Washington State Department of Health and Georgian Rehab LLC / "Avamere Georgian House of Lakewood," another Avamere facility located in Washington state to which the Washington State Department of Health directed correspondence at the same address and suite in Wilsonville, Oregon shared by all defendants; and as counsel for Gladstone Properties LLC in proceedings before the Oregon Land Use Board, which LLC on information and belief is a landowner or other related entity for yet another Avamere facility in Gladstone, Oregon and which is managed by the same Mr. Dillon and Mr. Miller who serve as managers of the named



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC defendants as described herein; and as a responsible party on U.S. Securities & Exchange Commission (SEC) documents related to "Avamere / Sullivan Property LLC," yet another Avamere facility in Lake Oswego, Oregon that again is also managed by the same Mr. Miller described elsewhere herein, and to which the SEC also addressed correspondence to the same above-described shared address in Wilsonville; and also as a liaison or public commenter to the City of Lake Oswego Planning Division on behalf of The Avamere Family of Companies and "The Stafford," an assumed business name of defendant Avamere Stafford Operations LLC, which again is managed by the same Mr. Miller described elsewhere herein, and in which parties again used the same above-identified address and suite in Wilsonville that is shared by all Defendants and by all "Avamere" and "Signature" entities.

155.

The Avamere Family of Companies 2019 Annual Quality Report, under the heading "Breaking Down Silos," includes an organizational chart of key personnel acting on behalf of "The Avamere Family of Companies." At the top of the chart is "Rick Miller, Founder & CEO." Immediately beneath Mr. Miller are Larry Lopardo, referenced above, as Chief Legal Officer for The Avamere Family of Companies; Bob Thomas, referenced herein, as Chief Operations Officer for The Avamere Family of Companies; Ryan Haller, who on information and belief is or was formerly an employee of Avamere Health Services LLC, as Chief Development Officer for The Avamere Family of Companies; and Ron Odermott, who identifies himself on his LinkedIn page as an employee of Avamere Health Services, as Chief Financial Officer for The Avamere Family of Companies.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

156.

As pled elsewhere herein, Mr. Ronald Odermott, who identifies himself as is an employee of Avamere Health Services LLC, is also simultaneously the Chief Financial Officer for The Avamere Family of Companies and the Chief Financial Officer of Avamere Group LLC, and he holds a substantial ownership percentage in each and every defendant named herein.

157.

As pled elsewhere herein, Mr. Rick Miller, the Founder and CEO of the Avamere enterprise and The Avamere Family of Companies, likewise holds a major ownership percentage in each and every defendant named herein.

158.

As pled, Mr. Bob Thomas is the COO of The Avamere Family of Companies and is a 15% owner of defendant Northwest Hospice LLC, with the other 85% of that entity owned by defendant Avamere Group LLC (which is in turn owned by trusts for which Mr. Ronald Odermott, Mr. Rick Miller, and Mr. Rick Dillon who are described elsewhere herein are the beneficiaries, and which is ultimately owned and controlled by Mr. Odermott, Mr. Miller, and Mr. Dillon themselves); and Avamere Group LLC functions as the management of The Avamere Family of Companies.

159.

As set out elsewhere herein, Northwest Hospice LLC and Avamere Home Health Care LLC – which are fully or majority-owned by Avamere Group LLC, and are operated and ultimately managed by Avamere Group LLC, and whose profits and losses and assets and expenses are believed to be claimed and controlled by Avamere Group LLC – are the nominal owners / operators of multiple or all “Signature” facilities in Oregon and in other states; while



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Avamere Group LLC is in turn the sole manager / operator of both Northwest Hospice LLC and Avamere Home Health Care LLC.

160.

Immediately below the above names on the referenced organizational chart, the next level of the organizational chart on the "Breaking Down Silos" page of the Avamere Family of Companies 2019 Annual Quality Report names high-level key personnel of The Avamere Family of Companies as: "Matt Hilty, EVP Avamere Living" (an assumed business name or subdivision of Avamere Skilled Advisors LLC), who also identifies himself on his LinkedIn profile as "President / Owner Avamere Living" and who is identified in the above-described press releases as "Executive Vice President of Avamere Communities"; "Mike Billings, EVP Ancillary Services," who describes his job on his LinkedIn profile as being "[r]esponsible for providing strategic leadership within the Avamere Family of Companies by overseeing all ancillaries, including Infinity Rehab and Signature companies . . . with oversight responsibilities for Infinity Rehab, Signature Healthcare at Home, and human resources and the People/Culture initiative across the Avamere Family of Companies" and as having been the President of Infinity Rehab for nearly 20 years until the above-referenced 2018 "Organizational and Strategic Direction Change" by The Avamere Family of Companies; "Donna Mueller, EVP Strategy & Networking," who identifies herself on her LinkedIn profile as currently employed both as an Executive Vice President of The Avamere Family of Companies and as the Vice President of Business Development for the Avamere-owned entity Infinity Rehab, and who is further identified on zoominfo.com as the Executive Vice President of "Avamere Group at Avamere Health Services LLC"; and "Nicolette Merino, Division President - Ovation," identified more specifically on the following page of the Report as "Division President: Ovation by Avamere"



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and who appears to have multiple LinkedIn profiles identifying herself variously as President of Ovation by Avamere, Vice President of Operations for The Avamere Family of Companies, and Regional Operations Director at Avamere Health Services.

161.

The remaining key personnel shown on The Avamere Family of Companies organizational chart are: "Carl Tabor, VP Clinical," who identifies himself on his LinkedIn profile as holding the position of "VP of Clinical" for "Avamere Health Services" since 2012, and who is identified on zoominfo.com as a current employee of Avamere Health Services LLC and also as an employee of the Avamere-owned entity Infinity Rehab from 2012 – 2018, when the above-referenced "Organizational and Strategic Direction Change" by The Avamere Family of Companies occurred; "Rich Jolly, VP Analytics/Strategy," who is identified on the business events site iqpc.com as an employee of Avamere Health Services LLC overseeing 246 locations, and who in April 2019 used his own Facebook page to advertise that "I have a data science opportunity at Avamere Health" and to recruit for that position; "Mike Woodrow, CIO," who is identified on zoominfo.com as an employee of Avamere Health Services LLC from 2014 – 2019 and who is identified on the cybersecurity resources site tep10securecasts.com as a "top 1000 CIO" employed by "Avamere Health Services"; "Sonia Rai, Division VP," who identifies herself on her LinkedIn profile as having held the position of Executive Director of "Signature Health Care at Home" through 2018 and having then transitioned to the position of Vice President with "Signature Care Connect" around the time the "Organizational and Strategic Direction Change" by The Avamere Family of Companies occurred; "Dale Fruehauf, VP of HR," who identifies himself on his LinkedIn profile as an employee of Avamere Health Services LLC; "Mary Kofstad, Division President," identified more specifically on the following page of the Report as



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"Division President: Signature Healthcare at Home"; "Jolynn Monro, Division President," identified more specifically on the following page of the Report as "Division President: Infinity Rehab"; "Sarah Silva, Division President," identified more specifically on the following page of the Report as "Division President: Avamere Living CBC"; and "Brad Little, Division President," identified more specifically on the following page of the Report as "Division President: Avamere Living SNF."

162.

On information and belief, the above-referenced "Founder Rick Miller" named in the press / news releases is the same person as, or is an immediate relative of, "Richard Miller" and / or "Karl Richard/Rickard Miller" who is identified in filings with the Oregon Secretary of State as the manager of virtually every defendant in the present case including Avamere Bethany Operations LLC, Avamere Group LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Avamere Lake Oswego Operations Investors LLC, Avamere Sherwood Operations LLC, Avamere Skilled Advisors LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, Northwest Hospice LLC, NP2U LLC, and Sunnyside Operations LLC. On information and belief, the above-referenced "Founder Rick Miller" named in the press / news releases is also the same person as or is an immediate relative of "Rick Miller, CEO, Avamere Family of Companies" as identified in the Avamere Family of Companies 2019 Annual Quality Report. The above-referenced "Larry Lopardo" is the same "Lawrence Lopardo" who is



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

identified in filings with the Oregon Secretary of State as a principal of multiple defendant entities as set out herein.

163.

The foregoing examples of managerial overlap and integration are non-exhaustive. Further examples are also pled herein, and Plaintiff anticipates that additional records will show yet further substantial identity of managerial and founding personnel among Defendants.

164.

As set out, Defendants and all of them share substantial overlap and identity of management and of founding personnel.

165.

As set out, Defendants and all of them are ultimately under the control and ownership of Avamere Group LLC and function as departments or sub-divisions within Defendants' joint, integrated, and / or collective enterprise, The Avamere Family of Companies.

166.

At all material times, all Defendants and each of them acted in the interest of an employer in regards to Plaintiff.

167.

In addition and / or alternatively, at all material times, all Defendants and each of them were a single integrated employer of Plaintiff.

168.

In addition and / or alternatively, at all material times, all Defendants and each of them were joint employers of Plaintiff.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

169.

In addition and / or alternatively, at all material times, all Defendants and each of them were part of a collective enterprise that collectively employed Plaintiff.

## IV. ***Defendants' shared employees***

170.

All Defendants, along with all Avamere / Signature patient care facilities in Oregon, share an agreement regarding the transfer and / or reassignment of employees between and Avamere and Signature facilities including those of the named Defendants.

171.

Under the terms of the "Signature Hospice Home Health Home Care Employee Handbook" provided to Plaintiff, Plaintiff's employer(s) agreed to provide a continuation of job-related benefits and perquisites for employees who transferred between or among Defendants' entities and / or facilities, and identified such employees as being "grandfathered in" when transferring between entities and / or locations.

172.

During Plaintiff's employment, personnel who were nominally employed by various LLC defendants transferred or were reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. These included but by no means were limited to nursing staff who were nominally employed at the same Tigard "home" location as Plaintiff but who, like Plaintiff, were routinely transferred and reassigned between and among the various defendants' locations for the convenience and purposes of those defendants and / or all Defendants. On information and belief, those



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites.

173.

As set out herein, Plaintiff himself was often reassigned away from Plaintiff's "home" work location and to other locations and facilities that were officially and / or nominally operated by one or more other Defendants. Plaintiff experienced no disruptions or changes in job-related benefits and perquisites or in the payment of his wages. Plaintiff was transferred and / or reassigned between and among the facilities of the various defendants several times per week. These transfers and reassignments were frequent and routine.

174.

Several other nurses and other medical and support personnel with whom Plaintiff routinely worked at the Tigard location were, like Plaintiff himself, routinely transferred and / or reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. On information and belief, those employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites. Plaintiff estimates that he is personally aware of at least 10-12 such personnel who were nominally assigned to the same "home" location as Plaintiff and who were also routinely reassigned and transferred between and among the same locations and facilities as Plaintiff, which are named as defendants herein. Plaintiff further anticipates that such transfers and reassignments were common among all such personnel of all defendants herein, and among many or all Avamere facilities and locations.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

175.

During Plaintiff's employment, a Director of Nursing at another Portland Avamere entity was transferred to Plaintiff's workplace and was reassigned to be a field nurse. Plaintiff's supervisor told Plaintiff not to mention the transfer because Defendants did not want people to know that Avamere entities transferred personnel amongst themselves. Plaintiff's supervisor said the reason was that it would increase the potential legal liability of all the Avamere entities if this fact were widely known.

176.

As pled herein, on information and belief, a Director of Nursing is likely, on paper, an employee of Avamere Skilled Advisors LLC. Nonetheless, that person was transferred to a field nursing position at a different facility nominally operated by Avamere Home Health Care LLC and Northwest Hospice LLC.

177.

During Plaintiff's employment, a different employee who was a field nurse at Plaintiff's work location was transferred to a different Avamere facility and reassigned as a Director of Nursing for that facility. Again, Plaintiff's supervisor told Plaintiff not to mention the transfer because Defendants did not want people to know that Avamere entities transferred personnel amongst themselves, and that the reason the supervisor did not want the transfer mentioned was that it would increase the potential legal liability of all the Avamere entities if this fact were widely known.

178.

As pled herein, on information and belief, a Director of Nursing is likely, on paper, an employee of Avamere Skilled Advisors LLC. Nonetheless, that person was transferred out of a



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

field nursing position at a different facility nominally operated by Avamere Home Health Care LLC and Northwest Hospice LLC and was then reassigned to yet another Avamere facility.

179.

In 2018, during Plaintiff's employment, the business office manager who was (among other individuals) tasked with processing Plaintiff's FMLA leave time took a leave of absence. During that time, her duties in regards to processing and tracking Plaintiff's FMLA use were reassigned to Andrea Hartman, who is identified as being employed by the Avamere Riverpark facility in Eugene, Oregon since 2011. That facility is nominally operated by yet another commonly-owned and commonly-managed Avamere entity, Riverpark Operations LLC. No references to Ms. Hartman being employed by any other "Avamere" or "Signature" entity were found.

180.

During Plaintiff's employment, his supervisor Regina Piland – who identifies herself as simultaneously an employee of The Avamere Family of Companies, Avamere Health Services, and the assumed business name "Signature Hospice, Home Health, Home Care" which is a close variant of the assumed business name registered to Avamere Home Health Care – solicited the opinion of Ms. Marsha Dempsey as input on Plaintiff's performance reviews. Ms. Dempsey identifies herself on her LinkedIn profile as an employee of "Signature Hospice." However, an internet search for "Marsha Dempsey" shows that she in fact acts as chaplain for at least two of the Avamere facility locations where Plaintiff was routinely assigned – the Avamere St. Helens location, and The Pearl at Kruse Way location. No references to Ms. Dempsey performing work at or on behalf of "Signature" were found – even though some news articles that identify Ms. Dempsey's work do identify other "Signature" employees as being such. A further search for



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"Marsha Dempsey signature" similarly failed to present results showing Ms. Dempsey performing any work at or on behalf of "Signature," although it did again yield results regarding her work at an "Avamere" facility. No references to Ms. Dempsey performing work at Plaintiff's Tigard work location were found, and no references to Ms. Dempsey performing work at any non-Avamere facility were found.

181.

The above-referenced internet search as to Ms. Dempsey also yielded news releases mentioning the work of other (nominally) "Signature" health-care employees performing their duties at an Avamere facility. As pled herein, Plaintiff understands these re-assignments among defendants' facilities and location was defendants' common and ordinary collective practice.

182.

The Avamere Family of Companies 2019 Annual Quality Report, discussed at greater length in the following section, identifies "The Avamere Family of Companies" as having "8.8K Employees," of which "1K" are considered "Signature" employees, "2.2K" are considered "Infinity" employees, "12" are considered "Point Development" employees, "5K" are considered "Avamere Living" employees, and "3" are considered "Signature Care Connect" employees. The report further identifies the "8.8K" total employees as being spread across at "315 locations" in multiple states.

183.

The foregoing examples of employee-sharing and reassignments among the defendants' facilities are non-exhaustive. Further examples are also pled herein, and Plaintiff anticipates that additional records will show that this practice was frequent, common, and applicable to employees at all the defendant facilities.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

184.

As set out herein, Defendants and all of them share, reassign, and exchange employees among themselves for their own conveniences.

185.

At all material times, all Defendants and each of them acted in the interest of an employer in regards to Plaintiff because Plaintiff performed work for, on behalf of, for the benefit of, and on the facilities of each and every defendant.

186.

In addition and / or alternatively, at all material times, all Defendants and each of them were a single integrated employer of Plaintiff.

187.

In addition and / or alternatively, at all material times, all Defendants and each of them were joint employers of Plaintiff.

188.

In addition and / or alternatively, at all material times, all Defendants and each of them were part of a collective enterprise that collectively employed Plaintiff.

## V. ***Defendants' shared resources***

189.

Defendants and all of them share common, interrelated, and / or intermingled computing and / or intranet systems, email systems, and computer servers that were collectively used by employees and management of all Defendants, including Plaintiff.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

190.

Plaintiff himself was required to use Defendants' intermingled computer systems for timekeeping, email, record-keeping, and / or other vital and necessary functions of his job.

191.

On information and belief, most or all of these computer and software systems are administrated and maintained by The Avamere Family of Companies, Avamere Health Services LLC, and / or Avamere Skilled Advisors LLC for the common use, common purpose, and common benefit of all Defendants; and are made available to all Defendants by and through Avamere Health Services LLC and / or Avamere Skilled Advisors LLC, which mandate their use at all locations and facilities where Plaintiff performed work, which are named as defendants herein.

192.

Defendants and all of them share common computing and software systems, which are distinct from those of non-Avamere facilities, for patient recordkeeping, charting, and care information including information as to Plaintiff's performance of his nursing tasks in his employment.

193.

Plaintiff himself was required to use Defendants' intermingled computer systems for patient charting and recordkeeping and / or other vital and necessary functions of his job.

194.

On information and belief, most or all of these computer and software systems are administrated and maintained by The Avamere Family of Companies, Avamere Health Services LLC, and Avamere Skilled Advisors LLC for the common use, common purpose, and common



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

benefit of all Defendants; and are made available to all Defendants by and through Avamere Health Services LLC and Avamere Skilled Advisors LLC, which mandate their use at all locations and facilities where Plaintiff performed work, which are named as defendants herein.

195.

Defendants and all of them share common, interrelated, and / or intermingled websites, social media, and / or other advertising in which they collectively hold themselves out to the public, current and prospective clients, and current and prospective employees as "the Avamere Family of Companies," "Avamere," "Signature," "Signature Home Health and Home Care," and / or "Signature Healthcare at Home."

196.

On information and belief, these websites and similar social media presences are administrated and maintained by The Avamere Family of Companies and Avamere Group LLC for the common use, common purpose, and common benefit of all Defendants.

197.

On its "Legal Terms" page, the website 125vamere.com states that it is copyrighted by "Avamere Family of Companies Inc.," which is not registered in Oregon and, on information and belief, is not actually registered anywhere as a corporate entity.

198.

On its "Legal Terms" page, the "Signature Healthcare at Home" website signaturehch.com also states that it is copyrighted by "Avamere Family of Companies Inc.," which is not registered in Oregon and, on information and belief, is not actually registered anywhere as a corporate entity.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

199.

The content, wording, and format of the "Legal Terms" pages on the above-described Avamere and Signature websites are identical or virtually identical, and both websites describe themselves in their "Legal Terms" as "Avamere Family of Companies Web Site(s)".

200.

Multiple prior and / or cached pages on the Signature website, spanning several years of time, have also described themselves as copyrighted by "Avamere Family of Companies Inc.," including but not limited to Signature's charity "archives," its 2014and 2015 lists of Signature – provided services, and its 2019 "Avamere Eats Healthy" posting #24.

201.

The Avamere Family of Companies / Avamere Group LLC website at https://www.avamere.com/our-story/ describes "Signature Healthcare at Home" under the heading "Our Family of Services," as follows: "Headquartered in Wilsonville, Oregon, Signature has been a preferred provider of home-based health care services throughout the Pacific Northwest and beyond for nearly 15 years. Nurse Practitioners and palliative care is provided in partnership with NP2U." An embedded link redirects to the website https://www.4signatureservice.com/ . That website likewise makes express references to "Avamere" and "The Avamere Family of Companies."

202.

The Avamere Family of Companies / Avamere Group LLC website contains a single page or portal whereby all defendants advertise for any and all open positions at any facility or location and identify those positions as Avamere Family of Companies jobs, and does not identify the individual LLC that nominally operates the facility with the open position.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

203.

Advertisements placed by defendants on third-party sites or with third-party job advertising vendors for nursing, care staff, office staff, and other similar positions at any facility or location within the Avamere Family of Companies generally advertise each such position as an Avamere Family of Companies, “Avamere,” and / or “Signature” job, and do not identify the individual LLC that nominally operates the facility with the open position.

204.

Job advertising and recruiting within the entities and facilities that make up The Avamere Family of Companies is handled centrally by a single recruiter or team of recruiters who act on behalf of multiple or all defendants. As pled herein, some such individuals also appear to hold multiple overlapping employment with multiple defendants.

205.

Defendant Avamere Health Services LLC is the payroll processor and / or human resources entity for all Defendants, and was directly responsible for the payment of Plaintiff’s wages as well as for providing computing / computer support, human resources functions, upper management, and / or management of administrative matters pertinent to Plaintiff’s employment.

206.

Defendant Avamere Health Services LLC exercises control and authority over the method, means, timing, and release of the payment of wages to employees of every defendant herein, including mandating that employees cannot receive paper checks and including authorizing whether and when employee pay is released to the employee.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

207.

As described in greater detail herein, Defendants all share in single plans and systems of employee benefits available and applicable to the employees of all of them. Those benefits are not necessarily maintained or paid for by the same Avamere entities that (at least on paper) employ the employees. These benefits include but are not limited to insurance plans, a 401k plan, and employee expense reimbursement plans.

208.

On information and belief, during the entire course of Plaintiff's employment for defendants, the balance sheets of Avamere Group LLC claimed the wages paid to the employees nominally employed by each and every defendant herein, , and of all "Avamere" and "Signature" facilities and entities, as being wages paid by Avamere Group LLC itself; and those balance sheets specifically claimed the wages paid to nurses nominally employed by each and every defendant herein as being wages paid by Avamere Group LLC itself, including the wages paid to Plaintiff throughout the course of his employment.

209.

On information and belief, defendants Avamere Group LLC, Avamere Health Services LLC, Avamere Skilled Advisors LLC, along with each and every other defendant in the case, shared a single liability and indemnity insurance policy that would have covered any liability arising from Plaintiff's conduct or performance of his duties as a nurse, and of which on information and belief either or all of Avamere Group LLC, Avamere Health Services LLC, and Avamere Skilled Advisors LLC are principle policyholders and all other defendants are additional insureds.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

210.

On information and belief, and as discussed further herein, defendant Avamere Health Services LLC acts in conjunction with its sole owner / operator, Avamere Group LLC, to functionally operate as the Legal, Information Technology, Human Resources, and Accounting departments of Northwest Hospice LLC and other Avamere entities including each defendant herein; and Avamere Health Services LLC also acts as the Revenue / Collection department for Northwest Hospice LLC and other Avamere entities including each defendant herein.

211.

Defendants and all of them share a single set of comprehensive written policies covering patient safety and patient information, employee equipment and computer use, employee vehicle use, use and disclosure of confidential and proprietary information, employee social media use, employee codes of conduct, pay policies and procedures, timekeeping policies and procedures, leave-of-absence policies and procedures, work for other entities within and outside of The Avamere Family of Companies, and every other material aspect of employment. These include but are not limited to employee handbooks.

212.

The above-described policies are applicable to all employees at all locations.

213.

Written copies of such policies provided to Plaintiff and other employees bear the names, logos, icons, and / or trademarks used collectively by multiple or all Defendants.

214.

On information and belief, defendant Avamere Health Services LLC provides all of the other Defendants with these written policies and practices along with a variety of other



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

employment-related forms, which are in turn given to and / or used by Defendants' employees, including Plaintiff.

215.

On information and belief, and as pled herein, Avamere Health Services LLC also operates the employee concern hotline, which is the only employee concern hotline available to the employees of the various defendants, and which is available to the employees of each and every defendant, and which is the method by which the employees of each and every defendant are instructed to report any employment-related concerns.

216.

Avamere Skilled Advisors LLC effectively functions as a division or sub-division of Avamere Health Services LLC. Employees of Avamere Health Services LLC describe Avamere Skilled Advisors LLC as being part of Avamere Health Services LLC, and as being a sub-division or sub-entity within Avamere Health Services LLC, under or within which they work. Both are wholly owned, managed, and operated by Avamere Group LLC (as are all of the defendants, either directly or through shell entities or similar sub-entities, as described herein). Avamere Skilled Advisors LLC is understood to be tasked in the Avamere enterprise with overseeing compliance with laws regarding medical care and with overseeing nursing standards and practices at all Avamere and Signature locations and facilities. These include the standards, practices, and performance expectations applied to Plaintiff.

217.

Avamere Skilled Advisors LLC maintained and continues to maintain records regarding employee and facility compliance with any and all applicable health-care laws and regulations for each and every defendant and facility named herein, and which are in turn essential to the



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

continued licensure and operation of each and every "Avamere" and "Signature" facility and location where Plaintiff performed work.

218.

The Articles of Incorporation for defendant Northwest Hospice LLC bear a stamp with the business name "Avamere." On information and belief, that document was submitted to the Oregon Secretary of State by, from, and / or on behalf of The Avamere Family of Companies and / or Avamere Group LLC, and / or by, from, and / or on behalf of one or more of the named "Avamere" LLC defendants herein. Defendant Northwest Hospice LLC admits it was Plaintiff's employer as set out above herein.

219.

According to those documents filed with the Washington Department of Health by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and / or additional defendants, Avamere Group LLC also acts as the Compliance, Legal, Information Technology, Human Resources, and Accounting departments of Northwest Hospice LLC.

220.

Defendants, each and all of them, exercised direct control over Plaintiff's employment via their shared policies, procedures, and management personnel.

221.

Defendants, each and all of them, acted in the interests of an employer in regards to Plaintiff via their shared policies, procedures, and management personnel.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

222.

Defendants, each and all of them, acted as agents for each other and / or for Plaintiff's nominal employer in regards to Plaintiff's employment via their shared policies, procedures, and management personnel.

223.

Defendants, each and all of them, constitute a single integrated employer that had and exercised control over Plaintiff's employment.

224.

Alternatively and / or additionally, Defendants, each and all of them, are joint employers that had and exercised control over Plaintiff's employment.

225.

Alternatively and / or additionally, Defendants, each and all of them, acted in the interests of an employer via their control over Plaintiff's employment.

## VI. ***Defendants' further self-identification as an integrated enterprise***

226.

In November 2018, while Plaintiff was employed by Defendants, The Avamere Family of Companies made the following public press release: "The Avamere Family of Companies Announces Organizational and Strategic Direction Change . . . The Avamere Family of Companies announced today a strategic organization change to move from a company of individual entities (Avamere Living, Infinity Rehab, and Signature Healthcare At Home) to a cohesive post-acute and community-based health care system. The executive and business division leadership teams will move to a matrix organizational structure to manage and lead the



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

business operations, strategic priorities, and support services. Founder Rick Miller will remain Chief Executive Officer. Larry Lopardo will be the Chief Legal Officer . . . Bob Thomas is now Chief Operations Officer . . . 'Change creates opportunities for our people,' affirms Bob Thomas, COO."

227.

On the same date that The Avamere Family of Companies made the above press release, a substantially similar news release containing much of the same information was made by "Signature," "Signature Services," and / or "Signature Healthcare at Home," identifying the same individuals and leadership positions as the "Avamere Family of Companies" press release. The "Signature" news release further states: "Change is good, right? The Avamere Family of Companies certainly thinks so! Today, the . . . company announced a strategic organization change to move from a company of individual silo entities (Avamere Living, Infinity Rehab, and Signature Healthcare At Home) to a cohesive post-acute and community-based healthcare system. This notable effort aims to further unite the company and its employees . . . The impact on Avamere employees was certainly a consideration when working on this restructuring. 'Change creates opportunities for our people,' affirms Bob Thomas, COO."

228.

The Avamere Family of Companies 2019 Annual Quality Report similarly contains the following "Message from Our CEO," identified as "Rick Miller, CEO, Avamere Family of Companies": "It's an exciting and opportunistic era for the Avamere Family of Companies and for all of us as a team. 2018 was a year of change and growth. In October, we finalized our three-year strategic initiative . . . We announced a new organization structure that will bring together our previously siloed companies. These changes have been made to support our new



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

priorities and form a more integrated network of senior housing and healthcare services. With these changes, we hope to collaborate more, share best practices with each other, increase job satisfaction, and make our companies and communities better places for our guests and employees."

229.

The Avamere Family of Companies 2019 Annual Quality Report includes a full-page entry titled "Breaking Down Silos" which states: "The Avamere Family of Companies is breaking down the silos that previously divided our companies, bringing us together into a fully integrated network of care. Functioning as a cooperative network of post-acute and senior living providers . . . [and] Working in collaboration also comes with several benefits for our employees . . . Cross-company and department communications help achieve widespread adoption of best practices and cross-functional teams are offering innovative solutions to meet the changing landscape of today's modern workforce. Chief Operations Officer Bob Thomas captures our excitement as a company: 'We're moving into a new phase of optimism in the Avamere family. As a team, we must have a posture of optimism about the future, about the people we take care of, about our team members, and about what we can achieve as an organization.'"

230.

The Avamere Family of Companies 2019 Annual Quality Report identifies "The Avamere Family of Companies" as having "8.8K Employees," of which "1K" are considered "Signature" employees, "2.2K" are considered "Infinity" employees, "12" are considered "Point Development" employees, "5K" are considered "Avamere Living" employees, and "3" are considered "Signature Care Connect" employees. The report further identifies the "8.8K" total employees as being spread across at "315 locations" in multiple states.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

231.

The Avamere Family of Companies 2019 Annual Quality Report's "employee stories" are taken from staff at Avamere at Berry Park in Oregon City, Oregon; Avamere at Chestnut Lane in Gresham, Oregon; Avamere at Cheyenne in Cheyenne, Nevada; Avamere Health Services of Rogue Valley in Medford, Oregon; Avamere at Lexington in Nebraska; Avamere Rehabilitation of Beaverton in Beaverton, Oregon; Avamere Rehabilitation of Eugene in Eugene, Oregon; Avamere Transitional Care and Rehab – Brighton in Brighton, Colorado; Avamere at Wenatchee in Wenatchee, WA; Infinity Rehab, Laurelhurst Village in Portland, Oregon; Salt Lake City Signature / Signature at Murray, Utah; Signature Healthcare at Home; Signature in Portland, Oregon; Signature in Preston, Idaho; and The Stafford Retirement Community in Lake Oswego, Oregon. On information and belief, each of these locations is technically siloed in a separate LLC or corporation; indeed, some are known to be so as pled herein. Nonetheless, staff at all these locations were identified in the report as employees of "The Avamere Family of Companies" and / or as part of "the Avamere team."

232.

In a press release dated July 9, 2019, The Avamere Family of Companies website at avamere.com identifies "several organizations [that] make up the Avamere Family of Companies: Avamere Living, Infinity Rehab, Ovation by Avamere, Point Development Company, Signature Healthcare at Home, Therapy Solutions." This press release then describes recent achievements by the Avamere Family of Companies as follows: "The report highlights the many esteemed awards the Avamere Family of Companies received in the last year. Infinity Rehab was named a Great Place to Work, several Avamere Living Communities received the Bronze Commitment to Quality Award, and the Portland Business Journal named Avamere as



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

one of Oregon's Most Admired Companies. In the home health area of the family of companies, many Signature Healthcare at Home locations scored higher than the national average . . . the report also mentions two groundbreakings of Avamere's newest brand, Ovation by Avamere . . . Behind this work is another Avamere company, Point Development Company." The release concludes that The Avamere Family of Companies annual Quality Report "shares touching employee stories . . . Find out more about the Avamere Family of Companies stories in their annual Quality Report."

233.

The Avamere Family of Companies also offers a "Leadership Academy" for its senior management personnel, and which is identified in an Avamere Family of Companies press release as most recently attended by several senior personnel for The Avamere Family of Companies including the above-named Mr. Bob Thomas and Mr. Rick Miller, as well as by the "Division President" of "Signature Healthcare at Home."

234.

During the course of this litigation, in or around September-October 2019, the "signaturehealthcareathome" Instagram account posted the following: "Our Division President, Mary Kofstad, presents at Avamere's strategic planning session today." The post is accompanied by a photograph of Ms. Kofstad presenting at "Avamere's strategic planning session." Ms. Kofstad is also identified elsewhere on both the "Signature" and "Avamere" websites as the "Division President" of "Signature Healthcare at Home."

235.

The "Signature" website further includes a "List of Avamere Affiliated Covered Entities." The list is comprised of more than 75 "Avamere," "Signature," "Infinity," and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"NP2U" business names and includes by name virtually every defendant in the present case, including but not limited to the following defendants and / or their "dbas": Avamere Health Services LLC; "The Pearl at Kruse Way" (an assumed business name of Avamere Lake Oswego Operations Investors LLC ); "Avamere Living (Avamere Skilled Advisors, LLC)"; "The Stafford" (an assumed business name of Avamere Stafford Operations LLC); "Avamere Rehabilitation of Beaverton" (an assumed business name of Beaverton Rehab & Specialty Care LLC); "Avamere Rehabilitation of Clackamas" (an assumed business name of Clackamas Rehabilitation LLC); "Avamere Crestview of Portland" (an assumed business name of Crestview Operations LLC); "Avamere at Newberg" (an assumed business name of Genesis Newberg Operations LLC); "Avamere Court at Keizer" (an assumed business name of Keizer Campus Operations LLC); "Avamere Rehabilitation of King City" (an assumed business name of King City Rehab LLC); "Laurelhurst Village Rehabilitation Center" (an assumed business name of Laurelhurst Operations LLC); "Avamere Rehabilitation of Oregon City" (an assumed business name of Mountain View Rehab LLC); "NP2U"; "Signature Home Health Corporate Office" along with a variety of satellite "Signature" offices; and "Avamere Transitional Care at Sunnyside" (an assumed business name of Sunnyside Operations LLC).

236.

That website also lists the two closely-related entities Avamere Health Services LLC and Avamere Skilled Advisors LLC – and only those two entities – as Avamere "Affiliated Business Associates" at the same address, office, and suite number communally shared by all defendants.

237.

The "Signature" and "Avamere" entities state on their "Signature Healthcare at Home Notice of Privacy Practice Information" website that all Avamere and Signature entities are a



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

single entity for the purposes of HIPAA, although they disavow being a single entity for other purposes.

238.

Only defendant Northwest Hospice LLC has responded to Plaintiff's discovery requests in the present litigation. Of approximately 350 pages produced by Northwest Hospice LLC, about 30% of them expressly reference "Avamere" and / or "The Avamere Family of Companies" in conjunction with Plaintiff's employment, employment benefits and compensation, and / or employment policies and procedures.

239.

At all material times, all Defendants and each of them acted in the interest of an employer in regards to Plaintiff.

240.

In addition and / or alternatively, at all material times, all Defendants and each of them were a single integrated employer of Plaintiff.

241.

In addition and / or alternatively, at all material times, all Defendants and each of them were joint employers of Plaintiff.

242.

In addition and / or alternatively, at all material times, all Defendants and each of them were part of a collective enterprise that collectively employed Plaintiff.

///

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**VII. *Defendants' self-identifications to Plaintiff as his employer***

243.

At various times during Plaintiff's employment with Defendants, Plaintiff's employer(s) identified itself or themselves to Plaintiff, either verbally or in writing, as "Signature"; "Signature Hospice"; "Signature Health"; "Signature Home Health"; "Signature Healthcare at Home"; "Signature Hospice Home Health Home Care"; "Signature Hospice Home Health & Home Care"; "Northwest Hospice"; "NP2U"; "Avamere Health Services"; "Avamere Home Health Care LLC *dba* Signature Healthcare at Home ('Signature')"; the "Avamere Family of Companies"; and "Avamere."

244.

At various times during Plaintiff's employment with Defendants, Plaintiff's employer(s) identified Plaintiff as being subject to the employment policies and practices of "Signature Hospice Home Health Home Care"; "Signature Healthcare at Home"; "Signature"; "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')"; "Avamere Health Services LLC"; "Avamere A.C.E." (elsewhere identified as "Avamere Family of Companies Affiliated Covered Entity" and / or "Avamere Affiliated Covered Entity"); the "Avamere Family of Companies"; the "Avamere Group of Companies"; "[the] Avamere facilities, Signature companies, Infinity Rehab, and NP2U"; "Infinity Rehab"; "NP2U"; and "Avamere."

245.

Plaintiff's employer(s) told Plaintiff that his employer entities were "a family of companies" and were "all one entity."

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**VIII. *Plaintiff's hiring and supervision***

246.

Plaintiff was recruited for his position with Defendants by Samantha Bennett, who held herself out to Plaintiff and the public, and to various employees of the various defendants, as having the job title of "Regional Recruiter for Avamere Home Health LLC and Northwest Hospice LLC."

247.

As pled herein, Avamere Home Health Care LLC and Northwest Hospice LLC are identified by their common owner / operator / manager, Avamere Group LLC, as "closely related" entities.

248.

As pled herein, Avamere Group LLC owns the majority of Northwest Hospice LLC, operates it, acts as the majority of its departments, and assumes the majority of its actual business functions.

249.

Samantha Bennett accepted and processed Plaintiff's acceptance of the offer of employment letter and represented that she did so on behalf of both "Avamere Home Health Care LLC" and "Northwest Hospice LLC."

250.

On her LinkedIn page, Samantha Bennett states that at all times relevant she was employed as the "Regional Recruiter" for "Signature Healthcare at Home," which is the "dba" shared by defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; that she worked from Wilsonville,



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Oregon, which as pled below herein is a primary business and mailing address shared by all Defendants along with upwards of 200 other "Avamere" and "Signature" entities; that she was responsible for recruitment on behalf of "Signature Healthcare at Home" in urban and rural markets throughout Oregon and at all levels including LPNs, RNs, CNAs, clinical managers, directors, administrators, sales staff, therapists, social workers, and chaplains; and that her routine job tasks included setting pay rates for new hires in conjunction with other "hiring managers." Her LinkedIn employment profile also includes trademarked logos and similar iconography used collectively by each and all of the "Signature" entities to identify themselves and their collective operations (with said trademarked property being owned by and registered to Avamere Group LLC, as described herein).

251.

The "Social Media Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Bennett. That policy requires: "Make sure you are always honest and accurate when posting information . . . Never post any information or rumors that you know to be false about your company, fellow employees, members . . . [or] people working on behalf of your company."

252.

The "Confidentiality Statement & Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Bennett. That policy forbids employees from using any proprietary information of The Avamere Family of Companies or any of its sub-entities without authorization.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

253.

Ms. Bennett is a supervisor and recruiter with substantial authority to speak and act on her employers' behalf. She is bound as a condition of employment not to make false statements on social media regarding her employer company or its employees. She is bound as a condition of employment not to misuse the trademarks of The Avamere Family of Companies or its sub-entities. Her admissions are the admissions of a party opponent.

254.

In addition and / or alternatively, the foregoing facts raise the inference that Ms. Bennett is, as she claims to be, jointly and / or co-employed simultaneously by all the "Signature" entities and facilities and acts on all of their collective behalfs in the course and scope of her employment.

255.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, through their agent Ms. Bennett, set or substantially participated in setting Plaintiff's at-hire pay rate.

256.

Plaintiff was interviewed for a job by Kaitlyn (Katie) Brewington, who simultaneously holds or did hold both the job title of Administrator for "Signature Hospice, Home Health, Home Care and "Regional Administrator for Portland and Salem 'Signature Healthcare at Home.'" As set out above, defendant Avamere Home Health Care LLC is the registrant of the assumed business name "Signature Home Health and Home Care"; and defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC are all co-registrants of the assumed business name "Signature Healthcare at Home."



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

257.

Katie Brewington holds or did hold substantial authority over or within multiple "Signature" and "Avamere" facilities and entities in and around Portland and Salem.

258.

As discussed further herein, Ms. Brewington also held direct supervisory authority over Plaintiff for a significant part of his employment.

259.

Ms. Brewington identifies herself on LinkedIn as having been an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. Her LinkedIn employment profile also includes trademarked logos and similar iconography used collectively by each and all of the "Signature" entities to identify themselves and their collective operations (with said trademarked property being owned by and registered to Avamere Group LLC, as described herein). As noted above herein, the assumed business name "Signature Healthcare at Home" is registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered solely to defendant Avamere Home Health Care LLC.

260.

During Plaintiff's employment, this same supervisor also represented to Plaintiff that she was the supervisor for Avamere and / or Signature entities across the entirety of Albany, Salem, Medford, and other Oregon locations; and also that she was the supervisor for all of the "Signature" entities across Oregon.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

261.

The "Social Media Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Brewington. That policy requires: "Make sure you are always honest and accurate when posting information . . . Never post any information or rumors that you know to be false about your company, fellow employees, members . . . [or] people working on behalf of your company."

262.

The "Confidentiality Statement & Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Brewington. That policy forbids employees from using any proprietary information of The Avamere Family of Companies or any of its sub-entities without authorization.

263.

Ms. Brewington is a supervisor and / or regional supervisor with substantial authority to speak and act on her employers' behalf. She is bound as a condition of employment not to make false statements on social media regarding her employer company or its employees. She is bound as a condition of employment not to misuse the trademarks of The Avamere Family of Companies or its sub-entities. Her admissions are the admissions of a party opponent.

264.

In addition and / or alternatively, the foregoing facts raise the inference that Ms. Brewington is, as she claims to be, jointly and / or co-employed simultaneously by all the



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"Signature" entities and facilities and acts on all of their collective behalfs in the course and scope of her employment.

265.

Recruiter Samantha Bennett, discussed above, also told Plaintiff to direct any questions about his hiring process, employment agreement, or other new-hire documents to "our director of Human Organizational Development, Jody Carter."

266.

Jody Carter identifies herself on her LinkedIn as having held overlapping employment as the "Director of Human Resources & Organizational Development" for "Signature Hospice, Home Health, Home Care" and the "Special Projects Manager" for "Signature Healthcare at Home." As noted above, these are assumed business names, or close variants thereof, which are registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. Her LinkedIn employment profile also includes trademarked logos and similar iconography used collectively by each and all of the "Signature" entities to identify themselves and their collective operations (with said trademarked property being owned by and registered to Avamere Group LLC, as described herein).

267.

The "Social Media Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Carter. That policy requires: "Make sure you are always honest and accurate when posting information . . . Never post any information or rumors that you know to be false about your company, fellow employees, members . . . [or] people working on behalf of your company."



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

268.

The “Confidentiality Statement & Policy” to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Carter. That policy forbids employees from using any proprietary information of The Avamere Family of Companies or any of its sub-entities without authorization.

269.

Ms. Carter is a high-level executive and human resources professional with substantial authority to speak and act on her employers’ behalf. She is bound as a condition of employment not to make false statements on social media regarding her employer company or its employees. She is bound as a condition of employment not to misuse the trademarks of The Avamere Family of Companies or its sub-entities. Her admissions are the admissions of a party opponent.

270.

In addition and / or alternatively, the foregoing facts raise the inference that Ms. Carter is, as she claims to be, jointly and / or co-employed simultaneously by all the “Signature” entities and facilities and acts on all of their collective behalfs in the course and scope of her employment.

271.

At the time Samantha Bennett was in contact with Plaintiff about an open position, she was also the point-of-contact in recruiting for positions at other “Avamere” and / or “Signature” facilities and locations. On information and belief, those facilities and locations also included but were not limited to those nominally registered to and / or nominally operated by the various LLC entities named as Defendants herein (collectively, the “LLC defendants”).



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

272.

As pled herein, defendants collectively advertise any and all open nursing positions at any and all of their facilities as Avamere Family of Companies jobs, and not as jobs with the individual LLC defendants that nominally operate those facilities; and all defendants use a single recruiter or team of recruiters to solicit employees. Likewise, Plaintiff actually applied for a job with "The Avamere Group of Companies." Ms. Bennett is one such recruiter who is employed by and / or operates on behalf of multiple or all defendants, and she acted on behalf of multiple or all defendants in recruiting Plaintiff.

273.

Through their hiring and pre-employment policies and procedures, and also through the above-described recruiter and Human Resources Director, defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and The Avamere Family of Companies had and exercised direct control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

274.

Through their hiring and pre-employment policies and procedures, and also through the above-described recruiter and Human Resources Director, defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and The Avamere Family of Companies acted in the interests of an employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

275.

Through their hiring and pre-employment policies and procedures, and also through the above-described recruiter and Human Resources Director, defendants Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and The Avamere Family of Companies acted as agents for each other and/or for Plaintiff's nominal employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

276.

Plaintiff's job application stated that Plaintiff was applying for a job with the "Avamere Group of Companies (AGC)."

277.

Plaintiff's job application questionnaire also contained the following pre-printed question: "Have you ever applied or worked for this company or other Avamere Family of Companies; such as Infinity Rehab, Signature Home Health, Hospice or Home Care, NP2U, Merit Rehab or Avamere Skilled Nursing or Assisted Living Facilities?"

278.

The initial job offer letter given to Plaintiff by Defendants prohibited him from recruiting any employee or contractor of "the Avamere Family of Companies" for 24 months after employment.

279.

The Work Opportunity Tax Credit is a federal tax credit available to employers of individuals in various underprivileged categories as defined by the IRS. As a condition of his employment, before he was permitted to begin work, Plaintiff's employer(s) required him to complete a "Work Opportunity Tax Credit Survey" for "Avamere" by which his employer entity



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

could claim a federal tax credit for the hire of such individuals. The web link provided to Plaintiff to provide the tax information required by his employers bears the heading: "Avamere A Family of Companies Tax Credit Questionnaire." On information and belief, any such tax credits were claimed by "The Avamere Family of Companies" and / or Avamere Group LLC.

280.

The Avamere Family of Companies and Avamere Group LLC sought to hire Plaintiff, were the entities with which Plaintiff applied for a job, exercised substantial control over the conditions and fact of his hire, and sought to claim economic benefits associated with his hire and employment for themselves, including the above-referenced tax credit.

281.

The email notification of Plaintiff's hire that was circulated by and among Defendants was sent directly to "Thomas, Bob" as the first recipient.

282.

As described elsewhere herein, Bob Thomas is the Chief Operations Officer of The Avamere Family of Companies and is also the President of Avamere Home Health Care LLC "d/b/a Signature Healthcare at Home." Bob Thomas also identifies himself on his LinkedIn page as the President of "Signature Hospice, Home Health and Homce [sic] Care," the former Chief Operations Officer of "Avamere Ancillary Services," and the former President of Infinity Rehab, all of which are part of The Avamere Family of Companies.

283.

On information and belief, Bob Thomas is also a member / owner of defendant Avamere Group LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

284.

On information and belief, defendant Avamere Group LLC is the entity that functions primarily as the management of The Avamere Family of Companies, and as the upper management of all Defendants.

285.

Defendants Avamere Group LLC and The Avamere Family of Companies exercised direct control over the job for which Plaintiff applied, and over Plaintiff's hire and the decision to hire Plaintiff and/or approval of that decision.

286.

Defendants Avamere Group LLC and The Avamere Family of Companies acted in the interests of an employer by exercising control over the job for which Plaintiff applied, and over the decision to hire Plaintiff and/or approval of that decision.

287.

Defendants Avamere Group LLC and The Avamere Family of Companies acted as an agent for the other defendants, and/or as agents for Plaintiff's nominal employer, by exercising control over the job for which Plaintiff applied, and over the decision to hire Plaintiff and/or approval of that decision.

288.

Alternatively, defendants Avamere Group LLC and The Avamere Family of Companies, by exercising control over the job for which Plaintiff applied, and over the decision to hire Plaintiff and/or approval of that decision, were principals for which the other "Avamere" and "Signature" facilities and entities, including the entities and facilities that nominally employed Plaintiff, acted as agents.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

289.

As a condition of Plaintiff's hiring and employment, defendant Avamere Health Services LLC required Plaintiff to take a drug test, the results of which were submitted directly to defendant Avamere Health Services LLC and to no other entity.

290.

The location at which Plaintiff's pre-employment drug test was performed is listed on the results form as "Avamere On Site."

291.

The "Zero Tolerance Drug Policy" to which Plaintiff was subject during his employment refers to Plaintiff as an "Avamere / Signature Employee" and refers to his employer as the "Avamere / Signature Family of Companies."

292.

The "Zero Tolerance Drug Policy" to which Plaintiff was subject during his employment also states that a positive result would render Plaintiff ineligible for employment in any position within "the Avamere / Signature Family of Companies" for a minimum of two years.

293.

The Avamere Health Services LLC employee who reviewed the results of Plaintiff's pre-employment drug test, which was a condition of Plaintiff's hiring and employment, is employed and / or holds herself out as being employed and / or is held out by Defendants as being employed in all of the following positions: Vice President of Risk Management for "Avamere"; Manager of "The Avamere Family of Companies"; Chief Compliance and Privacy Officer for "The Avamere Family of Companies"; Vice President of Avamere Health Services LLC; Chief Compliance Officer of Avamere Health Services LLC; Vice President of Avamere Health



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Services Inc.; Vice President of Ohana Harmony House LLC, an Avamere entity in Bend, Oregon; Vice President of Compliance for King City Rehab LLC *dba* Avamere Rehabilitation of King City; an in-house compliance officer for Waterford Operations LLC *dba* Avamere at Medford / Avamere Three Fountains of Medford, an Avamere facility in Medford, Oregon; an in-house compliance officer for Coos Bay Rehabilitation LLC *dba* Avamere Rehabilitation of Coos Bay, an Avamere facility in Coos Bay, Oregon; an in-house compliance officer for "Avamere Living," an assumed business name of defendant Avamere Skilled Advisors LLC; a representative of Riverpark Operations LLC *dba* Avamere Riverpark in Eugene, Oregon who holds authority to speak to the media on that entity's behalf; and an employee of "Avamere Health Services" authorized to speak to the media on behalf of various Avamere entities and facilities operating in various locations in Oregon and / or Washington.

294.

Through their hiring and pre-employment policies and also through the above-described employee, both Avamere Health Services LLC and The Avamere Family of Companies had and exercised direct control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

295.

Through their hiring and pre-employment policies and also through the above-described employee, both Avamere Health Services LLC and The Avamere Family of Companies acted in the interests of an employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

296.

Through their hiring and pre-employment policies and also through the above-described employee, both Avamere Health Services LLC and The Avamere Family of Companies acted as agents for each other and/or for Plaintiff's nominal employer by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment.

297.

Alternatively, defendants Avamere Health Services LLC and The Avamere Family of Companies, by exercising control over the decision to hire Plaintiff and over the terms and conditions of Plaintiff's employment, were principals for which the other "Avamere" and "Signature" facilities and entities, including the entities and facilities that nominally employed Plaintiff, acted as agents.

298.

Plaintiff's I9 federal verification of eligibility to work was completed by and on behalf of, and was directed to, "Avamere Home Health LLC."

299.

By reason of its representation on federal employment filings that it was Plaintiff's employer at all relevant times, Avamere Home Health Care LLC has admitted that it employed the Plaintiff at all relevant times and is estopped from asserting otherwise.

300.

On information and belief, the nurse who conducted Plaintiff's new-hire skills competency evaluation was Stephanie Martelli. Ms. Martelli states on her Facebook page that she is a (now-former) employee of "Signature Healthcare at Home," which is the "dba" shared by defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC, and Avamere Home Health Care LLC. Like the recruiter Ms. Bennett who recruited Plaintiff, the nurse who evaluated Plaintiff also states that she worked from Wilsonville, Oregon, which as pled below herein is a primary business and mailing address shared by all Defendants along with upwards of 200 other "Avamere" and "Signature" entities.

301.

On information and belief, Ms. Martelli was bound to the same "Social Media" and "Confidentiality" policies as Plaintiff, which are described and quoted herein. She further possessed authority to determine, and did determine, whether Plaintiff possessed sufficient nursing competencies to perform his job for Defendants. Her admissions are the admissions of a party opponent.

302.

In addition and / or alternatively, the foregoing facts raise the inference that Ms. Martelli was, as she claims to be, jointly and / or co-employed simultaneously by all the "Signature" entities and facilities and acts on all of their collective behalfs in the course and scope of her employment.

303.

On information and belief, one of the functions of Avamere Skilled Advisors LLC is to oversee and direct all nursing tasks and functions at the defendants' various facilities including providing new-hire training and orientation to nurses at each such facility.

304.

On information and belief, one or more employees of Avamere Skilled Advisors LLC did provide new-hire training and orientation to Plaintiff.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

305.

Alternatively, one or more employees of Avamere Skilled Advisors LLC trained the individuals who conducted Plaintiff's new-hire training and orientation in how to conduct those trainings and orientations and what subjects they were to contain, and provided or approved the materials and documentation associated with those trainings and orientations.

306.

Avamere Skilled Advisors LLC maintained records of Plaintiff's hire, new-hire training, and orientation.

307.

As pled herein, Avamere Skilled Advisors LLC is effectively a sub-division of Avamere Health Services LLC, both of which are wholly owned and operated by Avamere Group LLC.

308.

Defendants Avamere Skilled Advisors LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC all exercised direct day-to-day control over Plaintiff's employment by conducting or directing his new-hire evaluation, training, and orientation; and / or by maintaining the records of his new-hire evaluation, training, and orientation.

309.

Defendants Avamere Skilled Advisors LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC all acted in the interests of an employer in regards to Plaintiff by conducting or directing his new-hire evaluation, training, and orientation; and / or by maintaining the records of his new-hire evaluation, training, and orientation.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

310.

Defendants Avamere Skilled Advisors LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC all acted as an agent for Plaintiff's nominal employer or employers by c conducting or directing his new-hire evaluation, training, and orientation; and / or by maintaining the records of his new-hire evaluation, training, and orientation.

311.

Alternatively, defendants Avamere Skilled Advisors LLC, Avamere Health Services LLC, Avamere Home Health Care LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC, by conducting or directing his new-hire evaluation, training, and orientation; and / or by maintaining the records of his new-hire evaluation, training, and orientation, acted as the principals for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

312.

Regina Piland, Plaintiff's direct supervisor at and after the time of his hire, describes herself on LinkedIn as an employee of The Avamere Family of Companies from March 2009 through April 2019. On a separate LinkedIn profile, Ms. Piland also describes herself as being simultaneously employed by Avamere Health Services from 2012 through the present, and also by "Signature Hospice, Home Health, Home Care" – which is a close variant of the assumed business name "Signature Home Health and Home Care" registered to defendant Avamere Home Health Care LLC – from 2016 through the present, all while also employed by The Avamere Family of Companies. Her LinkedIn employment profile also includes trademarked logos and similar iconography used collectively by each and all of the "Signature" and "Avamere" entities



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

to identify themselves and their collective operations (with said trademarked property being owned by and registered to Avamere Group LLC, as described herein).

313.

The "Social Media Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Piland. That policy requires: "Make sure you are always honest and accurate when posting information . . . Never post any information or rumors that you know to be false about your company, fellow employees, members . . . [or] people working on behalf of your company."

314.

The "Confidentiality Statement & Policy" to which Plaintiff was bound during his employment is used by all defendants herein and is equally applicable to the employees of all defendants herein. On information and belief, that includes Ms. Piland. That policy forbids employees from using any proprietary information of The Avamere Family of Companies or any of its sub-entities without authorization.

315.

Ms. Piland is a supervisor with substantial authority to speak and act on her employers' behalf. She is bound as a condition of employment not to make false statements on social media regarding her employer company or its employees. She is bound as a condition of employment not to misuse the trademarks of The Avamere Family of Companies or its sub-entities. Her admissions are the admissions of a party opponent.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

316.

In addition and / or alternatively, the foregoing facts raise the inference that Ms. Piland is, as she claims to be, jointly and / or co-employed simultaneously by The Avamere Family of Companies, Avamere Health Services LLC, and Avamere Home Health Care LLC; and that she and acts on all of their collective behalfs in the course and scope of her employment.

317.

Ms. Piland – acting acting in her capacity as Plaintiff's supervisor and on behalf of her employers The Avamere Family of Companies, Avamere Health Services, and Avamere Home Health Care – conducted, prepared, and performed Plaintiff's initial post-hire "30 day" assessment, evaluation, and review.

318.

Ms. Piland – acting acting in her capacity as Plaintiff's supervisor and on behalf of her employers The Avamere Family of Companies, Avamere Health Services, and Avamere Home Health Care – also conducted, prepared, and performed Plaintiff's one-year assessment, evaluation, and review.

319.

In addition, Ms. Piland – acting acting in her capacity as Plaintiff's supervisor and on behalf of her employers The Avamere Family of Companies, Avamere Health Services, and Avamere Home Health Care – conducted, prepared, and performed one or more of Plaintiff's additional annual performance reviews.

320.

In preparing for and completing Plaintiff's assessments and / or performance reviews, Ms. Piland – acting on behalf of The Avamere Family of Companies, Avamere Health Services,



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and Avamere Home Health Care – solicited co-worker input on Plaintiff's reviews via an "avamere.com" email account.

321.

As part of preparing and conducting Plaintiff's performance reviews, Ms. Piland solicited the opinion of Dr. Christina Kemper, who was the recipient of various commendations from "Avamere" and The Avamere Family of Companies throughout the course of Plaintiff's employment. Such Avamere commendations included, as listed in the US News & World Report physicians' directory and on the Doximity.com medical network, the "Avamere Medical Director Service Excellence Award" for 2016, the year that Plaintiff was hired and began working for Defendants; and, as listed in The Avamere Family of Companies 2019 Quality Report, a 2018 "Physician of the Year" award. Dr. Kemper was also listed as a presenter of a patient care lecture at the 2019 Symposium of the Avamere-owned entity Infinity Rehab. On information and belief, Dr. Kemper was the only medical doctor whose opinion was solicited as part of Plaintiff's employment evaluations and performance reviews.

322.

The foregoing facts raise the inference that Dr. Kemper is employed, co-employed, or jointly employed by or on behalf of The Avamere Family of Companies and / or the collective "Avamere" enterprise.

323.

As part of preparing and conducting Plaintiff's assessments and / or performance reviews, Ms. Piland solicited the opinion of Marsha Dempsey. On information and belief, Ms. Dempsey was the only chaplain whose opinion was solicited as part of Plaintiff's employment evaluations and performance reviews.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

324.

Ms. Dempsey identifies herself on her LinkedIn profile as an employee of "Signature Hospice," which is not a registered business or assumed business name, but is a variant of the assumed business names registered to Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. However, an internet search for "Marsha Dempsey" shows that she in fact acts as chaplain for at least two of the Avamere facility locations where Plaintiff was routinely assigned to work and which are registered as separate business entities – the Avamere St. Helens location which is nominally run by defendant Avamere-St. Helens Operations LLC; and The Pearl at Kruse Way location, which is nominally run by defendant Avamere Lake Oswego Operations Investors LLC. No references to Ms. Dempsey performing work at Plaintiff's "home" work location in Tigard were found, and no references to Ms. Dempsey performing work at any non-Avamere facility were found. A search for "Marsha Dempsey signature" similarly failed to yield results showing Ms. Dempsey working at or for "Signature" (rather than "Avamere") facilities or locations.

325.

The foregoing facts raise the inference that Ms. Dempsey is employed, co-employed, or jointly employed by the only facilities where she is known to have actually performed work, which are those of Avamere Lake Oswego Operations Investors LLC (The Pearl at Kruse Way) and Avamere St. Helens Operations LLC (Avamere in St. Helens).

326.

In addition, the foregoing facts raise the inference that Ms. Dempsey is employed, co-employed, or jointly employed by the all the "Signature" entities collectively, as she holds herself out to be.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

327.

Plaintiff's assessments, evaluations, and performance reviews were a significant factor in Plaintiff's continued employment and eligibility for pay increases.

328.

Plaintiff's performance evaluation forms begin with the pre-printed slogan: "To Enhance the Life of Every Person We Serve." This slogan is frequently used in various public relations documents by The Avamere Family of Companies along with a variety of its sub-entities including Avamere Skilled Advisors LLC, Avamere Health Services LLC, several individual Avamere facility locations (including The Stafford, Avamere at Sherwood, Avamere Rehabilitation of King City, Avamere at Newberg, and The Pearl at Kruse Way, where as detailed herein Plaintiff was routinely assigned to work; as well as by Avamere Rehabilitation of Junction City, Avamere Seaside, Avamere at Wenatchee, Avamere at Lexington, Avamere Tacoma, and multiple other Avamere facilities in several states); the commonly-owned Signature Hospice entities, the commonly-owned entity Ovation by Avamere, and the commonly-owned entity Infinity Rehab, as well as appearing prominently on the avamere.com website mainpage, the signaturehch.com website "about us" page, the ovationyavamere.com website "about us" page, and the infinityrehab.com website "about us" page.

329.

Plaintiff's performance evaluation forms further ask him to "Complete the following sentence. I believe I make the greatest contribution to Avamere by: . . ."

330.

Plaintiff's performance reviews were conducted by and on behalf of The Avamere Family of Companies, by an employee of The Avamere Family of Companies, using an Avamere



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

email; the evaluation forms begin with a prominent display of The Avamere Family of Company's motto or slogan; and those same evaluation forms also required Plaintiff to provide his input regarding his contributions to "Avamere" as part of the performance evaluation process.

331.

On information and belief, this performance evaluation form is one of the myriad of employment-related forms promulgated and provided to all defendants by Avamere Health Services LLC for the use of all defendants, which use is mandated by Avamere Health Services LLC and / or by The Avamere Family of Companies and Avamere Group LLC.

332.

On information and belief, the standards, practices, and performance expectations for nurses such as Plaintiff within the Avamere enterprise were formulated and enforced by and through Avamere Skilled Advisors LLC.

333.

As pled herein, Avamere Skilled Advisors LLC is effectively a sub-division of Avamere Health Services LLC.

334.

On information and belief, Avamere Skilled Advisors LLC is the direct or nominal employer of the employees who hold positions of executive oversight over nursing services across The Avamere Family of Companies and at each and every one of its locations, and who are responsible for ensuring and maintaining compliance with all laws governing patient care provided by nurses (such as Plaintiff) – all as set out in greater detail below.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

335.

Defendants The Avamere Family of Companies, Avamere Home Health Care LLC, Avamere Skilled Advisors LLC, and Avamere Health Services LLC exercised direct day-to-day control over Plaintiff's employment by supervising Plaintiff's day-to-day work through the above-identified supervisor and by conducting, preparing, and performing evaluations of Plaintiff's performance upon which Plaintiff's continued employment and eligibility for pay increases were assessed.

336.

Defendants The Avamere Family of Companies, Avamere Home Health Care LLC, Avamere Skilled Advisors LLC, and Avamere Health Services LLC acted in the interests of an employer by supervising Plaintiff's day-to-day work through the above-described Avamere Family of Companies supervisor and by conducting, preparing, and performing evaluations of Plaintiff's performance upon which Plaintiff's continued employment and eligibility for pay increases were assessed.

337.

Defendants The Avamere Family of Companies, Avamere Home Health Care LLC, Avamere Skilled Advisors LLC, and Avamere Health Services LLC acted as an agent for Plaintiff's nominal employer by supervising Plaintiff's day-to-day work through the above-described Avamere Family of Companies supervisor and by conducting, preparing, and performing evaluations of Plaintiff's performance upon which Plaintiff's continued employment and eligibility for pay increases were assessed.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

338.

Alternatively, defendants The Avamere Family of Companies, Avamere Home Health Care LLC, Avamere Skilled Advisors LLC, and Avamere Health Services LLC, by supervising Plaintiff's day-to-day work through the above- described Avamere Family of Companies supervisor and by conducting, preparing, and performing evaluations of Plaintiff's performance upon which Plaintiff's continued employment and eligibility for pay increases were assessed, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

339.

As explained herein, Avamere Skilled Advisors LLC is effectively a division of defendant Avamere Health Services LLC. Employees of Avamere Health Services LLC describe Avamere Skilled Advisors LLC as being part of Avamere Health Services LLC, and as being a sub-division or sub-entity within Avamere Health Services LLC, under or within which they work.

340.

Avamere Health Services LLC places the want ads for, and on information and belief conducts the hiring process for, key nursing management and supervisory personnel who would have possessed substantial and / or ultimate authority over Plaintiff's job, job tasks, and performance expectations as a nurse, including but not necessarily limited to Presidents, Vice Presidents, and Directors of nursing and /or clinical services for each and every "Avamere" and "Signature" facility where Plaintiff was assigned to perform work.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

341.

Avamere Skilled Advisors LLC is, on information and belief, the technical, nominal, and / or legal employer of many or all of those same key nursing management and supervisory personnel who would have possessed substantial and / or ultimate authority over Plaintiff's job and job tasks as a nurse, including but not necessarily limited to Presidents, Vice Presidents, and Directors of nursing and /or clinical services for each and every "Avamere" and "Signature" facility where Plaintiff was assigned to perform work.

342.

Avamere Skilled Advisors LLC held and exercised ultimate authority over Plaintiff's job tasks in his employment as a nurse, over the nursing tasks and functions he performed at all of defendants' locations and facilities, over the performance expectations to which he was held, and the oversight of his performance and his compliance with laws governing patient care.

343.

Defendants Avamere Skilled Advisors LLC and Avamere Health Services LLC exercised direct day-to-day control over Plaintiff's employment through the above-identified key personnel who possessed ultimate authority over all nursing tasks, trainings, programs, and priorities at every "Avamere" and "Signature" facility where Plaintiff was assigned to perform work.

344.

Defendants Avamere Skilled Advisors LLC and Avamere Health Services LLC acted in the interests of an employer in regards to Plaintiff through the above-identified key personnel who possessed ultimate authority over all nursing tasks, trainings, programs, and priorities at every "Avamere" and "Signature" facility where Plaintiff was assigned to perform work.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

345.

Defendants Avamere Skilled Advisors LLC and Avamere Health Services LLC acted as an agent for Plaintiff's nominal employer through the above-identified key personnel who possessed ultimate authority over all nursing tasks, trainings, programs, and priorities at every "Avamere" and "Signature" facility where Plaintiff was assigned to perform work.

346.

Alternatively, defendants Avamere Skilled Advisors LLC and Avamere Health Services LLC, through the above-identified key personnel who possessed ultimate authority over all nursing tasks, trainings, programs, and priorities at every "Avamere" and "Signature" facility where Plaintiff was assigned to perform work, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

347.

Plaintiff' supervisors at the time of his termination included Katie Brewington, who is also discussed above. Ms. Brewington was also one of the people who interviewed Plaintiff for his job, approved his payroll and any raises, approved or denied his medical leaves, and controlled or had significant impact on whether Plaintiff was subject to any discipline.

348.

As noted, Ms. Brewington identifies herself on LinkedIn as having been an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. Her LinkedIn employment profile also includes trademarked logos and similar iconography used collectively by each and all of the "Signature" entities to identify themselves



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and their collective operations (with said trademarked property being owned by and registered to Avamere Group LLC, as described herein). As noted above herein, the assumed business name "Signature Healthcare at Home" is registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered solely to defendant Avamere Home Health Care LLC. -Ms. Brewington also represented to Plaintiff that she was the supervisor for Avamere and / or Signature entities across the entirety of Albany, Salem, Medford, and other Oregon locations; and also that she was the supervisor for all of the "Signature" entities across Oregon.

349.

Through the above-identified supervisors, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, Avamere Group LLC, and The Avamere Family of Companies exercised direct day-to-day control over Plaintiff's work conditions by hiring Plaintiff, controlling Plaintiff's pay rate, controlling Plaintiff's medical leave, and controlling in part or in whole any discipline to which Plaintiff would be made subject, and by supervising Plaintiff's day-to-day employment through the above-identified supervisory individuals.

350.

Through the above-identified supervisors, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, Avamere Group LLC, and The Avamere Family of Companies acted in the interests of an employer by hiring Plaintiff, controlling Plaintiff's pay rate, controlling Plaintiff's medical leave, and controlling in part or in whole any discipline to which Plaintiff would be made subject, and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

by supervising Plaintiff's day-to-day employment through the above-identified supervisory individuals.

351.

Through the above-identified supervisors, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC, Avamere Group LLC, and The Avamere Family of Companies acted as agents for one another, and / or for the entity that was nominally designated as Plaintiff's employer, by hiring Plaintiff, controlling Plaintiff's pay rate, controlling Plaintiff's medical leave, and controlling in part or in whole any discipline to which Plaintiff would be made subject, and by supervising Plaintiff's day-to-day employment through the above-identified supervisory individuals.

352.

Plaintiff was directed to report to a substitute or "fill-in" supervisor when his primary supervisors were on vacation or otherwise unavailable. Plaintiff was required to follow the directions and instructions of this supervisor at all times when Plaintiff's primary supervisors were on vacation or otherwise unavailable.

353.

The temporary supervisor to whom Plaintiff was directed to report identifies himself on his LinkedIn profile as holding and/or having held multiple positions with "Signature Services," "Signature Hospice, Home Health, Home Care," Avamere Health Services, The Avamere Family of Companies, and the Avamere facilities in Hillsboro and Newberg (neither of which was Plaintiff's "home" work location).

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

354.

This temporary supervisor was not ordinarily assigned to Plaintiff's "home" work location.

355.

When this substitute supervisor was onsite at Plaintiff's workplace or workplaces, there were a variety of patient services that Plaintiff was not permitted to provide to patients receiving care at the workplace unless this supervisor gave prior authorization. For example, Plaintiff was not allowed to authorize the transfer of patients' personal property when patients were transported to other facilities unless this supervisor approved the transfer of the patient property.

356.

As set out in greater detail in the section immediately following ("Plaintiff's Work Locations"), Plaintiff was routinely transferred or reassigned between and among the various facilities nominally operated by the various defendants, as often as several times per week. Plaintiff was subject to the authority of supervisors at each of those facilities, and those supervisors were nominally assigned to locations and / or employed by facilities and defendants different than the one that admits it employed Plaintiff (Northwest Hospice LLC).

357.

Plaintiff's supervisors at each of the below-described facilities and locations possessed and exercised the authority to alter Plaintiff's schedule and work hours for the purposes and convenience of those defendant entities that nominally operate and / or own those facilities, and / or for the mutual and collective purposes and convenience of all Defendants. Plaintiff's schedule was frequently altered by each of these defendants, for the purposes and conveniences of those defendants or of all Defendants, throughout the course of Plaintiff's employment. This included



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

but was not limited to altering his days or hours of work, either with or without notice; altering the number of hours he worked and whether that would extend into overtime, either with or without notice; altering Plaintiff's work locations, either with or without notice; and holding and exercising authority over whether and when Plaintiff could take meal and rest breaks.

358.

All defendants constitute part of a single integrated employer that had and exercised control over the hiring of Plaintiff, the terms and conditions of Plaintiff's employment, and the day-to-day supervision of Plaintiff.

359.

Alternatively and / or additionally, all defendants are joint employers that had and exercised control over the hiring of Plaintiff, the terms and conditions of Plaintiff's employment, and the day-to-day supervision of Plaintiff.

360.

Alternatively and / or additionally, all defendants acted in the interests of an employer in regards to Plaintiff and to Plaintiff's employment.

## IX. ***Plaintiff's work locations***

361.

During Plaintiff's employment with Defendants, Plaintiff was assigned to a facility in Tigard as a "home" location, but was also routinely assigned to provide patient care at other "Avamere" and / or "Signature" facilities. Plaintiff was reassigned as often as several times per week.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

362.

Patients for whom Plaintiff was charged with care duties were routinely transferred between Plaintiff's Tigard work location, the facilities of the various other named Defendants, and other "Avamere" and "Signature" facilities. As pled herein, such transfers were also part of a preferential referral program by which defendants' employees, including Plaintiff, were discouraged from referring patients to providers outside of The Avamere Family of Companies.

363.

When nurses were absent from other "Avamere" and / or "Signature" facilities, Plaintiff was often temporarily reassigned to those facilities to cover their duties. This was true regardless of whether Plaintiff ordinarily cared for those nurses' patients and regardless of whether those patients had ever been under care at Plaintiff's Tigard work location.

364.

Other facilities to which Plaintiff was assigned to work included but were not necessarily limited to: Avamere Rehabilitation of King City, which is an assumed business name of King City Rehab LLC; Avamere at Bethany, an assumed business name of Bethany Operations LLC; Avamere at St. Helens, an assumed business name of Avamere-St. Helens Operations LLC; The Stafford, an assumed business name of Avamere Stafford Operations LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Laurelhurst Village, an assumed business name of Laurelhurst Operations LLC; Avamere at Sherwood, an assumed business name of Sherwood Operations LLC; Avamere at Newberg, an assumed business name of Genesis Newberg Operations LLC; The Arbor at Avamere Court, an assumed business name of Keizer River Operations LLC; The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Oregon City, an



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

assumed business name of Mountain View Rehab LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; Avamere Rehabilitation of Beaverton, an assumed business name of Beaverton Rehab & Specialty Care LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC. These are not the only Avamere / Signature facilities to which Plaintiff was assigned to work. Plaintiff expects that documentation of Plaintiff's work at additional various Avamere / Signature facilities and locations exists within Defendants' records, and Plaintiff reserves the right to seek further amendment of his Complaint to add additional facilities and / or entities as this information becomes available.

365.

Plaintiff was frequently and routinely assigned to work full or extended shifts at each of the above facilities.

366.

As set out above, defendants Avamere Group LLC and "Signature Healthcare and Home" admit in their filings to the Washington Department of Health that all of the above workplaces are Avamere Group LLC "locations" that are operated, managed, and owned (whether directly or indirectly) by Avamere Group LLC.

367.

On information and belief, and as set out above herein, during the entire course of Plaintiff's employment for defendants, the balance sheets of Avamere Group LLC claimed the assets, profits, expenses, and losses of each and every above-listed defendant, and of all "Avamere" and "Signature" facilities and entities, as being the assets, profits, expenses, and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

losses of Avamere Group LLC itself. The aforementioned expenses include the "operating expenses" of each and every above-listed defendant, and of all "Avamere" and "Signature" facilities and entities, as the expenses of Avamere Group LLC. This includes the "operating expenses" of providing nursing services, including via Plaintiff's employment for defendants and via the employment of all nurses nominally employed by any defendant; the income taxes of each above-named defendant; and the rent for and maintenance of the facilities nominally operated by each and every defendant.

368.

The U.S. Securities & Exchange Commission filings for Care Capital Properties Inc., a health-care-oriented real estate investment trust company, states that Avamere Group LLC leased 29 properties from Care Capital Properties during or around the 2014-2016 calendar and / or fiscal years, which includes the time of Plaintiff's hire and the first year or several months of his employment. According to the SEC filings, Avamere Group LLC was the tenant / lessee of the following Oregon properties where Plaintiff was assigned to work: Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; Avamere Rehabilitation of King City, an assumed business name of King City Rehab LLC; Avamere Crestview of Portland, an assumed business name of Crestview Operations LLC; Avamere Court at Keizer, an assumed business name of Keizer Campus Operations LLC; The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; "Mountain View" in Oregon City, which appears to refer to the Oregon City facility Avamere Rehabilitation of Oregon City, an assumed business name of Mountain View Rehab LLC; "Sunnyside Care Center" in Salem, which appears to refer to the Salem facility Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC; and



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

nine additional "Avamere" facilities on Care Capital properties across Oregon. The above-named "LLC defendants" each (nominally) operate one or more of the various Avamere facilities where Plaintiff was frequently and routinely directed to work.

369.

The website sabrahealth.com is operated by Sabra Health Care REIT, another health-care-oriented real estate investment trust company. The site provides a list of Sabra properties along with the name of the entity that operates facilities at those Sabra properties. It currently states that "Avamere Family of Companies" operates the skilled nursing and transitional care facilities at the following Oregon Sabra properties where Plaintiff was assigned to work: Avamere Crestview of Portland, an assumed business name of defendant Crestview Operations LLC; Avamere Court at Keizer, an assumed business name of defendant Keizer Campus Operations LLC; Avamere Rehabilitation of Clackamas, an assumed business name of defendant Clackamas Rehabilitation LLC; Avamere Rehabilitation of King City, an assumed business name of defendant King City Rehab LLC; Avamere Rehabilitation of Oregon City, an assumed business name of defendant Mountain View Rehab LLC; Avamere Transitional Care at Sunnyside, an assumed business name of defendant Sunnyside Operations LLC; The Pearl at Kruse Way, an assumed business name of defendant Avamere Lake Oswego Operations Investors LLC; and ten additional "Avamere" facilities on Sabra properties across Oregon. The above-named "LLC defendants" each (nominally) operate one or more of the various Avamere facilities where Plaintiff was frequently and routinely directed to work.

370.

The nursing home website review.care, which takes business ownership and control data from Medicare.gov, states that Avamere Skilled Advisors LLC and Avamere Health Services



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

LLC share "Operational / Managerial control" over Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC, where, as stated above, Plaintiff was routinely assigned to perform work. (This website does not provide information for all Avamere entities or for all defendant entities.)

371.

The Center for Medicare and Medicaid Services makes some managerial and operational control information on entities and facilities classified as "nursing homes" available to the public via medicare.gov. It does not necessarily make such information publically available as to other types of health-care entities. Medicare.gov states that Avamere Health Services LLC has "Operational / Managerial Control" over eight "Avamere"-run nursing home facilities in Oregon as well as several others in neighboring or other states. These include the following defendants where (as stated above) Plaintiff was routinely assigned to perform work: The Pearl at Kruse Way, an assumed business name of Avamere Lake Oswego Operations Investors LLC; Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC; and Avamere Transitional Care at Sunnyside, an assumed business name of Sunnyside Operations LLC.

372.

Medicare.gov states that Avamere Skilled Advisors LLC also shares "Operational / Managerial Control" of Avamere Rehabilitation of Clackamas, an assumed business name of Clackamas Rehabilitation LLC, where Plaintiff was routinely assigned to work.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

373.

Plaintiff was required to follow the direction of supervisors at each of the above-named workplaces, for each of the above-named entities, whenever he was assigned to work at those locations.

374.

Each of the above-named facilities, and the personnel who supervised Plaintiff at those facilities, possessed and exercised the authority to alter Plaintiff's schedule and work hours for the purposes and convenience of the above-named defendant entities that nominally operate and / or own those facilities. Plaintiff's schedule was frequently altered by each of these defendants, for the purposes and conveniences of those defendants or of all Defendants, throughout the course of Plaintiff's employment. This included but was not limited to altering his days or hours of work, either with or without notice; altering the number of hours he worked and whether that would extend into overtime, either with or without notice; altering Plaintiff's work locations, either with or without notice; and holding authority over whether and when Plaintiff could take meal and rest breaks.

375.

Plaintiff was required to perform work at each of the above-named facilities, and at other as-yet-unidentified "Avamere" and / or "Signature" facilities, as part of his employment for Defendants.

376.

Supervisors at each of the above-named facilities had and exercised authority to direct Plaintiff in his job tasks and when and in what order to perform them; over whether and when he



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

could take a rest or lunch break; over what his scheduled start and end times were; and over whether and when he could clock out and be finished working.

377.

Plaintiff was required to perform specific day-to-day patient care tasks and other work tasks as directed by supervisors at each of the above-named workplaces, for each of the above-named entities, whenever he was assigned to work at those locations.

378.

Supervisors at each of the above-named facilities had and exercised authority to direct Plaintiff in his daily job tasks and possessed authority to discipline Plaintiff.

379.

Each of the above-listed entities exercised direct, day-to-day control of Plaintiff's employment and directed Plaintiff in his work tasks on each and every occasion that he was assigned to work at these facilities.

380.

Each of the above-named business entities, through their supervisors and management, and through the policies and practices of the workplaces they controlled, had and exercised direct control over the terms and conditions of Plaintiff's employment.

381.

Each of the above-named business entities, through their supervisors and management, and through the policies and practices of the workplaces they controlled, acted in the interests of an employer by exercising control over the terms and conditions of Plaintiff's employment.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

382.

Each of the above-named business entities, through their supervisors and management, and through the policies and practices of the workplaces they controlled, acted as agents for each other, for the other named Defendants, and / or for Plaintiff's nominal employer by exercising control over the terms and conditions of Plaintiff's employment.

383.

Plaintiff never authorized any entity other than Avamere Health Services LLC to make a direct deposit of Plaintiff's wages.

384.

Regardless of the location, facility, and / or entity to which Plaintiff was assigned, he always received a single direct deposit of his wages, issued from a single centralized source, for all the hours he worked at all locations.

385.

Plaintiff experienced no disruption or interruption in his pay, compensation, and employment-related benefits when he was assigned to these other Avamere and / or Signature entities and facilities.

386.

Regardless of the location, facility, and / or entity to which Plaintiff was assigned, Plaintiff was always subject to the same written employment policies described below herein, which are policies shared among and common to all Defendants and, on information and belief, every entity and facility within The Avamere Family of Companies and every Avamere / Signature entity and facility in Oregon.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

387.

All of the above-named and above-described defendants, along with all the remaining defendants, constitute part of a single integrated employer that had and exercised control over the terms of Plaintiff's employment and the day-to-day supervision of Plaintiff.

388.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the terms of Plaintiff's employment and the day-to-day supervision of Plaintiff.

389.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to Plaintiff and to Plaintiff's employment.

### X. ***Plaintiff's work schedules***

390.

Plaintiff's ordinary or regular work schedule was set by the Administrator of "Signature Hospice, Home Health, Home Care," who is also employed as the Regional Administrator of "Signature Healthcare at Home" and who possesses authority over or in regards to "Avamere" and "Signature" facilities throughout Oregon. As pled herein, "Signature Hospice, Home Health, Home Care" and "Signature Healthcare at Home" are assumed business names (or close variants) of Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

391.

Plaintiff's ordinary or regular work schedule was frequently altered and rearranged as Plaintiff was reassigned between and among the defendants' various facilities, often multiple times in a work week.

392.

Plaintiff's work schedules were controlled, set, and altered for the conveniences of all of the following:, in addition to other "Avamere" and / or "Signature" entities not yet identified: Avamere Group LLC; Avamere Health Services LLC; Avamere Home Health Care LLC; Avamere Lake Oswego Operations Investors LLC; Avamere Skilled Advisors LLC; Avamere Stafford Operations LLC; Avamere-St. Helens Operations LLC; Beaverton Rehab & Specialty Care LLC; Bethany Operations LLC; Clackamas Rehabilitation LLC; Crestview Operations LLC; Genesis Newberg Operations LLC; Keizer Campus Operations LLC; Keizer River Operations LLC; King City Rehab LLC; Laurelhurst Operations LLC; Mountain View Rehab LLC; Northwest Hospice LLC; Sherwood Operations LLC; and Sunnyside Operations LLC.

393.

Each of the above entities had and exercised authority, and / or had substantial input in regards to, setting and altering Plaintiff's work schedules.

394.

Avamere Home Health Care LLC, Avamere Lake Oswego Operations Investors LLC, Avamere Skilled Advisors LLC, Avamere Stafford Operations LLC, Avamere-St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Bethany Operations LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Operations LLC, Mountain View Rehab LLC, Northwest Hospice LLC, Sherwood Operations LLC, and Sunnyside Operations LLC had authority to change, and routinely did change, Plaintiff's work schedules for the convenience of those entities and the patients being served thereby.

395.

Supervisors at the facilities of each of the above-named defendants, where Plaintiff performed work, regularly required Plaintiff to come in earlier than his scheduled shift, to stay later than his scheduled shift, or to change the hours or days of his shifts to accommodate the needs of those defendants. Plaintiff understood these commands as directives from his employer that he was not free to disobey.

396.

If Plaintiff needed to request a change to his schedule, or if he was delayed and would be arriving late to a shift, or if he needed to leave work early prior to the scheduled end of his shift, he first needed approval by one or more site supervisors at the facility where he was assigned to work that shift. Thus to change his schedule, request an earlier end-time, or report a late arrival, Plaintiff was required to contact supervisors at all the above-named defendants depending on which entities' facility he was assigned to for his shift.

397.

Supervisors of all the above-named entities had authority to excuse (or refuse to excuse) a late arrival or absence by Plaintiff, and to approve (or refuse to approve) a requested schedule change by Plaintiff.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

398.

Supervisors of all the above-named entities had and exercised authority over whether and when Plaintiff could take rest breaks, whether and when Plaintiff could take lunch breaks, and at what time Plaintiff could clock out and be finished with his work shift.

399.

All the above-named entities created and maintained records of Plaintiff's work time, work schedules, and work tasks.

400.

All of the above-named and above-described defendants, along with all the remaining defendants, constitute part of a single integrated employer that had and exercised control over the terms of Plaintiff's employment and over Plaintiff's day-to-day schedule.

401.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the terms of Plaintiff's employment and over Plaintiff's day-to-day schedule.

402.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to Plaintiff and to Plaintiff's employment.

///

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**XI. *Plaintiff's compensation and benefits***

403.

Defendant Avamere Health Services LLC maintains, controls, processes, and utilizes for payroll purposes the timekeeping records of hours worked for each employee who performs work at any Avamere / Signature facility or entity, including Plaintiff's timekeeping records, for the purpose of paying wages to all such employees, including Plaintiff.

404.

All timekeeping and wage-payment data pertinent to Plaintiff's employment with Defendants is stored and maintained on a server or other computerized system operated and controlled by defendant Avamere Health Services LLC.

405.

As part of his employment, Plaintiff specifically authorized defendant Avamere Health Services LLC, and not any other legal entity, to pay his wages via direct deposit.

406.

Defendant Avamere Health Services LLC had full control over the method and means of issuing Plaintiff's pay and required that Plaintiff either agree to pay via direct deposit or via pay card, and Plaintiff did not have the option of receiving a paper check because that was not a means or method of payment that Avamere Health Services LLC wished to provide to employees.

407.

In its filings with the Washington Department of Health made by and on behalf of Avamere Group LLC acting as "Signature Healthcare and Home" and / or additional defendants, Avamere Group LLC likewise confirmed that workers nominally designated as "Signature"



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

employees are never paid by means other than direct deposit and are not given the option of receiving paper paychecks.

408.

Avamere Group LLC, acting on its own behalf and / or acting as "Signature Healthcare at Home," approved, ratified, and / or authorized the restrictions on payments of wages imposed on Plaintiff by Avamere Health Services LLC, to wit, that he could be paid only by direct deposit and not by other means, and that he did not have the option of requesting or receiving a paper check for wages.

409.

On information and belief, it is the policy and practice of all "Signature" and "Avamere" entities and facilities not to release an employee's final pay at the end of employment unless and until that employee's final time and pay records have been processed, reviewed, and approved by defendant Avamere Health Services LLC.

410.

On information and belief, the policy and practice of refusing to release an employee's final pay at the end of employment unless and until that employee's final time and pay records had been processed, reviewed, and approved by defendant Avamere Health Services LLC was also applied to Plaintiff and to Plaintiff's final pay.

411.

Defendant Avamere Health Services LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

412.

Defendant Avamere Health Services LLC exercised direct day-to-day control over Plaintiff's employment by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

413.

Defendant Avamere Health Services LLC acted in the interests of an employer by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

414.

Defendant Avamere Health Services LLC acted as an agent for Plaintiff's nominal employer by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

415.

Alternatively, defendant Avamere Health Services LLC, by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

416.

Defendant Avamere Group LLC, acting on its own behalf and / or acting as "Signature Healthcare at Home," acted in the interests of an employer by approving, ratifying, and / or authorizing the restrictions on payments of wages imposed on Plaintiff by Avamere Health Services LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

417.

Defendant Avamere Group LLC, acting on its own behalf and / or acting as "Signature Healthcare at Home," acted as the agent of one or more of the "Signature" entities (including Avamere Home Health Care LLC, to which the above "dba" is registered, and also including Northwest Hospice, the admitted employer), by approving, ratifying, and / or authorizing the restrictions on payments of wages imposed on Plaintiff by Avamere Health Services LLC.

418.

Alternatively, defendant Avamere Group LLC, by approving, ratifying, and / or authorizing the restrictions on payments of wages imposed on Plaintiff by Avamere Health Services LLC, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

419.

On or around Plaintiff's paydays, Plaintiff would receive a single direct deposit of his wages, regardless of the locations and facilities where he performed work and regardless of which defendant entities nominally operate or control such facilities.

420.

Plaintiff's bank statements show that throughout his employment with Defendants his wages were paid by, and deposited by and on behalf of, "Avamere Group Payroll." This is the only payor of Plaintiff's wages that appears in Plaintiff's bank statements.

421.

On information and belief, and as set out elsewhere herein, during the entire course of Plaintiff's employment for defendants, the balance sheets of Avamere Group LLC claimed the wages paid to the employees nominally employed by each and every defendant herein, , and of



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

all "Avamere" and "Signature" facilities and entities, as being wages paid by Avamere Group LLC itself; and those balance sheets specifically claimed the wages paid to nurses nominally employed by each and every defendant herein as being wages paid by Avamere Group LLC itself, including the wages paid to Plaintiff throughout the course of his employment.

422.

Defendant Avamere Group LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants.

423.

As pled herein, Plaintiff understands Avamere Group LLC to be the entity that functions as the ultimate owner, manager, and operator of all Defendants; as the upper management of all Defendants; and as the ultimate operator and management of The Avamere Family of Companies.

424.

Defendant The Avamere Family of Companies was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants.

425.

Defendants Avamere Group LLC and / or The Avamere Family of Companies exercised direct day-to-day control over Plaintiff's employment by paying Plaintiff's wages and by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

426.

Defendants Avamere Group LLC and / or The Avamere Family of Companies acted in the interests of an employer by paying Plaintiff's wages and by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

427.

Defendants Avamere Group LLC and / or The Avamere Family of Companies acted as agents for each other, for all the Avamere and Signature entities where Plaintiff performed work, and / or for Plaintiff's nominal employer, by paying Plaintiff's wages and by controlling the amount, authorization, release, and means and method of the payment of Plaintiff's wages.

428.

Alternatively, defendants Avamere Group LLC and / or The Avamere Family of Companies, by controlling the payment of Plaintiff's wages and the amount, authorization, release, and means and method of the payment of Plaintiff's wages, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

429.

As part of Plaintiff's employment, Plaintiff was eligible to enroll in and did enroll in the "Avamere Health Services 401(k) Plan."

430.

Plaintiff's 401(k) withdrawal forms also identify the 401(k) as an "Avamere Health Services 401(k) plan." These forms make at least four specific references to "Avamere Health Services" and mention no other entity as Plaintiff's employer nor as the provider of Plaintiff's work-related benefits or compensation.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

431.

The website brightscope.com provides information about and ratings of 401(k) plans. This site states that the Avamere Health Services LLC 401(k) plan maintains over 5,000 participants per year. On information and belief, this number far exceeds the total number of employees who are nominally classified by Defendants as employees of Northwest Hospice LLC or of any other individual LLC defendant. Brightscope also rates plan participation as "poor," suggesting that a far greater number of employees of the various defendants and associated "Avamere" and "Signature" companies are eligible to participate in the Avamere Health Services 401(k) but have declined to do so.

432.

Defendant Avamere Health Services LLC was responsible for providing and did provide benefits and compensation to Plaintiff that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants.

433.

Defendant Avamere Health Services LLC exercised day-to-day control over Plaintiff's working conditions by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation.

434.

Defendant Avamere Health Services LLC acted in the interests of an employer by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

435.

Defendant Avamere Health Services LLC acted as an agent for the other Defendants by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation.

436.

Alternatively, defendant Avamere Health Services LLC, by paying Plaintiff's benefits and compensation that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants and by controlling whether, when, and by what method Plaintiff was paid his due wages and compensation, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

437.

As part of Plaintiff's employment, Plaintiff was eligible to enroll in and did enroll in an "Avamere Family of Companies group contract" for life insurance, which was an employment-related benefit provided to Plaintiff by Defendants as part of Plaintiff's employment and compensation.

438.

Defendants further agreed that any business travel expenses of Plaintiff would be reimbursed pursuant to "the Avamere Family of Companies Expense Reimbursement Policy."

439.

During his employment, Plaintiff accessed information about his employment benefits by logging into the website portal on the website "avamere.com."

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

440.

The Bloomberg business website identifies the web address "www.avamere.com" as belonging to defendant Avamere Group LLC.

441.

The website at "www.avamere.com" identifies itself as "The Avamere Family of Companies" and as "Avamere A Family of Companies."

442.

Plaintiff's compensation for his work for Defendants included employer 401(k) contributions. Plaintiff understood these contributions were paid by "Avamere." On information and belief, these contributions were paid by and / or on behalf of defendants Avamere Group LLC and / or The Avamere Family of Companies.

443.

Defendants Avamere Group LLC and The Avamere Family of Companies were responsible for providing and did provide benefits and compensation to Plaintiff that were due and / or available to Plaintiff by reason of Plaintiff's employment with Defendants, for maintaining all records regarding Plaintiff's employment benefits and compensation, and for controlling all access to such records.

444.

Defendants Avamere Group LLC and The Avamere Family of Companies exercised day-to-day control over Plaintiff's working conditions by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records.

445.

Defendants Avamere Group LLC and The Avamere Family of Companies acted in the interests of an employer by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records.

446.

Defendants Avamere Group LLC and The Avamere Family of Companies acted as agents for the other Defendants, and/or as an agent for Plaintiff's nominal employer, by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records.

447.

Alternatively, defendants Avamere Group LLC and The Avamere Family of Companies, by controlling and providing Plaintiff's employment-related benefits and compensation, by paying for costs associated with Plaintiff's employment-related benefits, by paying some or all of that compensation and those benefits, by maintaining all records regarding Plaintiff's employment benefits and compensation, and by controlling all access to such records, acted as



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

448.

During Plaintiff's employment with Defendants, processing and approval of some or all of Plaintiff's wage increases and raises were sent via email by an employee with an email extension of "nptou.com." That employee had authority to approve or deny Plaintiff's raises and wage increases, and exercised that authority to approve one or more wage increases to Plaintiff.

449.

During Plaintiff's employment with Defendants, Plaintiff's wage increases and raises were processed and approved, in whole or in part, by an employee of defendant NP2U LLC.

450.

Defendant NP2U LLC created and maintained records regarding Plaintiff's wage increases and wages and the authorizations therefor.

451.

Defendant NP2U LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and exercised direct control over Plaintiff's rate of pay, and did pay Plaintiff's wages due to Plaintiff as a result of Plaintiff's employment with, and / or hours worked for, Defendants, and did maintain records regarding Plaintiff's rate of pay and Plaintiff's raises and wage increases.

452.

During Plaintiff's employment with Defendants, Plaintiff was eligible to enroll and did enroll in employer-sponsored health insurance through a group plan of defendants NP2U and



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"Signature," and / or a group plan of defendants NP2U and the entities that own or control the "Signature" business alias.

453.

Defendant NP2U, either solely or in conjunction with one or more "Signature" entities, provided Plaintiff's employer-provided health insurance and maintained records regarding his enrollment, employer-paid and employee-paid premiums, and the value and coverage of his plan.

454.

The foregoing facts also raise the inference that NP2U LLC maintained all or primary documentation regarding Plaintiff's COBRA rights and eligibility at termination and would have responsibility and authority in insuring such information was provided to Plaintiff.

455.

The foregoing facts also raise the inference that NP2U LLC would have been the primary entity involved in actually disenrolling Plaintiff from his health insurance plan at termination.

456.

Defendant NP2U LLC exercised day-to-day control over Plaintiff's working conditions by paying Plaintiff's wages, and by controlling Plaintiff's rate of pay, and by creating and maintaining records pertinent to Plaintiff's raises and wage increases, and by providing and by terminating Plaintiff's health insurance and maintaining records thereof.

457.

Defendant NP2U LLC acted in the interests of an employer by paying Plaintiff's wages, and by controlling Plaintiff's rate of pay, and by creating and maintaining records pertinent to Plaintiff's raises and wage increases, and by providing and by terminating Plaintiff's health insurance and maintaining records thereof.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

458.

Defendant NP2U LLC acted as an agent for the other Defendants, and/or as an agent for Plaintiff's nominal employer, by paying Plaintiff's wages, and by controlling Plaintiff's rate of pay, and by creating and maintaining records pertinent to Plaintiff's raises and wage increases, and by providing and by terminating Plaintiff's health insurance and maintaining records thereof.

459.

In the course of this litigation, defendant Northwest Hospice LLC produced a "Detail Payroll Register" of wage payments to Plaintiff, which to date is the sole production regarding any specific wage payments made to Plaintiff. The upper right-hand corner of each page bears the date-and-time stamp "Mar 25, 2019 1:59 PM," which appears to be the creation date of the document. That date is also about two weeks after the original Complaint in this matter was served.

460.

The "Detail Payroll Register" and its contents are the admissions of a party opponent or party opponents.

461.

The word "Avamere" is prominently displayed in boldfaced letters at the top of each page of the "Detail Payroll Register." In smaller, non-boldfaced print beneath, the document states: "Select: Company is 425 – Northwest Hospice".

462.

The word "Select," the company number, and the format of the above-referenced document raise the inference that "Company [ ] 425 – Northwest Hospice" is but one of many options on a menu of sub-entities that a user can "select." The format of document does not particularly suggest that the large boldfaced word "Avamere" can be similarly changed.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

463.

This raises the additional inference that all such sub-entity selections are various Avamere locations and / or facilities to which the payroll register document can be sub-attributed by its creators.

464.

This raises the further inference that all employee payroll records for all "Avamere" (including "Signature") facilities and locations are ultimately created and managed by a single source, which as pled herein, is believed to be Avamere Health Services LLC.

465.

Given the extraordinary interconnectedness of all defendant entities and Plaintiff's performance of work for each as set out herein, the prominent display of the word "Avamere" on Plaintiff's pay documents raises the inference that Plaintiff was paid by, through, and on behalf of The Avamere Family of Companies and each and every one of its component entities, including each and every defendant herein, all of which collectively refer to themselves and to their collective enterprise as "Avamere."

466.

Given the extraordinary interconnectedness of all defendant entities and Plaintiff's performance of work for each as set out herein, the prominent display of the word "Avamere" on Plaintiff's pay documents raises the inference that The Avamere Family of Companies and each and every one of its component entities, including each and every defendant herein, all of which collectively refer to themselves and to their collective enterprise as "Avamere," made and retained extensive records of Plaintiff's wages and pay.

467.

In their prior Motion to Dismiss (filed 4/23/19, denied 5/8/19), Defendants admit that "Plaintiff Casey Covelli was formerly employed by Defendant Northwest Hospice LLC" and that "Defendants' counsel informed Plaintiff's counsel that Plaintiff had been employed by



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Northwest Hospice, LLC." Defendants' counsel simultaneously filed a Declaration stating that "Defendants informed [Plaintiff's counsel] that Defendant Northwest Hospice LLC had employed Plaintiff."

468.

As an admitted employer of Plaintiff, defendant Northwest Hospice LLC was responsible for paying and / or authorizing the payment of Plaintiff's wages.

469.

As an admitted employer of Plaintiff, defendant Northwest Hospice LLC had a legal duty to pay Plaintiff's wages.

470.

Defendant Northwest Hospice LLC exercised day-to-day control over Plaintiff's working conditions by paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages and the amounts thereof.

471.

Defendant Northwest Hospice LLC acted in the interests of an employer by paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages and the amounts thereof.

472.

Defendant Northwest Hospice LLC acted as an agent for the other Defendants by paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages and the amounts thereof.

473.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over the payment of Plaintiff's wages, benefits, and other compensation, including the amount, means, method, and timing of paying Plaintiff.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

474.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the payment of Plaintiff's wages, benefits, and other compensation, including the amount, means, method, and timing of paying Plaintiff.

475.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer by exercising control over the payment of Plaintiff's wages, benefits, and other compensation, including the amount, means, method, and timing of paying Plaintiff.

## XII. ***Provision of Plaintiff's work-related equipment and premises***

476.

As set out herein, Plaintiff was assigned to perform work at various locations. These individual locations are nominally operated and controlled by various LLC defendants including but not necessarily limited to Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Stafford Operations LLC, Bethany Operations LLC, Avamere St. Helens Operations LLC, Crestview Operations LLC, Laurelhurst Operations LLC, Sherwood Operations LLC, Genesis Newberg Operations LLC, Keizer River Operations LLC, Avamere Lake Oswego Operations Investors LLC, Mountain View Rehab LLC, Keizer Campus Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, and Sunnyside Operations LLC. Each of these entities provided and controlled one or more facilities at which Plaintiff performed work.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

477.

Each of the above-named defendants exercised control over Plaintiff's day-to-day work conditions by controlling and operating the facilities at which Plaintiff performed work, by controlling the activities and conditions of employment therein, and by using their personnel to supervise Plaintiff and Plaintiff's work.

478.

Each of the above-named defendants acted in the interests of an employer by controlling and operating the facilities at which Plaintiff performed work, by controlling the activities and conditions of employment therein, and by using their personnel to supervise Plaintiff and Plaintiff's work.

479.

Each of the above-named defendants acted as agents for each other, for the other defendants, and/or for Plaintiff's nominal employer, by controlling and operating the facilities at which Plaintiff performed work, by controlling the activities and conditions of employment therein, and by using their personnel to supervise Plaintiff and Plaintiff's work.

480.

Defendant Avamere Health Services LLC provided some or all of Plaintiff's day-to-day work equipment, including but not limited to a laptop computer issued to Plaintiff for business use during and as part of Plaintiff's employment, remote computer access and instructions regarding the same, and a phone "app" that Plaintiff was directed to use as part of his employment for Defendants.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

481.

The phone app Defendants directed Plaintiff to use identifies itself as an app for or operated by Avamere Health Services LLC, which business name appears prominently directly below the app heading "Signature Services."

482.

Defendants and all of them share common, interrelated, and / or intermingled computing and / or intranet systems, email systems, and computer servers that were collectively used by employees and management of all Defendants, including Plaintiff.

483.

Plaintiff himself was required to use Defendants' intermingled computer systems for timekeeping, email, record-keeping, and / or other vital and necessary functions of his job.

484.

As part of his employment with Defendants, Plaintiff had computerized access to patient records for all entities and facilities in Oregon that are part of "The Avamere Family of Companies." Plaintiff did not need to take any additional steps for the release of the records of "Avamere" patients in the event he needed to access them. However, if Plaintiff needed to acquire records from a care provider or facility outside of "The Avamere Family of Companies," Plaintiff would have to take multiple additional steps including contacting that facility by phone, requesting release of patient records, and requesting that the records be faxed to his work location.

485.

Regardless of the specific location where Plaintiff was assigned to work, Plaintiff used a single computer login to access computerized records for any patient at any "Avamere Family of



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Companies" facility, entity, or location. Plaintiff was not assigned new or separate logins for each facility, entity, or location at which he performed work.

486.

In order to access information on his employment-related benefits such as his 401(k), Plaintiff had to log into an "Avamere" computer system which, as plead above, belongs to Avamere Group LLC and / or The Avamere Family of Companies.

487.

Defendants Avamere Group LLC and The Avamere Family of Companies exercised control over Plaintiff's day-to-day work conditions by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment.

488.

Defendants Avamere Group LLC and The Avamere Family of Companies acted in the interests of an employer by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment.

489.

Defendants Avamere Group LLC and The Avamere Family of Companies acted as an agent for the other defendants, and/or for Plaintiff's nominal employer, by mandating, controlling, and providing the software and equipment Plaintiff used and the manner in which Plaintiff used that software and equipment.

490.

Alternatively, defendants Avamere Group LLC and The Avamere Family of Companies, by mandating, controlling, and providing the software and equipment Plaintiff used and the



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

manner in which Plaintiff used that software and equipment, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

491.

Under the "Employee/Contractor Obligations to Secure Patient Information" policy to which Plaintiff was subject, Defendants "Avamere," "Signature," NP2U, and the Infinity Rehab entities – all commonly owned and managed as set out elsewhere herein – collectively designated all of the following as "Avamere" domain email extensions: avamere.com; 4signatureservice.com; nptou.com; infinityrehab.com.

492.

Defendants provided Plaintiff, as well as several management personnel with whom he corresponded about his employment, with email addresses at an "@4signatureservice.com" email extension as part of those individuals' employment. However, Defendants also provided Plaintiff with another work email address with an "avamere.com" email extension.

493.

As part of Plaintiff's employment, Plaintiff was provided with computer access instructions entitled titled "Avamere Exchange 2013 Migration Support Document," which instructed employees to input "Your Avamere Password (the same one you use to log in to your computer)" and "Your username followed by @avamere.com (this is not necessarily the same as your email address)" in order to log into the employer's systems at "Server: mail.avamere.com".

///

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

494.

The above-referenced computer instructions were provided to Plaintiff by Mr. Joshua Brunton, who identifies himself on his "LinkedIn" profile as the "Avamere Health Services Systems Administrator" and as an employee of "Avamere Health Services" since 2012.

495.

Defendant Avamere Health Services LLC exercised control over Plaintiff's day-to-day work conditions by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment.

496.

Defendant Avamere Health Services LLC acted in the interests of an employer by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment.

497.

Defendant Avamere Health Services LLC acted as an agent for the other defendants, and/or for Plaintiff's nominal employer, by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment.

498.

Alternatively, defendant Avamere Health Services LLC, by mandating and providing the equipment Plaintiff used and the manner in which Plaintiff used the equipment, by authorizing



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Plaintiff to use the equipment, and by training Plaintiff on the use of such equipment and on Plaintiff's authorization to use the equipment, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

499.

Plaintiff was trained on Defendants' shared patient recordkeeping and patient charting procedures, timekeeping procedures, and reimbursement procedures by a supervisor who holds herself out as an employee of The Avamere Family of Companies; by an administrator who oversees Avamere and / or Signature entities throughout Oregon; and by a representative of the "Avamere IT department."

500.

The Avamere Family of Companies exercised control over Plaintiff's day-to-day work conditions by mandating and providing the specific method and means of creating and recording patient data and care tasks, timekeeping records, and pay or reimbursement records, and by training Plaintiff on the use of the integrated systems shared by all Defendants for those purposes.

501.

The Avamere Family of Companies acted in the interests of an employer by mandating and providing the specific method and means of creating and recording patient data and care tasks, timekeeping records, and pay or reimbursement records, and by training Plaintiff on the use of the integrated systems shared by all Defendants for those purposes.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

502.

The Avamere Family of Companies acted as an agent for the other defendants, and/or for Plaintiff's nominal employer, mandating and providing the specific method and means of creating and recording patient data and care tasks, timekeeping records, and pay or reimbursement records, and by training Plaintiff on the use of the integrated systems shared by all Defendants for those purposes.

503.

Alternatively, The Avamere Family of Companies, by mandating and providing the specific method and means of creating and recording patient data and care tasks, timekeeping records, and pay or reimbursement records, and by training Plaintiff on the use of the integrated systems shared by all Defendants for those purposes, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

504.

On information and belief, Plaintiff also was trained on Defendants' shared patient recordkeeping and patient charting procedures, and specifically on the use of its computerized "Point Click Care" system, by a person who was simultaneously employed by Avamere Health Services LLC and Avamere Skilled Advisors LLC for the express purpose of training medical staff at entities and facilities throughout The Avamere Family of Companies on Defendants' shared patient recordkeeping procedures.

505.

Patient records in the "Point Click Care" system are maintained by Avamere Health Services LLC and Avamere Skilled Advisors LLC in conjunction and cooperation with each



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

other, for the use by and benefit of all Defendants and all entities in "The Avamere Family of Companies."

506.

Plaintiff was able to use and did use Defendants' integrated "Point Click Care" system to record patient data and care tasks at all "Avamere" and "Signature" facilities, and for all "Avamere" and "Signature" entities, where he performed work.

507.

Defendants Avamere Health Services LLC and Avamere Skilled Advisors LLC exercised control over Plaintiff's day-to-day work conditions by mandating and providing the specific method and means of creating and recording patient data and care tasks, and by training Plaintiff on the use of the integrated systems shared by all Defendants for that purpose.

508.

Defendants Avamere Health Services LLC and Avamere Skilled Advisors LLC acted in the interests of an employer by mandating and providing the specific method and means of creating and recording patient data and care tasks, and by training Plaintiff on the use of the integrated systems shared by all Defendants for that purpose.

509.

Defendants Avamere Health Services LLC and Avamere Skilled Advisors LLC as agents for the other defendants, and/or for Plaintiff's nominal employer, by mandating and providing the specific method and means of creating and recording patient data and care tasks, and by training Plaintiff on the use of the integrated systems shared by all Defendants for that purpose.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

510.

Alternatively, defendants Avamere Health Services LLC and Avamere Skilled Advisors LLC, by mandating and providing the specific method and means of creating and recording patient data and care tasks and by training Plaintiff on the use of the integrated systems shared by all Defendants for that purpose, acted as the principal for whom other "Avamere" and "Signature" entities, including that or those which nominally employed Plaintiff, were agents.

511.

At all times material, defendants Northwest Hospice LLC and Avamere Home Health Care LLC were co-renters and co-tenants of the premises of Plaintiff's "official" or "home" work location in Tigard.

512.

The website npiprofile.com, which provides a searchable database of healthcare providers by NPI (national provider identifier) number, states that the address of Plaintiff's primary work location for Defendants in Tigard, Oregon is the "business address" and "provider location address" for Avamere Home Health Care LLC, whereas its "provider mailing address" is the below-referenced postal address shared by virtually all defendants. That site also gives Avamere Home Health Care LLC's "secondary location" at the address of a care provider doing business as "Salem Signature HCH" and / or "Salem Home Health and Hospice Signature Services," which is not a registered entity or "dba" in Oregon, but which has its own page and entry on the "Signature" / "Signature Healthcare at Home" website which is later described herein.

513.

The Sherwood Chamber of Commerce website identifies the address of Plaintiff's primary work location as "Avamere Signature Hospice."



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

514.

On information and belief, defendants Northwest Hospice LLC and Avamere Home Health LLC operate a single integrated facility and operation at Plaintiff's primary work location and do not function as separate businesses with separate clients or separate employees in that location.

515.

Defendants Northwest Hospice LLC and Avamere Home Health LLC exercised control over Plaintiff's day-to-day work conditions by controlling Plaintiff's primary physical work location and the activities and employment conditions therein.

516.

Defendants Northwest Hospice LLC and Avamere Home Health LLC acted in the interests of an employer by controlling Plaintiff's primary physical work location and the activities and employment conditions therein.

517.

Defendants Northwest Hospice LLC and Avamere Home Health LLC acted as agents for each other, and/or for the other defendants, and/or for Plaintiff's nominal employer, by controlling Plaintiff's primary physical work location and the activities and employment conditions therein.

518.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over Plaintiff's work location, Plaintiff's necessary and mandatory work equipment, and the day-to-day operational and functional demands of Plaintiff's job.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

519.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's work location, Plaintiff's necessary and mandatory work equipment, and the day-to-day operational and functional demands of Plaintiff's job.

520.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer by exercising control over Plaintiff's work location, Plaintiff's necessary and mandatory work equipment, and the day-to-day operational and functional demands of Plaintiff's job.

## XIII. ***Processing and approval of Plaintiff's protected leave time***

521.

As set out below, Plaintiff brings claims against all Defendants under the federal and state medical leave acts, FMLA and OFLA. Plaintiff's various FMLA / OFLA forms contain business logos for "Signature Hospice Home Health Home Care" and "Signature Healthcare at Home," the "dbas" (or close variants) of the above-named defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

522.

In addition, Plaintiff also corresponded with Human Resources representatives regarding his FMLA leave. The first such individual identifies herself on her LinkedIn profile as, during all material times, being an employee of "Signature Hospice, Home Health, Home Care" which



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

is a close variant of the assumed business names used by Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

523.

The above-described Human Resources representative also included a contact phone number on Plaintiff's FMLA forms "[f]or questions pertaining to this leave request." Multiple "reverse phone lookup" services identify this number as belonging to "Avamere Wilsonville," which is not a registered entity in Oregon but rather appears to refer to the Avamere enterprise and / or "The Avamere Family of Companies" at the Wilsonville address and suite number shared by all "Avamere" and "Signature" entities, as pled below herein.

524.

The next Human Resources representative identified on Plaintiff's FMLA forms identifies herself on her LinkedIn profile as being simultaneously an employee of "Signature Healthcare at Home" and of "Signature Hospice, Home Health, Home Care," which are the assumed business names of defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. That individual's profile also states that she is responsible for administering family leaves for "Signature Healthcare at Home" facilities in both Oregon and Washington, and for corresponding with both states' workers' compensation authorities (Oregon SAIF and Washington L&I) regarding workers' compensation matters on behalf of "Signature Healthcare at Home."

525.

On information and belief, Plaintiff's FMLA request and approval were further processed and approved, in whole or in part, by one or more employees of NP2U LLC.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

526.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC and "The Avamere Family of Companies" exercised control over Plaintiff's day-to-day work conditions by exercising review and approval over, and by serving as the contact points regarding, Plaintiff's protected medical leave time and the conditions and expectations associated therewith.

527.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC and "The Avamere Family of Companies" acted in the interests of an employer by exercising review and approval over, and by serving as the contact points regarding, Plaintiff's protected medical leave time and the conditions and expectations associated therewith.

528.

Defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Avamere Home Health Care LLC and "The Avamere Family of Companies" acted as agents for each other, and/or for the other defendants, and/or for Plaintiff's nominal employer, by exercising review and approval over, and by serving as the contact points regarding, Plaintiff's protected medical leave time and the conditions and expectations associated therewith.

529.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over Plaintiff's FMLA and OFLA leave time, including the processing, approval, documentation, and other terms thereof.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

530.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's FMLA and OFLA leave time, including the processing, approval, documentation, and other terms thereof.

531.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer by exercised control over Plaintiff's FMLA and OFLA leave time, including the processing, approval, documentation, and other terms thereof.

## XIV. ***Employment policies to which Plaintiff was subject***

532.

During Plaintiff's employment, Plaintiff's administrator / supervisor actively discouraged employees, including Plaintiff, from referring any patients for care to any health-care provider outside of "The Avamere Family of Companies." Despite ethical objections by multiple employees, Plaintiff's administrator / supervisor continued to encourage employees, including Plaintiff, to "push" patient referrals only to facilities within "The Avamere Family of Companies."

533.

Under the above-referenced policy, only entities within "The Avamere Family of Companies" were preferred referral sites. In this, The Avamere Family of Companies treated all Avamere / Signature entities as if they were departments of a single integrated enterprise.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

534.

As set out elsewhere herein, all entities within "The Avamere Family of Companies" are owned, managed, and / or controlled by the same individuals. Thus, under the above-referenced policy, profits from patient care and patient referrals remain within "The Avamere Family of Companies" and continue to flow to the same individuals, regardless of the specific entity or facility that provides patient care.

535.

Through the above-identified policy and supervisor, The Avamere Family of Companies exercised control over Plaintiff's day-to-day work conditions by restricting Plaintiff's ability to refer patients to facilities outside of "The Avamere Family of Companies" and / or by actively discouraging him from doing so.

536.

Through the above-identified policy and supervisor, The Avamere Family of Companies acted in the interests of an employer by restricting Plaintiff's ability to refer patients to facilities outside of "The Avamere Family of Companies" and / or by actively discouraging him from doing so.

537.

Through the above-identified policy and supervisor, The Avamere Family of Companies acted as a principal for which all "Avamere" and "Signature" facilities and entities were agents, by requiring employees of each such facility or entity to refer patients first and foremost to facilities and entities within "The Avamere Family of Companies."

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

538.

As a condition of Plaintiff's employment, Plaintiff was expressly bound by employment policies and procedures of defendant Avamere Health Services Inc., including but not limited to its "Acceptable Use Policy" and "Remote Access Policy" regarding computer use.

539.

As a condition of Plaintiff's employment, Plaintiff was required to sign a "Personally Owned Vehicle Business Use Agreement" which bears the logo of "Signature Hospice Home Health Home Care" and which identifies Plaintiff as "an employee of Avamere Home Health Care, LLC or Northwest Hospice, LLC (the 'Company')." This policy required Plaintiff to maintain auto insurance in accordance with the risk management programs of Avamere Home Health Care LLC and Northwest Hospice LLC ; to provide auto insurance documentation to Avamere Home Health Care LLC and Northwest Hospice LLC; to authorize Avamere Home Health Care LLC and Northwest Hospice LLC to obtain all records related to Plaintiff's driving history; and to notify Avamere Home Health Care LLC and Northwest Hospice LLC of any work-related auto accidents.

540.

As part of his employment, Plaintiff was provided with a "Signature Hospice Home Health Home Care Employee Handbook," which Plaintiff could access through an Avamere intranet system. Plaintiff was required to sign an acknowledgment that he could access and had accessed that handbook through the Avamere intranet system and that he knew how to locate that handbook within the Avamere intranet system.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

541.

The "Signature Hospice Home Health Home Care Employee Handbook" also directed Plaintiff to refer to an "Avamere Family of Companies Employee Compliance Handbook" for further policies applicable to his employment, and encouraged Plaintiff to report any employment-related concerns to the "Avamere Corporate Compliance Hotline." On information and belief, the "Avamere Family of Companies Employee Compliance Handbook" applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them; and the "Avamere Corporate Compliance Hotline" was available to employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

542.

As part of his employment, Plaintiff was further instructed that he could report employment-related concerns "by utilizing our Speak-Up! Hotline option (compliance@avamere.com)." On information and belief, the "Speak Up! Hotline" is operated by, and / or is staffed by employees of, defendant Avamere Health Services LLC; and is available to employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

543.

Under the terms of the "Signature Hospice Home Health Home Care Employee Handbook" provided to Plaintiff, Plaintiff's employer(s) agreed to provide a continuation of job-related benefits and perquisites for employees who transferred between or among Defendants'



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

entities and / or facilities, and identified such employees as being "grandfathered in" when transferring between entities and / or locations.

544.

Some of the various Defendants' employees were in fact transferred or reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. On information and belief, those employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites.

545.

Several other nurses and other medical and support personnel with whom Plaintiff routinely worked at the Tigard "home" location were, like Plaintiff himself, routinely transferred and / or reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants. On information and belief, those employees who were transferred or reassigned between and among the different defendant entities experienced no disruptions or changes in job-related benefits and perquisites. Plaintiff anticipates being able to identify at least 10-12 such personnel of whom he has personal knowledge of routine and frequent transfers and reassignments to and among the same facilities named herein to which Plaintiff was routinely and frequently transferred and reassigned; and Plaintiff has information and reason to believe that many other such personnel were similarly and routinely transferred and / or reassigned between Plaintiff's work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

546.

As plead herein, Plaintiff himself was reassigned or transferred or reassigned between Plaintiff's primary work location and other locations and facilities that were officially and / or nominally operated by one or more other Defendants, and Plaintiff experienced no disruptions or changes in job-related compensation, benefits, and perquisites as a result of these reassignments or transfers.

547.

Defendants and all of them share both employee policies and inter-organizational agreements and practices whereby employees of all the various defendants are routinely transferred and reassigned among them, and / or are simultaneously employed by several defendants under the same or interrelated job titles.

548.

As part of his employment, Plaintiff was subject to an "Employee Standards & Code of Conduct" which bears logos for "The Avamere Family of Independent Companies," "Signature Hospice Home Health Home Care," "Infinity Rehab," and "NP2U." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

549.

The "Employee Standards & Code of Conduct" identified Plaintiff as "an Avamere Family of Companies workforce member"; required Plaintiff to "notify the General Counsel (as the attorney for the Avamere Family of Independent Companies) . . . immediately upon the receipt . . . of an inquiry, subpoena, or other agency or government request for information



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

regarding the Avamere Family of Independent Companies"; prohibited gifts of value from any "person or entity [ ] in a position to improperly refer business or services to any Avamere company" and receipt of gifts that "might improperly influence the employee's independent judgment in transactions involving any Avamere company"; required disclosure of any financial interest or relationship between employee family members and "any Avamere company's customers, vendors, or competitors"; prohibited various agreements with "a competitor of any Avamere company"; prohibited the unauthorized use of "confidential or proprietary Avamere company" information; prohibited disclosure of protected medical information "pertaining to any Avamere company's residents, patients, or clients"; and required Plaintiff to affirm that "I have no knowledge of any transactions or events that appear to violate the Avamere Family of Companies Employee Compliance Handbook."

550.

As part of his employment, Plaintiff was subject to a HIPAA compliance policy. The HIPAA policy given to Plaintiff bears an "Avamere Family of Companies" logo and states that it applies to entities "including but not limited to Avamere facilities, Signature companies, Infinity Rehab, and NP2U." It requires employees to encrypt any patient data sent to "a non-Avamere domain email address" and report potential HIPAA violations to "the Avamere A.C.E. Chief Privacy Officer." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

551.

Defendants require employees of multiple Avamere / Signature entities, at multiple Avamere / Signature locations, to sign this HIPAA compliance form. The form is identical or



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

substantially identical regardless of the entity that technically employs the employee and regardless of the location where the employee works. On information and belief, the form always bears the logo of "Avamere Family of Companies," again without regard to the entity using the form or the work location of the employee who is required to sign it.

552.

As part of his employment, Plaintiff was subject to a "Social Media Policy," which states that it applies to "all HIPAA covered entities affiliated with the Avamere Group of Companies ACE, as well as non-covered entities. Including [*sic*], but not limited to Avamere Living Facilities; Signature Home Health, Hospice, and Home Care; Infinity Rehab; Np2U, Avamere Health Services, LLC; Avamere Skilled Advisors; and any other company or facility joining the Avamere Group of Companies." It requires that Plaintiff "should not speak to the media on any Avamere Group of Company's behalf without contacting the Avamere Health Services, LLC Legal / Compliance Department. All media inquiries should be directed to them." It instructs, "[i]f you have questions or need further guidance, please contact . . . the Avamere Health Services Human Resources or Compliance Departments." It further states: "any of your conduct that adversely affects . . . people who work on behalf of any Avamere Company . . . may result in disciplinary action up to and including termination." On information and belief, that policy applied to the employees of multiple or all Defendants, and / or to individuals nominally designated by Defendants as employees of the various Defendants and any and each of them.

553.

As part of his employment, Plaintiff was subject to a "Confidentiality Statement & Policy" that states: "Each employee/contractor acknowledges that all Confidential or Proprietary Information (defined below) relating to this Company (as identified above) or the Avamere



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Family of Independent Companies must remain confidential." No specific company or business entity name is identified above that statement. However, the bottom of that document states "Company: Signature Healthcare at Home," which is the assumed business name collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

554.

The "Confidentiality Statement & Policy" also requires employees to report any breaches of confidentiality to "the Avamere Family Compliance / HIPAA Privacy Officer" and provides that breaches may subject employees to suit by the "Avamere Family Legal Department."

555.

As pled herein, Avamere Skilled Advisors LLC is understood to be tasked in the Avamere enterprise with overseeing compliance with laws regarding medical care and with overseeing nursing standards and practices at all Avamere and Signature locations and facilities. These include the standards, practices, and performance expectations applied to Plaintiff. On information and belief, one of the functions of Avamere Skilled Advisors LLC is to oversee and direct all nursing tasks and functions at the defendants' various facilities including providing new-hire training and orientation to nurses at each such facility; and another of its functions is to exercise of executive oversight over nursing services across The Avamere Family of Companies and at each and every one of its locations, and to ensure and maintain compliance with all laws governing patient care. As pled herein, Avamere Skilled Advisors LLC is effectively a sub-division of Avamere Health Services LLC, both of which are wholly owned and operated by Avamere Group LLC.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

556.

As the entities ultimately tasked with overseeing nursing standards and practices and ensuring compliance with all laws governing patient care, Avamere Skilled Advisors LLC and Avamere Health Services LLC were necessarily responsible for the policies, procedures, and performance expectations applicable to nurses, to which Plaintiff was expected and required to adhere in his employment.

557.

Regardless of the location, facility, and / or entity at or for which Plaintiff was assigned to perform work, Plaintiff remained subject to all of the above employment policies and procedures.

558.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over the specific employment terms and policies that governed Plaintiff's day-to-day employment, and the enforcement thereof.

559.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over the specific employment terms and policies that governed Plaintiff's day-to-day employment, and the enforcement thereof.

560.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to enforcing the specific employment



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

terms and policies that governed Plaintiff's day-to-day employment, and the enforcement thereof.

## XV. ***Plaintiff's termination***

561.

Plaintiff's termination letter states: "This letter is to inform you that effective today you are being separated from Signature Healthcare at Home." As set out above, "Signature Healthcare at Home" is an assumed business name registered collectively to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

562.

The individual who signed Plaintiff's termination letter on behalf of Plaintiff's employer identifies herself on LinkedIn as having been an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. As noted above, the assumed business name ""Signature Healthcare at Home" is registered collectively to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered to defendant Avamere Home Health Care LLC.

563.

The individual who contacted Plaintiff in regards to his final pay procedures, payout of benefits and PTO at termination, COBRA rights, and employee exit survey identifies herself on her LinkedIn profile as being simultaneously an employee of "Signature Healthcare at Home"



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and of "Signature Hospice, Home Health, Home Care," which are the assumed business names of defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. That individual's profile also states that she is responsible for administering family leaves for "Signature Healthcare at Home" facilities in both Oregon and Washington, and for corresponding with both states' workers' compensation authorities (Oregon SAIF and Washington L&I) regarding workers' compensation matters on behalf of "Signature Healthcare at Home."

564.

As also pled herein, Plaintiff's health insurance was provided by NP2U LLC, either solely or in conjunction with one or more of the above-named "Signature" entities; and it is therefore NP2U, whether alone or in conjunction with those entities, that maintains primary documentation regarding Plaintiff's COBRA rights and would have had primary responsibility for insuring that information was conveyed to Plaintiff.

565.

As pled herein, Plaintiff received no payout of any wages, PTO or otherwise, until Avamere Health Services LLC authorized it.

566.

The above individual further advised Plaintiff to contact another "HR Generalist" in regards to his exit interview. That "HR Generalist" identifies herself on her LinkedIn profile as the Human Resources Generalist for "Signature Healthcare at Home," an assumed business name collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

567.

In holding themselves out to Plaintiff as having authority to terminate Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, and / or by terminating Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC exercised direct control over Plaintiff's employment.

568.

In holding themselves out to Plaintiff as having authority to terminate Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, and / or terminating Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC acted in the interests of an employer in relation to Plaintiff.

569.

In holding themselves out to Plaintiff as having authority to terminate Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, and / or by terminating Plaintiff's employment, whether on behalf of themselves or on behalf of Plaintiff's nominal employer, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC acted as agents for each other and / or for Plaintiff's nominal employer in regards to Plaintiff and Plaintiff's employment.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

570.

The above-described termination letter further states: "Also enclosed is a Severance Agreement for your consideration."

571.

The proposed severance-and-release agreement enclosed with Plaintiff's termination letter (which Plaintiff did not sign) identifies Plaintiff's employer as "Avamere Home Health Care LLC *d/b/a* Signature Healthcare at Home ('Signature')".

572.

The proposed severance-and-release agreement further states that "Casey Covelli [is] a former employee of Avamere Home Health Care LLC ('Signature')."

573.

Defendant Avamere Home Health Care LLC offered a severance pay package to Plaintiff at or around the time of Plaintiff's termination.

574.

At Plaintiff's termination, Defendants asked that Plaintiff bind himself to legal obligations and covenants toward Avamere Home Health Care LLC, and Avamere Home Health Care LLC offered to similarly be bound to legal obligations and covenants toward Plaintiff.

575.

Defendant Avamere Home Health Care LLC exercised direct control over Plaintiff's termination and the conditions thereof.

576.

Defendant Avamere Home Health Care LLC acted in the interests of an employer in regards to Plaintiff's termination and the conditions thereof.



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

577.

Defendant Avamere Home Health Care LLC acted as an agent for the other Defendants and / or for Plaintiff's nominal employer in regards to Plaintiff's termination and the conditions thereof.

578.

As to Defendants' proposed severance-and-release, the above-described termination letter further states: "If the agreement is acceptable to you, please sign and return to Jody Carter or me."

579.

Defendants' proposed severance-and-release itself states that the only two people authorized to accept receipt are Jody Carter and Lawrence Lopardo (neither of whom is the signer and sender of the above-described termination letter).

580.

The person who signed Plaintiff's termination letter and held herself out as having authority to accept Plaintiff's signature thereon identifies herself as an employee of both "Signature Hospice, Home Health, Home Care" from July 2010 onward and, simultaneously, an employee of "Signature Healthcare at Home" from January through October 2019. As noted above, the assumed business name ""Signature Healthcare at Home" is registered collectively to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC; while the assumed business name "Signature Home Health and Home Care" is registered to defendant Avamere Home Health Care LLC.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

581.

Jody Carter identifies herself as the "Director of Human Resources & Organizational Development" for "Signature Hospice, Home Health, Home Care" and the "Special Projects Manager" for "Signature Healthcare at Home." As noted above, these are assumed business names, or close variants thereof, which are collectively registered to defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC.

582.

Lawrence Lopardo holds or has held all of the following positions with Defendants, many of them apparently simultaneously: the person who formed or organized the defendant business entities Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, Keizer River Operations LLC, and Sunnyside Operations LLC; the signatory and authorized representative of the assumed business names "Signature Healthcare at Home" and "Signature Home Health and Home Care," which are assumed business names registered to Avamere Home Health Care LLC, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC; the initial registered agent of defendant Avamere Group LLC; the Executive Vice President of defendant Avamere Health Services LLC; the Chief Legal Officer of defendant Avamere Health Services LLC; the Chief Legal Officer of defendant The Avamere Family of Companies; the General Counsel for defendant The Avamere Family of Companies; the sole LLC manager of defendant Crestview Operations LLC, which operates one of the Avamere facilities where Plaintiff was assigned to work; the sole LLC manager of defendant Avamere Lake Oswego Operations Investors LLC, which operates another of the Avamere facilities where Plaintiff was regularly assigned to work; an authorized filer of



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

required annual reports for defendant Laurelhurst Operations LLC, another Avamere facility where Plaintiff was regularly assigned to work; and the legal or media representative of additional Avamere facilities in Junction City, Oregon; Gladstone, Oregon; Lake Oswego, Oregon; and Pierce County, Washington.

583.

The only person authorized to sign the proposed severance agreement on behalf of Plaintiff's employer(s) was Bob Thomas, who is identified on that document as the "President" of "Avamere Home Health Care LLC d/b/a Signature Healthcare at Home." As described above, Bob Thomas is also the Chief Operations Officer of The Avamere Family of Companies, the "President" of the unregistered business name "Signature Hospice, Home Health and Home Care," the former Chief Operations Officer of "Avamere Ancillary Services," the former President of Infinity Rehab, and is believed to be a member / owner of Avamere Group LLC. All of the above-named individual entities are part of "The Avamere Family of Companies."

584.

The proposed severance-and-release form would have prohibited Plaintiff from criticizing Avamere Group LLC "or any of the Avamere Group LLC companies."

585.

Plaintiff's termination letter also uses, as the employer's contact address, the same address and suite number in Wilsonville that, as described below herein, is shared collectively by all Defendants and by roughly 200 additional "Avamere" and / or "Signature" entities.

586.

As pled herein, it is believed to be the policy and practice of all "Signature" and "Avamere" entities and facilities not to release an employee's final pay at the end of employment



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

unless and until that employee's final time and pay records have been processed, reviewed, and approved by defendant Avamere Health Services LLC; and that policy was applied to Plaintiff.

587.

Avamere Health Services LLC exercised material and substantial authority over Plaintiff's final pay including the amount, timing, and method of final payment.

588.

All the above-named Defendants, in their own names and / or through the above-described personnel, exercised direct control over Plaintiff's termination and the conditions thereof.

589.

All the above-named Defendants, in their own names and / or through the above-described personnel, acted in the interests of an employer in regards to Plaintiff's termination and the conditions thereof.

590.

All the above-named Defendants, in their own names and / or through the above-described personnel, acted as agents for each other and / or for Plaintiff's nominal employer in regards to Plaintiff's termination and the conditions thereof.

591.

All of the above-named and above-described defendants constitute a single integrated employer that had and exercised control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

592.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

593.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

594.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to exercising control over Plaintiff's termination, including the decision to fire Plaintiff, the decision to offer Plaintiff severance, and all other terms and conditions of Plaintiff's termination.

## XVI. ***Plaintiff's employment records***

595.

As pled herein, Plaintiff applied for a job with The Avamere Group of Companies. Plaintiff is entitled to the inference that The Avamere Family of Companies and / or Avamere Group LLC maintain records related to Plaintiff's job application and hire.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

596.

As pled herein, Avamere Group LLC claimed or attempted to claim a tax credit in relation to Plaintiff's hire and employment. Therefore, Avamere Group LLC created and maintains records related to Plaintiff's hire and employment.

597.

As pled herein, Plaintiff was recruited for his job by a regional recruiter acting on behalf of (*inter alia*) Avamere Home Health Care LLC and Northwest Hospice LLC. Therefore, Avamere Home Health Care LLC and Northwest Hospice LLC created and maintained records related to Plaintiff's hire.

598.

As pled herein, Plaintiff was interviewed for his job by a regional administrator who was and / or who holds herself out as jointly or simultaneously employed by defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. Plaintiff is entitled to the inference that each of these defendants created and / or maintained records related to Plaintiff's hire.

599.

As pled herein, Plaintiff's new-hire orientation and training were directed or conducted by Avamere Skilled Advisors LLC, the functions of which necessitate that it maintain records of Plaintiff's new-hire orientation and training as well as of Plaintiff's job tasks and job performance.

600.

As pled herein, records of Plaintiff's work time, work tasks, and work schedules were maintained by all of the following, in addition to other Avamere entities not yet identified:



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Avamere Group LLC; Avamere Health Services LLC; Avamere Skilled Advisors LLC; Avamere Lake Oswego Operations Investors LLC; Avamere Stafford Operations LLC; Avamere-St. Helens Operations LLC; Beaverton Rehab & Specialty Care LLC; Bethany Operations LLC; Clackamas Rehabilitation LLC; Crestview Operations LLC; Genesis Newberg Operations LLC; Keizer Campus Operations LLC; Keizer River Operations LLC; King City Rehab LLC; Laurelhurst Operations LLC; Mountain View Rehab LLC; Northwest Hospice LLC; Sherwood Operations LLC; and Sunnyside Operations LLC.

601.

Records of Plaintiff's work time and work tasks that were created and maintained by each and every of the above-named defendants include but are not limited to: work schedules; electronic timekeeping data; sign-in sheets; patient care tasks and records; and work time correction records (further including but not limited to "edit slips" and / or "oops sheets").

602.

The above-named entities shared records of Plaintiff's work time at each and any facility controlled by any of the above-named entities between and among themselves for the purposes of coordinating, through Avamere Health Services LLC and Avamere Group LLC, a single direct deposit of Plaintiff's wages on each pertinent payday, for all hours worked at all facilities' locations.

603.

Records of Plaintiff's specific work tasks, and the time and manner in which he performed such tasks, and the quality of the performance of such tasks – and in particular patient care tasks – were maintained simultaneously by Avamere Health Services LLC and Avamere



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Skilled Advisors LLC. These records include but are not limited to patient data stored in the "Point-Click Care" system utilized and shared among all Defendants.

604.

As part of his employment with Defendants, Plaintiff had computerized access to patient records for all entities and facilities in Oregon that are part of The Avamere Family of Companies. Plaintiff did not need to take any additional steps for the release of the records of "Avamere" patients in the event he needed to access them. He used a single computer login to access computerized records for any patient at any Avamere Family of Companies facility, entity, or location regardless of which "Avamere" or "Signature" facility he was physically working at and regardless of which "Avamere" or "Signature" facility he needed to access. However, if Plaintiff needed to acquire records from a care provider or facility outside of "The Avamere Family of Companies," Plaintiff would have to take multiple additional steps including contacting that facility by phone, requesting release of patient records, and requesting that the records be faxed to his work location.

605.

Because a single computerized system was used to record Plaintiff's patient care tasks, and the time and place thereof, at each and every facility within The Avamere Family of Companies where Plaintiff performed work, Plaintiff is entitled to the inference that The Avamere Family of Companies also maintained these records of Plaintiff's work tasks and of the time, place, manner, and quality of the performance of such tasks.

606.

Plaintiff used the same software and computer applications, including but not limited to the "Point-Click Care" system and the electronic timekeeping system, at each and every



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

"Avamere" and "Signature" facility where he was assigned to work, including those of each of the defendants herein.

607.

On information and belief, Plaintiff was trained in the use of those systems and applications, as part of his employment, by an employee of Avamere Skilled Advisors LLC.

608.

On information and belief, one of the functions of Avamere Skilled Advisors LLC is to oversee and direct all nursing tasks and functions at the defendants' various facilities including providing new-hire training and orientation to nurses at each such facility.

609.

As a necessity of this function, Avamere Skilled Advisors LLC must maintain records of Plaintiff's hire, orientation, and new-hire training.

610.

On information and belief, another of the functions of Avamere Skilled Advisors LLC is to oversee compliance with health-care laws and regulations at the defendants' various facilities and to maintain records regarding compliance with such laws and regulations, which are in turn essential to the continued licensure and operation of the facilities of each and every defendant and of each and every defendants' facility and location where Plaintiff performed work.

611.

Avamere Skilled Advisors has and exercises authority to speak to the media and to the public regarding matters of health care compliance at defendants' facilities and those of other "Avamere" and / or "Signature" entities, including but not limited to those of Clackamas Rehab LLC and Laurelhurst Operations LLC, where Plaintiff was routinely assigned to work.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

612.

Avamere Skilled Advisors LLC maintained records of Plaintiff's specific work tasks and of the time, place, manner, and quality of the performance of each of his work tasks.

613.

As pled herein, Avamere Skilled Advisors LLC is effectively a division or subdivision of Avamere Health Services LLC, both of which are wholly owned and operated by Avamere Group LLC, which in turn functions as the upper management of and / or is identical with The Avamere Family of Companies.

614.

As pled herein, employees of Avamere Health Services LLC provided Plaintiff with further training on defendants' shared computer systems. Plaintiff is entitled to the inference that Avamere Health Services LLC maintains records of those trainings and of providing its training materials to Plaintiff.

615.

The Avamere Family of Companies, Avamere Group LLC, Avamere Health Services LLC, and Avamere Skilled Advisors LLC all maintained records of Plaintiff's specific work tasks and of the time, place, manner, and quality of the performance of those tasks. Those records are essential to the continued licensure and operation of each of these defendants and of each and every defendant named herein.

616.

As pled herein, defendant Avamere Health Services LLC is the payroll processor for all defendants. Avamere Health Services LLC controls the time, manner, and method of pay of the employees of every defendant, including prohibiting the payment of employees by paper check



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

and mandating that employees agree to be paid by direct deposit or other means selected by Avamere Health Services LLC.

617.

Avamere Health Services LLC maintains, controls, processes, and utilizes for payroll purposes the timekeeping records of hours worked for each employee who performs work at any Avamere / Signature facility or entity, including Plaintiff's timekeeping records, for the purpose of paying wages to all such employees, including Plaintiff. All timekeeping and wage-payment data pertinent to Plaintiff's employment with Defendants is stored and maintained on a server or other computerized system operated and controlled by defendant Avamere Health Services LLC.

618.

Plaintiff only authorized Avamere Health Services LLC to pay his wages by direct deposit.

619.

To process Plaintiff's pay, Avamere Health Services LLC would require records of Plaintiff's work time.

620.

As a necessity of its function, Avamere Health Services LLC must maintain records of Plaintiff's work time and must create and maintain records of Plaintiff's pay.

621.

Because Plaintiff only authorized Avamere Health Services LLC to pay his wages by direct deposit, and Plaintiff's wages were in fact paid by direct deposit, Plaintiff is entitled to the



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

inference that Avamere Health Services LLC created and maintained records of his wages owed, wages paid, and dates of payments.

622.

As set out elsewhere herein, Plaintiff's bank statements show that his wages were actually paid and deposited by Avamere Group.

623.

The fact that Avamere Group paid and deposited Plaintiff's wages raises the reasonable inference that Avamere Group LLC created and maintained records of Plaintiff's wages owed, wages paid, and dates of payments.

624.

As set out elsewhere herein, defendant NP2U LLC was responsible for paying Plaintiff's wages and / or authorizing the payment of Plaintiff's wages, and for processing and approving Plaintiff's raises or wage increases; and NP2U LLC did create and maintain records regarding Plaintiff's rate of pay and Plaintiff's raises and wage increases.

625.

As detailed herein, Plaintiff was enrolled in an Avamere Health Services 401k as an employment benefit, with employer-matching contributions made by The Avamere Family of Companies and /or Avamere Group LLC.

626.

As detailed herein, Plaintiff was enrolled in an Avamere Family of Companies group life insurance policy as an employment benefit.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

627.

Records related to Plaintiff's benefits were created and maintained by Avamere Group LLC and / or The Avamere Family of Companies on an "Avamere" computer system controlled and operated by one or both of those defendants.

628.

Avamere Health Services LLC, The Avamere Family of Companies, and Avamere Group LLC created and maintained records of Plaintiff's employment benefits including the value and cost of those benefits and the employer and employee contributions towards those benefits.

629.

As pled herein, defendant NP2U LLC provided Plaintiff's health insurance policy as an employment-related benefit and kept records of this benefit including the value, cost, and employer / employee contributions thereof.

630.

NP2U LLC's provision of Plaintiff's health insurance policy also raises the inference that NP2U LLC was responsible for discontinuing that insurance at Plaintiff's termination and informing him of his COBRA rights. Ergo, NP2U LLC maintained records regarding Plaintiff's termination, the discontinuation of his insurance, and his COBRA rights and remedies.

631.

As also detailed in the following section, Plaintiff's business reimbursables were paid by The Avamere Family of Companies pursuant to an Avamere Family of Companies reimbursement policy. Thus, The Avamere Family of Companies maintained records of Plaintiff's business receipts and / or reimbursable expenses. These are expected to include but



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

are not necessarily limited to mileage reimbursements for Plaintiff's travel to work at and among the various defendants' locations.

632.

As pled herein, Plaintiff were processed and approved by administrators and human resources professionals who were or who appears to have been jointly or simultaneously employed by defendants The Avamere Family of Companies, Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC. Plaintiff is entitled to the inference that each of these defendants created and / or maintained records related to Plaintiff's FMLA / OFLA requests, approval, and leave time.

633.

As pled herein, defendants Northwest Hospice LLC, NP2U LLC, Signature Coastal LLC, Signature Corvallis LLC, and Avamere Home Health Care LLC all collectively terminated, and / or held themselves out as having authority to terminate, Plaintiff's employment. Plaintiff is entitled to the inference that each of these defendants created and / or maintained records related to Plaintiff's termination.

634.

As pled herein, defendant Avamere Home Health Care LLC offered Plaintiff a pre-written severance and release agreement at Plaintiff's termination, which identified Avamere Home Health Care LLC as Plaintiff's employer, included a release of all Avamere entities, and was drafted for the signature of Bob Thomas who is the COO of The Avamere Family of Companies as well as the President of Avamere Home Health Care LLC.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

635.

Avamere Home Health Care LLC did create and maintain records related to Plaintiff's termination.

636.

Plaintiff is further entitled to the inference that The Avamere Family of Companies created and / or maintained records related to Plaintiff's termination.

637.

All the above-named entities created and maintained records of Plaintiff's hire, work time, work schedules, work tasks, pay, performance, benefits, and / or termination.

638.

All of the above-named and above-described defendants, along with all the remaining defendants, constitute part of a single integrated employer that had and exercised control over Plaintiff's employment and over all records pertaining to Plaintiff's employment.

639.

Alternatively and / or additionally, all of the above-named and above-described defendants are joint employers that had and exercised control over Plaintiff's employment and over all records pertaining to Plaintiff's employment.

640.

Alternatively and / or additionally, all of the above-named and above-described defendants acted in the interests of an employer in regards to Plaintiff and to Plaintiff's employment.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**XVII. *Employment factors addressed***

641.

Defendants, and each and all of them, acted in the interests of an employer in regards to Plaintiff and as encompassed by 29 USC 2611, in each of the particulars specified above. These include but are not limited to acting as agents for each other in regards to Plaintiff's employment; holding themselves out to Plaintiff as Plaintiff's employer; and holding themselves out to Plaintiff as having authority over his employment as well as exercising such authority.

642.

In addition and / or in the alternative, Defendants, and each and all of them, are an integrated employer under 29 CFR 825.104, as illustrated by each of the particulars specified above. As pled, Defendants and each and all of them share common management, interrelation between operations, centralized control of labor relations, and common ownership / financial control.

643.

In addition and / or in the alternative, Defendants, and each and all of them, are joint employers under 29 CFR 825.106, as illustrated by each of the particulars specified above. As pled, Defendants and each and all of them acted in the interest of the other employer(s) in relation to Plaintiff; the employers are not completely disassociated with respect to Plaintiff's employment; the employers shared control of Plaintiff, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer(s); and the employers agree to share and interchange employees including Plaintiff. Plaintiff performed work for and for the benefit of each and every defendant. All defendants participated in supervising and directing Plaintiff's day-to-day employment; providing work equipment to



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Plaintiff; imposing employment policies on Plaintiff; and creating and maintaining Plaintiff's employment records. Furthermore, as pled, Plaintiff's employment for Defendants had permanence and was integral to each and every defendants' business.

**BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS**

644.

At all material times, all Defendants employed Plaintiff in Oregon.

645.

Plaintiff began working for Defendants in or around 2016.

646.

Defendants employed Plaintiff as a licensed practical nurse ("LPN").

647.

Plaintiff's "home" work location was in Tigard, Oregon, but he was frequently and routinely reassigned and / or transferred to various other "Avamere" locations as pled herein.

648.

Defendants employed Plaintiff as an at-will employee.

649.

Defendants did not contract with Plaintiff to work for any specific period of time.

650.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

651.

Defendants, collectively and individually, are subject to the Family Medical Leave Act (FMLA), 29 USC 2601 *et. seq*.

652.

Defendants, collectively and individually, are subject to the Oregon Family Leave Act (OFLA), ORS 659A.150 *et. seq*.

653.

During the course of Plaintiff's employment, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

654.

Defendants agreed to pay Plaintiff at the hourly rate of $27.00.

655.

As part of his employment, Defendants also provided Plaintiff with job-related "benefits" including but not limited to health insurance, vision and dental insurance, short-term disability insurance, life insurance, and a 401k with employer-matching funds.

656.

Plaintiff's employment for Defendants ended on February 7, 2019.

657.

Defendants fired Plaintiff, unilaterally ending the employment relationship.

## FIRST CLAIM FOR RELIEF

(Violations of FMLA)

658.

Plaintiff re-alleges all paragraphs as if fully restated herein.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

659.

At all times material, Defendants were covered employer(s) under FMLA.

660.

At all times material, Plaintiff was a covered / eligible employee under FMLA.

661.

Plaintiff suffers from a serious health condition that can and has impeded his abilities to walk and move, and for which his doctor has periodically proscribed periods of bed rest and / or relief from work duties.

662.

Beginning in or around December 2017, Plaintiff requested intermittent leave under FMLA.

663.

Defendants initially approved Plaintiff's request for use of intermittent leave under FMLA, and pursuant to FMLA, Plaintiff used 2-3 weeks of protected leave time in 2018.

664.

Plaintiff renewed his request for intermittent FMLA leave on or around January 2, 2019.

665.

Plaintiff was actively using his intermittent FMLA leave in late 2018 and early 2019. Plaintiff used FMLA leave on January 21, 2019, as well as on dates proximate to that.

666.

On or around February 7, 2019, Defendants terminated Plaintiff.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

667.

Defendants claimed that Plaintiff's employment was being terminated because his position was being eliminated.

668.

Defendants employ a large number of LPNs at sites and facilities throughout Oregon.

669.

At the time Defendants terminated Plaintiff's employment, Defendants were actively hiring and recruiting throughout the state of Oregon, including in Tigard and in Multnomah, Washington, and Clackamas counties, for LPN positions and for other positions comparable to that held by Plaintiff.

670.

Less than a week after Plaintiff was fired, "Signature" (which identified itself as Plaintiff's employer on multiple documents) began running an advertisement to hire an LPN (which was Plaintiff's job) at the Tigard location (where Plaintiff was often and / or principally assigned) and directing applicants to contact Ms. Samantha Bennett (who is the same recruiter that recruited Plaintiff for that same job).

671.

In the weeks immediately following the termination of Plaintiff's employment, Defendants continued to actively hire and recruit throughout the state of Oregon, including in Tigard and in Multnomah, Washington, and Clackamas counties, for LPN positions and for other positions comparable to that held by Plaintiff.

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

672.

Defendants fired Plaintiff based in part or in whole on Plaintiff's request for and / or use of approved intermittent protected leave time pursuant to FMLA.

673.

Defendants failed and refused to restore Plaintiff to his position, in violation of FMLA.

674.

Defendants failed and refused to restore Plaintiff to a substantially equivalent position although such positions were available, in violation of FMLA.

675.

Defendants have a pattern and practice of retaliating against employees who take protected leave time.

676.

The above-described actions by Defendants constitute unlawful interference with Plaintiff's use of protected leave time under FMLA, in violation of FMLA.

677.

The above-described actions by Defendants constitute retaliation against Plaintiff in violation of FMLA.

678.

As a result of Defendants' violations of FMLA, Plaintiff has suffered damages including the loss of pay and benefits in an amount to be determined after discovery is complete, but estimated at not less than $56,160.00 per year. Plaintiff reserves the right to amend his Complaint to conform with the evidence at trial.

///



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

679.

As a result of Defendants' violations of FMLA, Plaintiff is due all available remedies under 29 USC 2617, including his lost wages and benefits, liquidated damages, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

680.

Plaintiff seeks all available remedies under 29 USC 2617, including his lost wages and benefits, liquidated damages, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

## SECOND CLAIM FOR RELIEF

(Violations of OFLA)

681.

Plaintiff re-alleges all paragraphs as if fully restated herein.

682.

At all times material, Defendants were covered employer(s) under OFLA.

683.

At all times material, Plaintiff was a covered / eligible employee under OFLA.

684.

As set out above, Defendants failed and refused to restore Plaintiff to his position, in violation of OFLA.

685.

As set out above, Defendants failed and refused to restore Plaintiff to a substantially equivalent position although such positions were available, in violation of OFLA.



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

686.

The above-described actions by Defendants constitute unlawful interference with Plaintiff's use of protected leave time under OFLA, in violation of OFLA.

687.

The above-described actions by Defendants constitute retaliation against Plaintiff in violation of OFLA.

688.

As a result of Defendants' violations of OFLA, Plaintiff has suffered damages including the loss of pay and benefits in an amount to be determined after discovery is complete, but estimated at not less than $56,160.00 per year. Plaintiff reserves the right to amend his Complaint to conform with the evidence at trial.

689.

As a result of Defendants' violations of OFLA, Plaintiff is due all available remedies under ORS 659A.885, including his lost wages and benefits, interest on all amounts pursuant to ORS 82.010, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

690.

Plaintiff seeks all available remedies under ORS 659A.885, including his lost wages and benefits, interest on all amounts, costs and attorney fees, and any other equitable remedy deemed appropriate by the Court.

///

///



**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**WHEREFORE, Plaintiff demands judgment from Defendants:**

**On Plaintiff's claim for violations of FMLA:**

1. Lost wages and benefits pursuant to 29 USC 2617 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
2. Liquidated damages pursuant to 29 USC 2617 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
3. Interest on all amounts pursuant to 29 USC 2617.
4. Costs and attorney fees pursuant to 29 USC 2617.
5. All equitable relief deemed appropriate by the Court pursuant to 29 USC 2617.

**On Plaintiff's claim for violations of OFLA:**

1. Lost wages and benefits pursuant to ORS 659A.885 in an amount to be determined after discovery is complete, but estimated at not less than $112,320.00.
2. Interest on all amounts pursuant to ORS 82.010.
3. Costs and attorney fees pursuant to ORS 659A.885.
4. All equitable relief deemed appropriate by the Court pursuant to ORS 659A.885.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: April 20, 2020.

s/ Leslie E. Baze
LESLIE E. BAZE, OSB 103326, WSB 45781
lbaze@wageclaim.org
Attorney for Plaintiff



SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763