IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASEY COVELLI**, | Case No. 3:19-cv-486-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **AVAMERE HOME HEALTH CARE, LLC**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation ("F&R") in this case on June 22, 2020. ECF 86. Judge Russo recommended that the Court grant in part and deny in part Defendants' motion to dismiss with prejudice Plaintiff's Third Amended Complaint ("TAC") as to all named Defendants except Northwest Hospital LLC and Avamere Home Healthcare. *See id.*; *see also* ECF 79 at 1 (explaining that "Defendants do not seek to dismiss Defendant Northwest Hospice LLC ("NWH") or Defendant Avamere Home Health Care ("AHHC") on this motion."). Specifically, Judge Russo recommended that the Court grant the motion to dismiss with prejudice as to Defendants Avamere Family of Companies, Avamere

PAGE 1 – ORDER

Group, Avamere Health Services, Avamere Skilled Advisors, NP2U, Signature Coastal, and Signature Corvallis.

Judge Russo, however, did not recommend *prejudicial* dismissal as to Defendants Avamere Bethany Operations, Avamere Lake Oswego Investors, Avamere Sherwood Operations, Avamere Stafford Operations, Avamere St. Helens Operations, Beaverton Rehab & Specialty Care, Clackamas Rehabilitation, Crestview Operations, Genesis Newberg Operations, Keizer Campus Operations, Keizer River Operations, King City Rehab, Laurelhurst Operations, Mountain View Rehab, or Sunnyside Operations. Instead, Judge Russo recommends allowing Plaintiff a further opportunity to remedy the defects of the TAC as to these Defendants. Plaintiff timely objected to portions of the F&R (ECF 88), and Defendants timely responded (ECF 89). The Court has reviewed these documents.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). In addition, for those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act

"does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The Court has reviewed de novo the Findings and Recommendation of Judge Russo (ECF 86) and ADOPTS them. Regarding the Motion to Dismiss with prejudice Plaintiff's TAC as to all named Defendants except NWH and AHHC (ECF 79), the Court DENIES the motion as to Defendants Avamere Bethany Operations, Avamere Lake Oswego Investors, Avamere Sherwood Operations, Avamere Stafford Operations, Avamere St. Helens Operations, Beaverton Rehab & Specialty Care, Clackamas Rehabilitation, Crestview Operations, Genesis Newberg Operations, Keizer Campus Operations, Keizer River Operations, King City Rehab, Laurelhurst Operations, Mountain View Rehab, and Sunnyside Operations. Plaintiff cites several cases discussing the allegations necessary to support FMLA claims but does not discuss any cases describing the allegations necessary to support the predicate joint theory of employment, which was the area of deficiency identified by Judge Russo.

Accordingly, within 14 days from the date of this Order, Plaintiff may file a fourth amended complaint remedying the defects Judge Russo identified as to those Defendants. Plaintiff need not "recall the dates and shift hours of each and every occurrence of what he pleads were 'frequent and routine' transfers over a nearly three-year course of employment." ECF 88 at 26. That is especially true because Plaintiff does not allege that he worked at each named facility for a discrete block of time before moving on to the next facility—he alleges that he "was routinely transferred or reassigned between and among the various facilities . . . as often as several times per week." ECF 88 at 27. It is, of course, not realistic to expect Plaintiff to keep

track of every alleged transfer. To remedy the defects, Plaintiff need only outline the "*approximate* duration and frequency of his temporary shift(s) with each named facility" such that the Court can distinguish among those facilities at which Plaintiff spent the most cumulative time working and those at which he worked only once or twice. ECF 86 at 20 (emphasis added).

The Court GRANTS IN PART Defendants' Motion to Dismiss. ECF 79. As to Defendants Avamere Family of Companies, Avamere Group, Avamere Health Services, Avamere Skilled Advisors, NP2U, Signature Coastal, and Signature Corvallis, the Court GRANTS WITH PREJUDICE the motion to dismiss these seven defendants. As to Defendants Avamere Bethany Operations, Avamere Lake Oswego Investors, Avamere Sherwood Operations, Avamere Stafford Operations, Avamere St. Helens Operations, Beaverton Rehab & Specialty Care, Clackamas Rehabilitation, Crestview Operations, Genesis Newberg Operations, Keizer Campus Operations, Keizer River Operations, King City Rehab, Laurelhurst Operations, Mountain View Rehab, and Sunnyside Operations, the COURT GRANTS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND the motion to dismiss these 15 defendants.

**IT IS SO ORDERED**.

DATED this 24th day of August, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER