IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASEY COVELLI**, | Case No. 3:19-cv-486-JR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **AVAMERE HOME HEALTH CARE LLC**, *et al.*, | |
| Defendants. | |

David A. Schuck and Leslie E. Baze, SCHUCK LAW, LLC, 208 E 25th Street, Vancouver, WA 98663. Of Attorneys for Plaintiff.

William E. Gaar and Jillian Pollock, Buckley Law, P.C., 5300 Meadows Road, Suite 200, Lake Oswego, OR 97035. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

This Court previously adopted the findings and Recommendation of United States Magistrate Judge Jolie A. Russo, recommending that the Court grant Defendants' motion to dismiss Plaintiff's Third Amended Complaint ("TAC") of all named Defendants except Northwest Hospital LLC and Avamere Home Healthcare LLC. The Court dismissed Plaintiff's claims with prejudice against Defendants Avamere Family of Companies, Avamere Group LLC

PAGE 1 – OPINION AND ORDER

, Avamere Health Services LLC, Avamere Skilled Advisors LLC, NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC and without prejudice against Defendants Avamere Bethany Operations LLC, Avamere Lake Oswego Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, and Sunnyside Operations LLC. Plaintiff filed a motion for leave to file an interlocutory appeal under 28 U.S.C. § 1292(b), or, alternatively, for a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

Judge Russo summarily denied Plaintiff's motion the day it was filed. Plaintiff filed objections and Judge Russo referred Plaintiff's objections to the undersigned for review. Defendants responded to Plaintiff's objections.

The Court construes Plaintiff's motion for interlocutory appeal as a motion for reconsideration of the Court's order granting Defendants' motion to dismiss. Plaintiff raises two primary arguments: (1) that his allegations in the Third Amended Complaint are sufficient at this stage of the litigation to show that the many alleged Defendants fall within the definition of a joint or integrated employer as that term is used under the Family Medical Leave Act (FMLA) to defeat Defendants' Rule 12(b)(6) motion or to warrant limited discovery; and (2) that he has adequately alleged that The Avamere Family of Companies is an unincorporated entity and may sue such an entity under both Oregon and federal law.

**A.  Joint or Integrated Employer**

Plaintiff argues that under the FMLA the Court may consider different corporate entities other than the direct employer of Plaintiff to be his employer if those other entities meet either

PAGE 2 – OPINION AND ORDER

the "joint employer" or "integrated employer" tests. Plaintiff alleges that all Defendants meet one or both tests.

### 1. Integrated Employer

This Court originally rejected Plaintiff's assertions that he sufficiently alleged the "integrated employer" test because the Court determined that both the joint employer and the integrated employer tests require proof of the "day-to-day control that the putative employer has over employees." The Court found that Plaintiff failed to allege that the dismissed Defendants had the requisite control over Plaintiff.

Upon further consideration, the Court finds that day-to-day control over employees applies to the "joint employer" test but not the integrated employer test. 29 C.F.R. § 825.104(c)(1). The integrated employer test requires considering the totality of the circumstances, with consideration of at least four factors: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership and financial control. 29 C.F.R. § 825.104(c)(2). No single factor is dispositive and all need not be present to find integrated employment. *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 428 (6th Cir. 2014). The Ninth Circuit has not determined whether in the FMLA context a court should weigh any single factor more heavily than another. The First and Sixth Circuits weigh all factors equally in FMLA cases, even though in employment discrimination cases courts give control of labor relations more weight. *See, e.g.*, *Id.*; *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 5 (1st Cir. 2006).

The Ninth Circuit has not discussed what "control of labor relations" means in the FMLA context. In considering this term in the context of reviewing a decision by the National Labor Relations Board under labor law, however, the Ninth Circuit concluded that "[t]he fact that day-to-day control of labor relations at the 'worker level' is left in the hands of [local] system

PAGE 3 – OPINION AND ORDER

managers is not dispositive. Where the major labor policy decisions are made by a central authority, the Board may reasonably find that the criterion of centralized control of labor relations has been met." *N.L.R.B. v. Carson Cable TV*, 795 F.2d 879, 883-84 (9th Cir. 1986) (citation omitted); *see also N.L.R.B. v. Don Burgess Const. Corp.*, 596 F.2d 378, 385-86 (9th Cir. 1979) (affirming the NLRB's finding of centralized control of labor relations because one entity "made the policy decision[s] regarding labor relations for both respondents," even though the entities were "managed separately at the worker level").

For the control of labor relations factor of the integrated employer test, the focus is on whether "employment relations, *as a whole*, are interrelated." *Grace v. USCAR*, 521 F.3d 655, 665 (6th Cir. 2008) (emphasis in original). "The fundamental inquiry is whether there exists overall control of critical matters at the policy level, not whether there is control over day-to-day labor decisions." *Alcoa, Inc. v. Nat'l Labor Relations Bd.*, 849 F.3d 250, 258 (5th Cir. 2017) (quotation marks omitted). Thus, control of labor *relations* is different from day-to-day control over *employees*.[1] *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 156 (2d Cir. 2014) ("And the plaintiff need not demonstrate that the parent company exercises 'day-to-day control' over labor relations."); *accord Torres-Negron v. Merck & Co., Inc.*, 488 F.3d 34, 43 (1st Cir. 2007) (affirming that the plaintiff raised issues of fact on the employer status of a direct employer subsidiary who engaged in the day-to-day supervision of the employee and the integrated employer status of the parent and one other subsidiary because the parent company "established company-wide human resources and personnel policies applicable to all its subsidiaries," and the

---

[1] Some cases, particularly in the Title VII context, had included such a requirement. *See, e.g., Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1363 (10th Cir. 1993) ("To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary."). The weight of authority, however, particularly recent authority, does not apply the requirement of day-to-day supervision to the integrated employer test, as in the cases discussed in this Opinion and Order.

other subsidiary paid the employee, provided her benefits, and retained the power to terminate her).

In considering the centralized labor relations factor of the integrated employer test, there are many examples in the FMLA context of courts finding an issue of fact[2] when the record did not have evidence of day-to-day control. In *Grant v. City & County of San Francisco*, the fact that the direct employer and the disputed entity shared a human resources director and that an employee of the disputed entity processed FMLA leave requests for both entities was sufficient evidence of centralized labor relations to defeat a motion for summary judgment. 2018 WL 2331907, at *2 (N.D. Cal. May 23, 2018). In *Dodge v. JCJL Enterprises, Inc.*, the court denied summary judgment, finding an issue of fact on the factor of centralized control of labor relations because the two majority owners of the business had control over all five business entities, they hired an attorney to draft identical employee handbooks for all the entities, and they had "final say" in termination decisions for all the entities. 2016 WL 4211895, at *4 (D. Or. Aug. 9, 2016).

In *Demyanovich*, the Sixth Circuit reversed the district court and held that issues of fact precluded summary judgment on the employee's FMLA interference claim in part because there was a genuine dispute over whether the direct employer and the putative employer were integrated employers. 747 F.3d at 428-29. In reaching this conclusion, the Sixth Circuit held that factual issues existed about the factor of centralized control of labor relations because the record showed that: (a) the human resources manager was an employee of the putative employer and employees of the direct employer consulted with her on employment matters; and (b) the human

---

[2] Most cases disputing the status of putative employers arise in the context of motions for summary judgment, not at the pleading stage.

PAGE 5 – OPINION AND ORDER

resources manager represented the direct employer in collective bargaining negotiations. *Id.* at 428.

In *Schubert v. Bethesda Health Grp., Inc.*, a case involving a plaintiff who was a nurse working in an assisted living facility, the court found issues of fact relating to the integrated employer test with respect to the direct employer and its affiliate, the putative employer. 319 F. Supp. 2d 963 (E.D. Mo. 2004). In *Schubert*, the nurse worked first at the putative employer (BHGI) and then at the direct employer (BLTCI), an affiliated entity, where the plaintiff worked at the time of termination. *Id.* at 968. The court noted that the plaintiff's supervisor was a BLTCI employee and that BLTCI had its own human resources manager during the plaintiff's employment, who had the authority to terminate the plaintiff. *Id.* Nonetheless, in evaluating the factor of control over labor relations, the court found the following evidence sufficient to defeat summary judgment: (a) after the plaintiff's termination, a human resources employee of BHGI, the disputed entity, investigated the "situation" and concluded nothing improper occurred and that the plaintiff's termination date should remain the same; (b) when the plaintiff started work at BLTCI, after leaving BHGI, her employment forms were still BHGI employment forms and not BLTCI employment forms; (c) when the plaintiff was working at BLTCI, her W-2 Wage and Tax Statement listed her employer as BHGI and not BLTCI; and (d) the employee handbook given to the plaintiff when she went to work at BLTCI was labeled BHGI and referenced BHGI and its affiliates. *Id.* Thus, even though the court found that BLTCI had control over *the plaintiff* and the authority to terminate her, the court nonetheless found sufficient evidence of BHGI's control over *labor relations* to deny its motion for summary judgment. *Id.*

The Court also is persuaded by the discussion in *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1 (1st Cir. 2006). The court in *Engelhardt* examined the integrated employer rule in the

PAGE 6 – OPINION AND ORDER

context of the FMLA. *Id.* at 4-6. The court expressed concerns about entities breaking into smaller segments to avoid the requirements imposed under laws protecting employees. *Id.* at 5-6. The court described indications of an integrated employment structure, such as shared officers and directors between entities, common managers, interrelated operations, shared headquarters, shared human resources, shared record keeping, and work sites that perform the same functions. *Id.* at *7.

Because the Magistrate Judge and this Court previously applied the incorrect legal standard for the factor of control over labor relations and found that factor dispositive, Plaintiff's motion to reconsider on this ground is granted. Having reconsidered and determined the correct legal standard for the factor of control over labor relations, the allegations in Plaintiff's Third Amended Complaint need to be considered under the four factors of the integration test. The Court leaves for Judge Russo the performance of this analysis in the first instance.

### 2. Joint Employer

Plaintiff argues that the Court erroneously granted the motion to dismiss of Defendants Avamere Bethany Operations, Avamere Lake Oswego Investors, Avamere Sherwood Operations, Avamere Stafford Operations, Avamere St. Helens Operations, Beaverton Rehab & Specialty Care, Clackamas Rehabilitation LLC, Crestview Operations, Genesis Newberg Operations, Keizer Campus Operations, Keizer River Operations, King City Rehab, Laurelhurst Operations, Mountain View Rehab, and Sunnyside Operations on Plaintiff's joint employer theory. Plaintiff alleges in the Third Amended Complaint that he worked at these entities "routinely and frequently" and "several times per week." He further alleges that he worked at these facilities for "full or extended shifts." The Court previously found these allegations insufficient because Plaintiff did not identify with any detail how long he worked at any particular entity—one hour or one day or three shifts per week. The Court granted Plaintiff leave

PAGE 7 – OPINION AND ORDER

to amend, however, and required Plaintiff to allege the approximate duration and frequency that he worked at each entity.

Plaintiff argues that the allegations in his Third Amended Complaint are sufficient at this stage of the litigation and that he should not have to allege with more specificity the dates and times that he worked at which entity, particularly because those records are in the Defendants' possession. At a minimum, Plaintiff argues, he should be entitled to limited discovery from Defendants about his employment records if the Court will require this type of detailed allegation.

The Court agrees and grants Plaintiff's motion for reconsideration on the issue of limited discovery. Defendants shall produce to Plaintiff within 30 days of this Opinion and Order enough records from Plaintiff's employment file, to the extent such records are in the possession, custody, or control of Defendants, to show at which entities Plaintiff worked and when, throughout the duration of Plaintiffs' employment. Plaintiff will not have to file his Fourth Amended Complaint containing the more detailed allegations until after Plaintiff receives this discovery from Defendants.

**B. Unregistered Entity**

Plaintiff argues that the Magistrate Judge erroneously relied on the "dissenting opinion of a single judge" to reject Plaintiff's argument that he can sue an *unregistered* entity and ignored the legal authority cited by Plaintiff, and that this Court erroneously adopted that recommendation. Judge Russo quoted the partial concurrence and partial dissent in *American Federation of Teachers-Oregon, AFT, AFL-CIO v. Oregon Taxpayers United PAC*, 2018 Or. App. 350, *adhered to on reconsideration*, 209 Or. App. 518 (2008), which stated:

> Moreover, the trial court's judgment in paragraph 4 dissolves OUT-EF. As the majority points out, defendants do not assign that provision of the judgment as error, and, therefore, for purposes of

PAGE 8 – OPINION AND ORDER

> appeal, it constitutes a final judgment. Because, under the judgment, OUT-EF is adjudicated to no longer exist as a legal entity, it cannot be a "defendant" subject to future injunctive relief.

*Id.* at 402.

Plaintiff mainly relies on the Oregon and Federal Rules of Civil Procedure.[3] Plaintiff cites Oregon Rule of Civil Procedure 26B:

> Any partnership or other unincorporated association, whether organized for profit or not, may sue in any name which it has assumed and be sued in any name which it has assumed or by which it is known. Any member of the partnership or other unincorporated association may be joined as a party in an action against the partnership or unincorporated association.

Plaintiff also cites Oregon Rule of Civil Procedure 67E:

> Judgment in an action against a partnership or unincorporated association that is sued in any name that it has assumed or by which it is known may be entered against that partnership or association and shall bind the joint property of all of the partners or associates.

Further, Plaintiff cites Federal Rule of Civil Procedure 17(b)(3)(A). This rule, the same as Oregon's rule, governs an "unincorporated association" and not an unregistered entity.

The authorities cited by Plaintiff do not support his argument. The problem is that Plaintiff is conflating "unregistered" and "unincorporated." The cited Oregon Rules of Civil Procedure do not assist Plaintiff because they do not necessarily relate to unregistered entities. They relate to "unincorporated" defendants, which are not the same. For example, a limited liability company (LLC) is not incorporated, and is thus an "unincorporated association." *See Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) ("The

---

[3] Plaintiff also cites *Parada v. MJ's Labor Servs., Inc.*, 2019 WL 4145224, at *8 (D. Or. Aug. 30, 2019). This case does not support Plaintiff's argument, however, because it merely found a factual issue about whether the plaintiff could pursue a claim that the plaintiff was entitled to the costs incurred to determine the true name of the unregistered entity.

PAGE 9 – OPINION AND ORDER

citizenship of non-incorporated entities like limited liability companies depends on the citizenship of their members.").

Unregistered entities are governed under Oregon's Assumed Business Name Act, Oregon Revised Statutes (ORS) §§ 648.005, *et seq*. Under these provisions, a person must register an assumed business name in order to conduct business in that assumed name. ORS § 648.007. An unregistered entity may not maintain "a cause of action for the benefit of the business." ORS § 648.135(1). Thus, contrary to Plaintiff's argument, Oregon Rule of Civil Procedure 26B's provision allowing an *unincorporated* entity to file suit in "any name it has assumed" cannot apply to *unregistered* entities or it would directly contradict this statutory provision. And there is no indication that the first part of the sentence of Rule 26B (allowing entities to file suit) is meant to apply differently than the second part of the sentence (allowing entities to be sued). Additionally, ORS § 648.135(2) provides for statutory damages of $500 or actual costs that "the plaintiff reasonably incurred to ascertain the real and true name of the defendant" when a cause of action arises out of business the defendant conducted as an unregistered entity in violation of the ABNA. *See also Knit Pearl, LLC v. Shibui, LLC*, 2006 WL 8458984, at *14 (D. Or. Oct. 17, 2006) ("The ABNA strips persons who fail to comply with ORS 647.007 of standing to pursue any cause of action for the benefit of the business before Oregon courts (ORS 648.135(1)) and allows the recovery of $500 or actual costs to plaintiffs who incurred expenses to ascertain the real and true name of the defendant in actions arising out of the business carried on in violation of ORS 648.007 (ORS 648.135(2)).").

Under these authorities, a plaintiff may sue an unregistered entity only until a plaintiff realizes the entity is unregistered and a plaintiff then must determine the "real and true" name of the defendant. The plaintiff may recover costs associated with obtaining that real and true name.

Plaintiff offers no allegation supporting that there is a different "real and true" name for The Avemere Family of Companies other than any of the registered entities currently named in the Third Amended Complaint, including Avamere Group LLC. Indeed, Plaintiff alleges Avamere Group LLC is the "ultimate owner, manager, and operator of all Defendants" and is "the ultimate operator and management of The Avamere Family of Companies." Thus, there is no need for Plaintiff to name the unregistered entity because Plaintiff has already named the "real and true" defendant, based on Plaintiff's own allegations.

Plaintiff's motion under Federal Rule of Civil Procedure 17(b)(3)(A) suffers from the same deficiency. *Accord Ferguson v. Smith*, 2018 WL 3733665, at *6 (D. Or. July 18, 2018), *report and recommendation adopted*, 2018 WL 3732657 (D. Or. Aug. 6, 2018) (rejecting argument that alleged "unregistered conglomeration of [automobile dealership] entities" is proper legal entity when the defendant owner "has stated under penalty of perjury that Smith Auto is not an entity and is merely a marketing name"). Plaintiff's motion to reconsider his naming of an unregistered entity under Oregon and federal law is denied, as his request for a §1292(b) certification or Rule 54(b) partial judgment on this issue.

## C. Conclusion

The Court declines to adopt the Findings and Recommendation (ECF 93) denying Plaintiff's motion for leave to file an interlocutory appeal. Instead, the Court construes Plaintiff's motion for leave to file an interlocutory appeal (ECF 91) as a motion for reconsideration and GRANTS IN PART AND DENIES IN PART that motion. The Court grants reconsideration of Plaintiff's claim that Defendants' acted as an integrated employer and refers Defendants' Motion to Dismiss (ECF 79) to Magistrate Judge Russo to consider under the clarified legal standard for what constitutes control of labor relations and the remaining factors of the integrated employer test. The Court grants reconsideration of Plaintiff's request for limited discovery about his work

PAGE 11 – OPINION AND ORDER

schedule and for documents sufficient to reflect in which locations Plaintiff worked during his employment with Defendants, as explained in this Opinion and Order. The Court denies reconsideration of Plaintiff's assertion that under the circumstances of this case he may sue The Avamere Family of Companies, an unregistered entity.

**IT IS SO ORDERED.**

DATED this 2nd day of November, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge