William E. Gaar, OSB No.890464
weg@buckley-law.com
Jillian Pollock, OSB No.072494
jp@buckley-law.com
BUCKLEY LAW, P.C.
5300 Meadows Road, Ste. 200
Lake Oswego, OR 97035
Phone: 503-620-8900
Fax: 503-620-4878
*Of Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**CASEY COVELLI**, an individual,

Plaintiff,

vs.

**AVAMERE GROUP LLC**, an Oregon LLC, dba "The Avamere Family of Companies" (an unregistered name); **AVAMERE HEALTH SERVICES LLC**, an Oregon LLC; **AVAMERE HOME HEALTH CARE LLC**, an Oregon LLC**; AVAMERE BETHANY OPERATIONS LLC**, an Oregon LLC; **AVAMERE LAKE OSWEGO OPERATIONS INVESTORS LLC**, an Oregon LLC; **AVAMERE SHERWOOD OPERATIONS LLC**, an Oregon LLC; **AVAMERE SKILLED ADVISORS LLC**, an Oregon LLC; **AVAMERE STAFFORD OPERATIONS LLC,** an Oregon LLC; **AVAMERE ST. HELENS OPERATIONS**

Case No. 3:19-cv-00486-JR

**ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT**

**LLC**, an Oregon LLC; **BEAVERTON REHAB & SPECIALTY CARE LLC,** an Oregon LLC; **CLACKAMAS REHABILITATION LLC**, an Oregon LLC; **CRESTVIEW OPERATIONS LLC**, an Oregon LLC; **GENESIS NEWBERG OPERATIONS LLC**, an Oregon LLC; **KEIZER CAMPUS OPERATIONS LLC**, an Oregon LLC; **KEIZER RIVER OPERATIONS LLC**, an Oregon LLC; **KING CITY REHAB LLC**, an Oregon LLC; **LAURELHURST OPERATIONS LLC**, an Oregon LLC; **MOUNTAIN VIEW REHAB LLC**, an Oregon LLC; **NORTHWEST HOSPICE LLC**, an Oregon LLC; **SUNNYSIDE OPERATIONS LLC**, an Oregon LLC,

Defendants.

COMES NOW Defendants Avamere Group LLC, an Oregon LLC, dba "The Avamere Family of Companies" (an unregistered name), Avamere Health Services LLC, Avamere Home Health Care LLC, Avamere Bethany Operations LLC, Avamere Lake Oswego Operations Investors LLC, Avamere Sherwood Operations LLC, Avamere Skilled Advisors LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, Northwest Hospice LLC, and, Sunnyside Operations LLC (sometimes referred to collectively as "Defendants" herein) and, in response to the specific allegations of Plaintiff's Fourth Amended Complaint, respond as follows:



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

**PARTIES AND JURISDICTION**

1.

In response to the allegations in paragraph 1, Defendants admit that each one of them is a separate limited liability company duly established under Oregon law. Defendants admit that the term "Avamere Family of Companies" is not a registered entity or a registered business name in the State of Oregon. As further answer, this Court has previously found that the "Avamere Family of Companies" is not a properly named defendant under federal or Oregon state law and is therefore not a party to this lawsuit.

2.

As to the allegations in paragraph 2, Defendants admit that "Signature Healthcare at Home" is an assumed business name registered with the Oregon Secretary of State by Defendant Northwest Hospice LLC and Defendant Avamere Home Health Care LLC. Defendants admit that "Signature Home Health and Home Care" is an assumed business name registered with the Oregon Secretary of State by Defendant Avamere Home Health Care LLC. Defendants admit that "Signature Hospice" is an assumed business name registered with the Oregon Secretary of State by Defendant Northwest Hospice LLC. Except as so admitted, Defendants deny the allegations in paragraph 2.

3.

The allegations in paragraph 3 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

4.

As to the allegations in paragraph 4, Defendant Northwest Hospice LLC and Dependent Avamere Home Health Care LLC admit that they are each a registrant of the assumed business name "Signature Healthcare at Home" in Oregon. NP2U, Signature Coastal LLC, and Signature Corvallis LLC are not parties to this lawsuit and therefore no answer is required of them. Any remaining allegations are denied.

5.

The allegations in paragraph 5 are admitted.

6.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding information from the "website npidb.org" and therefore denies the allegations in paragraph 6.

7.

Defendants deny the allegations in paragraph 7.

8.

Defendants admit the allegations in paragraph 8.

9.

As to the allegations in paragraph 9, Defendant Northwest Hospice LLC admits that it employed Plaintiff Casey Covelli ("Plaintiff") in the State of Oregon and admits that Plaintiff's claims herein arose out of Plaintiff's employment with Northwest Hospice LLC. The remaining Defendants deny that they employed Plaintiff at any time. All remaining allegations in paragraph 9 are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

10.

As to paragraph 10, Defendants admit that Plaintiff's complaint was removed to this Court from the Multnomah County Circuit Court. Defendant Northwest Hospice LLC admits that Plaintiff's claims arose out of Plaintiff's employment with Northwest Hospice LLC in the State of Oregon. The remaining Defendants deny that they employed Plaintiff at any time. The remaining allegations state legal conclusions for which no answer is required.

**SUMMARIES OF DEFENDANTS' ROLES AND COMMONALITIES**

11.

The allegations in paragraph 11 and in each subpart (a) through (av), which purport to summarize allegations against Defendant Avamere Group LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 11 and its unique subparts reference written documents, Defendants each state that such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 11 and in each subpart (a) through (av) are denied.

12.

The allegations in paragraph 12 and in each subpart (a) through (z), which purport to summarize allegations against Defendant Avamere Health Services LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 12 and its unique



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 12 and in each subpart (a) through (z) are denied.

13.

The allegations in paragraph 13 and in each subpart (a) through (x), which purport to summarize allegations against Defendant Avamere Skilled Advisors LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 13 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 13 and in each subpart (a) through (x) are denied.

14.

The allegations in paragraph 14 and in each subpart (a) through (ae), which purport to summarize allegations against Defendant Avamere Home Health Care LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 14 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. As to subpart (d), Defendant Avamere Home Health Care LLC admits that it is the registrant of the assumed business name "Signature Home


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Health and Home Care." As to subpart (e), Defendant Avamere Home Health Care admits it is a registrant of the assumed business name "Signature Healthcare at Home." All remaining factual allegations in paragraph 14 and in each subpart (a) through (ae) are denied.

15.

As to the allegations made against Defendant Northwest Hospice LLC in paragraph 15, Defendant Northwest Hospice LLC answers the unique subparts labeled (a) through (aa) as follows: The allegations in subparts (a) through (v) state legal conclusions to which no response is required. To the extent a response is required to the allegations in subparts (a) through (v), those allegations are denied. As to the allegations in subpart (w), Defendant Northwest Hospice LLC admits that it exercised authority over Plaintiff's work schedules. As to the allegations in subpart (x), Defendant Northwest Hospice LLC admits that it maintained records of Plaintiff's work time. As to the allegations in subparts (y) and (aa), Defendant Northwest Hospice LLC admits that it identified itself as Plaintiff's employer and that it employed Plaintiff at all times. As to the allegations in (z), Defendant Northwest Hospice LLC admits that its name was on Plaintiff's payroll and other pay-related documents. All remaining allegations in subparts (w) through (aa) are denied. Except as expressly admitted herein, each and every allegation in paragraph 15 and in each unique subpart thereto are denied.

16.

The allegations in paragraph 16 and in each subpart (a) through (q), which purport to summarize allegations against Defendant Avamere Bethany Operations LLC, state legal

conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 16 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 16 and in each subpart (a) through (q) are denied.

17.

The allegations in paragraph 17 and in each subpart (a) through (u), which purport to summarize allegations against Defendant Avamere Oswego Investors LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 17 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 17 and in each subpart (a) through (u) are denied.

18.

The allegations in paragraph 18 and in each subpart (a) through (q), which purport to summarize allegations against Defendant Avamere Sherwood Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 18 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

deny the allegations contained therein. All factual allegations in paragraph 18 and in each subpart (a) through (q) are denied.

19.

The allegations in paragraph 19 and in each subpart (a) through (q), which purport to summarize allegations against Defendant Avamere Stafford Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 19 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 11 and in each subpart (a) through (q) are denied.

20.

The allegations in paragraph 20 and in each subpart (a) through (r), which purport to summarize allegations against Defendant Avamere St. Helens Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 20 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 20 and in each subpart (a) through (r) are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

21.

The allegations in paragraph 21 and in each subpart (a) through (q), which purport to summarize allegations against Defendant Beaverton Rehab & Specialty Care LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 21 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 21 and in each subpart (a) through (q) are denied.

22.

The allegations in paragraph 22 and in each subpart (a) through (u), which purport to summarize allegations against Defendant Clackamas Rehabilitation LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 22 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 22 and in each subpart (a) through (u) are denied.

23.

The allegations in paragraph 23 and in each subpart (a) through (s), which purport to summarize allegations against Defendant Crestview Operations LLC, state legal conclusions to which no response is required. To the extent a response is required,



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Defendants deny the allegations. Further, to the extent that paragraph 23 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 23 and in each subpart (a) through (s) are denied.

24.

The allegations in paragraph 24 and in each subpart (a) through (q), which purport to summarize allegations against Defendant Genesis Newberg Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 24 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 24 and in each subpart (a) through (q) are denied.

25.

The allegations in paragraph 25 and in each subpart (a) through (s), which purport to summarize allegations against Defendant Keizer Campus Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 25 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

deny the allegations contained therein. All factual allegations in paragraph 25 and in each subpart (a) through (s) are denied.

26.

The allegations in paragraph 26 and in each subpart (a) through (q), which purport to summarize allegations against Defendant Keizer River Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 26 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 26 and in each subpart (a) through (q) are denied.

27.

The allegations in paragraph 27 and in each subpart (a) through (t), which purport to summarize allegations against Defendant King City Rehab LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 27 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 27 and in each subpart (a) through (t) are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

28.

The allegations in paragraph 28 and in each subpart (a) through (r), which purport to summarize allegations against Defendant Laurelhurst Operations LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 28 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 28 and in each subpart (a) through (r) are denied.

29.

The allegations in paragraph 29 and in each subpart (a) through (s), which purport to summarize allegations against Defendant Mountain View Rehab LLC, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Further, to the extent that paragraph 29 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 29 and in each subpart (a) through (s) are denied.

30.

The allegations in paragraph 30 and in each subpart (a) through (t), which purport to summarize allegations against Defendant Sunnyside Operations LLC, state legal conclusions to which no response is required. To the extent a response is required,


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Defendants deny the allegations. Further, to the extent that paragraph 30 and its unique subparts reference written documents, Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All factual allegations in paragraph 30 and in each subpart (a) through (t) are denied.

## ALLEGATIONS REGARDING PLAINTIFF'S EMPLOYMENT AND INTERRELATIONSHIPS OF DEFENDANTS

### I. *Allegations of interrelated purpose of Defendants' business*

31.

Defendants Avamere Home Health Care LLC, Avamere Bethany Operations LLC, Avamere Lake Oswego Operations Investors LLC, Avamere Sherwood Operations LLC, Avamere Stafford Operations LLC, Avamere St. Helens Operations LLC, Beaverton Rehab & Specialty Care LLC, Clackamas Rehabilitation LLC, Crestview Operations LLC, Genesis Newberg Operations LLC, Keizer Campus Operations LLC, Keizer River Operations LLC, King City Rehab LLC, Laurelhurst Operations LLC, Mountain View Rehab LLC, Northwest Hospice LLC, and, Sunnyside Operations LLC admit that each one of them is in the business of providing care and related services to primarily elderly or disabled individuals. The remaining allegations in paragraph 31 are denied.

32.

As to the allegations in paragraph 32, Defendant Northwest Hospice LLC employed Plaintiff as a licensed practical nurse at all times. The remaining Defendants deny that they employed Plaintiff at any time.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

33.

Defendants deny the allegations in paragraph 33.

34.

Defendants deny the allegations in paragraph 34.

35.

Defendants deny the allegations in paragraph 35.

36.

Defendants deny the allegations in paragraph 36.

37.

Defendants deny the allegations in paragraph 37.

38.

Defendants deny the allegations in paragraph 38.

39.

Defendants deny the allegations in paragraph 39.

40.

Defendants deny the allegations in paragraph 40.

41.

As to paragraph 41, Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding the unidentified documents allegedly filed with the Washington Department of Health, and therefore deny. As further answer, Defendants state that each document referenced in paragraph 41 appears to be a



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

42.

As to paragraph 42, Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding the unidentified documents allegedly filed with the Washington Department of Health, and therefore deny. As further answer, Defendants state that each document referenced in paragraph 42 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

43.

As to paragraph 43, Defendant Northwest Hospice LLC admits that it employed Plaintiff at all times.

44.

Defendants deny the allegations in paragraph 44.

45.

Defendants deny the allegations in paragraph 45.

46.

Defendants deny the allegations in paragraph 46.

47.

Defendants deny the allegations in paragraph 47.

48.

Defendants deny the allegations in paragraph 48.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

## II. ***Allegations of Defendants' shared or common ownership***

49.

Except as may be admitted elsewhere herein, Defendants deny the allegations in paragraph 49.

50.

As to the allegations in paragraph 50 pertaining to documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the specific allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 50 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

51.

The allegations in paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

52.

In response to the allegations in paragraph 52, Defendants incorporate their response to the allegations in paragraph 4. As further answer, Defendants admit that Defendant Avamere Group LLC is not a registrant of the assumed business name "Signature Health Care at Home" in Oregon. Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations pertaining to an apparent search by Plaintiff for business registrations in the State of Washington and therefore deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

53.

As to the allegations in paragraph 53 pertaining to information at a website identified in Plaintiff's Fourth Amended Complaint as "npidb.org," Defendants lack knowledge or information sufficient to form a belief about the specific allegations contained therein and therefore deny.

54.

As to the allegations in paragraph 54 regarding unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. All remaining allegations of paragraph 54 are denied. As further answer, Defendants state that each document referenced in paragraph 54 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

55.

As to the allegations in paragraph 55 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 55 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

56.

As to the allegations in paragraph 56 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 56 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

57.

As to paragraph 57, Defendants lack knowledge or information sufficient to form a belief about the specific allegations concerning how unidentified employees may have described Defendant Avamere Skilled Advisors LLC and therefore deny. Defendants deny the remaining allegations in paragraph 57.

58.

The allegations in paragraph 58 include legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations. With respect to specific allegations in paragraph 58 concerning unidentified representations allegedly made to the State of Washington, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

59.

As to the allegations in paragraph 59 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

further answer, Defendants state that each document referenced in paragraph 59 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. For further answer, Defendant Avamere Group LLC admits that it is an owner of Defendant Northwest Hospice LLC along with Bob Thomas.

60.

As to the allegations in paragraph 60 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 60 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. For further answer, Defendant Avamere Group LLC admits that it owns 85% of Defendant Northwest Hospice LLC and that Bob Thomas owns the remaining 15%.

61.

As to the allegations in paragraph 61 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 61 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

62.

The allegations in paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. All factual allegations are denied.

63.

As to the allegations in paragraph 63, Defendant Avamere Group LLC admits that it is the majority owner of Defendant Northwest Hospice LLC. Defendant Northwest Hospice LLC admits that it employed Plaintiff. All remaining allegations, including the conclusory allegation that Defendant Avamere Group LLC employed Plaintiff, are denied.

64.

As to the allegations in paragraph 64 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 64 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

65.

As to the allegations in paragraph 65 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 65 appears to



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

66.

As to the allegations in paragraph 66 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 66 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

67.

As to the allegations in paragraph 67 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 67 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

68.

As to the allegations in paragraph 68 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 68 appears to be a written document that speaks for itself and Defendants are therefore not required to


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

admit or deny the allegations contained therein. All remaining allegations in paragraph 68 are denied.

69.

As to the allegations in paragraph 69 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 70 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations in paragraph 69 are denied.

70.

As to the allegations in paragraph 70 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 70 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

71.

As to the allegations in paragraph 71 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 71 appears to



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

72.

The allegations in paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.

73.

As to the allegations in paragraph 73 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 73 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations of paragraph 73 are denied.

74.

As to the allegations in paragraph 74 pertaining to unidentified documents on file with the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each document referenced in paragraph 74 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations of paragraph 74 are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

75.

Defendants deny the allegations in paragraph 75.

76.

Defendants deny the allegations in paragraph 76.

77.

Defendants deny the allegations in paragraph 77.

78.

As to the allegations in paragraph 78 pertaining to the Center for Medicare and Medicaid Services, Defendants lack knowledge or information sufficient to form a belief about the specific allegations contained therein and therefore deny.

79.

As to the allegations in paragraph 79 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

80.

As to the allegations in paragraph 80 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

81.

The allegations in paragraph 81 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

82.

As to the allegations in paragraph 82 pertaining to unidentified filings with the Oregon Secretary of State, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each filing referenced in paragraph 82 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny statements contained therein.

83.

As to the allegations in paragraph 83 pertaining to unidentified filings with the Oregon Secretary of State, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each filing referenced in paragraph 83 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny statements contained therein.

84.

As to the allegations in paragraph 84 pertaining to unidentified filings with the Oregon Secretary of State, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As further answer, Defendants state that each filing referenced in paragraph 84 appears to be a written document that speaks for itself and Defendants are therefore not required to admit or deny statements contained therein.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

85.

As to the allegations in paragraph 85 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

86.

As to the allegations in paragraph 86 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

87.

As to the allegations in paragraph 87 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

88.

As to the allegations in paragraph 88 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

89.

As to the allegations in paragraph 89 pertaining to a website identified in Plaintiff's Fourth Amended Complaint as "review.care," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. As to the allegations in paragraph 89 pertaining to information at Medicare.gov, Defendants



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. All remaining allegations are denied.

90.

As to the allegations in paragraph 90, Defendants admit that Karl Miller, K Richard Miller and K Richard Miller are the same individual. The documents described in paragraph 90 as Oregon business registrations and business filings filed with the Oregon Secretary of State are written documents. Defendants state that each such document speaks for itself and Defendants are therefore not required to admit or deny statements contained in those documents.

91.

Defendants restate and incorporate their response to paragraph 90.

92.

Defendants deny the allegations in paragraph 92.

93.

As to the allegations in paragraph 93 pertaining to unidentified “records available through medicare.gov,” Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. All remaining allegations in paragraph 93 are denied.

94.

As to the allegations in paragraph 94 pertaining to statements at the Medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

95.

As to the allegations in paragraph 95, Defendants re-state and incorporate their response to the allegations in paragraph 89.

96.

As to the allegations in paragraph 96, Defendants re-state and incorporate their response to the allegations in paragraph 93.

97.

As to the allegations in paragraph 97 pertaining to websites identified in Plaintiff's Fourth Amended Complaint as "npidb.org" and "npiprofile.com," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. All remaining allegations in paragraph 97 are denied.

98.

As to the allegations in paragraph 98 pertaining to unidentified "records of the Alaska Secretary of State," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. Further, any such records are written documents, each of which speaks for itself, and Defendants are therefore not required to admit or deny statements contained in such documents.

99.

With respect the allegations in paragraph 99, the documents described therein as Oregon business registrations and business filings filed with the Oregon Secretary of State are written documents. Defendants state that each such document speaks for itself and



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Defendants are therefore not required to admit or deny statements contained in those documents

100.

As to the allegations in paragraph 100 pertaining to statements at the "Medicare.gov" website, Defendants lack knowledge or information sufficient to form a belief about such allegations and therefore deny.

101.

As to the allegations in paragraph 101 pertaining to records available at the medicare.gov website, Defendants lack knowledge or information sufficient to form a belief about such records and therefore deny. All remaining allegations in paragraph 101 are denied.

102.

As to the allegations in paragraph 102, Defendant Avamere Health Services LLC admits that it employs Ronald Odermott in the position of Chief Financial Officer. All remaining allegations in paragraph 102 are denied.

103.

The allegations in paragraph 103 are denied.

104.

As to the allegations in paragraph 104 pertaining to statements at the "Medicare.gov" website, Defendants lack knowledge or information sufficient to form a belief about such statements and therefore deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

105.

As to the allegations in paragraph 105 pertaining to statements at the "Medicare.gov" website, Defendants lack knowledge or information sufficient to form a belief about such statements and therefore deny.

106.

Defendants deny the allegations of paragraph 106.

107.

As to paragraph 107, Defendant Avamere Skilled Advisors LLC admits that Trevor Wart was its President at times relevant to Plaintiff's Fourth Amended Complaint. Trevor Wart is the son of Gary Wart.

108.

Defendants deny the allegations of paragraph 108.

109.

As to the allegations in paragraph 109 pertaining to statements at the "Medicare.gov" website, Defendants lack knowledge or information sufficient to form a belief about such statements and therefore deny.

110.

As to the allegations in paragraph 110 pertaining to "records available through medicare.gov," Defendants lack knowledge or information sufficient to form a belief about such records and therefore deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

111.

As to the allegations in paragraph 111, Matt Hilty was the Executive Vice President and/or President of Avamere Living at times relevant to Plaintiff's Fourth Amended Complaint. All remaining allegations are denied.

112.

Defendants deny the allegations in paragraph 112.

113.

Defendants deny the allegations in paragraph 113.

114.

As to the allegations in paragraph 114 pertaining to alleged statements at the "U.S. Patent & Trademark Office searchable TESS database," Defendants lack knowledge or information sufficient to form a belief about such statements and therefore deny. As further answer, Defendant Avamere Group LLC admits that it is the owner of certain trademarks described in paragraph 114.

115.

As to the allegations in paragraph 115 pertaining to alleged statements and confirmations at the TESS database and at a website identified in Plaintiff's Fourth Amended Complaint as "corporationwiki.com," Defendants lack knowledge or information sufficient to form a belief about such statements and confirmations and therefore deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

116.

As to the allegations in paragraph 116 pertaining to alleged statements at the "U.S. Patent & Trademark Office searchable TESS database," Defendants lack knowledge or information sufficient to form a belief about such statements and therefore deny.

117.

As to the allegations in paragraph 117 pertaining to alleged statements at a website identified in Plaintiff's Fourth Amended Complaint as the "Oregon State, Secretary of State: Corporations Division – Trademark Information website," Defendants lack knowledge or information sufficient to form a belief about such statements and therefore deny. Paragraph 117 references a "supporting attached example of the trademark submitted to the state of Oregon;" however, there is no such example attached to Plaintiff's Fourth Amended Complaint and, therefore, Defendants deny all allegations pertaining to such example.

118.

As to the allegations in paragraph 118 pertaining to alleged statements at a website identified in Plaintiff's Fourth Amended Complaint as the "Washington State, Secretary of State: Corporations and Charities Filing System – Trademark Information website," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. Paragraph 118 references a "supporting attached example of the trademark submitted to the state of Washington;" however, there is no such example attached to Plaintiff's Fourth Amended Complaint and, therefore, Defendants deny all allegations pertaining to such example.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

119.

As to the allegations in paragraph 119, the Articles of Incorporation described therein are written documents. Defendants state that each such written document speaks for itself and that Defendants are not required to admit or deny statements contained in such documents. All remaining allegations are denied.

120.

Defendants deny the allegations of paragraph 120.

121.

The allegations in paragraph 121 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations in paragraph 121 are denied.

122.

The allegations in paragraph 122 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

123.

The allegations in paragraph 123 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

124.

The allegations in paragraph 124 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

125.

The allegations in paragraph 125 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

**III. _Allegations of Defendants' shared address and shared management_**

126.

As to the allegations in paragraph 126 pertaining to unidentified filings with the Oregon Secretary of State, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. Further, the filings described in paragraph 126 appear to be written documents. Defendants state that each such written document speaks for itself and that Defendants are not required to admit or deny statements contained in such documents.

127.

As to allegations in paragraph 127 pertaining to identified "extensive documentation" submitted to the Washington Department of Health, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. Further, the identified documentation described in paragraph 127 appears to be a written document or written documents. Defendants state that each such written document speaks for itself and that Defendants are not required to admit or deny statements contained in such documents. Any remaining allegations are denied.

128.

As to the allegations in paragraph 128 pertaining to information apparently derived from Google Maps and a Bloomberg business site, Defendants lack knowledge or


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

information sufficient to form a belief about the allegations contained therein and therefore deny. With respect to the allegation concerning a website identified in paragraph 128, the allegation appears to reference written information or a webpage from the website. Defendants state that such written document speaks for itself and that Defendants are not required to admit or deny statements contained in such documents.

129.

As to allegations in paragraph 129 pertaining to "records of the Washington County Assessor's Office and the City of Wilsonville," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny. Further, the records described in paragraph 129 appear to be written documents. Defendants state that each such written document speaks for itself and that Defendants are not required to admit or deny statements contained in such documents.

130.

As to the allegations in paragraph 130 pertaining to the 200 or more business entities, which are not identified, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

131.

The allegations in paragraph 131 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in paragraph 131.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

132.

Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

133.

Defendants deny the allegations in paragraph 133.

134.

As to the allegations in paragraph 134, Defendants admit that Rick Miller is the Chief Executive Officer of Defendant Avamere Health Services LLC. Defendants specifically deny that "The Avamere Family of Companies" is a defendant herein. All remaining allegations are denied.

135.

As to the allegations in paragraph 135, Richard Dillon is an owner of Defendant Avamere Group LLC and Defendant Avamere Skilled Advisors. Defendants deny the remaining allegations in paragraph 135.

136.

As to the allegations in paragraph 136, Ron Odermott is an owner of Defendant Avamere Group LLC. Defendant Avamere Health Services admits that it employs Mr. Odermott in the position of Chief Financial Officer Defendants deny the remaining allegations in paragraph 136.

137.

Defendants deny the allegations in paragraph 137.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

138.

Defendants deny the allegations in paragraph 138.

139.

Defendants deny the allegations in paragraph 139.

140.

As to the allegations in paragraph 140, as previously admitted herein, Defendant Avamere Group LLC and Bob Thomas are the owners of Defendant Northwest Hospice LLC. Bob Thomas is the President of Defendant Avamere Home Health Care LLC. All remaining allegations are denied.

141.

As to the allegations in paragraph 141, Defendants state that the written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

142.

With respect to the allegations in paragraph 142 pertaining to information at LinkedIn, Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

143.

With respect to the allegations in paragraph 143 pertaining to information at a "California state bar registration page," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

144.

With respect to the allegations in paragraph 144 pertaining to information at "the legal resource website Justia," Defendants lack knowledge or information sufficient to form a belief about the allegations contained therein and therefore deny.

145.

The allegations in paragraph 145 references written information or a written webpage at a website. Defendants state that such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

146.

As to the allegations in paragraph 146, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny.

147.

As to the allegations in paragraph 147, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations therein and therefore deny.

148.

As to the allegations in paragraph 148, it appears that Plaintiff's allegations are based on written correspondence or documents involving the Washington State Department of Health, the Oregon Land Use Board, and the U.S. Securities and Exchange Commission. Defendants state that each such written document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

contained therein. Further, with respect to correspondence or documents on file with such entities, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 and therefore deny. To the extent further response is required, Defendants deny.

149.

The allegations in paragraph 149 reference a specific document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

150.

In response to the allegations in paragraph 150 and has been previously admitted herein, Defendant Avamere Health Services admits that it employs Ronald Odermott in the position of Chief Financial Officer. All remaining allegations in paragraph 150 are denied.

151.

Defendants deny the allegations in paragraph in 151.

152.

As to the allegations in paragraph 152 and has been previously admitted herein, Bob Thomas has a 15% ownership interest in Defendant Northwest Hospice LLC and the remaining ownership interest is held by Defendant Avamere Group LLC. Defendants deny the remaining allegations in paragraph 152.

153.

As to the allegations in paragraph 153 and has been previously admitted herein, Defendant Avamere Group LLC has a majority ownership interest in Defendant Northwest


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Hospice LLC and Defendant Avamere Home Health Care LLC. All remaining allegations are denied.

154.

The allegations in paragraph 154 reference a specific document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained in paragraph 154.

155.

The allegations in paragraph 155 reference a specific document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. The allegations in paragraph 155 also reference information at a third-party website. Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and therefore deny

156.

The allegations in paragraph 156 reference documents on file with the Oregon Secretary of State. Defendants state that such written documents and websites referenced therein speak for themselves, and Defendants are therefore not required to admit or deny the allegations contained therein.

157.

The first sentence of paragraph 157 is a summary description of Plaintiff's allegations and does not require an answer from Defendants. To the extent an answer is required, Defendants deny the allegations in the first sentence in paragraph 157. The second sentence of paragraph 157, which is merely a statement that Plaintiff anticipates additional


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

records, does not require an answer from Defendants. To the extent an answer is required, Defendants deny.

158.

Defendants deny the allegations in paragraph 158.

159.

The allegations in paragraph 159 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations in paragraph 159 are denied.

160.

The allegations in paragraph 160 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

161.

The allegations in paragraph 161 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

162.

The allegations in paragraph 162 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

163.

The allegations in paragraph 163 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## IV. ***Allegations of Defendants' shared employees***



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

164.

Defendants deny the allegations in paragraph 164.

165.

The allegations in paragraph 165 reference a specific document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 165.

166.

Defendants deny the allegations in paragraph 166.

167.

As to the allegations in paragraph 167, Defendant Northwest Hospice LLC admits that it employed Plaintiff as a hospice licensed practical nurse. During the course of his employment with Defendant Northwest Hospice LLC, Plaintiff worked at Northwest Hospice's facility in Tigard. On occasion, Plaintiff made patient visits to hospice patients where the patient resided, whether that be a private home or a nursing facility, for the purpose of providing hospice-related services. Defendants deny that these patient visits performed by Plaintiff constituted reassignments or transfers as alleged in paragraph 167. Defendants deny the remaining allegations in paragraph 167.

168.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding Plaintiff's personal estimates or personal belief and therefore deny. Defendants deny the remaining allegations in paragraph 168.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

169.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations concerning the unidentified employee in paragraph 169 and therefore deny.

170.

Defendants deny the allegations in the first sentence of paragraph 170. As to the second sentence, Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations concerning an unidentified employee and therefore deny.

171.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 171 and therefore deny.

172.

As to paragraph 172, Defendants re-state and incorporate their response to the allegations in paragraph 170.

173.

With respect to the final sentence in paragraph 173, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to an apparent search performed by Plaintiff and therefore deny. Defendants deny the remaining allegations in paragraph 173.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

174.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174 and therefore deny.

175.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 175 and therefore deny. Defendants deny the remaining allegations in paragraph 175.

176.

The allegations in paragraph 176 reference a specific document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained in paragraph 176.

177.

The first sentence of paragraph 177 is a summary description of Plaintiff's allegations and does not require an answer from Defendants. To the extent an answer is required, Defendants deny the allegations in the first sentence in paragraph 177. The second sentence of paragraph 177, which is merely a statement that Plaintiff anticipates additional records, does not require an answer from Defendants. To the extent an answer is required, Defendants deny.

178.

Defendants deny the allegations in paragraph 178.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

179.

The allegations in paragraph 179 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

180.

The allegations in paragraph 180 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

181.

The allegations in paragraph 181 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

182.

The allegations in paragraph 182 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

**V. *Allegations of Defendants' shared resources***

183.

Defendants deny the allegations in paragraph 183.

184.

Defendants deny the allegations in paragraph 184.

185.

Defendants deny the allegations in paragraph 185.

186.

Defendants deny the allegations in paragraph 186.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

187.

Defendants deny the allegations in paragraph 187.

188.

Defendants deny the allegations in paragraph 188.

189.

Defendants deny the allegations in paragraph 189.

190.

Defendants deny the allegations in paragraph 190.

191.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding statements attributed to the "website 115vamere.com" as alleged in paragraph 191, and Defendants therefore deny. Defendants admit that "Avamere Family of Companies," which is not a defendant herein, is not registered as a corporate entity.

192.

The allegations in paragraph 192 reference a specific page from a website. Defendants state that the document referenced therein is a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

193.

The allegations in paragraph 193 reference a specific page from a website. Defendants state that the document referenced therein is a written document that speaks



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

194.

The allegations in paragraph 194 reference multiple unidentified pages from a website. Defendants state that each document referenced therein is a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

195.

The allegations in paragraph 195 reference a specific page or pages from a website. Defendants state that each document referenced therein is a written document that speaks for itself and Defendants are therefore not required to admit or deny.

196.

The allegations in paragraph 196 reference a specific page or pages from a website. Defendants state that each document referenced therein is a written document that speaks for itself and Defendants are therefore not required to admit or deny.

197.

The allegations in paragraph 197 appear to reference written advertisements at third-party websites or with third-party vendors. Defendants state that the advertisements referenced therein are written documents, each of which speaks for itself, and Defendants are therefore not required to admit or deny.

198.

Defendants deny the allegations in paragraph 198.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

199.

As to the allegations in paragraph 199, Defendant Avamere Health Services, LLC, admits that it provides human resource services and payroll services to defendants named in this lawsuit. Except as so admitted, the allegations in paragraph 199 are denied.

200.

The allegations in paragraph 200 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations in paragraph 200 are denied.

201.

Defendants deny the allegations in paragraph 201.

202.

Defendants deny the allegations in paragraph 202.

203.

Defendants deny the allegations in paragraph 203.

204.

Defendants deny the allegations in paragraph 204.

205.

Defendants deny the allegations in paragraph 205.

206.

Defendants deny the allegations in paragraph 206.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

207.

The allegations in paragraph 207 reference written documents. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

208.

As to the allegations in paragraph 208, Defendant Avamere Health Services, LLC, admits that it provides human resource services, which includes providing employment-related documents, to defendants named in this lawsuit. Except as so admitted, Defendants deny the allegations in paragraph 208.

209.

As to the allegations in paragraph 209, Defendants admit that there is a hotline to which employees employed by Defendants may report harassment or other employment-related concerns. Except as so admitted, Defendants deny the allegations in paragraph 209.

210.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegation regarding how employees of Avamere Health Services, LLC – none of whom are identified in Plaintiff's Fourth Amended Complaint – describe Avamere Skilled Advisors LLC. Defendants therefore deny those allegations. All remaining allegations in paragraph 210 are denied.

211.

Defendants deny the allegations in paragraph 211.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

212.

The allegations in paragraph 212 reference a specific written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. Defendants admit the specific allegation that Defendant Northwest Hospice LLC employed Plaintiff at all times relevant to Plaintiff's Fourth Amended Complaint.

213.

The allegations in paragraph 213 reference unidentified written documents filed with the Washington Department of Health. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations in paragraph 213 are denied.

214.

The allegations in paragraph 214 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

215.

The allegations in paragraph 215 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

216.

The allegations in paragraph 216 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

217.

The allegations in paragraph 217 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

218.

The allegations in paragraph 218 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

219.

The allegations in paragraph 219 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VI. ***Allegations of Defendants' further self-identification as an integrated enterprise***

220.

The allegations in paragraph 220 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 220.

221.

The allegations in paragraph 221 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 221.

222.

The allegations in paragraph 222 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 222.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

223.

The allegations in paragraph 223 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 223.

224.

The allegations in paragraph 224 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 224.

225.

The allegations in paragraph 225 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. In response to the remaining allegations of paragraph 225, Defendants admit that each of them is a separate entity. All remaining allegations are denied.

226.

The allegations in paragraph 226 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 226.

227.

The allegations in paragraph 227 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 227.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

228.

The allegations in paragraph 228 reference a written post to an Instagram account. Defendants state that the post is a written document that speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 228.

229.

The allegations in paragraph 229 reference a written page at a website. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 229.

230.

The allegations in paragraph 230 reference a written page at a website. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

231.

The allegations in paragraph 231 reference a page at a website. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations in paragraph 231.

232.

As to paragraph 232, Defendant Northwest Hospice LLC admits that it provided initial discovery documents in this case before discovery was stayed by order of the court. Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations concerning the percentage of pages from such document production


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

that reference "Avamere" or "The Avamere Family of Companies" and therefore denies those allegations.

233.

The allegations in paragraph 233 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

234.

The allegations in paragraph 234 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

235.

The allegations in paragraph 235 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

236.

The allegations in paragraph 236 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VII. ***Allegations of Defendants' self-identifications to Plaintiff as his employer***

237.

Defendants deny the allegations in paragraph 237.

238.

Defendants deny the allegations in paragraph 238.

239.

Defendants deny the allegations in paragraph 239.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

## VIII. ***Plaintiff's hiring and supervision***

240.

As to the allegations in paragraph 240, Defendant Northwest Hospice LLC admits that Samantha Bennett recruited or participated in the recruitment of Plaintiff for his position with Northwest Hospice LLC. It is further admitted that Ms. Bennett identified her position as "Regional Recruiter" for Defendant Northwest Hospice LLC and for Defendant Avamere Home Health Care LLC. All remaining allegations are denied.

241.

Defendants deny the allegations in paragraph 241.

242.

As to the allegations in paragraph 242, Defendant Avamere Group LLC admits that it has an ownership interest in Defendant Northwest Hospice LLC. All remaining allegations are denied.

243.

As to the allegations in paragraph 243, Defendant Northwest Hospice LLC admits that Ms. Bennett participated in processing Plaintiff's acceptance of the offer of employment made by Defendant Northwest Hospice LLC. All remaining allegations are denied.

244.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244 and therefore deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

245.

The allegations in paragraph 245 reference a written policy. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. To the extent that paragraph 245 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion. To the extent a response is required, Defendants deny.

246.

The allegations in paragraph 246 reference a written policy. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. To the extent that paragraph 246 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion. To the extent a response is required, Defendants deny.

247.

The allegations in paragraph 247 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations in paragraph 247 are denied.

248.

The allegations in paragraph 248 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations in paragraph 248 are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

249.

With respect to the allegations in paragraph 249, Defendant Northwest Hospice LLC admits that it determined Plaintiff's rate of pay at the time it hired Plaintiff. All remaining allegations in paragraph 249 are denied.

250.

As to the allegations in paragraph 250 and has been previously admitted herein, Defendant Northwest Hospice LLC and Dependent Avamere Home Health Care LLC admit that they each are registrants of an assumed business name "Signature Healthcare at Home" in Oregon. Defendant Avamere Home Health Care LLC admits that it is the registrant of the assumed business name "Signature Home Health and Home Care." As to the allegation that Katie Brewington interviewed Plaintiff for a job that is not specifically identified or otherwise described in Plaintiff's Fourth Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegation and therefore deny. The remaining allegations are denied.

251.

Defendants deny the allegations in paragraph 251.

252.

Defendants admit that Katie Brewington supervised Plaintiff during the course of his employment with Defendant Northwest Hospice LLC. Any remaining allegations in paragraph 252 are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

253.

As to the allegations in paragraph 253 and has been previously admitted herein, Defendant Northwest Hospice LLC and Dependent Avamere Home Health Care LLC admit that they each are registrants of an assumed business name "Signature Healthcare at Home" in Oregon. Defendant Avamere Home Health Care LLC admits that it is the registrant of the assumed business name "Signature Home Health and Home Care." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 253 and therefore deny.

254.

Defendants deny the allegations in paragraph 254.

255.

The allegations in paragraph 255 reference a written policy. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. To the extent that paragraph 255 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion.

256.

The allegations in paragraph 256 reference a written policy. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. To the extent that paragraph 256 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

257.

The allegations in paragraph 257 include legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied. .

258.

The allegations in paragraph 258 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

259.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 and therefore deny.

260.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 and therefore deny.

261.

The allegations in paragraph 261 reference a written policy. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. To the extent that paragraph 261 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

262.

The allegations in paragraph 262 reference a written policy. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. To the extent that paragraph 262 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion.

263.

The allegations in paragraph 263 includes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

264.

The allegations in paragraph 264 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

265.

Defendants deny the allegations in paragraph 265.

266.

Defendants deny the allegations in paragraph 266.

267.

Defendants deny the allegations in paragraph 267.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

268.

The allegations in paragraph 268 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

269.

The allegations in paragraph 269 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

270.

The allegations in paragraph 270 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

271.

The allegations in paragraph 271 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

272.

The allegations in paragraph 272 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

273.

The first sentence of paragraph 273 states a description or legal conclusion that does not require an answer from Defendants. The remaining allegations reference a written document and a webpage. Defendants state that each document referenced therein speaks for itself and that Defendants are therefore not required to admit or deny. Any remaining allegations are denied.

274.

Defendants deny the allegations in paragraph 274.

275.

The allegations in paragraph 275 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

276.

As has previously been admitted herein, Bob Thomas is the President of Defendant Avamere Home Health Care LLC. Defendants lack knowledge or information as to the specific allegations pertaining to information at LinkedIn and therefore deny those allegations. All remaining allegations are denied.

277.

Defendants deny the allegations in paragraph 277.

278.

Defendants deny the allegations in paragraph 278.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

279.

Defendants deny the allegations in paragraph 279.

280.

The allegations in paragraph 280 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

281.

The allegations in paragraph 281 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

282.

The allegations in paragraph 282 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

283.

Defendants deny the allegations in paragraph 283.

284.

The allegations in paragraph 284 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

285.

The allegations in paragraph 285 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

286.

The allegations in paragraph 286 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

287.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding the unidentified employee referenced in paragraph 287 and therefore deny all allegations therein.

288.

Defendants deny the allegations in paragraph 288.

289.

The allegations in paragraph 289 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

290.

The allegations in paragraph 290 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

291.

The allegations in paragraph 291 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

292.

The allegations in paragraph 292 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

293.

The allegations in paragraph 293 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

294.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in paragraph 294 and therefore deny.

295.

The allegations in paragraph 295 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

296.

The allegations in paragraph 296 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

297.

The allegations in paragraph 297 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

298.

Defendants deny the allegations in paragraph 298.

299.

Defendants deny the allegations in paragraph 299.

300.

Defendants deny the allegations in paragraph 300.

301.

Defendants deny the allegations in paragraph 301.

302.

The allegations in paragraph 302 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

303.

The allegations in paragraph 303 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

304.

The allegations in paragraph 304 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

305.

The allegations in paragraph 305 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

306.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 306 and therefore deny all allegations therein.

307.

The allegations in paragraph 307 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny. To the extent that paragraph 307 states a legal conclusion, Defendants state that they are not required to admit or deny such legal conclusion.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

308.

The allegations in paragraph 308 reference a written document, a copy of which is not attached as an exhibit to the Fourth Amended Complaint. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny.

309.

The allegations in paragraph 309 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.

310.

The allegations in paragraph 310 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.

311.

The allegations in paragraph 311 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.

312.

The allegations in paragraph 312 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

313.

The allegations in paragraph 313 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.

314.

The allegations in paragraph 314 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All factual allegations are denied.

315.

As to paragraph 315, Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding listings at a U.S. News & World Report physicians' directory and at the "Doximity.com medical network" and therefore deny those allegations. Further, the allegations in paragraph 315 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations in paragraph 315 are denied.

316.

The allegations in paragraph 316 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

317.

Defendants deny the allegations in paragraph 317.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

318.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 318 and therefore deny all allegations therein.

319.

The allegations in paragraph 319 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

320.

The allegations in paragraph 320 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

321.

Defendants deny the allegations in paragraph 321.

322.

The allegations in paragraph 322 reference multiple unidentified written documents. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

323.

The allegations in paragraph 323 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

324.

The allegations in paragraph 324 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations in paragraph 324 are denied.

325.

Defendants deny the allegations in paragraph 325.

326.

Defendants deny the allegations in paragraph 326.

327.

Defendants deny the allegations in paragraph 327.

328.

Defendants deny the allegations in paragraph 328.

329.

The allegations in paragraph 329 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

330.

The allegations in paragraph 330 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

331.

The allegations in paragraph 331 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

332.

The allegations in paragraph 332 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

333.

Defendants deny the allegations in paragraph 333.

334.

Defendants deny the allegations in paragraph 334.

335.

Defendants deny the allegations in paragraph 335.

336.

Defendants deny the allegations in paragraph 336.

337.

The allegations in paragraph 337 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

338.

The allegations in paragraph 338 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

339.

The allegations in paragraph 339 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

340.

The allegations in paragraph 340 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Any factual allegations are denied.

341.

As to paragraph 341, Defendants admit that Katie Brewington was a supervisor at Defendant Northwest Hospice LLC during times relevant to Plaintiff's Fourth Amended Complaint and that Ms. Brewington was involved in decisions concerning Plaintiff's employment with Defendant Northwest Hospice LLC. Any remaining allegations are denied.

342.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 342 and therefore deny all allegations therein.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

343.

As to paragraph 343, Defendant Northwest Hospice LLC admits that it employed Plaintiff, exercised day-to-day control over Plaintiff's work conditions, including by setting Plaintiff's wages, supervising Plaintiff, and approving leave from work. The remaining allegations in paragraph 343 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations. Any factual allegations not expressly admitted herein are denied.

344.

As to paragraph 344, Defendant Northwest Hospice LLC admits that it employed Plaintiff, exercised day-to-day control over Plaintiff's work conditions, including by setting Plaintiff's wages, supervising Plaintiff, and approving leave from work. The remaining allegations in paragraph 344 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations. Any factual allegations not expressly admitted herein are denied.

345.

The allegations in paragraph 345 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

346.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 346 and therefore deny all allegations therein.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

347.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 347 and therefore deny all allegations therein.

348.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 348 and therefore deny all allegations therein.

349.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 349 and therefore deny all allegations therein.

350.

Defendants deny the allegations in paragraph 350.

351.

Defendants deny the allegations in paragraph 351.

352.

The allegations in paragraph 352 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

353.

The allegations in paragraph 353 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.

354.

The allegations in paragraph 354 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny those allegations.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

**IX. *Plaintiff's work locations***

355.

As to the allegations in paragraph 355, Defendant Northwest Hospice LLC admits that it employed Plaintiff at its facility in Tigard. All remaining allegations in paragraph 355 are denied.

356.

Defendants deny the allegations in paragraph 356.

357.

Defendants deny the allegations in paragraph 357.

358.

Defendants deny the allegations in paragraph 358.

359.

Defendants deny the allegations in paragraph 359.

360.

Defendants deny the allegations in paragraph 360.

361.

Defendants deny the allegations in paragraph 361.

362.

Defendants deny the allegations in paragraph 362.

363.

Defendants deny the allegations in paragraph 363.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

364.

The allegations in paragraph 364 reference an order entered by this Court and a written document produced herein. Defendants state that the court order and the document referenced therein are written documents, each of which speaks for itself, and Defendants are therefore not required to admit or deny the allegations contained therein. All remaining allegations in paragraph 364 are denied.

365.

With respect to the final sentence of paragraph 365, Defendants lack knowledge or information sufficient to form a belief about the truth of what Plaintiff can or cannot recall and therefore deny. Defendants deny the remaining allegations in paragraph 365.

366.

The allegations in paragraph 366 purport to summarize documents that Plaintiff believes are within Defendants' possession, custody, or control. To the extent an answer is required, Defendants deny.

367.

As to paragraph 367, Defendants lack knowledge or information sufficient to form a belief as to the truth of the specific allegations contained therein and therefore deny.

368.

Defendants deny the allegations in paragraph 368.

369.

Defendants deny the allegations in paragraph 369.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

370.

Defendants deny the allegations in paragraph 370.

371.

Defendants deny the allegations in paragraph 371.

372.

As to the allegations in paragraph 372, Defendant Northwest Hospice LLC admits that Plaintiff, during his employment as a hospice LPN employed by Defendant Northwest Hospice LLC, occasionally made discrete patient visits to provide hospice-related services to hospice patients where the patients lived, including at nursing facilities operated by some by not all of the named Defendant, at other nursing facilities, and in private homes. All remaining allegations are denied.

373.

Defendants deny the allegations in paragraph 373.

374.

Defendants deny the allegations in paragraph 374.

375.

With respect to the allegations in paragraph 375, Defendants lack knowledge or information sufficient to form a belief about the truth of what Plaintiff can or cannot recall and therefore deny. Defendants deny the remaining allegations in paragraph 375.

376.

Defendants deny the allegations in paragraph 376.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

377.

Defendants deny the allegations in paragraph 377.

378.

Defendants deny the allegations in paragraph 378.

379.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations as to what Plaintiff does and does not recall about his employment and therefore deny all allegations in paragraph 379.

380.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations as to what Plaintiff does and does not recall about his employment and therefore deny those allegations in paragraph 380. All remaining allegations are denied.

381.

The allegations in paragraph 381 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 381.

382.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations as to what Plaintiff does and does not recall about his employment and therefore deny those allegations in paragraph 382. All remaining allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

383.

Defendants deny the allegations in paragraph 383.

384.

Defendants deny the allegations in paragraph 384.

385.

Defendants deny the allegations in paragraph 385.

386.

Defendants deny the allegations in paragraph 386.

387.

Defendants deny the allegations in paragraph 387.

388.

Defendants deny the allegations in paragraph 388.

389.

The allegations in paragraph 389 reference unidentified filings to the Washington Department of Health. Defendants state such documents are written documents, each of which speaks for itself, and which do not require an answer from Defendants. To the extent an answer is required, Defendants deny.

390.

Defendants deny the allegations in paragraph 390.

391.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 391 and therefore deny all allegations therein.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

392.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 392 and therefore deny all allegations therein.

393.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 393 and therefore deny all allegations therein.

394.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 394 and therefore deny all allegations therein.

395.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 395 and therefore deny all allegations therein.

396.

Defendants deny the allegations in paragraph 396.

397.

Defendants deny the allegations in paragraph 397.

398.

Defendants deny the allegations in paragraph 398.

399.

Defendants deny the allegations in paragraph 399.

400.

Defendants deny the allegations in paragraph 400.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

401.

Defendants deny the allegations in paragraph 401.

402.

Defendants deny the allegations in paragraph 402.

403.

Defendants deny the allegations in paragraph 403.

404.

Defendants deny the allegations in paragraph 404.

405.

The allegations in paragraph 405 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 405.

406.

Defendants deny the allegations in paragraph 406.

407.

As to the allegations in paragraph 407, Defendant Northwest Hospice LLC admits that Plaintiff's wages were paid via direct deposit. All remaining allegations are denied.

408.

As to the allegations in paragraph 408, admit that Plaintiff did not experience a disruption in the payment of his compensation and benefits during the course of his



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

employment Defendant Northwest Hospice LLC except to the extent that Plaintiff may have taken unpaid leave from his employment. All remaining allegations are denied.

409.

As to the allegations in paragraph 409, Defendant Northwest Hospice LLC admits that Plaintiff was subject to its employment policies during the course of his employment with Defendant Northwest Hospice LLC. All remaining allegations are denied.

410.

The allegations in paragraph 410 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 410.

411.

The allegations in paragraph 411 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 411.

412.

The allegations in paragraph 412 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 412.

**X. *Plaintiff's work schedules***

413.

As to paragraph 413, Defendants admit that "Signature Healthcare at Home" is an assumed business name registered with the Oregon Secretary of State by Defendant


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Northwest Hospice LLC and Defendant Avamere Home Health Care LLC. Defendants deny the remaining allegations in paragraph 413.

414.

Defendants deny the allegations in paragraph 414.

415.

As to the allegations in paragraph 415, Defendant Northwest Hospice LLC admits that it set and controlled Plaintiff's work schedule. Defendants deny the remaining allegations in paragraph 415.

416.

Defendants deny the allegations in paragraph 416.

417.

Defendants deny the allegations in paragraph 417.

418.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations regarding what Plaintiff may have understood and therefore deny. All remaining allegations are denied.

419.

Defendants deny the allegations in paragraph 419.

420.

Defendants deny the allegations in paragraph 420.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

421.

Defendants deny the allegations in paragraph 421.

422.

Defendants deny the allegations in paragraph 422.

423.

The allegations in paragraph 423 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 423.

424.

The allegations in paragraph 424 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 424.

425.

The allegations in paragraph 425 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 425.

**XI. _*Plaintiff's compensation and benefits*_**

426.

As to the allegations in paragraph 426, Defendant Avamere Health Services LLC admits that it provides payroll services to defendants named herein and, as such, has access to time-keeping records for use in payroll processing. Defendant Avamere Health Services



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

LLC admits that it maintains records related to its provision of payroll processing services. The remaining allegations in paragraph 426 are denied.

427.

As to allegations in paragraph 427, Defendant Avamere Health Services LLC admits that it stores and maintains electronic records related to its provision of payroll processing services. All remaining allegations in paragraph 427 are denied.

428.

The allegations in paragraph 428 are denied.

429.

The allegations in paragraph 429 are denied.

430.

The allegations in paragraph 430 reference written documents. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

431.

Defendants deny the allegations in paragraph 431.

432.

Defendants deny the allegations in paragraph 432.

433.

Defendants deny the allegations in paragraph 433.

434.

Defendants deny the allegations in paragraph 434.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

435.

The allegations in paragraph 435 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 435.

436.

The allegations in paragraph 436 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 436.

437.

The allegations in paragraph 437 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 437.

438.

The allegations in paragraph 438 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 438.

439.

The allegations in paragraph 439 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 439.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

440.

The allegations in paragraph 440 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 440.

441.

The allegations in paragraph 441 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 441.

442.

As to the allegations in paragraph 442, it is admitted that Plaintiff's wages were paid by direct deposit on scheduled paydays. All remaining allegations are denied.

443.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 443 concerning information in Plaintiff's bank statements and therefore deny.

444.

Defendants deny the allegations in paragraph 444.

445.

Defendants deny the allegations in paragraph 445.

446.

Defendants deny the allegations in paragraph 446.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

447.

The allegations in paragraph 447 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 447.

448.

The allegations in paragraph 448 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 448.

449.

The allegations in paragraph 449 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 449.

450.

The allegations in paragraph 450 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 450.

451.

The allegations in paragraph 451 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 451.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

452.

As to the allegations in paragraph 452, Defendant Northwest Hospice LLC admits that Plaintiff was eligible to enroll in a 401(k) plan as a benefit of his employment with Northwest Hospice LLC. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff enrolled in this benefit and therefore deny. All remaining allegations are denied.

453.

The allegations in paragraph 453 reference written documents. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

454.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 454 and therefore deny.

455.

Defendants deny the allegations of paragraph 455.

456.

The allegations in paragraph 456 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 456.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

457.

The allegations in paragraph 457 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 457.

458.

The allegations in paragraph 458 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 458.

459.

The allegations in paragraph 459 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 459.

460.

As to the allegations in paragraph 460, Defendant Northwest Hospice LLC admits that Plaintiff was eligible for life insurance as a benefit of his employment with Northwest Hospice LLC. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff enrolled in this benefit and therefore deny the remaining allegations. All remaining allegations are denied.

461.

The allegations in paragraph 461 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

462.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations concerning how Plaintiff accessed information about his employment-related benefits and therefore deny all allegations in paragraph 462.

463.

As to paragraph 463, Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations concerning information identified at a Bloomberg business website and therefore deny.

464.

The allegations in paragraph 464 reference a written website page. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not required to admit or deny the allegations contained therein.

465.

As to paragraph 465, Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations concerning what Plaintiff understood about contributions to an employer 401(k) account and therefore deny. All remaining allegations are denied.

466.

The allegations in paragraph 466 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 466.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

467.

The allegations in paragraph 467 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 467.

468.

The allegations in paragraph 468 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 468.

469.

The allegations in paragraph 469 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 469.

470.

The allegations in paragraph 470 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 470.

471.

The allegations in paragraph 471 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

472.

The allegations in paragraph 472 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 472.

473.

The allegations in paragraph 473 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

474.

The allegations in paragraph 474 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations are denied.

475.

Defendants deny the allegations in paragraph 475.

476.

Defendants deny the allegations in paragraph 476.

477.

The allegations in paragraph 477 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 477.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

478.

The allegations in paragraph 478 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 478.

479.

The allegations in paragraph 479 reference written documents filed with this Court. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

480.

The allegations in paragraph 480 are admitted.

481.

The allegations in paragraph 481 are admitted.

482.

The allegations in paragraph 482 are admitted.

483.

The allegations in paragraph 483 state a legal conclusion to which no response is required.

484.

The allegations in paragraph 484 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

485.

The allegations in paragraph 485 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

486.

The allegations in paragraph 486 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

487.

The allegations in paragraph 487 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## XII. *Allegations of Provision of Plaintiff's work-related equipment and premises*

488.

Defendant Northwest Hospice LLC admits that Plaintiff, during his employment as a hospice LPN employed by Defendant Northwest Hospice LLC, occasionally made discrete patient visits to provide hospice-related services to hospice patients where the patients lived, including at nursing facilities operated by some by not all of the named Defendants, as well as at private homes and at other nursing facilities. Except as so admitted, Defendants deny the allegations in paragraph 488.

489.

The allegations in paragraph 489 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

490.

The allegations in paragraph 490 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

491.

The allegations in paragraph 491 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

492.

The allegations in paragraph 492 are denied.

493.

The allegations in paragraph 493 reference written information at a phone app. Defendants state that the such written information referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 493 are denied.

494.

Defendants deny the allegations in paragraph 494.

495.

Defendants deny the allegations in paragraph 495.

496.

Defendants deny the allegations in paragraph 496.

497.

As to the allegations in paragraph 497, Defendant Northwest Hospice LLC admits that Plaintiff was assigned a login to access records for hospice patients for whom



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Defendant Northwest Hospice LLC provided hospice-related care and services. All remaining allegations are denied.

498.

Defendants deny the allegations in paragraph 498.

499.

The allegations in paragraph 499 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

500.

The allegations in paragraph 500 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

501.

The allegations in paragraph 501 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

502.

The allegations in paragraph 502 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

503.

The allegations in paragraph 503 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 503 are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

504.

Defendant Northwest Hospice LLC admits that Plaintiff was assigned an email address for use in connection with his employment with Northwest Hospice LLC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the specific allegations concerning unidentified management personnel and therefore deny those allegations. All remaining allegations are denied.

505.

The allegations in paragraph 505 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

506.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 506 and therefore deny.

507.

The allegations in paragraph 507 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

508.

The allegations in paragraph 508 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

509.

The allegations in paragraph 509 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

510.

The allegations in paragraph 510 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

511.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 511 and therefore deny.

512.

The allegations in paragraph 512 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

513.

The allegations in paragraph 513 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

514.

The allegations in paragraph 514 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

515.

The allegations in paragraph 515 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

516.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 516 and therefore deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

517.

Defendants deny the allegations in paragraph 517.

518.

Defendants deny the allegations in paragraph 518.

519.

The allegations in paragraph 519 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

520.

The allegations in paragraph 520 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

521.

The allegations in paragraph 521 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

522.

The allegations in paragraph 522 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

523.

Defendants deny the allegations in paragraph 523.

524.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 524 and therefore deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

525.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 525 and therefore deny.

526.

Defendants deny the allegations in paragraph 526.

527.

The allegations in paragraph 527 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

528.

The allegations in paragraph 528 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

529.

The allegations in paragraph 529 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

530.

The allegations in paragraph 530 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

531.

The allegations in paragraph 531 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

532.

The allegations in paragraph 532 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

**XIII. *Processing and approval of Plaintiff's protected leave time***

533.

Paragraph 533 contains a description of Plaintiff's claims for which no answer is required. Further, the allegations in paragraph 533 reference written documents. Defendants state that each document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

534.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 534 and therefore deny.

535.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 535 and therefore deny.

536.

Defendants lack knowledge or information sufficient to form a belief about the truth of the specific allegations in paragraph 536 and therefore deny.

537.

The allegations in paragraph 537 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

538.

The allegations in paragraph 538 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

539.

The allegations in paragraph 539 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

540.

The allegations in paragraph 540 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

541.

The allegations in paragraph 541 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

542.

The allegations in paragraph 542 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## XIV. ***Employment policies to which Plaintiff was subject***

543.

Defendants deny the allegations in paragraph 543.

544.

Defendants deny the allegations in paragraph 544.

545.

Defendants deny the allegations in paragraph 545.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

546.

The allegations in paragraph 546 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

547.

The allegations in paragraph 547 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

548.

The allegations in paragraph 548 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

549.

Defendants deny the allegations in paragraph 549.

550.

The allegations in paragraph 550 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

551.

As to the allegations in paragraph 551, Defendant Northwest Hospice LLC admits that it provided an employee handbook to Plaintiff in connection with his employment, that Plaintiff was required to acknowledge his receipt of the employee handbook, and that the handbook was available for Plaintiff to access electronically.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

552.

The allegations in paragraph 552 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 552 are denied.

553.

As to the allegations in paragraph 553, Defendant Northwest Hospice LLC admits that Plaintiff could report harassment or other employment-related concerns to a hotline known as the Speak Up hotline. All remaining allegations are denied.

554.

The allegations in paragraph 554 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

555.

Defendants deny the allegations in paragraph 555.

556.

Defendants deny the allegations in paragraph 556.

557.

Defendants deny the allegations in paragraph 557.

558.

Defendants deny the allegations in paragraph 558.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

559.

The allegations in paragraph 559 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 559 are denied.

560.

The allegations in paragraph 560 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 560 are denied.

561.

The allegations in paragraph 561 reference a written document, a copy of which has not been attached as an exhibit to Plaintiff's Fourth Amended Complaint. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 561 are denied.

562.

The allegations in paragraph 562 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 562 are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

563.

The allegations in paragraph 563 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 563 are denied.

564.

The allegations in paragraph 564 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 564 are denied.

565.

The allegations in paragraph 565 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. All remaining allegations in paragraph 565 are denied.

566.

Defendants deny the allegations in paragraph 566.

567.

Defendants deny the allegations in paragraph 567.

568.

As to the allegations in paragraph 568, Defendant Northwest Hospice LLC admits that its employment-related policies and procedures applied to Plaintiff when he worked at



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

its facility in Tigard and when Plaintiff made discrete patient visits to hospice patients. All remaining allegations are denied.

569.

The allegations in paragraph 569 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

570.

The allegations in paragraph 570 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

571.

The allegations in paragraph 571 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

**XV. *Plaintiff's termination***

572.

The allegations in paragraph 572 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

573.

As to paragraph 573, Defendants lack knowledge or information sufficient to form a belief as to information at LinkedIn and therefore deny those allegations. Further, the allegations in paragraph 573 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. As has previously been admitted herein, Defendants


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

admit that “Signature Healthcare at Home” is an assumed business name registered with the Oregon Secretary of State by Defendant Northwest Hospice LLC and Defendant Avamere Home Health Care LLC. Defendants admit that “Signature Home Health and Home Care” is an assumed business name registered with the Oregon Secretary of State by Defendant Avamere Home Health Care LLC. All remaining allegations in paragraph 573 are denied.

574.

Defendants lack information or knowledge sufficient to form a belief a truth about the allegations in paragraph 574 and therefore deny.

575.

The allegations in paragraph 575 are denied.

576.

Defendants lack information or knowledge sufficient to form a belief a truth about the allegations in paragraph 576 and therefore deny.

577.

The allegations in paragraph 577 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

578.

The allegations in paragraph 578 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

579.

The allegations in paragraph 579 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

580.

The allegations in paragraph 580 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

581.

The allegations in paragraph 581 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

582.

The allegations in paragraph 582 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

583.

Defendants deny the allegations in paragraph 583.

584.

The allegations in paragraph 584 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

585.

The allegations in paragraph 585 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

586.

The allegations in paragraph 586 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

587.

The allegations in paragraph 587 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

588.

The allegations in paragraph 588 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

589.

The allegations in paragraph 589 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

590.

Defendants lack information or knowledge sufficient to form a belief a truth about the allegations in paragraph 590 and therefore deny. Defendants admit that "Signature Healthcare at Home" is an assumed business name registered with the Oregon Secretary of State by Defendant Northwest Hospice LLC and Defendant Avamere Home Health Care


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

LLC. Defendants admit that "Signature Home Health and Home Care" is an assumed business name registered with the Oregon Secretary of State by Defendant Avamere Home Health Care LLC. All remaining allegations in paragraph 590 are denied.

591.

Defendants lack information or knowledge sufficient to form a belief a truth about the allegations in paragraph 591 and therefore deny. Defendants admit that "Signature Healthcare at Home" is an assumed business name registered with the Oregon Secretary of State by Defendant Northwest Hospice LLC and Defendant Avamere Home Health Care LLC. Defendants admit that "Signature Home Health and Home Care" is an assumed business name registered with the Oregon Secretary of State by Defendant Avamere Home Health Care LLC. All remaining allegations are denied.

592.

As to paragraph 592, Defendant admits that Larry Lopardo is identified as the organizer of some defendants in this lawsuit. All remaining allegations are denied.

593.

The allegations in paragraph 593 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. As has been previously admitted herein, Bob Thomas is the President of Defendant Avamere Home Health Care LLC. All remaining allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

594.

The allegations in paragraph 594 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

595.

The allegations in paragraph 595 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein.

596.

The allegations in paragraph 596 are denied.

597.

Defendants deny the allegations in paragraph 597.

598.

The allegations in paragraph 598 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

599.

The allegations in paragraph 599 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

600.

The allegations in paragraph 600 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

601.

The allegations in paragraph 601 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

602.

The allegations in paragraph 602 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

603.

The allegations in paragraph 603 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

604.

The allegations in paragraph 604 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

**XVI. *Plaintiff's Employment Records***

605.

The allegations in paragraph 605 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

606.

Defendants deny the allegations in paragraph 606.

607.

As to the allegations in paragraph 607, Defendant Northwest Hospice LLC admits that a recruiter acting on its behalf was involved in recruiting Plaintiff for a position as a licensed practical nurse with Defendant Northwest Hospice LLC. Defendant Northwest



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

Hospice LLC admits that it created and maintained records relating to Plaintiff's hire. Defendants deny all remaining allegations in paragraph 607.

608.

The allegations in paragraph 608 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. Defendants deny the remaining allegations in paragraph 608.

609.

Defendants deny the allegations in paragraph 609.

610.

As to the allegations in paragraph 610, Defendant Northwest Hospice LLC admits that it maintained time records related to Plaintiff's work for Northwest Hospice LLC. All remaining allegations are denied.

611.

Defendant Northwest Hospice LLC admits that it created and maintained time records and records related to patient care with respect to Plaintiff's work for Northwest Hospice LLC. All remaining allegations are denied.

612.

Defendants deny the allegations of paragraph 612.

613.

Defendants deny the allegations in paragraph 613.

614.

Defendants deny the allegations in paragraph 614.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

615.

The allegations in paragraph 615 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

616.

Defendants deny the allegations in paragraph 616.

617.

Defendants deny the allegations in paragraph 617.

618.

Defendants deny the allegations in paragraph 618.

619.

Defendants deny the allegations in paragraph 619.

620.

Defendants deny the allegations in paragraph 620.

621.

Defendants deny the allegations in paragraph 621.

622.

Defendants deny the allegations in paragraph 622.

623.

Defendants deny the allegations in paragraph 623.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

624.

The allegations in paragraph 624 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations in paragraph 624 are denied.

625.

Defendants deny the allegations in paragraph 625.

626.

Defendants deny the allegations in paragraph 626.

627.

Defendants deny the allegations in paragraph 627.

628.

Defendants deny the allegations in paragraph 628.

629.

Defendants admit the allegations in paragraph 629.

630.

As to paragraph 630, Defendant Avamere Health Services LLC admits that it created and maintained payroll records for Plaintiff. All remaining allegations are denied.

631.

The allegations in paragraph 631 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. As to the allegation that Plaintiff's wages were paid by direct deposit, Defendants admit. Any remaining allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

632.

Defendants lack information or knowledge sufficient to form a belief a truth about the specific allegations concerning Plaintiff's personal bank statements in paragraph 632 and therefore deny.

633.

The allegations in paragraph 633 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

634.

Defendants deny the allegations in paragraph 634.

635.

Defendants deny the allegations in paragraph 635.

636.

Defendants deny the allegations in paragraph 636.

637.

Defendants deny the allegations in paragraph 637.

638.

The allegations in paragraph 638 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. The reimbursement policy referenced in 638 is a written document that speaks for itself. All remaining allegations are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

639.

The allegations in paragraph 639 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

640.

The allegations in paragraph 640 include a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

641.

The allegations in paragraph 641 reference a written document. Defendants state that the document referenced therein speaks for itself and Defendants are therefore not to admit to deny the allegations contained therein. Any remaining allegations are denied.

642.

Defendants deny the allegations in paragraph 642.

643.

The allegations in paragraph 643 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

644.

Defendants deny the allegations in paragraph 644.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

645.

The allegations in paragraph 645 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

646.

The allegations in paragraph 646 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

647.

The allegations in paragraph 647 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

**XVII. *Employment factors addressed***

648.

The allegations in paragraph 648 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

649.

The allegations in paragraph 649 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

650.

The allegations in paragraph 650 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

## BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS

651.

As to the allegations in paragraph 651, Defendant Northwest Hospice LLC admits that it employed Plaintiff in Oregon. All remaining Defendants deny the allegations in paragraph 651.

652.

As to the allegations in paragraph 652, Defendant Northwest Hospice LLC admits that Plaintiff began working for Northwest Hospice LLC on or about September 1, 2016. All remaining allegations are denied.

653.

As to the allegations in paragraph 653, Defendant Northwest Hospice LLC admits that it employed Plaintiff as a licensed practical nurse. All remaining allegations are denied.

654.

As to the allegations in paragraph 654, Defendant Northwest Hospice LLC admits that it employed Plaintiff at its facility in Tigard, Oregon. All remaining allegations are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

655.

As to the allegations in paragraph 655, Defendant Northwest Hospice LLC admits that it employed Plaintiff as an at-will employee. All remaining allegations are denied.

656.

As to the allegations in paragraph 656, Defendants admit that none of them contracted with Plaintiff to work for any specific period of time. As further answer, all Defendants, with the exception of Defendant Northwest Hospice LLC, deny employing Plaintiff at any time.

657.

As to the allegations in paragraph 657, Defendant Northwest Hospice LLC admits that Plaintiff was not subject to a collective bargaining agreement during the term of his employment. To the extent that Plaintiff alleges that he was employed by any entity other than Defendant Northwest Hospice LLC, Defendants deny.

658.

The allegations in paragraph 658 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

659.

The allegations in paragraph 659 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

660.

As to the allegations in paragraph 660, Defendant Northwest Hospice LLC admits that Plaintiff performed work for Northwest Hospice LLC. All remaining allegations are denied.

661.

As to the allegations in paragraph 661, Defendant Northwest Hospice LLC admits that it paid Plaintiff at the rate of $27.00 during part, but not all, of Plaintiff's employment. All remaining allegations are denied.

662.

As to the allegations in paragraph 662, Defendant Northwest Hospice LLC admits that it offered employment-related benefits to Plaintiff, including medical, dental, and vision insurance and retirement benefits. All remaining allegations are denied.

663.

As to the allegations in paragraph 663, Defendant Northwest Hospice LLC admits that it eliminated the position held by Plaintiff, which resulted in the termination of Plaintiff's employment with Northwest Hospice LLC on or about February 7, 2019. The remaining Defendants deny that they employed Plaintiff.

664.

As to the allegations in paragraph 664, Defendant Northwest Hospice LLC admits that it eliminated the position held by Plaintiff, which resulted in the termination of Plaintiff's employment with Northwest Hospice LLC. The remaining Defendants deny that they employed Plaintiff.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

**FIRST CLAIM FOR RELIEF**
(Violations of FMLA)

665.

Paragraph 665 of Plaintiff's Fourth Amended Complaint restates and reincorporates Plaintiff's paragraphs 1 through 664 and thus no response is required. To the extent a response is required, Defendants reallege and incorporate their responses to paragraphs 1 through 664.

666.

The allegations in paragraph 666 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

667.

The allegations in paragraph 667 state a legal conclusion to which no response is required. To the extent paragraph 667 alleges that any other Defendant employed Plaintiff, Defendants deny.

668.

The allegations in paragraph 668 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. All remaining allegations are denied.

669.

The allegations in paragraph 669 are denied.

670.

As to the allegations in paragraph 670, Defendant Northwest Hospice LLC admits that Plaintiff was approved to use, and did use, family medical leave at times during his



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

employment with Northwest Hospice in 2018. All remaining allegations in paragraph 670 are denied.

671.

The allegations in paragraph 671 are denied.

672.

As to the allegations in paragraph 672, Defendant Northwest Hospice LLC admits that Plaintiff used family medical leave at times during December, 2018. All remaining allegations in paragraph 672 are denied.

673.

As to the allegations in paragraph 673, Defendant Northwest Hospice LLC admits that it eliminated the position held by Plaintiff, which resulted in the termination of Plaintiff's employment on or about February 7, 2019. All remaining allegations in paragraph 673 are denied.

674.

As to the allegations in paragraph 674, Defendant Northwest Hospice LLC admits that it eliminated the position held by Plaintiff. All remaining allegations in paragraph 674 are denied.

675.

Defendants admit that some, but not all, of them employ licensed practical nurses at their respective individual facilities. All remaining allegations in paragraph 675 are denied.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

676.

Defendants deny the allegations in paragraph 676.

677.

The allegations in paragraph 677 are denied.

678.

Defendants deny the allegations in paragraph 678.

679.

The allegations in paragraph 679 are denied.

680.

The allegations in paragraph 680 state a legal conclusion to which no response is required. To the extent a response is required, Defendant Northwest Hospice denies that it was obligated to restore Plaintiff to the position Plaintiff had held, which had been eliminated. Any remaining allegations are denied.

681.

The allegations in paragraph 681 state a legal conclusion to which no response is required. To the extent a response is required, Defendant Northwest Hospice denies that it was obligated to restore Plaintiff to a substantially similar position. Any remaining allegations are denied.

682.

The allegations in paragraph 682 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

683.

The allegations in paragraph 683 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

684.

The allegations in paragraph 684 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

685.

As to the allegations in paragraph 685, Defendants acknowledge that Plaintiff requests an award of damages but deny that Plaintiff is entitled to such damages. Defendants deny each and every allegation contained in paragraph 685 not expressly admitted herein.

686.

In response to the allegations in paragraph 686, Defendants acknowledge that Plaintiff requests an award of damages, attorney fees, and costs, and other relief, but deny that Plaintiff is entitled to such damages, fees, costs or other relief. Defendants deny each and every allegation contained in paragraph 686 not expressly admitted herein.

687.

In response to the allegations in paragraph 687, Defendants acknowledge that Plaintiff requests an award of damages, attorney fees, and costs, and other relief, but deny that Plaintiff is entitled to such damages, fees, costs or other relief. Defendants deny each and every allegation contained in paragraph 687 not expressly admitted herein.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

**SECOND CLAIM FOR RELIEF**
(Violations of OFLA)

688.

Paragraph 688 of Plaintiff's Fourth Amended Complaint restates and reincorporates Plaintiff's paragraphs 1 through 687 and thus no response is required. To the extent a response is required, Defendants reallege and incorporate their responses to paragraphs 1 through 687.

689.

The allegations in paragraph 689 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

690.

The allegations in paragraph 690 state a legal conclusion to which no response is required. To the extent paragraph 690 alleges that any other Defendant employed Plaintiff, Defendants deny.

691.

The allegations in paragraph 691 state a legal conclusion to which no response is required. To the extent an answer is required, Defendant Northwest Hospice LLC denies that it was obligated to restore Plaintiff to a position that had been eliminated. Any remaining allegations are denied.

692.

The allegations in paragraph 692 state a legal conclusion to which no response is required. To the extent an answer is required, Defendant Northwest Hospice LLC denies


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

that it was obligated to restore Plaintiff to a substantially equivalent position after the position held by Plaintiff had been eliminated. Any remaining allegations are denied.

693.

The allegations in paragraph 693 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

694.

The allegations in paragraph 694 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

695.

As to the allegations in paragraph 695, Defendants acknowledge that Plaintiff requests an award of damages but deny that Plaintiff is entitled to such damages. Defendants deny each and every allegation contained in paragraph 695 not expressly admitted herein.

696.

In response to the allegations in paragraph 696, Defendants acknowledge that Plaintiff requests an award of damages, attorney fees, and costs, and other relief, but deny that Plaintiff is entitled to such damages, fees, costs or other relief. Defendants deny each and every allegation contained in paragraph 696 not expressly admitted herein.

697.

In response to the allegations in paragraph 697, Defendants acknowledge that Plaintiff requests an award of damages, attorney fees, and costs, and other relief, but deny



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

that Plaintiff is entitled to such damages, fees, costs or other relief. Defendants deny each and every allegation contained in paragraph 697 not expressly admitted herein.

698.

Except as has been expressly admitted herein, Defendants deny each and every allegation made by Plaintiff in his Fourth Amended Complaint. In addition, to the extent that the Table of Contents in Plaintiff's Fourth Amended Complaint states allegations, Defendants deny.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer, Defendants state the following defenses and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Legitimate Business Reason for Termination of Plaintiff's Employment)

699.

Defendant Northwest Hospice LLC hired Plaintiff to work for Northwest Hospice as a hospice licensed practical nurse. In or about February 2019, Defendant Northwest Hospice LLC eliminated the hospice licensed practical nurse position that had been held by Plaintiff for legitimate, non-discriminatory, non-retaliatory business reasons. The elimination of the position resulted in the termination of Plaintiff's employment with Defendant Northwest Hospice LLC.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

700.

Plaintiff has an affirmative duty to mitigate his alleged damages. Plaintiff failed to mitigate his alleged damages by, *inter alia*, failing to apply for any of the open positions



Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

as alleged in paragraph 676 of the Fourth Amended Complaint and by failing to respond to communications in or about July, 2019, from a recruiter regarding a full-time, open position for a licensed practical nurse at Defendant Northwest Hospice LLC. Plaintiff's damages, if any, should be denied or reduced based on Plaintiff's failure to mitigate.

**THIRD AFFIRMATIVE DEFENSE**
(Failure to State a Claim under FMLA)

701.

Plaintiff has failed to state a claim upon which relief can be granted under the Family and Medical Leave Act.

**FOURTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim under OFLA)

702.

Plaintiff has failed to state a claim upon which relief can be granted under the Oregon Family Leave Act.

**FIFTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim – Integrated Employer or Integrated Enterprise)

703.

Plaintiff has failed to state a claim that Defendants, or any of them, functioned as or constituted an integrated employer or an integrated enterprise.

**SIXTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim – Joint Employer)

704.

Plaintiff has failed to state a claim that Defendants, or any of them, acted as joint employers.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

**SEVENTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim – Collective Enterprise)

705.

Plaintiff has failed to state a claim that Defendants, or any of them, were a collective enterprise. Further, this Court has previously found that there is no claim based on a collective enterprise theory.

**EIGHTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim – Agency)

706.

Plaintiff has failed to state a claim that any Defendant was an agent for any other Defendant.

**NINTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim – Employer)

707.

Except for Defendant Northwest Hospice LLC, Plaintiff has failed to state a claim that any Defendant was Plaintiff's employer.

**TENTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

708.

Plaintiff's claims, or some of them, are barred by applicable statutes of limitation.

**RESERVATION**

709.

Defendants reserve the right to assert additional affirmative defenses based upon further discovery.


Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Telephone (503) 620-8900 ~ Facsimile (503) 620-4878

**<u>COUNTERCLAIM</u>**
(Attorney Fees)

710.

Plaintiff does not have an objectively reasonable basis for his claims herein. Defendants are entitled to an award of reasonable attorney fees and costs, pursuant to ORS 20.105.

**REQUEST FOR RELIEF**

**WHEREFORE,** Defendants request that the Court dismiss Plaintiff's Complaint in its entirety, award Defendants their attorneys' fees, costs, and disbursements herein, and award such further relief as the Court may deem appropriate in the circumstances.

DATED this 7th day of May, 2021.

BUCKLEY LAW, P.C.

By: *s/ William E. Gaar*___________

William E. Gaar, OSB No.890464
Jillian Pollock, OSB No.072494
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Phone: 503-620-8900
Email: weg@buckley-law.com
Email: jp@buckley-law.com

Of Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT** on:

Leslie E. Baze
208 E 25th Street
Vancouver, WA 98663
E-mail: lbaze@wageclaim.org
Facsimile: (503) 575-2763

☐ by MAILING a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Lake Oswego, Oregon, on the date set forth below;

☒ by sending a full, true and correct copy thereof to the part via ELECTRONIC MAIL, to the email address set forth above on the date set forth below.

☒ by electronic mailing through the CM / ECF Filing System, on the date set forth below.

DATED this 7th day of May, 2021.

BUCKLEY LAW, P.C.

By: *s/ William E. Gaar*____________
William E. Gaar, OSB No.890464
Jillian Pollock OSB No. 072494
5300 Meadows Road, Suite 200
Lake Oswego, Oregon 97035
Phone: 503-620-8900
Email: weg@buckley-law.com
jp@buckley-law.com