**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CASEY COVELLI**,

Plaintiff,

v.

**AVAMERE HOME HEALTH CARE LLC**, *et al.*,

Defendants.

Case No. 3:19-cv-486-JR

**OPINION AND ORDER**

David A. Schuck and Leslie E. Baze, SCHUCK LAW, LLC, 208 E 25th Street, Vancouver, WA 98663. Of Attorneys for Plaintiff.

William E. Gaar and Jillian Pollock, BUCKLEY LAW, PC, 5300 Meadows Road, Suite 200, Lake Oswego, OR 97035. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

In this lawsuit, Plaintiff asserted unlawful employment practices claims under the Family Medical Leave Act (FMLA) and the Oregon Family Medical Leave Act (OFLA) against numerous alleged direct, "integrated," and "joint" employers. After litigating three motions to dismiss before U.S. Magistrate Judge Jolie Russo and the undersigned district judge, the parties settled the case through private mediation. Now before the Court is Plaintiff's motion for costs

and attorney's fees. For the following reasons, Plaintiff's motion is granted in part. The Court awards costs in the amount of $3,095.00 and attorney's fees in the amount of $141,510.50.

## STANDARDS

### A. FMLA Claim

The FMLA has a mandatory one-way fee-shifting provision, requiring that a defendant pay reasonable attorney's fees to a prevailing plaintiff, but not the other way around. *See* 29 U.S.C. § 2617(a)(3) (establishing that a court in a FMLA action "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant"). A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097,

1102 (9th Cir. 2009).[1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez,* 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quotation marks omitted)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id*.

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

(alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). This Court has applied this cautionary statement, noting that "the court may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah Cnty.*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods in excess of three hours, however, the Court has reduced each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nevada, LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.*

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful survey, albeit several years old, is the Oregon State Bar 2017 Economic Survey (OSB 2017 Survey), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2017 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf (last visited on February 15, 2022).

Another useful survey, although somewhat more limited in scope, is the Morones Survey of Commercial Litigation Fees, updated as of January 1, 2021 (Morones 2020 Survey). The Morones 2020 Survey contains data on attorney billing rates based on years of experience but is confined to commercial litigation attorneys practicing in Portland, Oregon. The Morones 2020 Survey reports data for 318 attorneys from 21 law firms (out of 29 law firms requested to provide data). A copy of the Morones 2020 Survey is filed in the docket in this case at ECF 133-21.

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar

calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

**B. OFLA Claim**

Oregon Revised Statutes (ORS) § 659A.885 provides that a court may award attorney's fees to the prevailing party in a claim under OFLA. "In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citation and quotation marks omitted).

After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must then consider the specific factors set forth in ORS § 20.075 to

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

determine the amount of attorney's fees to be awarded. The specific factors set forth in ORS § 20.075(1) are:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

ORS § 20.075(1).[3]

After considering these eight factors, ORS § 20.075(2) then directs the court to consider the following additional eight factors:

[3] Under subsection (1), these factors are to be first considered in determining whether to award fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." In addition, in any case in which an award of fees is authorized or required, the court shall consider the factors specified in subsection (1) as well as the factors specified in subsection (2) "in determining the amount of an award of attorney fees in those cases." ORS § 20.075(2). Because an award of fees is authoried in OFLA cases, the Court considers these factors in determining the reasonable amount of attorney fees to be awarded in this case.

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.
>
> (f) The nature and length of the attorney's professional relationship with the client.
>
> (g) The experience, reputation and ability of the attorney performing the services.
>
> (h) Whether the fee of the attorney is fixed or contingent.

ORS § 20.075(2). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998). The court, however, "ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

Under ORS § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate. Taken together, these factors are comparable to the "lodestar" method,

## BACKGROUND

Plaintiff filed his original complaint against seven defendants in Oregon state court. Defendants removed the case to this Court. Defendants filed a motion to dismiss the claims against all defendants except Northwest Hospice, LLC (NWH), arguing that all the other defendants were not "employers" of Plaintiff under the FMLA. Judge Russo recommended that the Court grant the motion to dismiss. The Court adopted the Findings and Recommendation. Plaintiff then filed a 28-page First Amended Complaint, adding as additional defendants Does 1-75. Plaintiff also filed a motion to compel. Defendants again moved to dismiss claims against all defendants except NWH. Judge Russo recommended that the Court grant the motion to dismiss and deny the motion to compel as moot. The Court adopted the Findings and Recommendation.

Plaintiff next filed an 83-page Second Amended Complaint, naming 22 defendants. Defendants filed a motion to dismiss claims against all defendants except NWH. Judge Russo recommended that the Court grant the motion, except as to defendant Avamere Home Health Care, LLC (AHHC). Judge Russo also recommended that Plaintiff be required to request leave of the Court before filing a Third Amended Complaint. The Court adopted the Findings and Recommendation.

Before requesting leave to file another complaint, Plaintiff filed a motion to compel. Then Plaintiff moved for leave to file a Third Amended Complaint, which Judge Russo granted. Plaintiff filed a 253-page Third Amended Complaint, naming 24 defendants. Defendants filed a motion to stay discovery and a motion to dismiss all defendants except NWH and AHHC. Judge Russo granted Defendants' motion to stay, denied Plaintiff's motion to compel as moot, and recommended that the Court grant the motion. The Court adopted the Findings and Recommendation. Plaintiff then filed a motion requesting leave to file an interlocutory appeal. The Court construed that motion as a motion for reconsideration and granted the motion in part.

The Court granted limited discovery so that Plaintiff could obtain information relating to his employment at certain alleged entities to support his claim of "joint" employment. The Court also reconsidered how the Court defined an "integrated" employer as compared to a "joint" employer under the FMLA. The Court referred to Judge Russo further consideration of Defendants' motion to dismiss the Third Amended Complaint under the clarified definition.

Judge Russo again recommended granting the motion to dismiss. The Court adopted the Findings and Recommendation in part. The Court held that Plaintiff sufficiently stated a claim against three additional defendants—the alleged "parent" entities, Avamere Group LLC, Avamere Health Services LLC, and Avamere Skilled Advisors LLC. The Court dismissed the claims against defendants NP2U LLC, Signature Coastal LLC, and Signature Corvallis LLC, without leave to amend. The Court provided Plaintiff with to leave to amend his claims against the remaining "sibling" entities to allege facts relating to his employment with those entities.

Plaintiff then filed a 260-page Fourth Amended Complaint. Defendants answered that complaint. The parties engaged in mediation with the assistances of a private mediator and settled the case.

## DISCUSSION

Defendants do not object to the costs requested by Plaintiff. Defendants, however, object to Plaintiff's motion for attorney's fees on many grounds. Defendants raise several objections to the reasonableness of the requested hours. Defendants also object to the requested hourly rate for attorney Leslie E. Baze. Defendants do not argue that the lodestar, after properly calculated based on the reasonable hours expended and reasonable hourly rate, should be reduced under either federal law or Oregon law. Instead, Defendants' arguments are confined to challenging the reasonable number of hours and the hourly rate.

**A. Number of Hours Reasonably Spent**

Plaintiff requests attorney's fees for 731.01 hours of attorney Leslie E. Baze's time and 36.44 hours of attorney David A. Schuck's time, for a total of 767.45 hours and $278,652.80. Defendants object to the hours for which fees are requested as unreasonable.

Defendants object to the time Plaintiff's counsel spent drafting the complaints and litigating the motions to dismiss and discovery motions. Defendants argue that because they conceded that NWH was Plaintiff's employer, the amended complaints adding more purported employers were unnecessary to the case. Defendants also object to the time that Plaintiff's spent litigating the motions to dismiss and associated objections to the magistrate judge's Findings and Recommendations because Plaintiffs were "largely unsuccessful." Defendants further object that that 51.5 hours spent preparing the fee petition are unreasonable. Defendants additionally object to 19.7 hours of what they believe is improper clerical time, although they do not specifically identify the time entries that they allege are clerical in nature. Defendants do not provide any expert testimony supporting their fee challenge, and counsel for Defendants simply provided a copy of Plaintiff's time entries highlighting all entries for which Defendants contend fees should not be awarded or should be reduced.

The Court considers the amount of time reasonably spent on the litigation, following the U.S. Supreme Court's instruction to focus particularly on the degree of success. *See Hensley*, 461 U.S. at 436-37. The Court disagrees that Plaintiff's strategy of asserting claims against additional employers was unnecessary to the litigation. Plaintiff alleged that NWH's claim that it had no available positions in which to place Plaintiff was not the full story because the other related entities had available positions and were Plaintiff's "integrated" or "joint" employers. If NWH was Plaintiff's only employer and had no available positions, the fact that the other entities had available positions would be irrelevant. The alleged available positions at the other entities could

be relevant, however, if the other entities were integrated or joint employers, which required specific factual allegations by Plaintiff. And if there were available positions at those entities in which Plaintiff could have been placed, that could be relevant to Plaintiff's claims.

The Court agrees that clerical time is not properly recoverable. *See, e.g.*, *Nadarujah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (stating that "filing, transcript, and document organization time [are] clerical in nature and should [be] subsumed in firm overhead rather than billed at paralegal rates"); *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1171 (D. Or. 2018) ("Tasks which are clerical in nature are not properly billed as attorney fees but are overhead expenses absorbed by counsel. Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." (quotation marks and citation omitted)). This results in a reduction of 14.25 hours.

Counsel also charged many entries of one-tenth or more hours for reviewing minute orders, Court notices, and Court emails regarding the filing of motions and orders.[4] "While the Court appreciates the need for counsel to review court orders and the docket, the total amount billed for reviewing the documents . . . is unreasonable when each event is recorded as a discrete six-minute event." *Cox v. Astrue*, 2012 WL 1901299, at *5 (E.D. Cal. May 24, 2012); *see also Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) ("Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical

[4] When counsel block billed such entries with other tasks, the Court allocated 0.1 hours for review of the docket order or Court email.

and not compensable."). "Multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time." *Cox*, 2012 WL 1901299, at *5. Plaintiff billed 3.7 hours for this time, and the Court finds a more reasonable number of hours to be 1.5, for a reduction of 2.2 hours.

The Court also agrees that not all the hours spent on the unsuccessful motions and drafting the complaints that were dismissed in part were reasonable or necessary. When a plaintiff achieves limited success, a court must consider "whether the related claims involve a common core of facts or are based on related legal theories, with the focus on whether the claims arose out of a common course of conduct." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019). The claims dismissed by the Court involve different defendants and unique facts relating to those purported defendants and how they conduct their business, their management, and their employees. The Court repeatedly dismissed claims against all defendants except NWH, AHHC, and, finally, the three alleged "parent" entities. Thus, although the claims against the dismissed entities were based on the same legal theories, they were distinct because they were against different entities, and the Court did not accept Plaintiff's allegations that those entities employed Plaintiff. They did not contribute to Plaintiff's ultimate success in the lawsuit. *See Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991) ("[P]laintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit."); *see also Hensley*, 461 U.S. at 436 ("If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or

whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained. . . . But had respondents prevailed on only one of their six general claims, for example . . ., a fee award based on the claimed hours clearly would have been excessive.").

Plaintiff should not recover any fees for litigating the first and second motions to dismiss, which Plaintiff lost and which did not contribute to Plaintiff's ultimate victory. Plaintiff also should recover only 25 percent of the time spent litigating the third motion to dismiss, because Plaintiff had very limited success on that motion. Plaintiff should recover 50 percent of the time spent litigating the fourth motion to dismiss, because although Plaintiff lost that motion, the work informed Plaintiff's motion for reconsideration, on which Plaintiff was partially successful. This results in a reduction of 130.7 hours for the first and second motions to dismiss, 55.35 hours for the third motion to dismiss, and 35.45 hours for the fourth motion to dismiss. In total, these motions reduce the reasonable hours by 221.5.

Regarding the discovery motions, Plaintiff should not recover any time for the first motion to compel. This reduces the hours by 5.7. Plaintiff should recover 50 percent of the time spent litigating the second motion to compel and Defendant's motion to stay discovery, because although Plaintiff did not prevail on those motions, they informed Plaintiff's motion for reconsideration, on which Plaintiff obtained minor success and obtained an order for limited discovery. This reduces the hours by 6.2. Plaintiff should recover his fees for his first motion to enforce and should not recover his fees for his second motion to enforce, on which he did not prevail and for which attorney's fees were denied. This reduces the hours by 21.1. In total, this category reduces the hours by 33.

Regarding preparing the complaints, Plaintiff should recover 50 percent of the time investigating and preparing the first three complaints. Many of the allegations were for claims that were dismissed, some ultimately without leave to amend. As noted, they did not contribute to Plaintiff's ultimate success in the lawsuit. This results in a reduction of 85.95 hours.

Finally, Plaintiff requests fees for 51.5 hours for time spent preparing the fee petition. The memorandum in support of Plaintiff's fee petition is 37 pages, some of which is standardized text. The 60-pages of time entries attached to Ms. Baze's declaration were not prepared for the fee petition but were prepared through accounting software, entered contemporaneous with the work. The substantive portion of Ms. Baze and Mr. Schuck's declarations are only a few pages each, much of which is standardized text. The fee petition is not particularly complex. Thus, the Court finds 51 hours to be unreasonable for preparing the fee petition. Considering the totality of the circumstances, the Court finds 30 hours to be reasonable. This reduces the reasonable hours by 21.5.

In total, the Court reduces the requested hours as follows:

| | | |
|---|---|---|
| 1. | Clerical time | 14.25 hours |
| 2. | Court docket orders/email | 2.20 hours |
| 3. | Motions to dismiss | 221.50 hours |
| 4. | Discovery motions | 33.00 hours |
| 5. | Preparation of first three complaints | 85.95 hours |
| 6. | Preparation of fee petition | 21.50 hours |
| | TOTAL: | 378.40 hours |

Thus, the total reasonable hours spent by Plaintiff's counsel is 389, which is the requested 767.4 hours minus the 378.4 hours the Court has found not to be reasonable or necessary.

Of the hours the Court has found appropriate for reduction, 10.7 are from Mr. Schuck, plus the Court assigns 5 hours of the 21.5 hours from the fee petition reduction, based on the percentage of the work on the fee petition done by Mr. Schuck. Thus, Mr. Schuck's hours are reduced by 15.7 hours, and the remaining reductions of 362.7 hours are from Ms. Baze's time. This leaves 368.3 hours for Ms. Baze (the Court rounds down by .01 hours) and 20.75 hours for Mr. Schuck (the Court rounds up by .01 hours).

**B. Hourly Rate**

Having calculated the reasonable number of hours expended by Plaintiff's counsel, the Court next considers counsel's reasonable hourly rate. Defendants do not object to the $430 hourly rate requested for David A. Schuck. Defendants object to the $360 hourly rate requested by Ms. Baze, asking that the Court reduce it to $300 per hour.

Ms. Baze has been practicing for nearly 12 years. Per the OSB 2017 Survey, the median rate for attorneys in private practice for 10-12 years in Portland is $300 per hour and in the Tri-County region is $275. The hourly rate for the 75th percentile in Portland is $340 and in the Tri-County region is $350. The 95th percentile in Portland is $410 and in the Tri-County region is $375. Court finds that Ms. Baze's requested rate of $360 is reasonable considering her expertise in the subject matter and years of experience.

Based on the hourly rates of counsel and the reasonable hours expended as determined by the Court, the lodestar calculation is $132,588 for Ms. Baze and $8,922.50 for Mr. Schuck. Thus, the total lodestar is $141,510.50.

**C. Whether to Adjust the Lodestar**

Having determined the lodestar, the Court considers the factors under federal law and Oregon law to determine whether to adjust the lodestar upward or downward. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and

experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Although a court may rely on any of these factors to increase or decrease the lodestar figure, there is a "'strong presumption' that the lodestar is the reasonable fee." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Considering the *Kerr* factors that are not subsumed in the Court's evaluation of the reasonable hours for the lodestar calculation, the Court does not believe that an adjustment to the lodestar is warranted, nor did Defendants argue for any adjustment to the lodestar beyond reducing the reasonable hours. The Court's adjustment to the reasonable hours compensates for the limited success obtained by Plaintiff, the only other factor raised by Defendants. The remaining factors do not support a departure, either downward or upward.

The factors set forth in ORS § 20.075(1) also do not support a departure from the lodestar.[5] The conduct of both of the parties contributed to the case being more heavily litigated than it might otherwise have been. The attorney's fees award calculated under the lodestar is sufficient to compensate for a reasonable lodestar without overcompensating for work that was unreasonable, excessive, or unnecessary. The Court's reduction in reasonable hours also accounts for the factors relating to the reasonableness of the claims brought against the dismissed defendants that were without merit and whether fees would deter such claims. The lodestar calculation, however, still results in significant fees. This is sufficient to encourage parties to bring good faith claims under OFLA. The parties pursued settlement after litigating the motions to dismiss, and this factor does not support a departure from the lodestar. Considering all of the

[5] The factors under ORS § 20.075(2) are encompassed in the federal factors.

factors under ORS § 20.075(1), the Court does not find that a departure from the lodestar is warranted.

The Court GRANTS IN PART Plaintiff's motion for costs and attorney's fees (ECF 130). The Court awards costs in the amount of $3,095.00 and attorney's fees in the amount of $141,510.50.

**IT IS SO ORDERED.**

DATED this 25th day of February, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge